**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 0:19-CV-60505-SMITH**

BPI SPORTS, LLC,

       Plaintiff,

vs.

THERMOLIFE INTERNATIONAL, LLC,
and RONALD L. KRAMER,

       Defendants.

_____

## ANSWER TO AMENDED COMPLAINT

Defendants ThermoLife International, LLC ("ThermoLife") and Ronald Kramer ("Kramer") (ThermoLife and Kramer together, "Defendants"), answer Plaintiff's Amended Complaint [D.E. 12] as follows:

1.    Paragraph one of Plaintiff's Amended Complaint fails to acknowledge the Court's January 9, 2020 Order [D.E. 37]. The Court has dismissed Plaintiff's claim for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The only claims that remain are: Lanham Act violations, unfair competition, and false marking.

2.    Defendants deny the allegations of this paragraph.

3.    Defendants admit the allegations of this paragraph.

4.    Defendants admit the allegations of this paragraph.

5.    Defendants admit the allegations of this paragraph.

6.      Defendants deny that the Court has personal jurisdiction over Kramer in this district. Defendants also deny that there is subject matter jurisdiction over Kramer in this district. Defendants admit that there is personal and subject matter jurisdiction over ThermoLife in this district.

7.      Defendants deny that the Court has personal jurisdiction over Kramer in this district. Defendants also deny that there is subject matter jurisdiction over Kramer in this district. Defendants admit that there is personal and subject matter jurisdiction over ThermoLife in this district.

8.      Defendants deny that, for claims against Kramer, venue is proper in this district. For claims against ThermoLife, Defendants admit that venue is proper here.

9.      The allegations of this paragraph do not relate to Defendants. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and on that basis, deny the allegations..

10.     The allegations of this paragraph do not relate to Defendants. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and on that basis, deny the allegations.

11.     The allegations of this paragraph do not relate to Defendants. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and on that basis, deny the allegations.

12.     The allegations of this paragraph do not relate to Defendants. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and on that basis, deny the allegations.

13.     The allegations of this paragraph do not relate to Defendants. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and on that basis, deny the allegations.

14.     The allegations of this paragraph do not relate to Defendants. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and on that basis, deny the allegations.

15.     The allegations of this paragraph do not relate to Defendants. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and on that basis, deny the allegations.

16.     The allegations of this paragraph do not relate to Defendants. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and on that basis, deny the allegations.

17.     The allegations of this paragraph do not relate to Defendants. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and on that basis, deny the allegations.

18.     The allegations of this paragraph do not relate to Defendants. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and on that basis, deny the allegations.

19.     The allegations of this paragraph do not relate to Defendants. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and on that basis, deny the allegations.

20.     The allegations of this paragraph do not relate to Defendants. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and on that basis, deny the allegations.

21.     The allegations of this paragraph do not relate to Defendants. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and on that basis, deny the allegations.

22.     Defendants deny the allegations of paragraph 22. Mr. Kramer has never indicated that he invented any "of the most ubiquitous substances on the earth" or that ThermoLife "owns" either amino acid or nitrates.

23.     The allegations of this paragraph relate to BPI. Defendants are unable to determine the veracity of these allegations, which do not concern ThermoLife. Accordingly, for purposes of this answer, Defendants deny the allegations of this paragraph.

24.     The allegations of this paragraph relate to BPI. Defendants are unable to determine the veracity of these allegations, which do not concern Defendants. Accordingly, for purposes of this answer, Defendants deny the allegations of this paragraph.

25.     The allegations of this paragraph relate to BPI. Defendants are unable to determine the veracity of these allegations, which do not concern Defendants. Accordingly, for purposes of this answer, Defendants deny the allegations of this paragraph.

26.     The allegations of this paragraph relate to BPI. Defendants are unable to determine the veracity of these allegations, which do not concern Defendants. Accordingly, for purposes of this answer, Defendants deny the allegations of this paragraph.

27.     The allegations of this paragraph relate to BPI. Defendants are unable to determine the veracity of these allegations, which do not concern Defendants. Accordingly, for purposes of this answer, Defendants deny the allegations of this paragraph.

28.     The allegations of this paragraph relate to BPI. Defendants are unable to determine the veracity of these allegations, which do not concern Defendants. Accordingly, for purposes of this answer, Defendants deny the allegations of this paragraph.

29.     Defendants admit the allegations of this paragraph.

30.     Defendants deny the allegations of this paragraph.

31.     Defendants admit that ThermoLife's website discusses ThermoLife's patent rights related to dietary supplements and dietary supplement ingredients, including the statements identified in paragraph 31 of the Amended Complaint. Defendants deny the allegations of this paragraph that ThermoLife's website does not offer any products for sale; in fact, ThermoLife's website offers technology and products for sale.  Defendants deny the remaining allegations of this paragraph.

32.     Defendants deny the allegations of this paragraph.

33.     Defendants admit that ThermoLife's website displays a list of products that include ThermoLife's patented technology. Defendants deny the remaining allegations of this paragraph.

34.     Defendants deny the allegations of this paragraph.

35.     The allegations of paragraph 35 relate to content that previously appeared on ThermoLife's website. Defendants admit that the allegations of this paragraph were true as of the date that the Amended Complaint was filed.

36.     Defendants admit the allegations of this paragraph.

37.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

38.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

39.     Defendants admit that ThermoLife owns the trademark NO3-T. Defendants further admit that ThermoLife's licensees are generally required, by contract, to mark their products with ThermoLife's NO3-T trademark. Defendants deny the remaining allegations of this paragraph.

40.     Defendants deny the allegations of this paragraph.

41.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed the these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should

have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

42.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

43.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

44.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

45.     Defendants deny the allegations of this paragraph.

46.     Defendants deny the allegations of this paragraph.

47.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the

Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

48.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

49.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

50.     Defendants admit the allegations of this paragraph.

51.     Defendants deny the allegations of this paragraph.

52.     Defendants admit the allegations of this paragraph.

53.     Defendants deny the allegations of this paragraph.

54.     Defendants deny the allegations of this paragraph.

55.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an

7

Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

56.     Defendants deny the allegations of this paragraph.

57.     Defendants deny the allegations of this paragraph.

58.     Defendants deny the allegations of this paragraph.

59.     Defendants deny the allegations of this paragraph; Defendants do not claim to have invented all compositions concerning nitrates and separate amino acids.

60.     The allegations of this paragraph relate to the "oral intake" of "these compounds", which are not defined in the Amended Complaint. Accordingly, Defendants cannot respond to these allegations about unidentified compounds. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

61.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

62.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

63.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

64.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

65.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

66.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should

have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

67.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

68.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

69.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

70.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the

dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

71.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

72.    The allegations of this paragraph relate to BPI. Defendants are unable to determine the veracity of these allegations, which do not concern Defendants. Accordingly, for purposes of this answer, Defendants deny the allegations of this paragraph.

73.    The allegations of this paragraph relate to a product sold by Muscle Beach Nutrition, not ThermoLife or Kramer. Accordingly, these allegations are irrelevant to any claim against ThermoLife and Kramer. Further, the allegations relate to testing that BPI allegedly had conducted by a laboratory named Advanced Botanical Consulting and Technology ("ABC"). Defendants further allege that on June 4, 2019, Advanced Botanical Consulting and Testing was cited by the FDA for failing to establish accurate and reproducible testing methods. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

74.    Defendants deny the allegations of this paragraph.

75.    Defendants deny the allegations of this paragraph.

76.    Defendants deny the allegations of this paragraph.

77.    The allegations of this paragraph relate to tests performed by BPI. Defendants are unable to determine the veracity of these allegations, which do not concern Defendants. Accordingly, for purposes of this answer, Defendants deny the allegations of this paragraph. Additionally,

Defendants further allege that on June 4, 2019, Advanced Botanical Consulting and Testing was cited by the FDA for failing to establish accurate and reproducible testing methods.

78.     Defendants deny the allegations of this paragraph.

79.     Defendants deny the allegations of this paragraph.

80.     Defendants deny the allegations of this paragraph.

81.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

82.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

83.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

84.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

85.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

86.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

87.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should

have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

88.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

89.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

90.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

91.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the

dismissed claims. BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

92.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims. BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

93.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims. BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

94.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims. BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

95.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an

Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

96.      The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

97.      The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

98.      The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

99.      The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the

Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

100.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

101.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

102.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

103.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

104.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

105.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

106.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should

have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

107.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

108.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

109.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

110.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the

dismissed claims. BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

111.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims. BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

112.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims. BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

113.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims. BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

114.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an

Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

115.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

116.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

117.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

118.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the

Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

119.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

120.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

121.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

122.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

123.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

124.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

125.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should

have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

126.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

127.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

128.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

129.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the

dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

130.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

131.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

132.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

133.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an

Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

134.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

135.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

136.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

137.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the

Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

138.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

139.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

140.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

141.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

142.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

143.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

144.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should

have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

145.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

146.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

147.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

148.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the

dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

149.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

150.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

151.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

152.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an

Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

153.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

154.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

155.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

156.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the

Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims. BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

157.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims. BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

158.    The allegations of this paragraph relate to conduct by Muscle Beach Nutrition, not ThermoLife or Kramer. Accordingly, these allegations are irrelevant to any claim against ThermoLife and Kramer. Regardless, Defendants admit that the CRTN-3 product includes Creatine Nitrate on the label along with the NO3-T trademark.

159.    ThermoLife's website does not "indicate[] that the NO3-T logo protects the ThermoLife Patents." Defendants deny the remaining allegations of this paragraph.

160.    Defendants deny that ThermoLife's patents are "irrelevant." Further answering this paragraph, Defendants admit that certain patents listed on the website www.NO3-T.com do not cover Creatine Nitrate.

161.     Defendants deny the allegations of this paragraph.

162.    Defendants deny the allegations of this paragraph.

163.    The allegations of this paragraph relate to conduct by ThermoLife's licensees not ThermoLife. Nonetheless, Defendants admit that ThermoLife's licensees often include the NO3-T trademark on their products that include ThermoLife's Creatine Nitrate.

164.    Defendants admit that certain patents listed on the website www.NO3-T.com do not cover Creatine Nitrate.  Defendants deny the remaining allegations in this paragraph.

165.    Defendants deny the allegations of this paragraph.

166.    Defendants deny the allegations of this paragraph.

## COUNT I

### (Violation of Lanham Act)

167.    Defendants incorporate their responses to paragraphs 1 to 166 set forth above as though fully set forth here.

168.    Defendants deny the allegations of this paragraph.

169.    Defendants deny the allegations of this paragraph.

170.    Defendants deny the allegations of this paragraph.

171.    Defendants deny the allegations of this paragraph.

172.    Defendants deny the allegations of this paragraph.

173.    Defendants deny the allegations of this paragraph.

## COUNT II

### (Unfair Competition)

174.    Defendants incorporate their responses to paragraphs 1 to 166 set forth above as though fully set forth here.

175.    Defendants deny the allegations of this paragraph.

176.    Defendants deny the allegations of this paragraph.

177.    Defendants deny the allegations of this paragraph.

178.    Defendants deny the allegations of this paragraph.

179.    Defendants deny the allegations of this paragraph.

180.    Defendants deny the allegations of this paragraph.

## COUNT III

### (Trade Libel)

181.    Defendants incorporate their responses to paragraphs 1 to 166 set forth above as though fully set forth here.

182.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary.

183.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary.

184.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary.

**COUNT IV**

**(Libel Per Se)**

185.    Defendants incorporate their responses to paragraphs 1 to 166 set forth above as though fully set forth here.

186.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an

34

Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary.

187.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary.

188.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary.

## COUNT V

### (Tortious Interference)

189.    Defendants incorporate their responses to paragraphs 1 to 166 set forth above as though fully set forth here.

190.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary.

191.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the

Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims. BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary.

192.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims. BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary.

193.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims. BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary.

## COUNT V

### (False Patent Marking)

194.     Defendants incorporate their responses to paragraphs 1 to 166 set forth above as though fully set forth here.

195.     Paragraph 195 simply includes the text of the 35 U.S.C. § 292. Accordingly, no response to this paragraph is necessary. To the extent a response is required, Defendants acknowledge that BPI has accurately quoted the statute.

196.     Defendants deny the allegations of this paragraph.

197.     Defendants deny the allegations of this paragraph.

198.     Defendants deny the allegations of this paragraph.

199.     Defendants deny the allegations of this paragraph.

## COUNT VII

### (Inequitable Conduct)

200.    Defendants incorporate their responses to paragraphs 1 to 166 set forth above as though fully set forth here.

201.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary.

202.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary.

203.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary.

204.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the

dismissed claims. BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary.

205.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims. BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary.

206.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims. BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary.

207.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims. BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary.

208.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims. BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary.

209.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary.

210.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary.

211.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary.

**COUNT VIII**

**(*Walker* Process Claim)**

212.    Defendants incorporate their responses to paragraphs 1 to 166 set forth above as though fully set forth here.

213.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the

dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary.

214.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary.

215.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary.

216.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary.

217.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary.

218.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary.

219.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary.

220.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary.

221.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary.

222.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an

Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary.

223.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary.

## COUNT VIII

### (*Handgards* Claim)

224.    Defendants incorporate their responses to paragraphs 1 to 166 set forth above as though fully set forth here.

225.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary.

226.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary.

227.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the

Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary.

228.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary.

229.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary.

230.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary.

231.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the

dismissed claims.  BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary.

## GENERAL DENIAL

Each numbered paragraph in this Answer responds to the identically numbered paragraph in the Amended Complaint. Defendants deny all allegations, declarations, or assertions in the Amended Complaint that are not specifically admitted in this Answer.

## RESPONSE TO PRAYER FOR COSTS AND ATTORNEY'S FEES

Defendants deny that Plaintiff is entitled to recover any reasonable costs and attorney's fees.

## RESPONSE TO REQUEST FOR JURY TRIAL

Defendants demand a trial by jury on all issues so triable.

## RESPONSE TO PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief requested in the Prayer for Relief contained in the Amended Complaint and further deny that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's Amended Complaint fails to state a claim against Defendants.

2.    Plaintiff's claims against Kramer fail for lack of personal jurisdiction.

3.    Plaintiff's claims against Kramer fail for lack of subject matter jurisdiction.

4.    Plaintiff's claim fail *en toto* as a result of Plaintiff's unclean hands.

5.    Plaintiff's claims are barred, in part or in full, as a result of the doctrines of laches and/or waiver.

6.    Plaintiff's claims are barred by the statute of limitations.

Wherefore, Defendants demand that judgment be entered in their favor and against BPI on its Amended Complaint and request the following relief:

44

1) Defendants attorneys' fees incurred in this action;

2) Defendants costs incurred in this action;

3) Such other relief as the Court deems just.


Date:   February 5, 2020                          Respectfully submitted,

                                                  **LOTT & FISCHER PL**

                                                  **Ury Fischer**
                                                  Ury Fischer
                                                  Florida Bar No. 048534
                                                  E-mail: ufischer@lottfischer.com
                                                  Leslie J. Lott
                                                  Florida Bar No. 182196
                                                  E-mail:  ljlott@lottfischer.com
                                                  255 Aragon Avenue, Third Floor
                                                  Coral Gables, FL 33134
                                                  Telephone: (305) 448-7089

                                                  and

                                                  **KERCSMAR & FELTUS PLLC**
                                                  Gregory B. Collins*
                                                  E-mail:  gbc@kflawaz.com
                                                  Molly Rogers**
                                                  E-mail:  cmr@kflawaz.com
                                                  7150 E. Camelback Road
                                                  Suite 285
                                                  Scottsdale, AZ  85251
                                                  Telephone: (480) 421-1001

                                                  *To be admitted Pro Hac Vice*
                                                  **Admitted Pro Hac Vice*

                                                  ***Attorneys for Defendants ThermoLife
                                                  International LLC and Ronald L. Kramer***