IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

BPI SPORTS, LLC,

    Plaintiff,

vs.

THERMOLIFE INTERNATIONAL, LLC,
and RONALD L. KRAMER,

    Defendants.

CASE NO.:   0:19-CV-60505-FAM

## PLAINTIFF'S, BPI SPORTS, LLC, MOTION TO STRIKE AFFIRMATIVE DEFENSES AND SUPPORTING MEMORANDUM OF LAW

Plaintiff, BPI Sports, LLC ("BPI"), pursuant to Federal Rule of Civil Procedure 12(f) and S.D. Fla. Local Rule 7.1, moves this Court to strike Defendants', Thermolife International, LLC ("Thermolife"), and Ronald L. Kramer ("Kramer"), Affirmative Defenses alleged in its Answer and Affirmative Defenses [D.E. 41], as follows:

**I.   Background**

1. On April 19, 2019, BPI filed its Amended Complaint.  [D.E. 12].

2. On May 17, 2019, Defendants filed a motion to dismiss the Amended Complaint on several grounds.  [D.E. 16].

3. Following this Court's Order on the motion to dismiss BPI maintained its claims against Thermolife and Kramer for Violations of Laham Act (Count I), Unfair Competition (Count II) and False Patent Marking (Count VI)[D.E. 37].

4. On February 5, 2020, Thermolife and Kramer filed their Answer and Affirmative Defenses, which attempts to allege the following six affirmative defenses: (1) the Amended

Complaint fails to state a claim against Defendants; (2) Plaintiff's claims against Kramer fail for lack of personal jurisdiction; (3) Plaintiff's claims against Kramer fail for lack of subject matter jurisdiction; (4) Plaintiff's claim fail *en toto* as a result of Plaintiff's unclean hands; (5) Plaintiff's claims are barred, in part or in full, as a result of the doctrines of laches and/or waiver; and (6) Plaintiff's claims are barred by the statute of limitations.  [D.E. 41].

5. This Court should strike all of these affirmative defenses, as they are either waived or insufficient as a matter of law.

## II.   Memorandum of Law

### A.   Pleading Standard for Defenses

All of the affirmative defenses should be stricken as they are bare bones, conclusory, and fail to provide BPI with fair notice of the grounds upon which Defendants are attempting to avoid liability.  Although Federal Rule of Civil Procedure 8 does not require a defendant to set forth detailed factual allegations, it must at least give the plaintiff "fair notice" of the nature of the defenses and the grounds upon which they rest.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553 (2007); *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) (an affirmative defense must be pled with "enough specificity or factual particularity to give [the party] 'fair notice' of the defense that is being advanced.").  "Although an affirmative defense 'does not need detailed factual allegations, it requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Mid-Continent Casualty Co. v. Active Drywall South, Inc.*, 765 F. Supp. 2d 1360, 1361 (S.D. Fla. 2011) quoting *Twombly*, 550 U.S. at 555.

"An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matter."  *See Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989) (quoting *Fla. East Coast*

*Railway Co. v. Peters*, 73 So. 151 (Fla. 1916)).  Affirmative defenses are subject to the pleading requirements specified in Rules 8 and 9 of the Federal Rules of Civil Procedure, and thus must set forth a "short and plain statement" of the defense.  *See Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F. 2d 1286, 1295 (7th Cir. 1989).  Pursuant to Federal Rule of Civil Procedure 12(f), a party may move to strike "any insufficient defense or any redundant, immaterial, impertinent or scandalous matter" within the pleadings.  Further, defenses that are comprised of no more than "bare bones conclusory allegations" should be stricken.  *See Heller*, 883 F. 2d at 1295; *see also Schecter v. Comptroller of City of New York*, 79 F. 3d 265, 270 (2d Cir. 1996) (finding that a conclusory assertion of an affirmative defenses is insufficient as a matter of law).

Therefore, a conclusory affirmative defense that does not provide "fair notice" of the nature of the defense asserted and the grounds upon which it is based is insufficient and must be stricken.  Although motions to strike tend to be disfavored by the courts, affirmative defenses may be stricken if the defense is "insufficient as a matter of law."   *See Williams v. Jader Fuel Co.*, 944 F. 2d 1388, 1400 (7th Cir. 1991); *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002) (citing *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)).

Defendants have not satisfied the pleading standards set forth above.  The affirmative defenses are comprised of labels and bare bones, legal conclusions without any allegations of supporting facts.  Defendants failed to meet the minimal pleadings requirements of Rule 8, and accordingly, the affirmative defenses should be stricken.

### B. The First Affirmative Defense Fails to Identify How BPI Failed to State a Claim

In its first affirmative defense Defendants simply allege:

1. Plaintiff's Amended Complaint fails to state a claim against Defendants.

This "defense" should be stricken as it is nothing more than a bare recitation of a standard for dismissal, as opposed to a valid affirmative defense. *Flexiteek Americas, Inc. v. Tek-Dek, Ltd., et al.*, 2014 WL 11517848, *6-7 (S.D. Fla. March 28, 2014) (striking affirmative defense reciting "Each and every cause of action of Plaintiffs' Second Amended Complaint fails to state a claim upon which Relief can be granted."); *USI Insurance Services LLC v. Simokonis*, 2016 WL 11547694, *4-5 (S.D. Fla. 2016) (recommending striking affirmative defense reciting "Plaintiff's complaint fails to state a cause of action for which relief may be granted.")  The recitation of the standard for dismissal under Rule 12(b)(6) is insufficient, as "to constitute an affirmative defense, a defendant must allege some additional facts beyond merely pointing out defects or lack of evidence in the plaintiff's case." *See Falzarano v. Retail Brand Alliance, Inc.*, 2008 WL 899257, *3 (S.D. Fla. March 31, 2008) (striking of affirmative defense when the defense solely recites the standard for dismissal without any factual support); *see also Twombly*, 550 U.S. at 553 (a defense must at least give the plaintiff "fair notice" of the nature of the defenses and the grounds upon which they rest).  This first "defense" fails to include <u>any</u> factual allegations and courts in the district have already deemed it wholly insufficient.  Defendants do not even identify any alleged missing elements of BPI's claims nor which claims the defense purports to address.  As a result, the first affirmative defense must be stricken.

### C. The Second Affirmative Defense Fails to Identify any Factual Basis Supporting a Lack of Personal Jurisdiction

In their second affirmative defense, Defendants only allege:

2.  Plaintiff's claims against Kramer fail for lack of personal jurisdiction.

This defense should be stricken because it is waived. Prior to filing its answer containing this affirmative defense, Kramer filed a motion to dismiss but did not include "lack of personal jurisdiction" as a ground for dismissal. [D.E. 16]. "Under Fed.R.Civ.P. 12(h)(1), a party is deemed to have waived any objection to personal jurisdiction or service of process if the party makes a pre-answer motion under Rule 12 and fails to include such objections in that motion." *Pardazi v. Cullman Medical Center*, 896 F.2d 1313, 1317 (11th Cir. 1990) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1391, at 852–53 (1969) ("it now is settled that any time a defendant makes a pre-answer Rule 12 motion, he or she must include, on penalty of waiver, the defenses set forth in subdivisions (2) through (5) of Rule 12(b).")). Accordingly, "when [Kramer] failed to raise [his] personal-jurisdiction objections in [his] pre-answer motion to dismiss, [he] waived any objections that [he] might have had to the court's exercise of personal jurisdiction." *Pardazi* at 1317 (citing *Kersh v. Derozier,* 851 F.2d 1509, 1512 (5th Cir. 1988); *Murphy v. Travelers Ins. Co.,* 534 F.2d 1155, 1159 (5th Cir. 1976)..

Even assuming, *arguendo*, that this affirmative defense was available, Defendants have not alleged any facts to support it. Rather, it is merely a denial of the allegation of personal jurisdiction over Kramer. *See* Amended Complaint, ¶ 6 [D.E. 12]. Accordingly, the second affirmative defense must be stricken.

### D. The Third Affirmative Defense Fails to Identify any Factual Basis Supporting a Lack of Subject Matter Jurisdiction

Similarly, in its third affirmative defense, Defendants just allege:

    3.     Plaintiff's claims against Kramer fail for lack of subject matter jurisdiction.

This defense also should be stricken as it is nothing more than a bare bones legal conclusion, without any supporting facts. The Amended Complaint contains specific allegations regarding the basis for subject matter jurisdiction. *See* Amended Complaint, ¶ 3, 4, 5, 6 [D.E. 12]. This Court denied the motion to dismiss the Lanham Act Claim, as well as the Unfair Competition and False Patent Marking Claims. BPI fully alleged and this Court recognized it has federal question and diversity subject matter jurisdiction. Defendants have not alleged anything different. In one unreported decision, the U.S. District Court for the Western District of Missouri struck a nearly identical affirmative defense that simply stated "Plaintiff's claims are barred by lack of subject matter jurisdiction." That court explained that "lack of subject matter jurisdiction cannot be waived" and "so the failure to include it as an affirmative defense would be of no effect." *The School of the Ozarks, Inc d/b/a College of the Ozarks v. The Greatest Generations Foundation, Inc.*, Case No. 10 3499 CV S ODS (U.S. D. C. W. D. Mo.), Order and Opinion Granting in Part and Denying in Part Plaintiff's Motion to Strike (April 7, 2011; O.D Smith, J.). As a result, the third affirmative defense should be stricken as legally insufficient.

    E.    **The Fourth Affirmative Defense Fails to Identify any Factual Basis Supporting Unclean Hands**

In its fourth affirmative defense, Defendants conclusorily allege:

    4.     Plaintiff's claim fails *en toto* as a result of Plaintiff's unclean hands.

This purported defense contains no supporting facts and has been dismissed by other courts in this district. *Flexiteek Americas,* 2014 WL at *6-7 (striking affirmative defense reciting "Each and every claim of Plaintiffs' Second Amended Complaint is barred in part or in whole by the Doctrine of Unclean Hands."); *USI Insurance Services* 2016 WL at *4-5 (striking affirmative defense reciting "Any claim by Plaintiff for equitable relief against Simokonis is barred by the

doctrine of unclean hands.") Further, the doctrine of unclean hands is akin to fraud and must be plead with precision in order to constitute a valid affirmative defense. *See Congress Park Office Condos II, LLC v. First-Citizens Bank & Trust Co.*, 105 So. 3d 602, 609– 10 (Fla. 4th DCA 2013); *see also Branch Banking & Trust Co. v. S&S Dev., Inc.*, 620 Fed. Appx. 698, 701 (11th Cir. 2015); *Synovus Bank v. Sims*, 540 Fed. Appx. 905, 907 (11th Cir. 2013) (citing *Congress Park Office Condos II, LLC*, 105 So. 3d at 610); *SE Prop. Holdings, LLC v. McElheney*, 2015 U.S. Dist. LEXIS 14647, *7 (like fraud, the party seeking to apply the unclean hands doctrine must describe with precision the "egregious facts" that justify application of the doctrine). Contrary to their obligation to allege fraud with specificity as required by Federal Rule of Civil Procedure 12, Defendants do not allege <u>any</u> facts forming the basis for unclean hands.

Finally, Defendants' unclean hands defense also fails to the extent it is directed toward BPI's legal claims, which seek damages. The unclean hands defense is an equitable defense directed toward an equitable action, not a legal action. *See, e.g., Williams v. Foerster*, 335 So. 2d 810, 814 (Fla. 1976) (unclean hands defense is directed toward a court of equity). Even if the unclean hands defense was supported with alleged facts, it is not a defense to claims for damages, and it is legally insufficient.

### F. The Fifth Affirmative Defense Fails to Identify any Factual Basis Supporting Laches

In their fifth affirmative defense, Defendants improperly combine two different legal theories and fail to properly allege either of them. Defendants allege:

> 5. Plaintiff's claims are barred, in part or in full, as a result of the doctrines of laches and/or waiver.

Once again, these purported defenses contain no supporting facts and have been dismissed by other courts in this district. *Flexiteek Americas*, 2014 WL at *6-7 (striking affirmative defense

reciting "Each and every claim of Plaintiffs' Second Amended Complaint is barred in part or in whole by the Doctrine of Laches" and "Each and every claim of Plaintiffs' Second Amended Complaint is barred in part or in whole by the Doctrine of Waiver").

Moreover, laches is an equitable doctrine that is applied to bar a claim at equity based not upon the number of years that have elapsed, but upon unreasonable delay in enforcing a right coupled with disadvantage to the person against whom the right is asserted. *See, e.g., In re: Biddiscombe Int'l, LLC*, 392 B.R. 909 (Bankr M.D. Fla. 2008); *Jackmore v. Jackmore*, 71 So. 3d 912 (Fla. 1st DCA 2011). The different elements of waiver are (1) the existence of a right, privilege, advantage or benefit which may be waived; (2) the actual or constructive knowledge of the right; and (3) the intention to relinquish such right. *See Bristol W. Ins. Co. v. Albertson*, 41 So. 3d 378, 381 (Fla 4th DCA 2010). Defendants do not allege the elements of either laches or waiver, which are different defenses, nor do they allege any facts in support of such defenses.

Also, the combined assertion of two legal defenses is a violation of Federal Rule of Civil Procedure 10(b), which states in relevant part that a "party must state its ... defenses in numbered paragraphs, each limited as far as practible to a single set of circumstances" and "each defense other than a denial   must be stated in a separate .. defense."

### G. The Sixth Affirmative Defense Fails to Identify any Facts Supporting the Statute of Limitations Defense

In its sixth affirmative defense, Defendants allege:

6.   Plaintiff's claims are barred by the statute of limitations.

Defendants do not allege which statute(s) of limitations apply to each claim, nor do they allege any facts in support of such defenses. Federal Rule of Civil Procedure Form 30 recites an affirmative defense based on Statute of Limitations that passes muster under Federal Rule of Civil Procedure 8: "The plaintiff's claim is barred by the statute of limitations because it arose more

than _____ years before his action was commenced." Fed.R.Civ.P. 8. In order to provide fair notice to BPI, Defendants should be required, at a minimum, to state the time they considered as passed, and the particular limitations statute(s) they invoke for their defense, and to which claim(s) they believe the defense(s) apply.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiff's Motion to Strike Affirmative Defenses was filed via CM/ECF on February __18th__, 2020 and served on all counsel of record.

KRINZMAN, HUSS, LUBETSKY
    FELDMAN & HOTTE
800 Brickell Avenue, Suite 1501
Miami, Florida 33131
Telephone: (305) 854-9700
Facsimile: (305) 854-0508
Primary email: cal@khllaw.com
                   shf@khllaw.com
Secondary email: eservicemia@khllaw.com

By: _____
    Cary A. Lubetsky, Esquire
    Florida Bar No. 961360
    Salvatore H. Fasulo, Esquire
    Florida Bar No. 143952

- and -

HILLYER LEGAL, PLLC
Gregory L. Hillyer, Esquire
Fla. Bar No. 682489
5335 Wisconsin Avenue, N.W., Suite 440
Washington, D.C. 20015-2052
Telephone: (202) 686-2884
Facsimile: (202) 686-2877
Email: ghillyer@hillyerlegal.com

## SERVICE LIST

**Cara Molly Rogers, Esq.**
**Gregory Collins, Esq.**
Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
cmr@kflawaz.com
gbc@kflaw.com
*Counsel for Defendant*