## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

BPI SPORTS, LLC,

       Plaintiff,

vs.

THERMOLIFE INTERNATIONAL, LLC, and RONALD L. KRAMER,

       Defendants.

CASE NO.:   0:19-CV-60505-FAM

## PLAINTIFF'S, BPI SPORTS, LLC, MOTION TO STRIKE AMENDED AFFIRMATIVE DEFENSES AND SUPPORTING MEMORANDUM OF LAW

Plaintiff, BPI Sports, LLC ("BPI"), pursuant to Federal Rule of Civil Procedure 12(f) and S.D. Fla. Local Rule 7.1, moves this Court to strike Defendants', Thermolife International, LLC ("Thermolife"), and Ronald L. Kramer ("Kramer"), Amended Affirmative Defenses alleged in its Amended Answer to Amended Complaint [D.E. 53], as follows:

**I.     Background**

1.     On April 19, 2019, BPI filed its Amended Complaint.   [D.E. 12].

2.     On May 17, 2019, Defendants filed a motion to dismiss the Amended Complaint on several grounds.   [D.E. 16].

3.     Following this Court's Order on the motion to dismiss BPI maintained its claims against Thermolife and Kramer for Violations of Laham Act (Count I), Unfair Competition (Count II) and False Patent Marking (Count VI)[D.E. 37].

4.     On March 6, 2020, Thermolife and Kramer filed their Amended Answer and Affirmative Defenses, which attempts to allege the following four affirmative defenses: (1) the Amended Complaint fails to state a claim against Defendants; (2) Plaintiff's claims against Kramer fail for lack of personal jurisdiction; (3) Plaintiff's claims against Kramer fail for lack of subject

matter jurisdiction; and (4) Plaintiff's claim fail *en toto* as a result of Plaintiff's unclean hands; [D.E. 53].

5.      This Court should strike all of these affirmative defenses, as they are either waived or insufficient as a matter of law.

## II.      Memorandum of Law

### A.      Pleading Standard for Defenses

All of the affirmative defenses should be stricken as they are bare bones, conclusory, and fail to provide BPI with fair notice of the grounds upon which Defendants are attempting to avoid liability.   Although Federal Rule of Civil Procedure 8 does not require a defendant to set forth detailed factual allegations, it must at least give the plaintiff "fair notice" of the nature of the defenses and the grounds upon which they rest.   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553 (2007); *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) (an affirmative defense must be pled with "enough specificity or factual particularity to give [the party] 'fair notice' of the defense that is being advanced.").   "Although an affirmative defense 'does not need detailed factual allegations, it requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   *Mid-Continent Casualty Co. v. Active Drywall South, Inc.*, 765 F. Supp. 2d 1360, 1361 (S.D. Fla. 2011) quoting *Twombly*, 550 U.S. at 555.

"An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matter."   *See Royal Palm Sav. Ass' n v. Pine Trace Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989) (quoting *Fla. East Coast Railway Co. v. Peters*, 73 So. 151 (Fla. 1916)).   Affirmative defenses are subject to the pleading requirements specified in Rules 8 and 9 of the Federal Rules of Civil Procedure, and thus must set forth a "short and plain statement" of the defense.   *See Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F. 2d 1286, 1295 (7th Cir. 1989).   Pursuant to Federal Rule of Civil Procedure 12(f), a

party may move to strike "any insufficient defense or any redundant, immaterial, impertinent or scandalous matter" within the pleadings.   Further, defenses that are comprised of no more than "bare bones conclusory allegations" should be stricken.   *See Heller*, 883 F. 2d at 1295; *see also Schecter v. Comptroller of City of New York*, 79 F. 3d 265, 270 (2d Cir. 1996) (finding that a conclusory assertion of an affirmative defenses is insufficient as a matter of law).

Therefore, a conclusory affirmative defense that does not provide "fair notice" of the nature of the defense asserted and the grounds upon which it is based is insufficient and must be stricken. Although motions to strike tend to be disfavored by the courts, affirmative defenses may be stricken if the defense is "insufficient as a matter of law."   *See Williams v. Jader Fuel Co*., 944 F. 2d 1388, 1400 (7th Cir. 1991); *Microsoft Corp. v. Jesse' s Computers & Repair, Inc*., 211 F.R.D. 681, 683 (M.D. Fla. 2002) (citing *Anchor Hocking Corp. v. Jacksonville Elec. Auth*., 419 F. Supp. 992, 1000 (M.D. Fla. 1976)).

Defendants have not satisfied the pleading standards set forth above.   The affirmative defenses are comprised of labels and bare bones, legal conclusions without any allegations of supporting facts.   Defendants failed to meet the minimal pleadings requirements of Rule 8, and accordingly, the affirmative defenses should be stricken.

### B.   The First Affirmative Defense Fails to Identify How BPI Failed to State a Claim

In its first affirmative defense Defendants simply allege:

1.   Plaintiff's Amended Complaint fails to state a claim against Defendants.
As the factual basis for this affirmative defense, Defendants incorporate
by this reference the motion to dismiss filed previously in this matter.

This "defense" should be stricken as it is nothing more than a bare recitation of a standard for dismissal, as opposed to a valid affirmative defense.   *Flexiteek Americas, Inc. v. Tek-Dek, Ltd., et al.*, 2014 WL 11517848, \*6-7 (S.D. Fla. March 28, 2014) (striking affirmative defense reciting

"Each and every cause of action of Plaintiffs' Second Amended Complaint fails to state a claim upon which Relief can be granted."); *USI Insurance Services LLC v. Simokonis*, 2016 WL 11547694, *4-5 (S.D. Fla. 2016) (recommending striking affirmative defense reciting "Plaintiff's complaint fails to state a cause of action for which relief may be granted.")   The recitation of the standard for dismissal under Rule 12(b)(6) is insufficient, as "to constitute an affirmative defense, a defendant must allege some additional facts beyond merely pointing out defects or lack of evidence in the plaintiff's case."   *See Falzarano v. Retail Brand Alliance, Inc*., 2008 WL 899257, *3 (S.D. Fla. March 31, 2008) (striking of affirmative defense when the defense solely recites the standard for dismissal without any factual support); s*ee also Twombly*, 550 U.S. at 553 (a defense must at least give the plaintiff "fair notice" of the nature of the defenses and the grounds upon which they rest).   Defendants' reference to a prior filed motion to dismiss fails to cure the deficiency of the affirmative defense.   The motion was denied as to the remaining claims, and this Court has already ruled that Plaintiff has stated a cause of action.   Accordingly, Defendants' reliance on and reference to the prior motion to dismiss is legally insufficient.   Therefore, the First Affirmative Defense should be stricken.

**C.    The Second Affirmative Defense Fails to Identify any Factual Basis Supporting a Lack of Personal Jurisdiction**

In their second affirmative defense, Defendants generally allege that Plaintiff's claims against Kramer fail for lack of personal jurisdiction, and Defendants generally deny that Kramer has sufficient contacts with the state to confer jurisdiction.

This defense should be stricken because it was waived.   Prior to filing its answer containing this affirmative defense, Kramer filed a motion to dismiss but did not include "lack of personal jurisdiction" as a ground for dismissal.   [D.E. 16].   "Under Fed.R.Civ.P. 12(h)(1), a party is deemed to have waived any objection to personal jurisdiction or service of process if the

party makes a pre-answer motion under Rule 12 and fails to include such objections in that motion." *Pardazi v. Cullman Medical Center*, 896 F.2d 1313, 1317 (11th Cir. 1990) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1391, at 852–53 (1969) ("it now is settled that any time a defendant makes a pre-answer Rule 12 motion, he or she must include, on penalty of waiver, the defenses set forth in subdivisions (2) through (5) of Rule 12(b).")).   Accordingly, "when [Kramer] failed to raise [his] personal-jurisdiction objections in [his] pre-answer motion to dismiss, [he] waived any objections that [he] might have had to the court's exercise of personal jurisdiction." *Pardazi* at 1317 (citing *Kersh v. Derozier,* 851 F.2d 1509, 1512 (5th Cir. 1988); *Murphy v. Travelers Ins. Co.,* 534 F.2d 1155, 1159 (5th Cir. 1976).

Even assuming, *arguendo*, that this affirmative defense was available, Defendants have not alleged sufficient facts to support it.   Specifically, in its Amended Complaint, Plaintiff alleges, "[t]his Court has personal jurisdiction over Defendants under Fla Stat. § 48.193(1)(a) because, individually and collectively, have and/or are conducting, engaging in, carrying on or transacting business in this District; have committed one or more tortious acts within this District; and/or have caused injury to persons or property within this District arising out of an act or omission outside this District."   *See* Amended Complaint, ¶ 6 [D.E. 12].   Defendants' defense that, "Mr. Kramer is not a resident of Florida and Mr. Kramer has not caused harm in this district", amounts to nothing more than a denial of the jurisdictional allegations of the Amended Complaint.

Defendants' further allegation that, "Mr. Kramer's only connection with this district is the fact that ThermoLife, a company that he is part owner of, has transacted business in this state," only confirms that the Second Affirmative Defense is invalid because Defendants admit Kramer has conducted business in the state.   Having conducted business in the state and having committed a tortious act in the state, this Court has personal jurisdiction over Kramer. *See* Fla Stat. § 48.193(1)(a).   Accordingly, the second affirmative defense must be stricken.

**D.      The Third Affirmative Defense Fails to Identify any Factual Basis Supporting a Lack of Subject Matter Jurisdiction**

In their third affirmative defense, Defendants generally allege that Plaintiff's claims against Kramer fail for lack of subject matter jurisdiction, and contend that no subject matter jurisdiction will exist if the claims against ThermoLife are dismiss from this lawsuit.

This defense also should be stricken.   The Amended Complaint contains specific allegations regarding the basis for subject matter jurisdiction.   *See* Amended Complaint, ¶ 3, 4, 5, 6 [D.E. 12]. This Court denied the motion to dismiss the Lanham Act Claim, as well as the Unfair Competition and False Patent Marking Claims.   BPI fully alleged and this Court recognized it has federal question and diversity subject matter jurisdiction.   Defendants have not alleged anything different.   In one unreported decision, the U.S. District Court for the Western District of Missouri struck a nearly identical affirmative defense that simply stated "Plaintiff's claims are barred by lack of subject matter jurisdiction."   That court explained that "lack of subject matter jurisdiction cannot be waived" and "so the failure to include it as an affirmative defense would be of no effect." *The School of the Ozarks, Inc d/b/a College of the Ozarks v. The Greatest Generations Foundation, Inc.*, Case No. 10 3499 CV S ODS (U.S. D. C. W. D. Mo.), Order and Opinion Granting in Part and Denying in Part Plaintiff's Motion to Strike (April 7, 2011; O.D Smith, J.).   As a result, the third affirmative defense should be stricken as legally insufficient.

**E.      The Fourth Affirmative Defense Fails to Identify any Factual Basis Supporting Unclean Hands**

In their fourth affirmative defense, Defendants generally allege Plaintiff's claim fails *en toto* as a result of unclean hands.

This purported defense is legally insufficient as it is allegedly supported by insufficient and irrelevant facts. The doctrine of unclean hands is akin to fraud and must be plead with precision in order to constitute a valid affirmative defense.   *See Congress Park Office Condos II, LLC v. First-*

CASE NO.:   0:19-CV-60505-FAM

*Citizens Bank & Trust Co.*, 105 So. 3d 602, 609– 10 (Fla. 4th DCA 2013); *see also Branch Banking & Trust Co. v. S&S Dev., Inc.*, 620 Fed. Appx. 698, 701 (11th Cir. 2015); *Synovus Bank v. Sims*, 540 Fed. Appx. 905, 907 (11th Cir. 2013) (citing *Congress Park Office Condos II, LLC*, 105 So. 3d at 610); *SE Prop. Holdings, LLC v. McElheney*, 2015 U.S. Dist. LEXIS 14647, *7 (like fraud, the party seeking to apply the unclean hands doctrine must describe with precision the "egregious facts" that justify application of the doctrine).   Contrary to their obligation to allege fraud with specificity as required by Federal Rule of Civil Procedure 12, Defendants do not allege <u>any</u> fraud.

Moreover, the allegations Defendants do assert in the Fourth Affirmative Defense are wholly irrelevant and unrelated to Plaintiff's causes of action.   Defendants spuriously assert that Plaintiff has committed the same misconduct with respect to one of Plaintiff's products that Plaintiff contends Defendants have done to their own products.   The product referenced by Defendants is a separate product from the product described in the Amended Complaint. Defendants fail to allege how the alleged misconduct of Plaintiff harmed Defendants or somehow excuses Defendants' misconduct.   Therefore, the allegations of misconduct cannot support a claim for unclean hands.

Finally, Defendants' unclean hands defense also fails to the extent it is directed toward BPI's legal claims, which seek damages.   The unclean hands defense is an equitable defense directed toward an equitable action, not a legal action.   *See, e.g., Williams v. Foerster*, 335 So. 2d 810, 814 (Fla. 1976) (unclean hands defense is directed toward a court of equity).   Even if the unclean hands defense was supported with alleged facts, it is not a defense to claims for damages, and it is legally insufficient.

CASE NO.:   0:19-CV-60505-FAM

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiff's Motion to Strike Affirmative Defenses was filed via CM/ECF on March 23, 2020 and served on all counsel of record.

KRINZMAN, HUSS, LUBETSKY
    FELDMAN & HOTTE
800 Brickell Avenue, Suite 1501
Miami, Florida 33131
Telephone:   (305) 854-9700
Facsimile:    (305) 854-0508
Primary email:      cal@khllaw.com
                  shf@khllaw.com
Secondary email: eservicemia@khllaw.com


By: _____
    Cary A. Lubetsky, Esquire
    Florida Bar No. 961360
    Salvatore H. Fasulo, Esquire
    Florida Bar No. 143952

- and -

HILLYER LEGAL, PLLC
Gregory L. Hillyer, Esquire
Fla. Bar No. 682489
5335 Wisconsin Avenue, N.W., Suite 440
Washington, D.C. 20015-2052
Telephone: (202) 686-2884
Facsimile:   (202) 686-2877
Email: ghillyer@hillyerlegal.com

CASE NO.:   0:19-CV-60505-FAM

## SERVICE LIST

**Cara Molly Rogers, Esq.**
**Gregory Collins, Esq.**
Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
cmr@kflawaz.com
gbc@kflaw.com
*Counsel for Defendant*