UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:19-CV-60505-SMITH/VALLE

BPI SPORTS, LLC,

    Plaintiff,

v.

THERMOLIFE INTERNATIONAL, LLC,
and RONALD L. KRAMER,

    Defendants.
_____/

## STIPULATED PROTECTIVE ORDER

This CAUSE comes before the Court upon the parties' Joint Motion for Entry of Protective Order (ECF No. 60). Having reviewed the Stipulated Protective Order, it is **ORDERED** that the Stipulated Protective Order is entered, as substantially drafted and submitted by the parties.

The Court finds that this matter will likely involve the production of confidential and proprietary business information, personal information or other confidential or proprietary information during discovery and also the likely presentation of such information to the Court. Therefore, a protective order governing disclosure of this information is appropriate.

**IT IS FURTHER ORDERED** that the disclosure of confidential and proprietary information in this action shall be governed by this Protective Order, as follows:

1. "Confidential Information" means any trade secret, confidential research, development, commercial information, financial information, or other proprietary information of a party and may be contained in documents and/or in testimony designated as "CONFIDENTIAL," as set forth below. Confidential Information does not include any document or information that

is: (i) generally known to the public prior to any disclosure hereunder, or (ii) generally known to the public without breach of this Order; or (iii) approved for release by written authorization of the party who owns the information; or (iv) disclosed to the receiving party by a third party lawfully possessing such document or information and under no obligation of confidentiality; or (v) developed independently by the receiving party or any employees or designated agents thereof independently and without any use whatsoever of information received by the receiving party under this Order; (vi) advertising materials, (vii) materials that on their face show that they have been published to the general public, or (viii) documents that have been submitted to any governmental entity without request for or statutory entitlement to confidential treatment.

2. Any party to this action or third party that, in discovery, or in response to requests from another party in lieu of or in addition to discovery, produces or discloses any item of discovery, including, without limitation, any document, thing, interrogatory answer, deposition testimony, or admission, may designate the same as "CONFIDENTIAL" where it is believed in good faith the information contains Confidential Information.

3. Information designated as "CONFIDENTIAL" may be additionally designated "ATTORNEYS' EYES ONLY." The "ATTORNEYS' EYES ONLY" designation is reserved for Confidential Information that is (1) sensitive technical information, including current research, development and manufacturing information, (2) sensitive business information, including highly sensitive financial or marketing information and the identity of suppliers, distributors and potential or actual customers, (3) competitive technical information, including technical analyses or comparisons of competitor's products, (4) competitive business information, including non-public financial or marketing analyses or comparisons of competitor's products and strategic product planning, or (5) any other Confidential Information the disclosure of which to non-qualified people

not subject to this Order the producing party reasonably and in good faith believes would likely cause harm.

        4.       If a party hereafter obtains documents from third parties during the course of this litigation pursuant to subpoena, the obtaining party shall provide a copy of those documents to the opposing party or parties. The opposing party or parties shall review those documents and may, within 14 days, designate any of those materials "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in accordance with this Order.

        5.       The designation of protected information that exists in tangible form shall be made by visibly marking the item as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Protected information that exists in a form that cannot readily be marked in a visible fashion shall be specifically identified, when produced, in correspondence by the producing party's or third party's counsel. In the event the producing party or third party elects to produce original files and records for inspection, and the inspecting party desires to inspect these files and records, no markings need be made by the producing party or third party in advance of the initial inspection. All documents within the produced files and records shall be considered marked as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as the case may be. Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party or third party shall mark the copies of the documents containing confidential materials with the corresponding designation prior to producing the copies. Marking the first page of a multi-page document with a confidentiality designation shall be deemed a designation of all pages of such document under the same confidentiality designation, unless otherwise indicated by the producing party or third party. All documents reflecting personal or financial information shall be deemed to be confidential even if the document or information is not marked with the "CONFIDENTIAL" designation. Documents

that have been placed in the public domain or that are a matter of public record may not be designated "CONFIDENTIAL."

6. Confidential Information shall not be used by any recipient or disclosed by anyone for any purpose other than in connection with the prosecution or defense of this action, and shall not be disclosed by the recipient to anyone other than those persons designated in Paragraph 7, unless and until the restrictions herein are removed either by agreement of counsel for all the parties or by order of the Court.  This provision shall not be construed to prevent outside counsel from representing a party to this Order in other litigation.

7. Only the following persons may be allowed access to information designated as "CONFIDENTIAL":

    a. Parties to this action, their counsel of record, and any insurer of a party that has an interest in the action;

    b. The Court, its staff, and court reporter(s); mediators or arbitrators, and their staff, as may be engaged in this matter; and court reporters and their staff, as may be engaged to appear at depositions or transcribe testimony in this matter;

    c. Outside litigation counsel of record in this action, and legal associates, paralegal assistants, clerical staff, data processing staff, and secretaries employed by or under contract with such outside counsel and actively engaged in assisting such counsel with respect to this action;

    d. Upon compliance with the provisions of Paragraph 9 below, independent experts, litigation consultants (not regularly employed by either of the parties) employed by counsel of record for the parties, and fact witnesses whom counsel reasonably believe may be called by any party to this action to testify at the trial of this action;

    e. Employees, officers, and directors of any party whose access to the information is necessary to the prosecution or defense of this lawsuit;

    f. With respect to specific materials, each person producing such materials, any author or proprietor of such materials, and any person that is shown by the materials (such as correspondence) to have received a copy of the materials.

  8. Only the following persons may be allowed access to information designated as "ATTORNEYS' EYES ONLY":

    a. To the extent ATTORNEYS' EYES ONLY Information is used in this proceedings in compliance with the terms of this Protective Order, the Court, its staff, and court reporter(s); mediators or arbitrators, and their staff, as may be engaged in this matter; and court reporters and their staff, as may be engaged to appear at depositions or transcribe testimony in this matter;

    b. Outside litigation counsel of record in this action, and legal associates, paralegal assistants, clerical staff, data processing staff, and secretaries employed by or under contract with such outside counsel and actively engaged in assisting such counsel with respect to this action;

    c. Upon compliance with the provisions of Paragraph 9 below, independent experts, litigation consultants (not regularly employed by either of the parties) employed by counsel of record for the parties;

    e. With respect to specific materials, each person producing such materials, any author or proprietor of such materials, and any person that is shown by the materials (such as correspondence) to have received a copy of the materials.

9. Unless otherwise agreed between counsel for all of the parties in a written agreement signed by counsel for all parties or on the record in a deposition by counsel for all of the parties, no person authorized under Paragraph 7.d and 8.c to have access to CONFIDENTIAL or ATTORNEYS' EYES ONLY Information shall be granted access to that information until that person has received and read a copy of this Protective Order and has agreed in writing to be bound hereby by signing form attached hereto as **Exhibit "A."** The original of each executed Stipulation shall be maintained by outside litigation counsel for the recipient of the Confidential Information.

10. The disclosure or production of any document or other information shall be without prejudice to, and without waiver of, any claim that the document or information is protected from disclosure, production, or introduction into evidence by the work product doctrine, the attorney-client privilege, or any other privilege, immunity, or ground that protects the document or information from disclosure, production, or introduction into evidence. If any party or third party discloses or produces any document or information that may arguably be protected by any privilege, doctrine, immunity, or other legal ground, the disclosing or producing party or third party shall, within ten (10) court days of the discovery of the inadvertent disclosure or production, notify the receiving party that it is asserting the privilege or doctrine. If the receiving and producing parties dispute whether the document is actually protected by a privilege, immunity, doctrine, or other legal ground, they shall follow the procedures as outlined in paragraph 10.

11. Nothing herein shall restrict a party's use or disclosure of material obtained by the party independent of formal discovery or independent of other requests of another party in lieu of or in addition to formal discovery in this action (whether or not the material is also obtained through formal discovery or other requests from an opposing party in this action), or from disclosing its own confidential material.

12. Any party may object orally or in writing to the designation of material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or to the assertion of a privilege or other protection concerning a document or information. The following procedure shall apply to the resolution of any such objection:

a. The oral or written objection must identify the particular information that the receiving party believes should not be treated in accordance with its confidentiality designation and/or should not be privileged or otherwise protected;

b. Counsel for the parties must confer as soon as possible after the objection is made, but no later than five (5) court days after the objection is served on the producing party, in good faith, in an effort to resolve the dispute without the necessity of a hearing before the Court;

c. If the objection is not resolved, the party receiving the information may make a motion to the Court to challenge the designation of confidentiality or assertion of privilege or other protection. The content of such motion shall consist of an identification of the information subject to the dispute and a summary of the reasons for the objection;

d. Any opposition to the motion must be filed with the Court in accordance with its procedures;

e. Any reply in support of the motion must be filed with the Court in accordance with its procedures; and

f. The information that is the subject of the motion shall be treated in accordance with its designated confidential status or its asserted privileged or protected status pending resolution of the motion.

13. Any documents (including briefs), tangible things or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced

at hearing or during trial may retain their protected confidential status only by order of the Court in accordance with the procedures outlined in the Court's orders and/or the rules governing submissions of materials under seal.

14. Upon final termination of this action, including all proceedings for the judicial enforcement of any award and the exhaustion of all appeals, all information containing a confidentiality designation that is furnished or produced under the terms of this Protective Order, including all copies thereof and all documents incorporating such information, shall be either (1) delivered to counsel for the designating party or (2) destroyed (although counsel may be allowed to retain one copy for their file). Papers filed with the Court under seal shall remain under seal unless the Court, for good cause shown, otherwise directs. The parties' outside counsel may maintain copies of pleadings filed in this action that contain information designated under this Order; provided, however, that the restrictions on use and access in this Order shall continue to remain in place with respect to the pleadings and work product, unless the parties otherwise agree in writing.

15. This Protective Order shall remain in full force and effect unless modified by an order of the Court or by the written stipulation of all parties filed with the Court. Without limiting the generality of the foregoing, this Protective Order shall survive and remain in full force and effect after the termination of this action.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**

> *s/ Gregory Hillyer*
> Gregory L. Hillyer
> Florida Bar No. 0682489
> ghillyer@hillyerlegal.com
> **HILLYER LEGAL, PLLC**
> 5335 Wisconsin Avenue,
> N.W. Suite 440

        Washington, D.C. 20015-2052

        *Counsel for Plaintiff BPI Sports, LLC*

        *s/ Gregory Collins*
        Gregory Collins
        gbc@kflawaz.com
        **KERCSMAR & FELTUS PLLC**
        7150 E. Camelback Road
        Suite 285
        Scottsdale, AZ 85251
        Telephone: (480) 421-1001

        *Counsel for Defendants ThermoLife*
        *International, LLC and Ron Kramer*

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on March 26, 2020.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

# **EXHIBIT A**

My name is _____. I live at _____. I am employed by _____ as _____.

I have read the Protective Order in place in the above-entitled matter. Information designated under this Protective Order has been given to me. I understand the provisions of the Protective Order, and I agree to comply with and be bound by its provisions.

Executed this _____ day of _____, 2020, at _____.

                                                Signature

                                                _____

                                                Type Name