**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

BPI SPORTS, LLC,

       Plaintiff,

vs.

THERMOLIFE INTERNATIONAL, LLC,
and RONALD L. KRAMER,

       Defendants.

**CASE NO. 0:19-cv-60505-SMITH**

**DEFENDANT THERMOLIFE INTERNATIONAL, LLC'S OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE AMENDED AFFIRMATIVE DEFENSES**

Defendants THERMOLIFE INTERNATIONAL, INC. and RON KRAMER (together, "Defendants") submit their response in opposition to Plaintiff BPI Sports, LLC's Motion to Strike Amended Affirmative Defenses [DE 59] (the "Motion to Strike").

**MEMORANDUM OF LAW**

**I.**      **INTRODUCTORY SUMMARY**

Defendants respectfully request that the Court deny the Motion to Strike because the drastic remedy requested by BPI is inappropriate and unnecessary and, in reality, is meant to hassle Defendants and delay this matter.[1] Three of Defendants' affirmative defenses being attacked in the Motion to Strike (failure to state a claim for relief, personal jurisdiction, and subject matter jurisdiction) are not actually affirmative defenses, but routinely raised denials not only of BPI's

---

[1]      Defendants' Opposition to Plaintiff's Motion to Compel filed on April 3, 2020 [DE 65] provides the context in which BPI filed its Motion to Compel [DE 62] and describes other dilatory tactics implemented by BPI, including its latest Motion for Leave to Amend [DE 64], this time to add a new party at the eleventh hour. BPI's Motion to Strike is yet another attempt by BPI to create an excuse to further delay this matter and extend out this Court's trial schedule.

allegations, but also as to whether BPI alleged prima facie claims against Defendants. Those denials do not warrant being stricken and, especially with regards to Defendants' statement on subject matter jurisdiction, are nothing more than accurate applications of the law to the facts of this case.

Finally, Defendants' affirmative defense of unclean hands includes specific and detailed allegations of how BPI is engaging in the exact same conduct for which BPI seeks to hold Defendants liable. In short, if Defendants' alleged conduct gives Defendants an unfair competitive advantage over BPI, then BPI engaging in identical conduct would likewise give BPI an unfair competitive advantage over its competitors (including ThermoLife). It is difficult to see how BPI can claim that it is not fairly apprised of Defendants' affirmative defense here, given the specificity with which this defense has been alleged. Defendants' unclean hands defense is properly raised and asserted and BPI's Motion to Strike should be denied.

## II.    PROCEDURAL BACKGROUND

BPI filed its Complaint on February 26, 2019. (DE 1). BPI's Complaint was entirely deficient, which BPI acknowledged by filing an Amended Complaint shortly thereafter on April 19, 2019. (DE 12). BPI's Amended Complaint alleged a plethora of deficient claims seeking injunctive relief and damages against Defendants for alleged violations of: the Lanham Act, 15 U.S.C. § 1125(a), the Sherman Act, 15 U.S.C. § 2, 35 U.S.C. § 292 (false patent marking), common law unfair competition, trade libel, libel per se, tortious interference with business relations, and inequitable conduct.

Defendants moved to dismiss all of BPI's claims. (DE 16). On January 9, 2020, the Court granted in part Defendants' motion to dismiss, allowing BPI to only assert three claims against Defendants for: (1) alleged violations of the Lanham Act, 15 U.S.C. 1125(a); (2) common law unfair competition; and (3) false patent marking. (DE 37).

On January 22, 2020, BPI informed the Court that "it does not intend to further amend the Amended Complaint" and acknowledged that the Court struck its deficient Counts III-V and VII-IX.

(DE 40). Defendants answered the Amended Complaint on February 5, 2020 [DE 41] and then amended their answer and affirmative defenses on March 6, 2020 [DE 53] ("Amended Answer"). Defendants' Amended Answer properly asserts four denials and affirmative defenses, namely: (i) BPI fails to state a claim for relief, incorporating Defendants' Motion to Dismiss; (ii) personal jurisdiction over Kramer is lacking based upon the undisputed fact that he is not a resident of Florida and has not caused any harm to BPI in Florida; (iii) subject matter jurisdiction as to Kramer is deficient "[o]nce Plaintiff's claims against ThermoLife are dismissed from the lawsuit"; and (iv) BPI's own unclean hands bar BPI's demanded relief. (*Id.* at pp. 44-45). The Amended Answer sets out in significant detail each of these four defenses. (*Id.*). With regard to BPI's unclean hands, Defendants explain how BPI marks its own products in the same allegedly "improper" way it contends Defendants mark a product. (*Id.*). Defendants expressly point out that, assuming Defendants listed "Creatine Nitrate" as a supplement ingredient (they do not), and that this somehow confuses consumers (it does not), BPI's own use of ingredients "Creatine MagnaPower," "Creatine AKG," and "Creatine Phosphate" would be similarly improper.  (*Id.*).

On March 23, 2020, BPI filed its Motion to Strike, seeking to strike all four of Defendants' affirmative defenses. The Motion to Strike is without any merit and should be denied.

## III.   <u>LEGAL ARGUMENT</u>

"Motions to strike are generally disfavored and are often considered 'time wasters.'" *Al Saud v. Parker Bros. Concepts, Inc.*, No. 618CV1884ORL41TBS, 2019 WL 278120, at *1 (M.D. Fla. Jan. 22, 2019) (quoting *Somerset Pharm., Inc., v. Kimball*, 168 F.R.D. 69, 71 (M.D. Fla.1996)); *ADT LLC v. NorthStar Alarm Servs. LLC*, No. 9:18-80283-CV, 2018 WL 6522124, at *3 (S.D. Fla. Sept. 14, 2018) (stating that striking a portion of a pleading is disfavored "because it is often sought by the movant simply as a dilatory or harassing tactic"). Striking affirmative defenses "is a drastic remedy to be resorted to only when required for the purposes of justice" and where the accused

3

affirmative defenses have "no possible relation to the controversy." *Paul v. Bradshaw*, No. 12-81381-CIV, 2013 WL 12084299, at *1 (S.D. Fla. Dec. 10, 2013) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia County.*, Fla., 306 F.2d 862, 868 (5th Cir. 1962)) (denying motion to strike). Here, Defendants provided more than sufficient notice to BPI both as to the affirmative defenses raised and the factual basis supporting the defenses. Plaintiff's Motion to Strike serves no other purpose than to waste this Court's time and drive up attorneys' fees for both parties.

### A.   PLAINTIFF FAILS TO IDENTIFY THE CORRECT LEGAL STANDARD.

In its Motion to Strike, Plaintiff contends that affirmative defenses *must* comply with the pleading standard set forth in *Twombly*. (DE 59 at 2-3). As this Court knows, Plaintiff's focus on *Twombly* ignores the plain language of Federal Rule of Civil Procedure 8(b) and (c) and the well-documented split amongst the courts in the United States Court of Appeals for the Eleventh Circuit. *Mt. Hawley Ins. Co. v. Boca Bayou Condo. Ass'n, Inc.*, No. 18-CV-81656, 2019 WL 7837288, at *3 (S.D. Fla. Dec. 20, 2019), *report and recommendation adopted*, No. 18-81656-CIV, 2020 WL 1441921 (S.D. Fla. Mar. 25, 2020). Rule 8(a) requires a *plaintiff* to "show" that it is entitled to the demanded relief, whereas Rule 8(c) – applicable to affirmative defenses – requires only that a defendant "state" the raised affirmative defense. *Id.* (agreeing with "the argument that [defendants] are not subject to the heightened standard to be more persuasive."); *see also Bradshaw*, 2013 WL 12084299, at *3 (stating that "this Court is ultimately convinced of the correctness of the cases holding that the clearness in the difference in the language between Rule 8(a) and Rules 8(b) and (c) requires a different pleading standard for claims and defenses.").

Under the correct standard for Rule 8(c), "as long as the affirmative defenses give Plaintiff notice of the claims" the defendant intends to litigate, "the defenses are appropriately pled." *Mt. Hawley Ins. Co.*, 2019 WL 7837288, at *3. Notably, the Motion to Strike does not contend that BPI lacks notice of the denials and affirmative defenses asserted by Defendants and, for that reason alone,

4

should be denied.  However, even if this Court were to apply the *Twombly* standard, Defendants' denials and affirmative defenses are still properly asserted and supported by detailed factual statements.

### B.  DEFENDANTS' DENIALS AND AFFIRMATIVE DEFENSES ARE PROPERLY RAISED.

#### i.  Defendants' Unclean Hands Affirmative Defense.

Defendants assert the affirmative defense of unclean hands based upon the fact that BPI engages in the exact same conduct it claims is unlawful. As set forth in Defendants' unclean hands defense, BPI is acting with unclean hands because it contends Defendants acted improperly by listing "Creatine Nitrate" as one ingredient on dietary supplements,[2] yet BPI engages in exactly the same conduct it contends is inappropriate in labeling its own products. (DE 53 at 45).

BPI seeks the draconian remedy of striking Defendants' unclean hands defense for three reasons. First, BPI – without legal authority or analysis – deems Defendants' well-pled facts supporting this defense to be wholly irrelevant. That is a determination of the merits of the defense, which is inappropriate at this stage and, in any event, is incorrect as a matter of law. Second, BPI asserts that Defendants failed to plead unclean hands in compliance with the heightened standard of Rule 9(b) – yet another less-than-truthful statement of the correct legal standard. Finally, BPI states that Defendants' unclean hands defense is somehow inappropriate to the extent BPI supposedly only seeks damages. This final argument is belied by the injunctive relief requested by BPI in two of the three remaining claims. Accordingly, this Court should deny the Motion to Strike as to Defendants' unclean hands defense.

---

[2]    BPI is well aware that Defendants do not sell products with "Creatine Nitrate" and the product at issue, CRTN-3, is not a ThermoLife product.

### a.    BPI's similar conduct gives rise to unclean hands.

A defendant properly asserts the defense of unclean hands in the context of, for example, unfair competition where the defendant asserts that the plaintiff engages in the exact same conduct. *See ADT LLC v. NorthStar Alarm Servs. LLC*, No. 9:18-80283-CV, 2018 WL 6522124, at *3 (S.D. Fla. Sept. 14, 2018) (denying plaintiff's motion to strike as to, in part, the affirmative defense of unclean hands). Although not required to be proven at the pleading stage, a defendant need only assert facts sufficient to state that "(1) the plaintiff's wrongdoing is directly related to the claim, and (2) the defendant was personally injured by the wrongdoing." *Id.*

In *ADT LLC*, the defendant asserted "unclean hands" as an affirmative defense to the plaintiff's unfair competition claims. The defendant specifically alleged:

> Plaintiffs claim that NorthStar sales representatives make negative and untruthful statements about ADT when the sales representatives are trying to make a sale. Although NorthStar denies that its sales representatives engage in such tactics, ADT representatives use the very tactics of which ADT complains to try to unlawfully lure NorthStar customers to ADT, as set forth more fully in NorthStar's Counterclaim.

*Id.* at *3. The court denied the plaintiff's motion to strike, finding the defense properly asserted.

Similarly, Defendants (although, as BPI knows, they actually do not sell the product at issue) correctly point out that BPI's issue with listing "Creatine Nitrate" as one ingredient, and the resulting harm to BPI as a competitor, is the same as what BPI does to its competitors (such as ThermoLife) in listing "Creatine MagnaPower," "Creatine AKG," and "Creatine Phosphate" as singular ingredients offering some advantage to consumers. (DE 53 at 45). BPI touts that these bonded creatine compounds are "advanced forms of creatine to enhance the effects;" yet, these compounds disassociate in water just like the accused "Creatine Nitrate" ingredient. (*Id.*). If, as BPI contends, labeling a product as having "Creatine Nitrate" is falsely advertised or somehow creates an unfair competitive advantage, then BPI falsely advertises its products and/or gains an unfair competitive

advantage over its competitors by engaging in the same conduct. (*Id.*). Defendants are entitled to an opportunity to prove this defense.

### b.    Defendants' sufficiently allege unclean hands.

BPI also complains that Defendants fail to assert the defense of unclean hands in compliance with the heightened pleading standard of Federal Rule of Civil Procedure 9 because "unclean hands is akin to fraud." This is an incorrect statement of law. While Rule 9(b) does require that "the circumstances constituting . . . fraud or mistake shall be stated with particularity," where the defense of unclean hands is not premised on an allegation of fraud, the heightened pleading standard of Rule 9(b) is not triggered. *Rubinstein v. Keshet Inter Vivos Tr.*, No. 17-61019-CIV, 2019 WL 295942, at *5 (S.D. Fla. Jan. 23, 2019) (denying motion to strike unclean hands affirmative defense and declining to require defendant to plead the defense in compliance with Rule 9(b)). In any event, Defendants do, in fact, specifically allege BPI's false statements that, under BPI's own theory, would tend to mislead consumers. (*See* DE 53 at 45). There is no confusion about what statements or types of statements BPI makes to consumers that give rise to Defendants' unclean hands defense.

Moreover, BPI's cited authority for its contention that Defendants failed to sufficiently allege unclean hands goes to the actual burden of *proving* the affirmative defense, not *alleging* the affirmative defense and should be disregarded. In *Congress Park Office Condos II, LLC v. First-Citizens Bank & Trust Co.*, 105 So. 3d 602 (Fla. 4th DCA 2013), *Branch Banking & Trust Co. v. S&S Dev., Inc.*, 620 Fed. Appx. 698 (11th Cir. 2015), and *Synovus Bank v. Sims*, 540 Fed. Appx. 905, 907 (11th Cir. 2013), the defendants were appealing orders granting summary judgment in favor of the plaintiffs based upon, in part, their contention that the courts incorrectly determined they could not *prove* unclean hands. Finally, in *SE Prop. Holdings, LLC v. McElheney*, No. 5:12-cv-00140, 2015 WL 507188 (N.D. Fla. Feb. 6, 2015), the court ruled on whether the defendant *proved* unclean hands,

which would prevent the court from granting a deficiency judgment. In short, BPI's own authority goes to the burden of proof for Defendants' unclean hands defense, not the sufficiency of pleading.

### c. BPI's injunctive relief request makes unclean hands a proper defense.

Finally, BPI contends that unclean hands is not an appropriate defense to the extent BPI seeks only money damages. Here, BPI cites *Williams v. Foerstar*, 335 So.2d 810 (Fla. 1976). In *Williams*, the Florida Supreme Court, in a dissenting opinion, describes unclean hands as an equitable defense. And this is certainly true under Florida common law, but contrary to BPI's argument, an equitable defense can bar an award of monetary damages. Unclean hands is a defense to a Lanham Act claim. *See Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC,* 2011 WL 2174012 (S.D. Fla. 2011) (allowing defendant's unclean hands defense in a Lanham Act case to be tried to the jury); *see also Fuddruckers, Inc. v. Doc's B.R. Others, Inc.,* 826 F.2d 837 (9th Cir. 1987). And, courts have applied unclean hands to bar monetary awards in Lanham Act cases, like this one. *See FLIR Systems, Inc. v. Sierra Media, Inc.,* 965 F.Supp.2d 1184 (D. Or. 2013) (overruling the jury's verdict awarding plaintiff damages in a Lanham Act cases as a result of plaintiff's unclean hands); se*e also Alpo Pet Foods, Inc. v. Ralston Purina Co.*, 720 F. Supp. 194, 214 (D.C.C. 1989), *aff'd in pertinent part, rev'd in part*, 913 F.2d 958 (D.C. Cir. 1990) (describing unclean hands as a defense to both equitable and monetary relief in a false advertising case).

Regardless, here, BPI, in fact, seeks injunctive relief in two of the three remaining claims. (*See* DE 12 at ¶ 171 (Count I, Lanham Act, "BPI is entitled to an injunction . . ."); ¶¶ 179 and 180 (Count II, unfair competition, "BPI has no adequate remedy at law . . . BPI is entitled to a judgement restraining Defendants . . .")). Thus, even if the Court were to reject the cases applying unclean hands to damages cases against the weight of the judicial authority, the affirmative defense nevertheless should not be stricken.

As a result, BPI's alleged grounds to strike Defendants' unclean hands defense lack merit and should be promptly denied.

## ii.     Defects in an Answer Do Not Warrant Striking Defenses.

If a defendant asserts a denial, or "negative averment," under the label of "affirmative defenses," "the proper remedy is not [to] strike the claim, but rather to treat [it] as a specific denial." *S.-Owners Ins. Co. v. Mac Contractors of Fla., LLC*, No. 2:18-CV-21-FTM-99MRM, 2019 WL 6696393, at *2 (M.D. Fla. Dec. 9, 2019); *Pollo Campestre, S.A. DE C.V. v. Campero, Inc.*, No. 19-CIV-20001, 2019 WL 5577933, at *4 (S.D. Fla. Oct. 29, 2019) (denying motion to strike a "failure to state a claim" affirmative defense); *Gonzalez v. Spears Holdings, Inc.*, No. 09-60501-CIV, 2009 WL 2391233, at *2 (S.D. Fla. July 31, 2009) (quoting *Home Mgmt. Solutions, Inc. v. Prescient, Inc.,* No. 07–20608–CIV, 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007) (internal quotations and citations omitted)). The denial serves a purpose of identifying "defects in plaintiff's prima facie case." *S.-Owners Ins. Co.*, 2019 WL 6696393, at *2.

Defendants' first denial and affirmative defense is that Plaintiff fails to state any viable claim for relief. (*See* DE 53 at 44). Defendants specifically incorporate their motion to dismiss into the denial, which the Court granted in part, as the factual basis as to why Plaintiff fails to state a claim. (*Id.*) In *Gonzalez* and in *Pollo Campestre*, the defendant raised, in essence, the same "failure to state a claim" defense, which the courts refused to strike and, instead, treated as denials. As the court stated in *Pollo Campestre*, "the proper remedy is to treat [the failure to state a claim defense] as a mere denial." 2019 WL 5577933, at *4.  Plaintiff's Motion to Strike should be denied as to Defendants' first defense/denial.

As their second and third denials and affirmative defenses, Defendants assert: (i) that personal jurisdiction over Kramer is lacking because he is not a resident of Florida and has not caused any harm to BPI in Florida; and (ii) that this Court will not have subject matter jurisdiction

over the claims against Kramer once the ThermoLife claims are fully dismissed. The Motion to Strike acknowledges that these types of defenses are "a denial of the jurisdictional allegations of the Amended Complaint." (*See* DE 59 at 5). Accordingly, the Court need not strike these defenses and should instead afford them the same treatment as courts treat "failure to state a claim" defenses discussed above.

In any event, if, during this litigation, the claims against ThermoLife are dismissed, as contemplated in Defendants' subject matter jurisdiction defense, this Court could properly decline to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, which states, in part: "(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--. . . (3) the district court has dismissed all claims over which it has original jurisdiction . . . ." Defendants third affirmative defense merely raises a correct statement of law as a denial to the sufficiency of Plaintiff's Amended Complaint.

## IV.    CONCLUSION

All of Defendants' defenses relate to the allegations made by BPI and BPI's purported claims and do not warrant this Court striking from the Amended Answer the defenses. BPI's Motion to Strike was filed for the sole purpose of creating controversy where none exists, presumably to help BPI justify why it needs to hit reset on this litigation and advance the frivolous arguments BPI makes in its Motion to Amended Complaint [DE 64].

For the foregoing reasons, Defendants respectfully request the Court deny Plaintiff's Motion to Strike Defendants' Amended Affirmative Defenses.

Respectfully submitted,                    Dated this 6th day of April, 2020.

By: */s/ Edward M. Mullins*
Edward M. Mullins (FBN 863920)
Ana M. Barton (FBN 85721)
**REED SMITH LLP**

10

1001 Brickell Bay Drive
Miami, FL 33131
7866-747-0200
Fax: 786-747-0299
Email: emullins@reedsmith.com
Email: abarton@reedsmith.com

and

KERCSMAR & FELTUS PLLC
Gregory B. Collins
E-mail: gbc@kflawaz.com
7150 E. Camelback Road
Suite 285
Scottsdale, AZ 85251
Telephone: (480) 421-1001

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 6, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record.

By:     *Edward M. Mullins*
        Edward M. Mullins, Esq.