IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BPI SPORTS, LLC,<br><br>　　　　Plaintiff,<br>vs.<br><br>THERMOLIFE INTERNATIONAL, LLC, and RONALD L. KRAMER,<br><br>　　　　Defendants. | CASE NO.: 0:19-cv-60505 |

### RESPONSE TO NOTICE OF FILING

　　Plaintiff, BPI Sports, LLC ("BPI") hereby responds to Defendants ThermoLife International, Inc.'s and Ronald Kramer's (collectively, "Defendants") Notice of Filing Limited Portions of Deposition Transcript in Support of Joint Status Report [D.E. 77] ("Notice") to address the new information contained in the cited testimony and Defendants' related arguments.

　　The deposition transcript of Derek Ettinger submitted by Defendants is a transparent effort to adjudicate BPI's claims *on the merits* under the auspice of a discovery dispute. The selected portions are limited to contention topics, posed to a lay witness, to which BPI objected prior to the deposition. **Exhibit B**.[1] These contention topics included esoteric areas of patent law on which the witness is not qualified to testify (which he repeatedly pointed out). **Exhibit C**, *et. seq*. Although it was not included in the portion Defendants submitted, at the very inception of this line of questioning, Mr. Ettinger admits that he is not able to respond to the legal question of whether a patent undergoing reexamination is invalid. *Id.*, 304:18-24. Nevertheless, defense counsel continued to question him on this issue, including probing the status of the claims in the reexamination of U.S. Patent No. 7,777,074 ("the '074 Patent"). *Id*., 305:5-306:21. Defense counsel attempted to get the witness to agree to various false premises concerning the '074 Patent, but Mr. Ettinger responded that he is *not a patent law expert*. *Id*., 311:11-315:2. Defense counsel

---

[1] Citing *McCormick–Morgan, Inc. v. Teledyne Industries, Inc.*, 134 F.R.D. 275, overruled on other grounds, 765 F.Supp. 611 (N.D. Ca. 1991) (discussing difficulties in lay witnesses answering legal questions and holding that "appropriately framed and timed contention interrogatories" rather than depositions of alleged infringing corporation's designated employees, was appropriate method for establishing alleged infringer's contentions).

1

then showed Mr. Ettinger documents he had never seen before, including complicated portions of the '074 Patent file history. *Id*., 315:10-22. Significantly, defense counsel admits that during reexamination, "claims 1 and 2 of the '074 Patent have been canceled" and "Claim 6 is rejected." *Id*., 316:6-12. Issued claim 1 was the only claim that covered creatine nitrate, and while new claim 6 encompassed creatine nitrate as written, it was never allowed. D.E. 77-1, **Exhibit A**, Originally Issued '074 Patent, Amendments to Claims of the '074 Patent and Federal Circuit Opinion.

To support the bizarre notion that these abandoned and rejected claims to creatine nitrate are somehow still valid, defense counsel tried to get the witness to confirm that pending claims 3-5 and 7-10 are patentable. **Exhibit C**, 317:8-23. Since the witness was not even shown these claims, and had no idea what they were, the witness did nothing other than agree to the writing in a legal document that he had never seen before. *Id*. The witness *still denied* that the '074 Patent was "still valid." **Exhibit C**, 318:6-10 ("Definitely not"). This is consistent with the fact that claims 3-5 and 7-10 encompass *other amino acids* that have nothing to do with creatine nitrate. **Exhibit A**, Amendments to Claims of the '074 Patent. As such, claims 3-5 and 7-10 are completely irrelevant to BPI's allegations in this case and are therefore irrelevant to BPI's Motion to Compel.

In summary, since claim 1 of the originally issued '074 Patent was canceled by ThermoLife in 2013—and since the Federal Circuit ruled that creatine nitrate has been in the prior art for over a hundred and fifty years (since 1854), the notion that ThermoLife could accurately advertise exclusive rights to this compound in 2015, much less based on the alleged allowability of irrelevant and non-issued claims to *other amino acids*, is preposterous. **Exhibit A**, Federal Circuit Opinion, p. 8, fn. 2 and 3 (citing M. Dessaignes (1854) and Barger (1914) as prior art references teaching creatine nitrate). Even if ThermoLife maintains this failing substantive position, it does not justify denying BPI *discovery* on its well-pled allegations, whether under false advertising, unfair competition or false patent marking theories. **Exhibit A**, BPI's Responses to Interrogatories Nos. 1, 3 and 5 (citing Amended Complaint [D.E. 12] in support of false advertising, unfair competition and false patent marking counts). For all of these reasons, the Notice has no substantive value to the pending Motion to Compel and should be ignored.

Respectfully submitted,   Dated this 1st day of May, 2020.

KRINZMAN, HUSS & LUBETSKY
FELDMAN & HOTTE
Cary A. Lubetsky
Florida Bar No. 961360
Salvatore H. Fasulo
Florida Bar No. 143952

800 Brickell Avenue, Suite 1501
Miami, Florida 33131
Telephone: (305) 854-9700
Facsimile: (305) 854-0508
Primary email:  cal@khllaw.com
shf@khllaw.com
Secondary email: eservicemia@khllaw.com

HILLYER LEGAL, PLLC

*s/ Gregory L. Hillyer*
Gregory L. Hillyer
Fla. Bar No. 682489
Email: ghillyer@hillyerlegal.com
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015-2052
Telephone: 202-686-2884
Facsimile: 202-686-2877

*Attorneys for Plaintiff BPI Sports, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing response was filed via CM/ECF on May 1, 2020 and served on counsel of record.

*s/ Gregory L. Hillyer*