IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BPI SPORTS, LLC,<br><br>    Plaintiff,<br>vs.<br><br>THERMOLIFE INTERNATIONAL, LLC,<br>and RONALD L. KRAMER,<br><br>    Defendants. | CASE NO. 0:19-cv-60505-SMITH |

**DEFENDANTS' REPLY IN SUPPORT OF NOTICE OF FILING**

Defendants THERMOLIFE INTERNATIONAL, INC. ("ThermoLife") and RON KRAMER (together, "Defendants") file their brief Reply in Support of their Notice of Filing Limited Portions of Deposition Transcript in Support of Joint Status Report ("Notice of Filing") [DE 78] to address several inaccurate statements of law and fact made in Plaintiff's Response to Notice of Filing [DE 79]. Given that the Notice of Filing had no argument or further comment on the parties' Joint Status Report [DE 77], and simply filed portions of a transcript cited in the Joint Status Report for the record, Defendants were surprised by Plaintiff's adversarial Response to Notice of Filing. Plaintiff has demonstrated a fundamental misunderstanding of patent law and Fed.R.Civ.P. 30(b)(6), which affects the validity of its claims at stake here and, as a result, the scope of discovery. For that reason, Defendants hereby respond to provide the Court clarification.

Prior to the Notice of Filing, Plaintiff had articulated, through its interrogatory responses, a claim that ThermoLife misled customers and potential customers by including a link to ThermoLife's U.S. Patent No. 7,777,074 ("the '074 Patent") on its website:

> [ThermoLife's website] contains a hyperlink which takes a user directly to ThermoLife's marking website, www.no3-t.com/patents. The website contains hyperlinks to enumerated patents as they appear on the United States Patent and Trademark Office website, www.uspoto.gov, including U.S. Patent No. 7,777,074

1

> ("the '074 Patent"). …. Under such circumstances, consumers, licensees and competitors in the creatine nitrate market (such as BPI) have been misled into believing (i) the raw material creatine nitrate cannot be purchased from third parties inside or outside the United States; (ii) ThermoLife is the only valid supplier of creatine nitrate; and (iii) finished dietary supplements cannot incorporate creatine nitrate without paying a licensee fee to ThermoLife.

DE 77 Ex. A at 2-3. As ThermoLife's portion of the Joint Status Report explained, though, Plaintiff cannot bring a Lanham Act claim asserting that ThermoLife has "mislead" consumers, because Plaintiff has failed to provide survey evidence that consumers are actually misled.[1] *See Hickson Corp., v. Northern Crossam Co., Inc.,* 357 F.3d 1256 (11th Cir. 2004); *see also Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.,* 299 F.3d 1242 (11th Cir. 2002). As a result, at most, BPI can maintain a claim under the Lanham Act addressed to "literally false statements."

With ThermoLife having highlighted this issue in the Joint Status Report, Plaintiff now (after BPI's 30(b)(6) deposition), once again, attempts to re-define its own claims. The Notice of Filing simply provided the Court several pages of Derrick Ettinger's deposition transcript that were cited in the Joint Status Report. Because Plaintiff's claims have been a moving target throughout this lawsuit, ThermoLife's noticed BPI's 30(b)(6) deposition on the basis of BPI's claims and any false statement that ThermoLife allegedly made. ThermoLife's Notice of 30(b)(6) deposition is attached to BPI's Response as Exhibit B [DE 79-1]. BPI offered Derrek Ettinger as its 30(b)(6) witness on all topics listed in ThermoLife's notice (*see* email from G. Hillyer to G. Collins, attached as **Exhibit 1**), including "The basis for BPI's claims against ThermoLife" and "What false advertising statements BPI alleges ThermoLife has made." As the deposition transcript shows, and Plaintiff's Response now concedes, Mr. Ettinger, BPI's only 30(b)(6) witness, was unable to explain what false statements ThermoLife allegedly made with respect to the '074 Patent. BPI is bound to Mr.

---

[1] ThermoLife's link to a U.S. Government website, that displays a valid patent, is obviously not misleading, which BPI has conceded here by failing to obtain any admissible evidence to the contrary.

2

Ettinger's answers. "[A] Corporation which provides a 30(b)(6) designees who testifies that the corporation does not know the answers to questions 'will not be allowed to effectively change it answers by introducing evidence at trial." *QBE Ins. Corp. v. Jorda Enters. Inc.,* 277 F.R.D. 676, 689 (S.D. Fla. 2012); *see also City of Miami Gardens v. Wells Fargo & Co.,* 328 F.Supp.3d 1369, 1379 (S.D. Fla. 2018) (reversed on other grounds *City of Miami Gardens v. Wells Fargo & Co.,* 931 F.3d 1274 (11th Cir. 2019). "'I don't know' answers are deemed fully binding." *City of Miami Gardens,* 328 F.Supp.3d at 1379. Importantly, if BPI believed that expert testimony was necessary on any of the topics raised in ThermoLife's notice of deposition, BPI could have designated an expert on one of the 30(b)(6) topics. *Underwriters Insurance Comp. v. Atlanta Gas Light Comp.*, 2008 WL 11337311 (N.D. Ga. 2008); *Trace Staffing Solutions, LLC v. Man. Alliance Ins. Co.,* 2018 WL 5046082 n. 3 (S.D. Ga. 2018). It didn't.

With BPI's 30(b)(6) witness wholly unable to explain why BPI contends ThermoLife has committed false advertising by linking to the United States Patent Office's website displaying the '074 Patent, for the first time, Plaintiff's Response articulates BPI's position that "since claim 1 of the originally issued '074 Patent was canceled by ThermoLife in 2013—and since the Federal Circuit ruled that creatine nitrate has been in the prior art for over a hundred and fifty years (since 1854), the notion that ThermoLife could accurately advertise exclusive rights to this compound in 2015, much less based on the alleged allowability of irrelevant and non-issued claims to *other amino acids*, is preposterous." DE 79 at 2. Plaintiff's newly articulated claim, though, is contrary to U.S. Code and well-settled, rarely litigated, precedent.

As Plaintiff states, "claim 1 of originally issued '074 Patent was canceled by ThermoLife in 2013." DE 79 at 2. This occurred in the still pending re-examination proceeding. But, as Defendants pointed out in their portion of the Joint Status Report, the USPTO's website shows that the re-examination is still pending. DE 77 Ex. A. The re-examination does not conclude until the patent

3

re-examination certificate issues under 35 U.S.C. § 307. Until then, the '074 Patent (as it appears in the hyperlink to the USPTO on ThermoLife's NO3-T.com website) is valid under the law.

Minutes after receiving Plaintiff's Response, undersigned counsel contacted Plaintiff's counsel to inquire as to whether Plaintiff was, in fact, articulating a legal position here that is directly contrary to the United States Code. As undersigned's email explained, "Although the '074 patent was amended in the patent re-examination proceeding, the law is clear that the patent is presumed valid, as it existed pre re-examination, unless and until the re-examination certificate issues. In fact, the issue is so well-decided here that it is rarely litigated. I attach *Monster Energy Comp. v. Vital Pharmaceuticals, Inc.,* 2019 WL 2619666 (C.D. Cal. May 20, 2019), which is directly on point." *See* email from G. Collins to G. Hillyer, attached as **Exhibit 2**. Plaintiff's counsel did not respond to this email.

There is no authority supporting Plaintiff's position here. *Monster Energy Comp. v. Vital Pharmaceuticals, Inc.*, 2019 WL 261966 (C.D. Cal. May 20, 2019), is directly on point.[2] There, the plaintiff brought suit alleging that the defendant falsely patent marked its products by listing a patent on its product that was undergoing re-examination. As the district court's opinion notes, the plaintiff alleged that "the [patent at issue] was finally rejected by the U.S. Patent and Trademark Office [during re-examination] as obvious in February 2018, a decision which was affirmed by the U.S.

---

[2] The validity of patents pending re-examination is so well-established that there are few reasoned opinions on this topic. Typically, district courts address patent re-examination issues in patent infringement cases. As this Court well knows, district courts now generally stay patent litigation asserting claims that are subject to patent re-examination. They do so in order to preserve judicial resources because patent re-examinations can limit the issues in pending infringement cases. But district courts are free to move forward with patent infringement claims, even when a re-examination is pending, and, when they do, the patent is still entitled to a presumption of validity. *Bartex Research, LLC v. FedEx Corp.,* 611 F.Supp.2d 647 (E.D. Tex. 2009) (declining to stay patent infringement lawsuit pending the outcome of re-exam and noting that the "patent is presumed valid").

Patent Trial and Appeals Board in March 2019. [Defendant] has continued to advertise [the product] after the March 2019 final rejection of the '466 Patent." *Id*. at *2. After explaining the basis for the plaintiff's claim there, the court granted defendant's motion to dismiss this false marking claim stating, "the '466 Patent currently remains valid, because proceedings over the validity of the patent in the U.S. Patent and Trademark Office have not concluded. … It appears that Plaintiff is in fact attempting to challenge the validity of the patent itself. But for purposes of § 292, patents which prima facie cover the product and have not been declared invalid 'are entitled to a presumption of validity." *Id*. at *6.

  The *Monster Energy* court could just as well have been ruling on BPI's newly articulated claim in this case. Like the patent at issue there, the '074 Patent is currently undergoing re-examination that has not legally concluded yet. Also, like the patent at issue in *Monster Energy,* the re-examination of '074 Patent has progressed to the point that the United States Patent Office has canceled certain claims and its decisions have been affirmed during appeals within the re-examination. Nonetheless, because the re-examination proceeding has not concluded through the issuance of a re-examination certificate, the '074 Patent, like the patent at issue in *Monster Energy,* is "entitled to a presumption of validity." As *Monster Energy* makes clear, relying on the U.S. Code, a patent owner does not falsely assert the validity of its patents when those patents are pending re-examination, even when the re-examination proceeding has resulted in the cancelation of patent claims. Unless and until the re-examination certificate issues the patent is presumed valid as issued. Plaintiff has no authority to the contrary (nor could there be any) and, thus, it cannot assert that ThermoLife's website linking to a U.S. Patent Office website displaying the '074 Patent constitutes "literally false" advertising. As a matter of law, it does not.

  As ThermoLife's portion of the Joint Status Report explained, through this Court's rulings, BPI's own concessions, and the limitations of BPI's expert disclosures, BPI's claims have narrowed

to the point that eliminate the need for ThermoLife to produce financials for any product except Muscle Beach Nutrition, LLC's CRTN-3. Since ThermoLife filed its Opposition to BPI's Motion to Compel on this issue, BPI has been desperately seeking to re-state its claims in such a way that it is entitled to the highly confidential financial documents that ThermoLife has rightly objected to producing here. BPI's Response to the Notice of Filing is just the latest in that failed effort. The Court should deny BPI's pending Motion to Compel and award ThermoLife its substantial fees now incurred in responding.

Respectfully submitted,                                  Dated May 4, 2020.

By: */s/ Edward M. Mullins*
Edward M. Mullins (FBN 863920)
Ana M. Barton (FBN 85721)
**REED SMITH LLP**
1001 Brickell Bay Drive
Miami, FL 33131
7866-747-0200
Fax: 786-747-0299
Email: emullins@reedsmith.com
Email: abarton@reedsmith.com

and

KERCSMAR & FELTUS PLLC
Gregory B. Collins
E-mail: gbc@kflawaz.com
7150 E. Camelback Road
Suite 285
Scottsdale, AZ 85251
Telephone: (480) 421-1001

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 4, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record.

                                                  By:    *Edward M. Mullins*
                                                                Edward M. Mullins, Esq.