## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 19-60505-CIV-SMITH

BPI SPORTS, LLC,

      Plaintiff,

v.

THERMOLIFE INTERNATIONAL LLC, *et al.*,

      Defendants.

_____/

### ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT

This matter is before the Court on Plaintiff BPI Sports, LLC's Motion for Leave to Amend [DE 64].   Defendants ThermoLife International LLC ("ThermoLife") and Ronald L. Kramer ("Kramer") oppose Plaintiff's request.  (*See* DE 69.)

The grant or denial of an opportunity to amend is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Courts "freely give leave [to amend a complaint] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be 'freely given.'"  *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006) (quoting *Foman*, 371 U.S. at 182).

On April 19, 2019, Plaintiff filed an Amended Complaint [DE 12] alleging claims against Defendants for violation of federal statutory patent and antitrust laws and common law claims.  On January 9, 2020, the Court entered an Order ("Order") [DE 37] granting in part and denying in part Defendants' Motion to Dismiss the Amended Complaint or, in the Alternative, to Transfer to the

District of Arizona ("Motion to Dismiss") [DE 16].  Based on that Order and Plaintiff's decision at the time to not file a second amended complaint, the causes of action that remain in this case are for violation of the Lanham Act (Count I), Unfair Competition (Count II), and False Patent Marking (Count VI).

Generally, Plaintiff alleges that Defendants have engaged in repeated and widespread efforts to gain an unfair market position by disseminating false claims of exclusivity and superiority about creatine nitrate, an amino acid nitrate.  (Am. Compl. ¶¶ 2, 33.)  Allegedly, under the direction of Kramer, ThermoLife operates as a patent troll, threatening or suing companies in the dietary supplement industry, like Plaintiff, for purported violations of its redundant, invalid, and unenforceable patents relating to creatine.  (*Id.* ¶¶ 9-22, 58-63.)  Among other allegations to support the Lanham Act claim, Plaintiff alleges that ThermoLife falsely claims on the label of its Muscle Beach CRTN-3 dietary supplement that the product contains an intact creatine nitrate compound.  (*Id.* ¶¶ 72-80.)  Defendants contest that Muscle Beach is a ThermoLife product and argue that, even if it were, Muscle Beach's advertising content is true.  (*See, e.g.*, Mot. to Dismiss at 3; Defs.' Reply [DE 30] at 3, 8 n.10.)  Regarding the False Patent Marking count, the Order notes that "[t]he only ThermoLife product specifically identified [by Plaintiff] as being a marked unpatented article . . . is the Muscle Beach CRTN-3 dietary supplement."  (DE 37 at 16.)  In these and other ways, the Muscle Beach CRTN-3 dietary supplement is relevant to this case.

In the Motion, Plaintiff states that Defendants are obstructing discovery regarding the Muscle Beach product.  (Mot. at 4-6.)  For instance, on the one hand, Defendants refuse to disclose discoverable information purportedly within their knowledge concerning Muscle Beach Nutrition, telling Plaintiff instead that "'[t]here is no claim in this lawsuit against Muscle Beach Nutrition, LLC" and "'responsive documents are in the possession and control of Muscle Beach Nutrition,

LLC.'" (*See* DE 62-3.)  On the other hand, when Plaintiff subpoenaed Muscle Beach Nutrition and set a meet-and-confer with its counsel, counsel for Defendants (but not Muscle Beach Nutrition) appeared to voice objections to document production.  (Mot. at 5-6; DE 64-5.)  Hence, Plaintiff "seeks to file the Second Amended Complaint . . . to (1) join Muscle Beach Nutrition, LLC as a party, (2) add greater specificity to the patent marking allegations (including those involving licensed products), and (3) confirm that another statement on the label for CRTN-3 constitutes false advertising."  (Mot. at 1.)

Defendants cannot use Muscle Beach Nutrition as a sword and a shield.  To do so frustrates not only Plaintiff's ability to litigate its case, but also stymies discovery in this action.  After considering the parties' arguments and the record in this case, the Court finds that good cause exists to permit Plaintiff to add Muscle Beach Nutrition, LLC, as a party.  There is no indication that Plaintiff filed this Motion to create undue delay, or that the Motion is motivated by bad faith.  Moreover, there is no prejudice to Defendants.  The proposed Second Amended Complaint [DE 64-2] does not add any new counts or inject any novel theories in the case.  Further, there is no unfair surprise to Defendants because they have been on notice of Plaintiff's position concerning Muscle Beach Nutrition, LLC, and its supposed connection to Plaintiff's claims and Defendants' conduct.  To the extent the theory of the case and the causes of action will not change, Plaintiff and Muscle Beach Nutrition, LLC, will bear the brunt of any "new" discovery — not Defendants.  Plus, the Court will extend pretrial deadlines and the trial date to accommodate the amendment.  Accordingly, it is

**ORDEDED** that:

1)  Plaintiff's Motion for Leave to Amend [DE 64] is **GRANTED**.  Plaintiff shall separately file the Second Amended Complaint no later than **June 10, 2020**.

2)   Once the Second Amended Complaint is filed, Plaintiff shall promptly serve Muscle Beach Nutrition, LLC, and file proof of service.

3)   Upon Muscle Beach Nutrition, LLC's appearance in this case, the Court will enter a separate amended scheduling order.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 4th day of June 2020.

**RODNEY SMITH**
**UNITED STATES DISTRICT JUDGE**