# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

BPI SPORTS, LLC,

      Plaintiff,

vs.

THERMOLIFE INTERNATIONAL, LLC,
and RONALD L. KRAMER,

      Defendants.

**CASE NO. 0:19-cv-60505-SMITH**

## DEFENDANTS THERMOLIFE AND KRAMER'S
## ANSWER AND DEFENSES TO SECOND AMENDED COMPLAINT

Defendants ThermoLife International, LLC ("ThermoLife") and Ronald Kramer ("Kramer") (ThermoLife and Kramer together, "Defendants"), file their answer to Plaintiff's Second Amended Complaint [D.E. 92] as follows:

1.     Defendants admit that paragraph 1 identifies the claims that BPI Sports, LLC ("BPI") seeks to allege in the Second Amended Complaint.

2.     Defendants deny the allegations of this paragraph.

3.     Defendants admit the allegations of this paragraph.

4.     Defendants admit the allegations of this paragraph.

5.     Defendants admit that Muscle Beach Nutrition, LLC is a limited liability company organized under the laws of the State of California, and deny all remaining allegations of this paragraph.

6.     Defendants admit the allegations of this paragraph.

1

7.      Defendants deny that the Court has personal jurisdiction over Kramer in this district. Defendants also deny that there is subject matter jurisdiction over Kramer in this district. Defendants admit that there is personal and subject matter jurisdiction over ThermoLife in this district.

8.      Defendants deny that the Court has personal jurisdiction over Kramer in this district. Defendants also deny that there is subject matter jurisdiction over Kramer in this district. Defendants admit that there is personal and subject matter jurisdiction over ThermoLife in this district.

9.      Defendants deny that, for claims against Kramer, venue is proper in this district. For claims against ThermoLife, Defendants admit that venue is proper here.

10.     The allegations of this paragraph do not relate to Defendants. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and on that basis, deny the allegations.

11.     The allegations of this paragraph do not relate to Defendants. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and on that basis, deny the allegations.

12.     The allegations of this paragraph do not relate to Defendants. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and on that basis, deny the allegations.

13.     The allegations of this paragraph do not relate to Defendants. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and on that basis, deny the allegations.

14.     The allegations of this paragraph do not relate to Defendants. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and on that basis, deny the allegations.

15.     The allegations of this paragraph do not relate to Defendants. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and on that basis, deny the allegations.

16.     The allegations of this paragraph do not relate to Defendants. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and on that basis, deny the allegations.

17.     The allegations of this paragraph do not relate to Defendants. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and on that basis, deny the allegations.

18.     The allegations of this paragraph do not relate to Defendants. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and on that basis, deny the allegations.

19.     The allegations of this paragraph do not relate to Defendants. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and on that basis, deny the allegations.

20.     The allegations of this paragraph do not relate to Defendants. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and on that basis, deny the allegations.

21.     The allegations of this paragraph do not relate to Defendants. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and on that basis, deny the allegations.

22.     The allegations of this paragraph do not relate to Defendants. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and on that basis, deny the allegations.

23.     Defendants deny the allegations of paragraph 23. Mr. Kramer has never indicated that he invented any "of the most ubiquitous substances on the earth" or that ThermoLife "owns" either amino acid or nitrates.

24.     The allegations of this paragraph relate to BPI. Defendants are unable to determine the veracity of these allegations, which do not concern ThermoLife. Accordingly, for purposes of this answer, Defendants deny the allegations of this paragraph.

25.     The allegations of this paragraph relate to BPI. Defendants are unable to determine the veracity of these allegations, which do not concern Defendants. Accordingly, for purposes of this answer, Defendants deny the allegations of this paragraph.

26.     The allegations of this paragraph relate to BPI. Defendants are unable to determine the veracity of these allegations, which do not concern Defendants. Accordingly, for purposes of this answer, Defendants deny the allegations of this paragraph.

27.     The allegations of this paragraph relate to BPI. Defendants are unable to determine the veracity of these allegations, which do not concern Defendants. Accordingly, for purposes of this answer, Defendants deny the allegations of this paragraph.

28.     The allegations of this paragraph relate to BPI. Defendants are unable to determine the veracity of these allegations, which do not concern Defendants. Accordingly, for purposes of this answer, Defendants deny the allegations of this paragraph.

29.     The allegations of this paragraph relate to BPI. Defendants are unable to determine the veracity of these allegations, which do not concern Defendants. Accordingly, for purposes of this answer, Defendants deny the allegations of this paragraph.

30.     Defendants admit the allegations of this paragraph.

31.     Defendants deny the allegations of this paragraph.

32.     Defendants admit that ThermoLife is a leading manufacture in the sports nutrition and supplement industry. Defendants deny the remaining allegations of this paragraph.

33.     Defendants admit that ThermoLife's website discusses ThermoLife's patent rights related to dietary supplements and dietary supplement ingredients, including the statements identified in paragraph 33 of the Second Amended Complaint, which appeared or have appeared previously on ThermoLife's website. Defendants deny the remaining allegations of this paragraph.

34.     Defendants deny the allegations of this paragraph.

35.     Defendants deny the allegations of this paragraph.

36.     Defendants deny the allegations of this paragraph.

37.     Defendants admit that the website NOT-T.com included the content alleged here in the past. Defendants deny the remaining allegations of this paragraph.

38.     Defendants deny the allegations of this paragraph.

39.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims. BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

40.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims. BPI has failed to comply with the Court's Order. Since these allegations should

have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

41.     Defendants admit that ThermoLife owns the trademark NO3-T. Defendants further admit that ThermoLife's licensees are generally required, by contract, to mark their products with ThermoLife's NO3-T trademark. Defendants deny the remaining allegations of this paragraph.

42.     Defendants deny the allegations of this paragraph.

43.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed the these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims. BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

44.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims. BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

45.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the

dismissed claims. BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

46.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims. BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

47.    Defendants deny the allegations of this paragraph.

48.    Defendants deny the allegations of this paragraph.

49.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims. BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

50.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims. BPI has failed to comply with the Court's Order. Since these allegations should

have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

51.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims. BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

52.     Defendants admit the allegations of this paragraph.

53.     Defendants deny the allegations of this paragraph.

54.     Defendants deny the allegations of this paragraph.

55.     Defendants admit that Kramer authored the internet posts identified in this paragraph.

56.     Defendants deny the allegations of this paragraph.

57.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims. BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

58.     Defendants deny the allegations of this paragraph.

59.     Defendants deny the allegations of this paragraph.

60.     Defendants deny the allegations of this paragraph.

61.     Defendants admit the allegations of this paragraph.

62.     Defendants admit the allegations of this paragraph.

63.     Defendants admit the allegations of this paragraph.

64.     Defendants admit the allegations of this paragraph.[1]

65.     Defendants admit the allegations of this paragraph.

66.     Defendants admit that Kramer authored some of the contents of MBN's website, https://musclebeach.com/. Defendants further admit that Kramer directs and controls the contents of MBN's website.

67.     Defendants admit that Kramer authored some of the labeling, advertising, promotions, marketing and/or public statements relating to the MBN brand. Defendants further admit that Kramer directs and controls all of MBN's conduct.

68.     Defendants admit the allegations of this paragraph.[2]

69.     Defendants deny the allegations.

---

[1]     These allegations relate directly to BPI's claim that ThermoLife and MBN are alter egos of each other, with ThermoLife controlling MBN. For purposes of this answer, ThermoLife does not deny that it is the alter ego of MBN. This admission is made because MBN's potential liability is, at most, according to BPI $114,445.00 (MBN's revenue earned on the CRTN-3 product). And, in fact the potential liability is really just $48,864.84 (MBN's profit on the CRTN-3 product). In order to avoid paying hundreds of thousands of dollars more in attorneys' fees, on top of the hundreds of thousands of dollars in attorneys' fees that have already been spent, to litigate whether in fact ThermoLife and MBN are alter egos, ThermoLife has decided to admit all allegations of alter ego liability here.  This judicial admission is not binding on ThermoLife, except for purposes of this proceeding. *See In re Raiford*, 695 F.2d 521, 523 (11th Cir.1983); *see also Cooper v. Meridian Yachts, Ltd.,* 575 F.3d 1151, 1178 (11th Cir. 2009).

[2]     These allegations relate directly to BPI's claim that ThermoLife and MBN are alter egos of each other, with ThermoLife controlling MBN's advertising. For purposes of this answer, ThermoLife does not deny that it is the alter ego of MBN. This admission is made because MBN's potential liability is, at most, according to BPI $114,445.00 (MBN's revenue earned on the CRTN-3 product). And, in fact the potential liability is really just $48,864.84 (MBN's profit on the CRTN-3 product). In order to avoid paying hundreds of thousands of dollars more in attorneys' fees, on top of the hundreds of thousands of dollars in attorneys' fees that have already been spent, to litigate whether in fact ThermoLife and MBN are alter egos, ThermoLife has decided to admit all allegations of alter ego liability here.  This judicial admission is not binding on ThermoLife, except for purposes of this proceeding. *See In re Raiford*, 695 F.2d 521, 523 (11th Cir.1983); *see also Cooper v. Meridian Yachts, Ltd.,* 575 F.3d 1151, 1178 (11th Cir. 2009).

70.     Defendants deny the allegations.

71.     The allegations of this paragraph relate to the "oral intake" of "these compounds", which are not defined in the Second Amended Complaint. Accordingly, Defendants cannot respond to these allegations about unidentified compounds. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

72.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims. BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

73.     Defendants deny the allegations of this paragraph to the extent BPI alleges that ThermoLife's statements are unproven.

74.     Defendants deny the allegations of this paragraph to the extent BPI alleges that ThermoLife's statements are unproven.

75.     Defendants deny the allegations of this paragraph.

76.     Defendants deny the allegations of this paragraph.

77.     Defendants deny the allegations of this paragraph.

78.     Defendants deny the allegations of this paragraph.

79.     Defendants deny the allegations of this paragraph.

80.     Defendants deny the allegations of this paragraph.

81.     Defendants deny the allegations of this paragraph.

10

82.     Defendants admit that creatine nitrate dissolves in an aqueous solution. Defendants deny the remaining allegations of this paragraph.

83.     The allegations relate to testing that BPI allegedly had conducted by a laboratory named Advanced Botanical Consulting and Technology ("ABC"). Defendants further allege that on June 4, 2019, Advanced Botanical Consulting and Testing was cited by the FDA for failing to establish accurate and reproducible testing methods. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

84.     Defendants admit the allegations of this paragraph.

85.     Defendants admit the allegations of this paragraph.

86.     Defendants admit the allegations of this paragraph.

87.     The allegations of this paragraph relate to tests performed by BPI. Defendants are unable to determine the veracity of these allegations. Accordingly, for purposes of this answer, Defendants deny the allegations of this paragraph. Additionally, Defendants further allege that on June 4, 2019, Advanced Botanical Consulting and Testing was cited by the FDA for failing to establish accurate and reproducible testing methods.

88.     Defendants deny the allegations of this paragraph.

89.     Defendants deny the allegations of this paragraph.

90.     Defendants deny the allegations of this paragraph.

91.     Defendants deny the allegations of this paragraph.

92.     Defendants admit that Claim 1 of the '074 Patent is recited in this paragraph.

93.     Defendants admit that the '074 Patent is currently undergoing a reexamination in the USPTO. That reexamination, and the appeals therefrom, has not concluded.

94.     Defendants admit the allegations of this paragraph.

11

95.     Defendants admit the allegations of this paragraph.

96.     Defendants deny the allegations of this paragraph.

97.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims. BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

98.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims. BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

99.     The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims. BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

100.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims. BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

101.    The allegations of this paragraph relate only to Plaintiff's claims for trade libel, libel per se, tortious inference with BPI's business relations, inequitable conduct and violations of the Sherman Act. The Court's January 9, 2020 Order dismissed these claims and required BPI to file an Amended Complaint removing the dismissed claims and, with them, the allegations related to the dismissed claims. BPI has failed to comply with the Court's Order. Since these allegations should have been removed by BPI, as ordered by the Court, no response to these allegations is necessary. To the extent a response is necessary, Defendants deny the allegations of this paragraph.

102.    Defendants admit the allegations of this paragraph.

103.    Defendants admit that the previous NO3-T website identified in this paragraph indicated that the NO3-T trademark refers to ThermoLife's patents. Defendants deny the remaining allegations of this paragraph.

104.    Defendants admit that several of ThermoLife's patents do not contain any claim that cover creatine nitrate. Defendants deny the remaining allegations of this paragraph.

105.    Defendants deny the allegations of this paragraph.

106.    Defendants deny the allegations of this paragraph.

107.    Defendants deny the allegations of this paragraph.

108.    Defendants admit the allegations of this paragraph.

109.    Defendants deny the allegations of this paragraph.

110.    Defendants deny the allegations of this paragraph.

111.    Defendants deny the allegations of this paragraph.

112.    Defendants deny the allegations of this paragraph.

113.    Defendants deny the allegations of this paragraph.

114.    Defendants deny the allegations of this paragraph.

## COUNT I

### (Violation of Lanham Act)

115.    Defendants incorporate their responses to paragraphs 1 to 114 set forth above as though fully set forth here.

116.    Defendants deny the allegations of this paragraph.

117.    Defendants deny the allegations of this paragraph.

118.    Defendants deny the allegations of this paragraph.

119.    Defendants deny the allegations of this paragraph.

120.    Defendants deny the allegations of this paragraph.

121.    Defendants deny the allegations of this paragraph.

## COUNT II

### (Unfair Competition)

122.    Defendants incorporate their responses to paragraphs 1 to 114 set forth above as though fully set forth here.

123.    Defendants deny the allegations of this paragraph.

124.    Defendants deny the allegations of this paragraph.

125.    Defendants deny the allegations of this paragraph.

126.    Defendants deny the allegations of this paragraph.

127.    Defendants deny the allegations of this paragraph.

128.    Defendants deny the allegations of this paragraph.

## COUNT III

## (False Patent Marking)

129.    Defendants incorporate their responses to paragraphs 1 to 114 set forth above as though fully set forth here.

130.    Paragraph 195 simply includes the text of the 35 U.S.C. § 292. Accordingly, no response to this paragraph is necessary. To the extent a response is required, Defendants acknowledge that BPI has accurately quoted the statute, but deny they have committed any false marking.

131.    Defendants deny the allegations of this paragraph.

132.    Defendants deny the allegations of this paragraph.

133.    Defendants deny the allegations of this paragraph.

134.    Defendants deny the allegations of this paragraph.

135.    Defendants deny the allegations of this paragraph.

136.    Defendants deny the allegations of this paragraph.

## GENERAL DENIAL

Each numbered paragraph in this Answer responds to the identically numbered paragraph in the Second Amended Complaint. Defendants deny all allegations, declarations, or assertions in the Second Amended Complaint that are not specifically admitted in this Answer.

## RESPONSE TO PRAYER FOR COSTS AND ATTORNEY'S FEES

Defendants deny that Plaintiff is entitled to recover any reasonable costs and attorney's fees.

## RESPONSE TO REQUEST FOR JURY TRIAL

Defendants demand a trial by jury on all issues so triable.

15

## RESPONSE TO PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief requested in the Prayer for Relief contained in the Second Amended Complaint and further deny that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's Second Amended Complaint fails to state a claim against Defendants. As the factual basis for this affirmative defense, Defendants incorporate by reference the motion to dismiss previously filed in this matter.

2.      Plaintiff's claims against Mr. Kramer fail for lack of personal jurisdiction. Mr. Kramer is not a resident of Florida and Mr. Kramer has not caused harm in this district. Mr. Kramer's only connection with this district is the fact that ThermoLife, a company that he is a part owner of, has transacted business in this state. These contacts are insufficient to confer jurisdiction on Mr. Kramer here.

3.      Plaintiff's claims against Mr. Kramer fail for lack of subject matter jurisdiction. Once Plaintiff's claims against ThermoLife are dismissed from this lawsuit, there is no subject matter jurisdiction over Mr. Kramer here.

4.      Plaintiff's claim fail *en toto* as a result of Plaintiff's unclean hands. Plaintiff markets and sells its own dietary supplements. To the extent BPI is claiming that "Creatine Nitrate" is falsely marked because it is listed as one ingredient on dietary supplement labels, BPI products are marked in this exact same way.  In particular, BPI's Best Creatine product lists a BEST CREATINE BLEND including: Creatine MagnaPower (as magnesium creatine chelate), Creatine AKG, and Creatine Phosphate.  These are all ingredients that dissociate in water, meaning that (according to BPI's own logic) this product is falsely advertised.  Indeed, just as BPI accuses ThermoLife of doing (which, actually, ThermoLife does not do), BPI advertises the unique benefits of the bonded creatine

compounds, specifically touting Creatine MagnaPower as "creatine bonded to pure magnesium, thus potentially enhancing the bioavailability of creatine. Magnesium is an essential muscle nutrient that is partially responsible for cellular hydration." Also, BPI specifically touts the benefits of these supposedly "advanced forms of creatine to enhance the effects." According, by BPI's own reasoning, Creatine AKG, Creatine phosphate, and Creatine Magnapower are creatine salts that just like Creatine Nitrate disassociate in water. To the extent BPI is right, and it is not, BPI's product should be labeled as including: (1) Creatine ions + AKG ions for Creatine AKG; (2) Creatine ions + phosphorous ions for Creatine phosphate; and (3) Creatine ions + magnesium ions for Creatine Magnapower.

Wherefore, Defendants demand that judgment be entered in their favor and against BPI on its Second Amended Complaint and request the following relief:

1) Defendants' attorneys' fees incurred in this action, pursuant to 15 U.S.C. 1117 and all other applicable statutes;

2) Defendants' costs incurred in this action; and

3) Such other relief as the Court deems just.

Dated: June 18, 2020            Respectfully submitted,


_s/Edward M. Mullins_

**KERCSMAR & FELTUS PLLC**
Gregory B. Collins (admitted *Pro Hac Vice*)
E-mail:  gbc@kflawaz.com
Molly Rogers (admitted *Pro Hac Vice*)
E-mail:  cmr@kflawaz.com
7150 E. Camelback Road, Suite 285
Scottsdale, AZ  85251
Telephone: (480) 421-1001

and

**REED SMITH LLP**

17

Edward M. Mullins
Florida Bar No. 863920
E-mail:  emullins@reedsmith.com
Ana M. Barton
Florida Bar No. 85721
E-mail:  abarton@reedsmith.com
1001 Brickell Bay Drive, 9th Floor
Miami, FL 33131
Telephone: (736) 747-0200

**Attorneys for Plaintiff ThermoLife International LLC**

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via CM/ECF on

June 18, 2020, and served on all counsel of record.

<u>s/Edward M. Mullins</u>
Edward M. Mullins