IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

BPI SPORTS, LLC,

       Plaintiff,

vs.

CASE NO.:   0:19-CV-60505-SMITH

THERMOLIFE INTERNATIONAL, LLC,
and RONALD L. KRAMER,

       Defendants.

_____

**PLAINTIFF'S, BPI SPORTS, LLC, REPLY IN SUPPORT OF
MOTION TO STRIKE AFFIRMATIVE DEFENSES
AND SUPPORTING MEMORANDUM OF LAW**

Plaintiff, BPI Sports, LLC ("BPI"), pursuant to Federal Rule of Civil Procedure 12(f) and

S.D. Fla. Local Rule 7.1, files this reply in support of its Motion to Strike [D.E. 130] ("Motion")

Defendants', Thermolife International, LLC ("Thermolife"), and Ronald L. Kramer ("Kramer")

(collectively, "Defendants"), Affirmative Defenses [D.E. 113], as follows:

**I.**      **Introduction**

In an attempt to divert attention from the deficiencies of their affirmative defenses,

Defendants misstate the arguments of BPI's Motion and completely fail to address the

inadequacies complained of.   In their response in opposition to the Motion, Defendants misstate

the legal standard BPI sets forth in the Motion.   Defendants then identify the "correct" legal

standard as the very same standard BPI sets forth in its Motion, yet still fail to address the

arguments of BPI using the correct legal standard.   Ultimately, as BPI asserts in the Motion,

Defendants fail to place BPI on fair notice of the grounds upon which Defendants are attempting

to avoid liability.   Defendants fail to address this argument and have, therefore, conceded it.

CASE NO.: 0:19-CV-60505-SMITH

Accordingly, their affirmative defenses must be stricken.

Defendants further effectively concede that their First, Second and Third Affirmative Defenses are not affirmative defenses at all. Rather, Defendants argue that these "affirmative defenses" should not be stricken because they are mere denials. Accordingly, to the extent the Court does not strike these "affirmative defenses," the Court should expressly find that they are not affirmative defenses and that they are to be treated merely as denials.

## II.     Memorandum of Law

### A.     Pleading Standard for Defenses

Deceptively, Defendants correctly identify the legal standard for striking affirmative defenses as whether the affirmative defenses give Plaintiff notice of the claims that the defendant will litigate, but Defendants falsely claim that BPI asserts a different legal standard. As noted in BPI's Motion, although Federal Rule of Civil Procedure 8 does not require a defendant to set forth detailed factual allegations, it must at least give the plaintiff "fair notice" of the nature of the defenses and the grounds upon which they rest. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553 (2007); *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) (an affirmative defense must be pled with "enough specificity or factual particularity to give [the party] 'fair notice' of the defense that is being advanced."). "Although an affirmative defense 'does not need detailed factual allegations, it requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Mid-Continent Casualty Co. v. Active Drywall South, Inc.*, 765 F. Supp. 2d 1360, 1361 (S.D. Fla. 2011) quoting *Twombly*, 550 U.S. at 555. A conclusory affirmative defense that does not provide "fair notice" of the nature of the defense asserted and the grounds upon which it is based is insufficient and must be stricken. Although motions to strike tend to be disfavored by the courts, affirmative defenses may be stricken if the

CASE NO.:   0:19-CV-60505-SMITH

defense is "insufficient as a matter of law." *See Williams v. Jader Fuel Co.*, 944 F. 2d 1388,

1400 (7th Cir. 1991); *Microsoft Corp. v. Jesse' s Computers & Repair, Inc.*, 211 F.R.D. 681, 683

(M.D. Fla. 2002) (citing *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000

(M.D. Fla. 1976)).

Defendants' rely on *Paul v. Bradshaw*, No. 12-81381-CIV, 2013 U.S. Dist. LEXIS 197217

(S.D. Fla. Dec. 10, 2013) and this Court's approval of the Report and Recommendation of the

General Magistrate's ruling in *Mt. Hawley Ins. Co. v. Boca Bayou Condo. Ass'n*, No. 18-cv-81656-

SMITH/MATTHEWMAN, 2019 U.S. Dist. LEXIS 221871 (S.D. Fla. Dec. 20, 2019) for the

correct legal standard. Those cases stand for the same proposition as the cases cited by BPI in the

Motion, namely, that the affirmative defenses must give plaintiff fair notice of the claims defendant

will litigate.

As set forth in the Motion, all of the affirmative defenses "fail to satisfy the 'fair notice'

pleading standard for affirmative defenses. They completely fail to provide BPI with fair notice

of the alleged defenses." [D.E. 130, pg. 1]. Defendants' response in opposition to the Motion fails

to address this issue and identify how the affirmative defenses provide BPI with fair notice of the

claims Defendants will attempt to litigate. Accordingly, Defendants have conceded the argument

and the affirmative defenses should be stricken.

**B.     The First, Second and Third Affirmative Defenses Must be Stricken**

Defendants do not substantively address the First, Second and Third Affirmative Defenses

other than to argue that they are simply denials of BPI's claims and that, therefore, striking of the

affirmative defenses is not warranted. Defendants are correct that these are not affirmative

defenses. In *ADT LLC v. Northstar Alarm Servs. LLC*, No. 9:18-80283-CV-DIMITROULEAS,

2018 U.S. Dist. LEXIS 226837, at *8 (S.D. Fla. Sep. 14, 2018), the Court held that a "defense that

denies an allegation in the plaintiff's complaint [ ] is not an affirmative defense," and the Court,

therefore ordered that the defenses be stricken.   *See also, Flav-O-Rich, Inc. v. Rawson Food Serv.,*

*Inc. (In re Rawson Food Serv., Inc.)*, 846 F.2d 1343, 1349 (11th Cir. 1988) ("A defense which

points out a defect in the plaintiff's prima facie case is not an affirmative defense.").   Accordingly,

the First, Second and Third Affirmative Defenses are merely denials, and they should be stricken.

Additionally, the affirmative defenses are duplicative and redundant denials of specific

denials made by Defendants in their Answer.   The Second and Third Affirmative Defenses deny,

respectively, that the Court has personal and subject matter jurisdiction over Kramer.   In

Paragraphs 7 and 8 of their Answer, Defendants expressly state, in pertinent part, "Defendants

deny that the Court has personal jurisdiction over Kramer in this district.   Defendants also deny

that there is subject matter jurisdiction over Kramer in this district."   [D.E. 113].   Accordingly,

the Second and Third Affirmative Defenses are duplicative, and they should be stricken.

Further, the First, Second and Third Affirmative Defenses must be stricken because

Defendants do not address how they provide fair notice to BPI in their response to the Motion.

Therefore, they have conceded that the affirmative defenses do not provide fair notice to BPI.   *See*

*Rojas v. Am. Honda Motor Co.*, No. 19-21721-CIV-SMITH, 2019 U.S. Dist. LEXIS 205217, at

*9 (S.D. Fla. Nov. 25, 2019) ("[A]rguments a party failed to address in its response are conceded.")

(quoting *Melendez v. Town of Bay Harbor Islands*, No. 14-22383-CIV, 2014 U.S. Dist. LEXIS

164959, at *16 (S.D. Fla. Nov. 25, 2014); *Price v. AFT Mgmt., Corp.*, No. 17-61310-CIV-

DIMITROULEAS/S, 2018 U.S. Dist. LEXIS 25896, at *6-7 (S.D. Fla. Feb. 14, 2018).   Because

Defendants did not address this argument in their response to the Motion, they have conceded it,

and the First, Second and Third Affirmative Defenses must be stricken.

Alternatively, to the extent the Court does not strike the First, Second, and Third

Affirmative Defenses, the Court should expressly find that they are not affirmative defenses and that they are to be treated merely as denials. *See Southern-Owners Ins. Co. v. MAC Contractors of Fla., LLC*, No. 2:18-cv-21-FtM-99MRM, 2019 U.S. Dist. LEXIS 211267, at *4 (M.D. Fla. Dec. 9, 2019) (finding that an affirmative defenses which is merely a denial should be treated as a denial) (citing *Gonzalez v. Spears Holdings, Inc.*, No. 09-60501-CIV-COHN/Seltzer, 2009 U.S. Dist. LEXIS 72734, at *4 (S.D. Fla. July 31, 2009)).

> **C.      The Fourth Affirmative Defense Fails to Provide BPI With Fair Notice of the Claims Defendants will Attempt to Litigate**

Defendants' spurious allegations contained within the Fourth Affirmative Defense are wholly irrelevant and unrelated to BPI's causes of action. "'The doctrine of unclean hands requires a showing that plaintiff's wrongdoing is directly related to the claim against which it is asserted, and defendant suffered a personal injury as a result of the conduct.'" *Aidone v. Nationwide Auto Guard, L.L.C.*, 295 F.R.D. 658, 661 (S.D. Fla. 2013) (quoting *Fine's Gallery, LLC v. From Europe to You, Inc.*, No. 2:11-cv-220-FtM-29SPC, 2011 U.S. Dist. LEXIS 132257, 2011 WL 5583334, at *2 (M.D. Fla. Nov. 16, 2011)); *see also Calloway v. Partners Nat'l Health Plans*, 986 F.2d 446, 450-51 (11th Cir. 1993) ("For a defendant to successfully avail itself of the doctrine of unclean hands, [ ], the defendant must demonstrate that the plaintiff's wrongdoing is directly related to the claim against which it is asserted."). The Fourth Affirmative Defense fails to set forth how it is related to BPI's cause of action, and Defendants' response to the Motion fails to show how their claim is related to BPI's cause of action. Accordingly, Defendants Fourth Affirmative Defense must be stricken.

Further, the Fourth Affirmative Defense fails to provide BPI with fair notice of the claims Defendants will attempt to litigate. Defendants argue in their opposition to the Motion that their affirmative defense of unclean hands is proper because they are merely alleging that BPI does the

same thing that BPI alleges the Defendants do with respect to different products.   The allegations are contained in a single paragraph that does not provide fair notice as to what Defendants will argue.   Any contention that the claim does is belied by Defendants' own contention that it is the same claim that BPI makes against Defendants.   BPI's claim against Defendants consists of 29 pages (without exhibits).   Defendant's does not and cannot set forth the same claim in a single paragraph – half page defense that BPI sets forth in its 29- page Second Amended Complaint. While Defendants may not need to set forth their affirmative defense with the specificity and accuracy of BPI's Second Amended Complaint, Defendants do need to set forth enough particularity to give BPI fair notice of the claim.   *See Woodfield,* 193 F.3d at 362.   Defendants, however, do not do so.   Specifically, Defendants do not identify any of the allegedly false advertisements that it will contend BPI has made.   BPI cannot be said to have fair notice of a claim against it for false advertising where Defendants have not identified a single allegedly false advertisement.

**III.   Conclusion**

Defendants' opposition to BPI's Motion fails to address the legal standard set forth by BPI in the Motion.   Defendants' affirmative defenses fail to give BPI fair notice of the claims Defendants intend to litigate.   Accordingly, the affirmative defenses should be stricken. Alternatively, to the extent the Court does not strike the First, Second, and Third Affirmative Defenses, the Court should expressly find that they are not affirmative defenses and that they are to be treated merely as denials.

CASE NO.: 0:19-CV-60505-SMITH

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiff's, BPI Sports, LLC, Reply in Support of Motion to Strike Amended Affirmative Defenses and Supporting Memorandum of Law was filed via CM/ECF on July 14, 2020, and served on all counsel of record.

KRINZMAN, HUSS, LUBETSKY
FELDMAN & HOTTE
800 Brickell Avenue, Suite 1501
Miami, Florida 33131
Telephone: (305) 854-9700
Facsimile: (305) 854-0508
Primary email: cal@khllaw.com
shf@khllaw.com
Secondary email: eservicemia@khllaw.com

By:_____
Cary A. Lubetsky, Esquire
Florida Bar No. 961360
Salvatore H. Fasulo, Esquire
Florida Bar No. 143952

- and -

HILLYER LEGAL, PLLC
Gregory L. Hillyer, Esquire
Fla. Bar No. 682489
5335 Wisconsin Avenue, N.W., Suite 440
Washington, D.C. 20015-2052
Telephone: (202) 686-2884
Facsimile: (202) 686-2877
Email: ghillyer@hillyerlegal.com

CASE NO.:   0:19-CV-60505-SMITH

## SERVICE LIST

**Cara Molly Rogers, Esq.**
**Gregory Collins, Esq.**
Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
cmr@kflawaz.com
gbc@kflaw.com
*Counsel for Defendant*