UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-60505-SMITH/VALLE

BPI SPORTS, LLC,

    Plaintiff,

v.

THERMOLIFE INTERNATIONAL, LLC,
*et at.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS CAUSE is before the Court upon Plaintiff's Motion to Strike Affirmative Defenses (ECF No. 130) (the "Motion to Strike").[1] U.S. District Judge Rodney Smith has referred all non-dispositive pretrial motions to the undersigned for appropriate resolution.[2] *See* (ECF No. 38). Accordingly, having reviewed the Motion, Defendants' Corrected Response (ECF No. 137), Plaintiff's Reply (ECF No. 138), and being otherwise duly advised in the matter, the undersigned recommends that the Motions be **GRANTED** for the reasons stated below.

### I.    BACKGROUND

On June 5, 2020, Plaintiff filed its Second Amended Complaint ("SAC") against Defendants, alleging violations of the Lanham Act (Count 1), unfair competition (Count II), and false patent

---

[1] The Motion seeks to strike only Defendants Thermolife International, LLC's ("Thermolife") and Ronald L. Kramer's ("Kramer") Affirmative Defenses in their Answer to Second Amended Complaint, ECF No. 113.

[2] Motions to strike pleadings are non-dispositive motions that may be ruled upon by a magistrate judge by order unless they have dispositive effect. *See Home Mgmt. Sols., Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *1 n.1 (S.D. Fla. Aug. 21, 2007); *see also Triolo v. United States*, No. 3:18-CV-919-J-34JBT, 2019 WL 5704659, at *1 (M.D. Fla. Nov. 5, 2019); Fed. R. Civ. P. 72(a). Because the undersigned finds that at least one affirmative defense should be stricken with prejudice, the ruling has dispositive effect and requires a Report and Recommendation to the District Judge.

marketing (Count III). *See generally* (ECF No. 92). On June 18, 2020, Defendants answered the SAC and asserted four affirmative defenses: (i) failure to state a claim; (ii) lack of personal jurisdiction as to Defendant Kramer; (iii) lack of subject matter jurisdiction as to Defendant Kramer; and (iv) unclean hands. (ECF No. 113 at 16-17).

In the Motion, Plaintiff requests that the Court strike these affirmative defenses. *See generally* (ECF No. 130). Defendants oppose the Motion, arguing, among other things, that striking affirmative defenses is disfavored and that the Motion is designed to harass Defendants and delay the proceedings. *See generally* (ECF No. 137).

## II.   LEGAL STANDARDS

### A. Rule 12(f) and Affirmative Defenses Generally

An affirmative defense is one that "admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters." *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989). Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," and gives courts broad discretion in making this determination. Fed. R. Civ. P. 12(f); *Dionisio v. Ultimate Images and Designs, Inc.*, 391 F. Supp. 3d 1187, 1191 (S.D. Fla. 2019); *Kapow of Boca Raton, Inc. v. Aspen Specialty Ins. Co.*, No. 17-CV-80972, 2017 WL 5159601, at *2 (S.D. Fla. Nov. 7, 2017) (citations omitted); *U.S. Commodity Futures Trading Comm'n v. Mintco LLC*, No. 15-CV-61960, 2016 WL 3944101, at *2 (S.D. Fla. May 17, 2016). Nonetheless, despite the court's broad discretion, granting a motion to strike is considered a drastic remedy and is disfavored. *Dionisio,* 391 F. Supp. 3d at 1191; *Kapow*, 2017 WL 5159601, at *2 (citations omitted); *Hilson v. D'more Help, Inc.*, No. 15-CIV-60155, 2015 WL 5308713, at *1 (S.D. Fla. Sept. 11, 2015) (citation omitted).

Under Rule 12(f), "[a] motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Hilson*, 2015 WL 5308713, at *1 (citation omitted). Even so, "an affirmative defense must be stricken when the defense is comprised of no more than bare-bones, conclusory allegations or is insufficient as a matter of law." *Dionisio*, 391 F. Supp. 3d at 1191-92 (citation and quotations omitted); *Kapow*, 2017 WL 5159601, at *4 ("Although Rules 8(b) and (c) do not require the heightened pleading standard set out in Rule 8(a), an affirmative defense must be stricken when the defense is comprised of no more than bare-bones conclusory allegations.") (citations and quotation omitted); *Mintco*, 2016 WL 3944101, at *2 (noting that affirmative defenses will be stricken if insufficient as a matter of law) (citations omitted); *see also* Fed. R. Civ. P. 12(f). An affirmative defense is insufficient as a matter of law where: "(1) in the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Dionisio*, 391 F. Supp. 3d at 1192; *Kapow*, 2017 WL 5159601, at *3 (citations and quotations omitted).

### B. Pleading Standard for Affirmative Defenses

Courts have developed two schools of thought regarding the pleading standard required for affirmative defenses, and the Eleventh Circuit has not yet resolved the split in opinion. *Dionisio,* 391 F. Supp. 3d at 1192 (citation omitted); *see also Westchester Gen. Hosp., Inc. v. Evanston Ins. Co.*, 333 F.R.D. 594, 599 (S.D. Fla. 2019) (concluding that both complaints and affirmative defenses must comply with the pleading standards of Rule 8). Some courts have concluded that affirmative defenses are subject to the heightened pleading standard of Rule 8(a), as set forth in *Twombly* and *Iqbal*. *See Dionisio*, 391 F. Supp. 3d at 1192 (discussing split of opinion and collecting cases adopting heightened pleading standard). Other courts have held that affirmative defenses are subject to a less stringent standard under Rules 8(b) and 8(c), and that affirmative defenses need only "provide fair notice of the nature of the defense and the grounds upon which it rests." *Dionisio,* 391 F. Supp. 3d at 1192 (holding that affirmative defenses are not subject to the heightened pleading standard of *Twombly* and *Iqbal*);

3

*see also Gonzalez v. Scottsdale Ins. Co.*, No. 20-20747-CIV, 2020 WL 1891328, at *1 (S.D. Fla. Apr. 16, 2020) (discussing the difference between the language of Rule 8(a) (governing claims for relief) and Rule 8(c) (governing affirmative defenses) and collecting cases); *Mt. Hawley Ins. Co., v. Boca Bayou Condominium Ass'n., Inc.*, No. 18-81656, (S.D. Fla. Dec. 20, 2019), ECF No. 82, *report and recommendation adopted*, No. 18-81656-SMITH, 2020 WL 1441921 (S.D. Fla. Mar. 25, 2020); *Kapow*, 2017 WL 5159601, at *2; *Mintco*, 2016 WL 3944101, at *3; *Hilson*, 2015 WL 5308713, at *2.

In the absence of Eleventh Circuit precedent, the undersigned is persuaded by the reasoning in the cases holding that affirmative defenses are not subject to the heightened pleading standard in *Twombly* and *Iqbal*. *See, e.g., Milgram v. Chase Bank USA, N.A.*, No. 19-CV-60929, 2020 WL 3791609, at *3 (S.D. Fla. July 6, 2020) (discussing pleading standards and concluding that affirmative defenses are not subject to higher pleading standards).

### III. DISCUSSION

**A. First Affirmative Defense (Failure to State a Claim)**

Defendant's First Affirmative Defense states:

> Plaintiff's Second Amended Complaint fails to state a claim against Defendants. As the factual basis for this affirmative defense, Defendants incorporate by this reference the motion to dismiss filed previously in this matter.[3]

(ECF No. 113 at 16).

Plaintiff moves to strike this defense on the grounds that it "is nothing more than a bare recitation of a standard for dismissal." (ECF No. 130 at 4-5). The undersigned agrees. First, the defense of "failure to state a claim" is deficient where it merely points out a defect or weakness in the

---

[3] On May 17, 2020, Defendants filed a motion to dismiss the Amended Complaint, which the District Judge granted in part. *See* (ECF Nos. 16, 37). More specifically, the District Judge denied the motion to dismiss as to the Lanham Act, unfair competition, and false patent marketing counts, but dismissed all other counts in the Amended Complaint. *See generally* (ECF No. 37). On June 5, 2020, Plaintiff filed the SAC. (ECF No. 192).

4

plaintiff's case, rather than plaintiff's failure to plead a necessary element of the cause of action. *Nagpal v. Linde*, No. 1:13-CV-23003-UU, 2014 WL 11906630, at *1 (S.D. Fla. Feb. 27, 2014) (citing *Nash v. O.R. Colan Grp.*, No. 12-60759, 2012 WL 4338817, at *2 (S.D. Fla. Sept. 20, 2012)). Second, the District Court has already ruled on Defendants' motion to dismiss, (ECF No. 37), so that this language is duplicative. *See Vasquez v. Maya Publ'g Grp., LLC*, No. 14-20791-CIV, 2015 WL 5317621, at *2 (S.D. Fla. Sept. 14, 2015) (striking affirmative defense that was only "duplicative of arguments" already advanced in a motion to dismiss and rejected by the court's order). Third, the language is insufficient to give Plaintiff fair notice as to what the alleged defect or weakness in its case may be. Although Rule 8(c) does not obligate a defendant to provide detailed and particularized facts, it does require the defendant to give fair notice of the defense and "the grounds upon which it rests." *Evanston Ins. Co. v. Berlanga*, No. 11-CV-20917, 2011 WL 13223482, at *1 (S.D. Fla. June 17, 2011) (citation omitted); *Macy's Fla. Stores, LLC v. Illinois Nat'l Ins. Co.*, No. 08-21619-CIV, 2008 WL 11332078, at *1 (S.D. Fla. Oct. 2, 2008). Here, the first affirmative defense is merely a conclusory statement of law that falls short of Rule 8's pleading requirements. *See, e.g., Pirgmann v. Wood*, No. 13-61856-CIV, 2014 WL 12860834, at *2 (S.D. Fla. Feb. 7, 2014), *report and recommendation adopted*, No. 13-61856-CIV, 2014 WL 12860827 (S.D. Fla. Mar. 4, 2014) (striking bare-bones conclusory allegations that simply name legal theories but do not indicate how the theory is connected to case). Accordingly, the undersigned recommends that the first affirmative defense be stricken without prejudice.

### B. Second Affirmative Defense (Lack of Personal Jurisdiction)

The Second Affirmative Defense states:

> Plaintiff's claims against [Defendant] Kramer fail for lack of personal jurisdiction. [Defendant] Kramer is not a resident of Florida and [Defendant] Kramer has not caused harm in this district. [Defendant] Kramer's only connection with this district is the fact that ThermoLife, a company that he is part owner of, has transacted business in this state. These contacts are insufficient to confer jurisdiction on [Defendant] Kramer here.

(ECF No. 113 at 16).

In the Motion, Plaintiff argues that Defendants have waived the defense of lack of personal jurisdiction because they failed to raise it their motion to dismiss the Amended Complaint. (ECF No. 130 at 5-6). Defendants concede that this is not an affirmative defense, but rather a denial of the jurisdictional allegation in the Amended Complaint, and should be treated as a mere denial, but not stricken. (ECF No. 137 at 1-2, 10). Plaintiff is correct.

A party may assert the defense of lack of personal jurisdiction by motion or in a responsive pleading. Fed. R. Civ. P. 12(b)(2). The defense, however, is waived if the party fails to include it in its first filed Rule 12 dismissal motion, other initial pleading, or general appearance. Fed. R. Civ. P. 12(g)(2), 12(h)(1); *see Lipofsky v. N.Y. State Workers Comp. Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988) (a defendant waives the defense of lack of personal jurisdiction by failing to timely raise it); *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1218 n.21 (11th Cir. 2009) (a defendant fails to timely raise the defense of lack of personal jurisdiction by failing to raise it in a first motion to dismiss); *see also In re Worldwide Web Sys.,* 328 F.3d 1291, 1299 (11th Cir. 2003); *Hernandez v. Art Deco Supermarket*, No. 13-20705, 2013 WL 3834398, at *1-2 (S.D. Fla. July 24, 2013) (defendant waived affirmative defense of lack of personal jurisdiction when he did not raise it in a motion to dismiss prior to filing an answer to the complaint). That is what happened here.

6

Defendants did not raise lack of personal jurisdiction in their first motion to dismiss the Amended Complaint. *See generally* (ECF No. 16). Accordingly, the defense has been waived.[4]

### C. Third Affirmative Defense (Lack of Subject Matter Jurisdiction)

In their third affirmative defense, Defendants allege:

> Plaintiff's claims against [Defendant] Kramer fail for lack of subject matter jurisdiction. Once Plaintiff's claims against ThermoLife are dismissed from this lawsuit, there is no subject matter jurisdiction over [Defendant] Kramer here.

(ECF No. 113 at 16).

Plaintiff argues that this affirmative defense should be stricken because: (i) the SAC contains specific allegations establishing the basis for subject matter jurisdiction; (ii) the District Court has already recognized subject matter jurisdiction (federal and diversity subject matter jurisdiction) in its Order on the motion to dismiss (ECF No. 37 at 20); and (iii) it is legally insufficient, as lack of subject matter jurisdiction cannot properly be raised as an affirmative defense. (ECF No. 130 at 6-7). Defendants again concede that this defense "merely raises a correct statement of law as a denial to the sufficiency of Plaintiff's Second Amended Complaint" and should not be stricken, but treated as a denial. (ECF No. 137 at 1-2, 10-11).

The undersigned finds that this affirmative defense should also be stricken with prejudice. Lack of subject matter jurisdiction may be raised at any time, and consequently, it is not an affirmative defense. Fed. R. Civ. P. 8(c), 12(h); *see also Bernal v. All Am. Inv. Realty, Inc.*, No. 05-60956-CIV, 2006 WL 8431426, at *2 (S.D. Fla. Jan. 17, 2006) (citation omitted) (striking lack of subject matter jurisdiction as an affirmative defense because it may be raised at any time).

---

[4] Once a party has waived an objection to personal jurisdiction, "the court may not, either upon the defendant's motion or its own initiative, dismiss the suit for lack of personal jurisdiction." *In re Worldwide Web*, 328 F.3d at 1299; *see also Hemispherix Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1360 (11th Cir. 2008).

7

### D. Fourth Affirmative Defense (Unclean Hands)

Lastly, the fourth affirmative defense states:

> Plaintiff's claim[s] fail *en toto* as a result of Plaintiff's unclean hands. Plaintiff markets and sells its own dietary supplements. To the extent BPI is claiming that "Creatine Nitrate" is falsely marked because it is listed as one ingredient on dietary supplement labels, BPI products are marked in this exact same way. In particular, BPI's Best Creatine product lists a BEST CREATINE BLEND including: Creatine MagnaPower (as magnesium creatine chelate), Creatine AKG, and Creatine Phosphate. These are all ingredients that dissociate in water, meaning that (according to BPI's own logic) this product is falsely advertised. Indeed, just as BPI accuses ThermoLife of doing (which, actually, ThermoLife does not do), BPI advertises the unique benefits of the bonded creatine compounds, specifically touting Creatine MagnaPower as "creatine bonded to pure magnesium, thus potentially enhancing the bioavailability of creatine. Magnesium is an essential muscle nutrient that is partially responsible for cellular hydration." Also, BPI specifically touts the benefits of these supposedly "advanced forms of creatine to enhance the effects." According, by BPI's own reasoning, Creatine AKG, Creatine phosphate, and Creatine Magnapower are creatine salts that just like Creatine Nitrate disassociate in water. To the extent BPI is right, and it is not, BPI's product should be labeled as including: (1) Creatine ions + AKG ions for Creatine AKG; (2) Creatine ions + phosphorous ions for Creatine phosphate; and (3) Creatine ions + magnesium ions for Creatine Magnapower.

(ECF No. 113 at 16-17).

Plaintiff raises several arguments for striking this defense. Plaintiff argues that the defense as plead is legally insufficient as it "is akin to fraud and must be plead with precision in order to constitute a valid affirmative defense." (ECF No. 130 at 7). Plaintiff also asserts that the factual allegations in the affirmative defense are irrelevant and unrelated to Plaintiff's causes of action. *Id.* at 8. According to Plaintiff, its purported misconduct relates to on an entirely different product than the one in the SAC. *Id.* Plaintiff also argues that the defense is legally insufficient because it fails to allege that Plaintiff's purported misconduct excuses Defendants' misconduct. *Id.* Finally, Plaintiff argues that the unclean hands defense is an equitable defense, which cannot be directed against Plaintiff's claims for damages. *Id.* In response, Defendants assert that the heightened pleading standard for fraud in Rule 9(b) is inapplicable, and that the affirmative defense sufficiently alleges Plaintiff's misconduct. (ECF No. 137

at 2, 7). Moreover, Defendants argue that the defense can be asserted in Lanham Act cases because Plaintiff seeks equitable relief (i.e., an injunction) in addition to actual damages. *Id.* at 8-9.

Contrary to Plaintiff's argument, unclean hands has been "recognized as a viable defense in trademark infringement cases." *The Macknight Food Grp., Inc. v. The Santa Barbara Smokehouse, Inc.*, No. 15-21179-CIV, 2015 WL 6380644, at *2 (S.D. Fla. Oct. 22, 2015) (citing *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1209 (9th Cir. 2000) (applying the unclean hands doctrine in a Lanham Act trademark infringement action); *see also J.P. Cosmetics, Inc. v. Miss Marion Cosmetics, Inc.*, No. 17-23876-CIV, 2018 WL 7959709, at *3 (S.D. Fla. Sept. 6, 2018) (unclean hands defense is a "legally cognizable defense to claims of trademark infringement and unfair competition"). Nonetheless, as discussed below, the fourth affirmative defense fails to allege a necessary factual element and should be stricken.

To successfully assert the defense of unclean hands, a defendant must satisfy certain requirements. *Freestream Aircraft USA Ltd. v. Chowdry*, No. 16-CV-81232, 2018 WL 2002419, at *3 (S.D. Fla. Apr. 30, 2018) (citing *Calloway v. Partners Nat. Health Plans*, 986 F.2d 446, 450–51 (11th Cir. 1993). First, the defendant must "demonstrate that the plaintiff's wrongdoing is *directly related* to the claim against which it is asserted." *Id.* (citation omitted) (emphasis added). As to this prong, courts have emphasized that this means "*really* directly related . . . It is, in essence, the reason for the lawsuit." *Id.* (citing *Elof Hansson Paper & Bd., Inc. v. Caldera*, No. 11-20495-CV, 2012 WL 12865853, at *6 (S.D. Fla. Apr. 26, 2012) (citation omitted) (emphasis in original). Second, the defendant must show that it was personally injured by the plaintiff's conduct. *Id.* (citing *Calloway*, 986 F.2d at 450-51 (citing *Mitchell Bros. Film Group v. Cinema Adult Theater*, 604 F.2d 852, 863 (5th Cir. 1979), *cert. denied*, 445 U.S. 917 (1980)). Moreover, specific to trademark litigation, the defendant must also "show that plaintiff used the trademark to deceive consumers." *J.G.G. Tobacco Holding Co., Inc. v. Antigua Esteli Tobacco, Corp.*, No. 19-23732-CIV, 2020 WL 4926582, at *2 (S.D.

9

Fla. May 20, 2020) (citing *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, No. 09-61490-CIV, 2011 U.S. Dist. LEXIS 59465, 2011 WL 2174012, at *8 (S.D. Fla. June 2, 2011)).  Here, by alleging that Plaintiff engaged in the same conduct it complains about in the lawsuit, Defendants arguably pled sufficient facts at this early state in the litigation to satisfy the first prong of the unclean hands defense. *See, e.g.*, *ADT LLC v. NorthStar Alarm Servs. LLC*, No. 9:18-80283-CV, 2018 WL 6522124, at *3 (S.D. Fla. Sept. 14, 2018) (finding allegation that plaintiff engaged in the identical conduct in the complaint sufficient to show relatedness to litigation).  However, the fourth affirmative defense fails to establish the second prong.  As written, the affirmative defense fails to allege how Defendants were injured by Plaintiff's alleged wrongdoing.  *See also Freestream*, 2018 WL 1309921, at *4 (S.D. Fla. Mar. 12, 2018) (striking unclean hands affirmative defense for failure to sufficiently allege that plaintiff's purported wrongdoing was directly related to the litigation claim, and how defendant was personally injured by plaintiff's conduct).  Accordingly, this affirmative defense should be stricken without prejudice.

## IV.    RECOMMENDATION

Accordingly, for reasons set forth above, the undersigned respectfully recommends that Plaintiff's Motion to Strike Affirmative Defenses (ECF No. 130) be **GRANTED** and that:

1. Defendants' first and fourth affirmative defenses be **STRICKEN WITHOUT PREJUDICE**, and Defendants be given an opportunity to replead the defenses to correct the deficiencies noted herein.

2. Defendants' second and third affirmative defenses be **STRICKEN WITH PREJUDICE**.[5]

---

[5] As described above, Defendants are free to plead the defense of "lack of subject matter jurisdiction" at any time during the litigation, but not as an affirmative defense.

Within **seven (7)** days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2020); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on March 5, 2021.

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Rodney Smith
   All Counsel of Record