IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BPI SPORTS, LLC,

    Plaintiff,

vs.

THERMOLIFE INTERNATIONAL, LLC,
MUSCLE BEACH NUTITION LLC and
RONALD L. KRAMER,

    Defendants.

CASE NO.: 0:19-cv-60505-SMITH

**PLAINTIFF BPI SPORTS, LLC'S OPPOSITION TO DEFENDANTS' MOTION FOR CLARIFICATION OF ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff BPI Sports, LLC ("BPI"), by and through its undersigned counsel, hereby respond to Defendants ThermoLife International, LLC ("ThermoLife"), Muscle Beach Nutrition LLC ("Muscle Beach Nutrition") and Ronald Kramer's ("Kramer") Motion for Clarification of Order Granting BPI's Motion for Partial Summary Judgment (D.E. 244, "Motion for Clarification") and respectfully states as follows.

**I.    ARGUMENT**

    **A.    Defendants Failed To Meet And Confer On The Motion For Clarification**

Pursuant to Local Rule 7.1(a)(3), entitled "*Pre-filing Conferences Required of Counsel*," "[p]rior to filing any motion in a civil case . . . counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion." This Rule further requires that:

> [a]t the end of the motion, and above the signature block, counsel for the moving party shall certify either: (A) that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so; or (B) that counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, which efforts shall be identified with specificity in the statement (including the date, time, and manner of each effort), but has been unable to do so.

1

In direct violation of Local Rule 7.1(A)(3), defense counsel did not meet and confer (or attempt to meet and confer) with BPI's counsel prior to filing the Motion for Clarification. This is reflected by the absence of the necessary certification (which constitutes an additional violation). For this reason alone, the Motion for Clarification should be denied.

> **B.    The Motion For Clarification Is Unnecessary, Attempts to Reargue Previous Positions And Improperly Offers New And Irrelevant Evidence**

Defendants' Motion for Clarification is a waste of time and resources and should be denied. There is nothing in the Court's Order that requires "clarification." D.E. 237, "Order." After correctly tracking the reexamination history of U.S. Patent No. 7,777,074 ("the '074 Patent")—including the significant amendment to original claim 1 in September 21, 2011—the Court ruled that new claim 6 (directed to creatine nitrate) was rejected and never issued. Order, p. 2. In footnote 1, the Court indicated its acute awareness of Defendants' argument that ThermoLife nevertheless had patent rights to creatine nitrate in the '074 Patent between September 21, 2011 and March 12, 2021. The Court noted, however, that a district court can independently invalidate a patent, regardless of the procedural posture in the United States Patent and Trademark Office. Order, f.n. 1. The Court ultimately concluded that since (1) ThermoLife's cancellation of claim 1 extinguished any cause of action on that claim; and (2) claim 6 never issued in any patent, "the Court fails to see what rights Defendants held in the composition of matter 'creatine nitrate.'" *Id*.

The issue raised in the Motion for Clarification is the exact same issue addressed by the Court in footnote 1 of the Order. According to Defendants, "[w]hile that holding is correct as of March 12, 2021 (when the reexamination certificate issued), it is ***incorrect*** as to any date earlier than March 12, 2021." Motion for Clarification, p. 1. This isn't an issue for "clarification"—this is a disagreement with the ruling itself. Indeed, Defendants go on to cite the exact same statutory provisions and legal authority contained in their Opposition to BPI's Motion for Partial Summary Judgment. *Compare*, Motion for Clarification, pp. 2-4 with Opposition [D.E. 114], pp. 6-7 and 9-10. Defendants are simply re-arguing positions the Court already considered but did not adopt.

Defendants' argument that "the resolution of that question is dispositive here since there is no evidence or allegation that ThermoLife marked any creatine nitrate product at issue **after** March 12, 2021" is flat false and flies in the face of recent filings. Motion for Clarification, p. 2 (citing ThermoLife's marking website, www.no3-t.com/patents/) (emphasis in original). In BPI's Updated Memorandum in Support of Motion for Partial Summary Judgment, filed ***March 18,***

*2021*, BPI submitted screen captures of Defendants' websites www.thermolife.com and www.no3-t.com/patents/, which were downloaded on the same date. D.E. 233-3. Defendants promoted the raw material "creatine nitrate" as being patented, with an active link to the marking website, www.no3-t.com/patents/, which lists the '074 Patent and acts as an active link to a version of the '074 Patent containing the original claims 1 and 2. *Id*. These screen captures (compiled below) serve as Exhibit 97 to BPI's Exhibit List filed on April 5, 2021. D.E. 239-1.[1] Thus, there are both "evidence and allegations" that Defendants marked a creatine nitrate product with the '074 Patent "**after** March 12, 2021," when they had full knowledge that this product was not covered.[2]



Defendants also attempt to submit new evidence in the form of an Office Action issued early in the reexamination of the '074 Patent dated February 27, 2013. Motion for Clarification, p. 2 (citing Exhibit 1). The submission of new evidence at this stage is improper and the argument that "ThermoLife's claim to creatine nitrate was *allowed* during reexamination" is incredulous. *Id*. (emphasis in original). The claim 6 referred to in this Office Action is not the same claim 6 ThermoLife elected to prosecute and appeal to the Patent Trial and Appeal Board and the Court of Appeals for the Federal Circuit. *Id*. Rather, it was an earlier iteration which was subsequently rejected. **Exhibit 1**, Office Action dated September 12, 2013 ("Claims 1 and 3-10 are rejected").

---

[1] False marking includes, *inter alia*, any entity which "uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented, for the purpose of deceiving the public." 35 U.S.C. § 292.

[2] Even at the time of *this filing*, Defendants are *still* promoting the product creatine nitrate as being patented with an active link to their marking website which lists the '074 Patent. D.E. 233-3.

In response, ThermoLife substantially revised this version of claim 6 to replace the transitional phrase "consisting essentially of" with "having the structure of" and introduced the chemical structure of creatine.  **Exhibit 2**, Office Action dated April 2, 2014.  This is the claim that was finally rejected by the Examiner and led to the appeals addressed in the Court's Order.  *Id*.  Since this earlier version of claim 6 was abandoned by ThermoLife and never issued in any patent, the status of this claim at some random point during reexamination is irrelevant to BPI's Motion for Partial Summary Judgment or the Court's Order granting same.

## II.   CONCLUSION

The Court's Order granting BPI's Motion for Partial Summary Judgment was unambiguous and does not require clarification.  Thus, the Motion for Clarification, which was filed in direct violation of Local Rule 7.1(a)(3), should be denied.

Respectfully submitted,

Dated this 16th day of April, 2021.

KRINZMAN, HUSS & LUBETSKY
FELDMAN & HOTTE
Cary A. Lubetsky
Florida Bar No. 961360
Salvatore H. Fasulo
Florida Bar No. 143952

800 Brickell Avenue, Suite 1501
Miami, Florida 33131
Telephone:  (305) 854-9700
Facsimile:  (305) 854-0508
Primary email:   cal@khllaw.com
                 shf@khllaw.com
Secondary email: eservicemia@khllaw.com

HILLYER LEGAL, PLLC

*s/ Gregory L. Hillyer*
Gregory L. Hillyer
Fla. Bar No. 682489
Email: ghillyer@hillyerlegal.com
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015-2052
Telephone: 202-686-2884
Facsimile: 202-686-2877

Javier Sobrado (Fla. Bar. No. 44992)
E-mail: JSobrado@brickellip.com
THE BRICKELL IP GROUP, PLLC
1101 Brickell Ave
South Tower, Suite 800
Miami, FL 33131
Tel. 305-772-1331

*Attorneys for Plaintiff BPI Sports, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing opposition to motion for clarification was filed via CM/ECF on April 16, 2021 and served on counsel of record.