# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 19-60505-CIV-SMITH

BPI SPORTS, LLC,

    Plaintiff,

v.

THERMOLIFE
INTERNATIONAL, LLC, *et al.*,

    Defendants.

_____/

## ORDER AFFIRMING AND ADOPTING
## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

This matter is before the Court on the United States Magistrate Judge's Report and Recommendation to District Judge [DE 226], in which the Magistrate Judge recommends that the Court grant in part Plaintiff's Motion for Terminating and Monetary Sanctions [DE 143] (the "Motion"). Defendants filed Objections [DE 229], and Plaintiff filed a Response to Defendants' Objections [DE 238]. For the reasons that follow, the United States Magistrate Judge's Report and Recommendation is AFFIRMED and ADOPTED.

### I.    PROCEDURAL BACKGROUND

On September 24, 2020, Plaintiff filed its Motion under seal, seeking sanctions against Defendants and their attorney Gregory Collins based on: (i) Defendant Ronald Kramer's creation of a License Agreement for use in litigation; (ii) Defendants' production of inaccurate financial records that under-report Defendant Muscle Beach Nutrition's profits; (iii) attorney Collins' allegedly perjured statements in two declarations filed with the Court; (iv) attorney Collins' overall conduct during the proceedings; (v) Defendants' overall litigation conduct; and (vi) Defendant Kramer's conduct at an unrelated patent hearing. On October 15, 2020, Defendants filed their

Response in Opposition [DE 151]. Plaintiff filed its Reply [DE 159] on October 26, 2020. The Court referred this matter to the United States Magistrate Judge for a report and recommendation [DE 152]. In addition to the parties' filings, on November 18, 2020, the Magistrate Judge held a hearing, at which the parties had the opportunity to present their respective arguments.[1] On February 25, 2021, the Magistrate Judge issued her Report and Recommendation. The Magistrate Judge concluded that the record supports a finding that sanctions are warranted against Defendants but not against attorney Collins. The Magistrate Judge recommends that (i) Defendants be precluded from introducing into evidence or otherwise using the License Agreement in their case-in-chief; (ii) the jury be advised of Defendant Kramer's attempt to manufacture favorable evidence, and its effect on his overall credibility; and (iii) Plaintiff be awarded reasonable fees and costs incurred in connection with the Motion and the two prior motions to compel discovery regarding the License Agreement

## II.  STANDARD OF REVIEW

The district court must make a *de novo* determination of the portions of the report and recommendation to which a specific objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## III.  DISCUSSION

Defendants argue that the Report and Recommendation applies the incorrect standard for the Court's inherent power and that the Report and Recommendation incorrectly assumes that ThermoLife and Muscle Beach Nutrition did not have an oral license agreement prior to the creation of the License Agreement at issue. Defendants also argue that the Magistrate Judge did not identify facts sufficient to unlock the Court's inherent powers, the Magistrate Judge assessed

---

[1] The transcript for the November 18, 2020 hearing is available at [DE 192].

credibility without hearing live testimony, [2] and the sanctions recommended are inappropriate and unrecognized in the Eleventh Circuit. Defendants therefore request that the Court reject the Magistrate Judge's Report and Recommendation. In response, Plaintiff requests that the Report and Recommendation be adopted in full.

**1. The Report and Recommendation Applies the Correct Legal Standard for the Court's Inherent Powers**

"It has long been understood that 'certain implied powers must necessarily result to our Courts of justice from the nature of their institution,' powers 'which cannot be dispensed with in a Court, because they are necessary to the exercise of all others.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *United States v. Hudson*, 11 U.S. 32, 7 (1812)). "These powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Chambers,* 501 U.S. at 43 (quoting *Link v. Wabash R. Co.,* 370 U.S. 626, 630-31 (1962)). The Court's inherent powers include the authority to regulate litigation and impose "reasonable and appropriate" sanctions on the parties, as well as their counsel, for abusive practices. *See Martin v. Automobile Lamborghini Exclusive, Inc.,* 307 F.3d 1332, 1335 (11th Cir. 2002). This authority includes the inherent power to sanction the parties for a fraud upon the Court. *See id.* (citing *Chambers,* 501 U.S. at 44; *In re E.I. DuPont De Nemours & Company-Benlate Litigation*, 99 F.3d 363, 367 (11th Cir. 1996) ("[e]very district court 'has the power to conduct an independent investigation in order to determine whether it has been the victim of fraud.'")). In order to "exercise its inherent power a

---

[2] Defendants argued that the Magistrate Judge assessed credibility without hearing live witness testimony and therefore asserts that the Court must assess witness credibility *de novo*. The Court will not address this issue because Defendants' objection is deficient, in that they failed to specifically identify any credibility determinations purported made in error by the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); S.D. Fla. Loc. Mag. R. 4(a)(1). Moreover, to the extent that Defendants seek to object to the Court's use of deposition testimony in lieu of live testimony, Defendants expressly agreed to forgo live testimony at the November 18, 2020 hearing and rely instead on the deposition transcript of Defendant Kramer. (*See* DE 179.)

3

court must find that the party acted in bad faith." *Martin,* 307 F.3d at 1335; *see JTR Enterprises, LLC v. Columbian Emeralds,* 697 F. App'x 976, 986 (11th Cir. 2017) ("[t]he key to invoking a court's inherent power to sanction is a finding of bad faith."). Bad faith may be found when a party commits a fraud on the court. *Barash v. Kates*, 585 F. Supp. 2d 1347, 1362 (S.D. Fla. 2006) (citing *Chambers*, 501 U.S. at 46). In the Eleventh Circuit, a fraud on the court must be established by clear and convincing evidence. *Gupta v. United States AG*, 556 F. App'x 838, 840 (11th Cir. 2014) (citing *Booker v. Dugger*, 825 F.2d 281, 283 (11th Cir. 1987)).

In their Objections, Defendants argue that the Magistrate Judge applied the incorrect legal standard for unlocking the Court's inherent power to sanction Defendants. In support of their argument, Defendants cite to *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218 (11th Cir. 2017)[3] and *Meunier Carlin & Curfman, LLC v. Scidera, Inc.*, 813 F. App'x 368 (11th Cir. 2020) for the position that "recklessness" or "reckless misstatements" alone do not amount to bad faith and are insufficient to satisfy the court's inherent power standard. Notably, each case involves a finding of bad faith with respect to counsel, not a named party.

In her Report and Recommendation, the Magistrate Judge applied the correct legal standard for unlocking the Court's inherent power. The Magistrate Judge applied the clear and convincing evidence standard and concluded that "Plaintiff has shown by clear and convincing evidence that Defendant Kramer knowingly created a document for use in this litigation to advance his case and impede the efficient presentation of Plaintiff's case." (Report and Recommendation [DE 226] (the

---

[3] To the extent that Defendants attempt to compare the present situation to that in *Purchasing Power,* the present situation is clearly distinguishable. In *Purchasing Power,* the Eleventh Circuit reversed a district court's imposition of sanctions on plaintiff's counsel. 851 F.3d at 1228. The district court had expressly applied a recklessness standard and found that the plaintiff's counsel acted recklessly when he failed to adequately investigate the plaintiff's citizenship before representing to the court that diversity jurisdiction existed. *Id.* at 1223. Accordingly, the Eleventh Circuit reversed, finding that the district court applied the incorrect legal standard for unlocking the court's inherent power to sanction counsel because "recklessness alone does not constitute conduct tantamount to bad faith." *Id.* at 1223.

"R&R") at 11.) The Magistrate Judge concluded further that "Defendant Kramer fabricated a written agreement that did not exist prior to this lawsuit, and initially tried to pass it [] off as legitimate." (R&R at 15.) Finally, the Magistrate Judge found that "the circumstances surrounding the creation of the License Agreement, coupled with its seemingly innocuous production during discovery and Defendants' subsequent tactical attempts to [stymie] discovery on this issue, provide clear and conceiving evidence of Defendants' bad faith . . . ." (R&R at 3.) Thus, in contrast to Defendants' argument, the Magistrate Judge's finding of bad faith was not based on "reckless misstatement" alone, but rather based on her findings that Defendants had committed a fraud upon the Court when Defendant Kramer knowingly fabricated evidence to advance his case and repeatedly attempted to obstruct discovery of their fraud. A fraud committed on the Court is sufficient to find that a party has acted in bad faith, and thus warrants imposition of sanctions. *See Barash,* 585 F. Supp. 2d at 1362 (citing *Chambers*, 501 U.S. at 46) ("bad faith may be found where the court finds that a '. . . fraud has been practiced upon it, or that the very temple of justice has been defiled.'").

> **2. The Report and Recommendation Clearly Indicates that the Magistrate Judge Considered Defendants' Argument Regarding an Oral Agreement and Subsequently Discounted the Argument**

Defendants argue that the Report and Recommendation does not consider their arguments regarding a purported oral license agreement that existed between Defendants ThermoLife and Muscle Beach Nutrition. Defendants also assert that the License Agreement is irrelevant, and Defendant Kramer created the document to memorialize a prior existing oral agreement. The record clearly shows that the Magistrate Judge considered Defendants' arguments and found not only that the arguments were unconvincing, but also disingenuous. (R&R at 12-13 ("it is disingenuous for Defendants to argue that the License Agreement was irrelevant when the parties disputed the relationship between the corporate entities.")) The Court has repeatedly instructed

Defendants that the License Agreement is relevant to the discovery on the claims and defenses at issue in this case. (R&R at 12 (citing to the record).) The Magistrate Judge notes that, at the time Defendants disclosed the License Agreement to Plaintiff, there was a dispute regarding the relationship between Defendant ThermoLife and Muscle Beach, and Defendants' main defense in the case was that Plaintiff incorrectly sued ThermoLife instead of the correct party, Muscle Beach. (R&R at 12 (citing DE 16 at 3,4, 8; DE 89 at 5, 8).) Likewise, the Magistrate Judge considered, and subsequently dismissed, Defendants' argument that the License Agreement was simply a "memorialized" pre-existing oral or implied agreement. (*See* R&R at 13.)

### 3. The Magistrate Identified Sufficient Facts to Warrant Unlocking the Court's Inherent Powers

Defendants argue that the Magistrate Judge did not identify facts sufficient to unlock the Court's inherent powers. Defendants assert that the present circumstances are similar to those at issue in *Purchasing Power*.

First, the circumstances at issue in *Purchasing Power* are clearly distinguishable from the circumstances at issue in this case. As discussed above, in *Purchasing Power*, the Eleventh Circuit reversed a district court's imposition of sanctions on the plaintiff's counsel because the district court applied the incorrect legal standard for assessing bad faith. 851 F.3d at 1228. Here, the Magistrate Judge applied the correct legal standard. The Eleventh Circuit also found that the district court's conclusion — that "there is no evidence [plaintiff's counsel] investigated [defendant's] citizenship — was not supported by the record evidence. *Purchasing Power,* 851 F.3d at 1225. Here, the Magistrate Judge's conclusions are supported by the record.

Second, the Court finds that the Magistrate Judge identified sufficient facts to warrant unlocking the Court's inherent power, and the Magistrate Judge's conclusion is supported by the record evidence. The Magistrate Judge concluded that Defendant Kramer knowingly fabricated a written document for use in litigation, initially tried to pass it off as legitimate to advance his case,

and impeded the presentation of Plaintiff's case. (R&R at 11, 15.) In reaching her conclusion, the Magistrate Judge considered not only the License Agreement itself, but also "the circumstances surrounding the creation of the License Agreement, . . . its seemingly innocuous production during discovery[,] and Defendants' subsequent tactical attempts to [stymie] discovery on the issue." (R&R at 3.) In addition to the written briefs submitted by the parties, the Magistrate Judge also held a hearing, during which the parties presented argument and responded to the Magistrate Judge's inquiries. (R&R at 1, n.1.)

The record reflects that Defendants disclosed the License Agreement in March 2020. (DE 143-1, 181-1.) The License Agreement purports to have an effective date of March 16, 2017. (DE 143-1.) During discovery, after compelled to do so by the Court, Defendants disclosed the metadata associated with the License Agreement, which indicated that the document had been created by Defendant Kramer on March 9, 2020. (DE 143-3, 143-4, 181-1.) Moreover, the terms of the License Agreement did not reflect the actual terms purportedly governing the relationship between ThermoLife and Muscle Beach. (*See* DE 143-1; R&R at 13 (citing Sanctions Hr'g Tr. [DE 192] 132:15-16).) The Magistrate Judge also considered the circumstances surrounding the parties' contentious discovery. Despite disclosing the License Agreement in March 2020, Defendants did not claim that the License Agreement represented a purported oral agreement until after Plaintiff suspected irregularities surrounding the document. The Magistrate Judge found that the Defendants then tried to prevent discovery of the circumstances surrounding the License Agreement by (i) filing an Expedited Request before the District Judge and offering to indemnify and hold Muscle Beach harmless if the Judge maintained the existing pretrial deadlines; (ii) admitting alter ego liability for Muscle Beach; (iii) arguing before the Magistrate Judge that admission of alter ego liability foreclosed Plaintiff's right to discovery. (R&R at 14 (citing Discovery Hr'g Tr. 88:19-22; Sanctions Hr'g Tr. 46:10-49:21).) In effect, the record evidence

leads to a conclusion that, after Plaintiff identified suspicious circumstances relating to the fabricated document, Defendants sought to prevent discovery of their fraud.

### 4. The Sanctions Recommended by the Magistrate Judge are Appropriate and Warranted

In her Report and Recommendation, the Magistrate Judge recommends, in part, that Defendants be precluded from introducing into evidence or otherwise using the License Agreement in their case-in-chief and the jury be advised of Defendant Kramer's attempt to manufacture favorable evidence and its effect on his overall credibility. (R&R at 18.) Defendants argue that the Magistrate Judge's recommendation that "the jury be advised of Defendant Kramer's attempt to manufacture favorable evidence and its effect on his overall credibility" is a novel sanction created by the Magistrate Judge and unrecognized in the Eleventh Circuit. Defendants claim that an adverse jury instruction is not warranted. Defendants have not cited to any authority that would indicate the proposed sanctions are inappropriate or excessive under these circumstances.

The Court finds the proposed jury instruction appropriate for the circumstances in this case. "[W]hen determining an appropriate sanction pursuant to the court's inherent power, a court must balance the interest in sufficiently punishing and deterring the abusive conduct with the interest of allowing a full and fair trial on the merits." *Qantum Communs. Corp. v. Star Broad., Inc.*, 473 F. Supp. 2d 1249, 1251, 1268-70 (S.D. Fla. 2007) (entering default judgment and imposing attorneys' fees against the defendant after finding that the defendant lied under oath, failed to produce documents during discovery, and filed a bad-faith bankruptcy petition to avoid litigation); *see Bashir v. AMTRAK*, 119 F.3d 929, 931 (11th Cir. 1997) ("an adverse inference is drawn from a party's failure to preserve evidence only when the absence of that evidence is predicated on bad faith."); *Vargas v. Peltz*, 901 F. Supp. 1572, 1580 (S.D. Fla. 1995) (dismissing case when "[p]laintiff . . . attempted, by fraudulent means, to 'enhance' her case through the introduction of

fabricated [evidence] and through fictionalized testimony concerning how she supposedly received the [evidence].")."Litigants must know that the courts are not open to persons who would see justice by fraudulent means." *Id*. at 1582.

Accordingly, it is

**ORDERED** that the Magistrate Judge's Report and Recommendation [DE 226] is **AFFIRMED** and **ADOPTED**.

1. Plaintiff's Motion for Terminating and Monetary Sanctions [DE 143] is **GRANTED IN PART.**
2. Defendants are hereby precluded from introducing into evidence or otherwise using the License Agreement in their case-in-chief.
3. The jury will be advised of Defendant Kramer's attempt to manufacture favorable evidence and its effect on his overall credibility.
4. Plaintiffs are hereby entitled to reasonable attorneys' fees and costs incurred in connection with the Motion and the two prior motions to compel discovery regarding the License Agreement. Plaintiffs are directed to file a supplement, including billing records, to support any request for attorneys' fees and costs incurred.

**DONE AND ORDERED** in Fort Lauderdale, Florida on this 14th day of July, 2021.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc: Counsel of record