IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BPI SPORTS, LLC, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) CASE NO. 0:19-cv-60505-SMITH ) |
| THERMOLIFE INTERNATIONAL, LLC, MUSCLE BEACH NUTRITION, LLC, and RONALD L. KRAMER. | ) ) ) ) |
| *Defendants*. | ) ) |

## DEFENDANTS' *REVISED* PROPOSED VERDICT FORM

Pursuant to the Court's Scheduling Order dated December 1, 2020 (DE 191), and the Court's Orders continuing trial dated February 16, 2021 (DE 225) and August 11, 2021 (DE 272), Defendants ThermoLife International, LLC ("ThermoLife"), Muscle Beach Nutrition LLC ("Muscle Beach") (together, "ThermoLife") and Ronald L. Kramer respectfully submit a *Revised* Proposed Verdict Form, attached hereto as Exhibit 1.

As the Court is aware, Defendants retained new trial counsel. Since that time, Defendants' new trial counsel have worked diligently to review the record with an eye towards ensuring that the jury is presented with legally correct arguments and admissible evidence.

One such item is the prior proposed jury verdict forms submitted by the parties. For instance, the proposed jury verdict form of Plaintiff BPI Sports, LLC is problematic because it improperly conflates the three separate causes of action into a single finding on damages. *See* DE 241-1. Specifically, Questions 1-3 of Plaintiff's proposed verdict form address the three separate causes of action (false advertising, unfair competition, and false marking). But Question 4

1

instructs the jury to state a single damages amount, regardless of the liability found for the individual claims.

Further, Plaintiff's proposed verdict form does not permit the jury to make the necessary findings for false advertising. As the Court is aware, a key dispute is whether the alleged advertising is "literally false" versus "misleading" versus "true." The distinction between literally false and misleading is important in this case because an advertising statement that is not literally false but merely misleading requires evidence of actual consumer deception. *Hickson Corp. v. Northern Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004) ("A plaintiff attempting to establish the second kind of falsehood, that an advertisement is literally true but misleading, must 'present evidence of deception' in the form of consumer surveys, market research, expert testimony, or other evidence." (quoting *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1247 (11th Cir. 2002))). Indeed, "[c]onsumer survey research often is a key part of a Lanham Act claim alleging that an advertisement is misleading or deceptive." *Id.*; *see also Johnson & Johnson * Merck Consumer Pharms. Co. v. Smithkline Beecham Corp.*, 960 F.2d 294, 298 (2d Cir. 1992) ("[T]he success of a plaintiff's implied falsity claim usually turns on the persuasiveness of a consumer survey.").

In the present case, as the Court has noted, "[n]either Plaintiff nor Defendants conducted any market or consumer surveys in this case." DE 293, at 4. Because BPI has not submitted any consumer survey, it is incumbent for the Plaintiff to offer evidence of actual consumer deception. Based on the review of the likely admissible evidence, Defendants do not believe that BPI will be able to meet its threshold—particularly because BPI does not have any testimony from any consumer who was deceived.

Accordingly and importantly, Defendants respectfully submit that the jury should be

provided a jury verdict form that allows the jury to make the necessary factual findings with respect to BPI's claims that the advertisements are misleading (*i.e.*, a claim not premised on literal falsity). Defendants' new proposed jury verdict form (attached) does that. Defendants' revised jury verdict form allows the jury to make findings with respect to whether any misleading statement "deceive[d], or had the capacity to deceive, consumers." The revised jury verdict form also asks the jury to determine if any false or misleading statement "was likely to influence consumers' purchasing decisions"—another necessary element to prove false advertising.

Defendants also respectfully submit that the attached revised jury verdict form overcomes shortcomings in the prior proposed forms that have become apparent in view of the Court's recent orders on summary judgment, motions *in limine,* and *Daubert* motions. Based on the foregoing reasons, Defendants respectfully request consideration of the attached revised jury verdict form.

### Certification of Compliance of Local Rule 7.1(a)(3)

Pursuant to Local Rule 7.1(a)(3), counsel for Defendants certify that they attempted to meet and confer in good faith with counsel for Plaintiff on the matters set forth in this motion and were unable to come to a resolution. Defendants attempted to meet and confer with BPI, but counsel for BPI has not yet responded. *See* Ex. 2.

Respectfully submitted, this 4th day of October 2021.

                                             */s/Ana M. Barton*
                                             Edward M. Mullins (FBN 863920)
                                             Ana M. Barton (FBN 85721)
                                             **Reed Smith LLP**
                                             1001 Brickell Bay Drive
                                             9th Floor
                                             Miami, FL 33131
                                             Telephone: 786-747-0200
                                             Facsimile: 786-747-0299
                                             Email: emullins@reedsmith.com
                                             Email: abarton@reedsmith.com

and

Matthew J. Dowd (*pro hac vice*)
Robert J. Scheffel (*pro hac vice*)
Dowd Scheffel PLLC
1717 Pennsylvania Avenue NW
Suite 1025
Washington, D.C. 20006
Tel: (202) 559-9175
mdowd@dowdscheffel.com
rscheffel@dowdscheffel.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 4, 2021, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record.

*/s/Ana M. Barton*
Ana M. Barton