# EXHIBIT 2



1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
(202) 559-9175
https://www.dowdscheffel.com

*Via Electronic Mail*

**October 4, 2021**

Gregory Hillyer
Director, Litigation
Hillyer Legal, PLLC
5335 Wisconsin Avenue, NW
Washington, D.C. 20015
ghillyer@hillyerlegal.com

      Re:    *BPI Sports, LLC v. ThermoLife International, LLC*,
              No. 0:19-cv-60505-RS (S.D. Fla.)

Dear Gregory:

     We write concerning the proposed jury verdict form.  Defendants provide the attached proposed jury verdict form.  Defendants believe that the prior jury verdict forms are flawed for several reasons and that the attached proposed jury verdict form should be used, particularly in view of the court's orders on summary judgment and other recent rulings.

     Please let us know if BPI consents to using the attached jury verdict form by 2 PM today.  Defendants are available to discuss today.  If we do not hear back from BPI by that point, Defendants will understand that BPI does not consent.

                           Sincerely,

                           Robert J. Scheffel

### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

BPI SPORTS, LLC,

      Plaintiff,

vs.

                **CASE NO.: 0:19-cv-60505-SMITH**

THERMOLIFE INTERNATIONAL, LLC,
MUSCLE BEACH NUTITION LLC, and
RONALD L. KRAMER,

      Defendants.

---

### DEFENDANTS' REVISED PROPOSED
### VERDICT FORM

We, the jury, unanimously find the following by a preponderance of the evidence:

## I.    FALSE ADVERTISING

1. Did Defendants make a literally false statement of fact in its advertisement and promotion of its CRTN-3 product?  (Circle either YES or NO for each Defendant):

       Ronald Kramer:               YES        NO

       ThermoLife / Muscle Beach Nutrition:    YES        NO

   If you answered "YES" to question 1, continue to question 4.  If you answered "NO" to question 1 continue to question 2.

2. Did Defendants make a misleading statement of fact in its advertisement and promotion of its CRTN-3 product? (Circle either YES or NO for each Defendant):

       Ronald Kramer:               YES        NO

       ThermoLife / Muscle Beach Nutrition:    YES        NO

   If you answered "YES" to question 2, continue to question 3.  If you answered "NO" to question 2 continue to question 7.

3. Did Defendants' advertisement and promotion of its CRTN-3 product deceive, or had the capacity to deceive, consumers? (Circle either YES or NO for each Defendant):

Ronald Kramer:                                    YES          NO

ThermoLife / Muscle Beach Nutrition:              YES          NO

If you answered "YES" to question 3, continue to question 4.  If you answered "NO" to question 3 continue to question 7.


4. Was a literally false or misleading advertisement and promotion of Defendants' CRTN-3 product material, in that it was likely to influence consumers' purchasing decisions? (Circle either YES or NO for each Defendant):

Ronald Kramer:                                    YES          NO

ThermoLife / Muscle Beach Nutrition:              YES          NO

If you answered "YES" to question 4, continue to question 5.  If you answered "NO" to question 4 continue to question 7.


5. Did Defendants' advertisement and promotion of the CRTN-3 product affect interstate commerce? (Circle either YES or NO for each Defendant):

Ronald Kramer:                                    YES          NO

ThermoLife / Muscle Beach Nutrition:              YES          NO

If you answered "YES" to question 5, continue to question 6.  If you answered "NO" to question 5 continue to question 7.


6. Did Defendants' advertisement and promotion directly cause harm to Plaintiff? (Circle either YES or NO for each Defendant):

Ronald Kramer:                                    YES          NO

ThermoLife / Muscle Beach Nutrition:              YES          NO


## II.    UNFAIR COMPETITION

7. Did Defendants engage in unfair competition? (Circle either YES or NO for each Defendant):

Ronald Kramer:                                    YES          NO

ThermoLife / Muscle Beach Nutrition:              YES          NO

If you answered "YES" to question 7, continue to question 8.  If you answered "NO" to question 7 continue to question 9.

8. Did Defendants' unfair competition directly cause harm to Plaintiff (Circle either YES or NO for each Defendant):

| | | |
|---|---|---|
| Ronald Kramer: | YES | NO |
| ThermoLife / Muscle Beach Nutrition: | YES | NO |

## III.   FALSE PATENT MARKING

9. Did Defendants falsely mark the CRTN-3 products with patents that do not cover the CRTN-3 products?  (Circle either YES or NO for each Defendant):

| | | |
|---|---|---|
| Ronald Kramer: | YES | NO |
| ThermoLife / Muscle Beach Nutrition: | YES | NO |

If you answered "YES" to question 9, continue to question 10.  If you answered "NO" to question 9 continue to question 12.

10. Did Defendants intend to deceive the public through their patent marking of the CRTN-3 product?

| | | |
|---|---|---|
| Ronald Kramer: | YES | NO |
| ThermoLife / Muscle Beach Nutrition: | YES | NO |

If you answered "YES" to question 10, continue to question 11.  If you answered "NO" to question 10 continue to question 12.

11. Was the false patent marking of the CRTN-3 product the but-for cause of any harm to BPI?

| | | |
|---|---|---|
| Ronald Kramer: | YES | NO |
| ThermoLife / Muscle Beach Nutrition: | YES | NO |

12. Did Defendants falsely mark the products of its licensees with patents that do not cover its licensees' products?  (Circle either YES or NO for each Defendant):

| | | |
|---|---|---|
| Ronald Kramer: | YES | NO |
| ThermoLife / Muscle Beach Nutrition: | YES | NO |

If you answered "YES" to question 12, continue to question 13.  If you answered "NO" to question 12 continue to question 15.

13. Did Defendants intend to deceive the public through their patent marking of the products of its licensees?

|  | | |
|---|---|---|
| Ronald Kramer: | YES | NO |
| ThermoLife / Muscle Beach Nutrition: | YES | NO |

If you answered "YES" to question 13, continue to question 14.  If you answered "NO" to question 13 continue to question 15.

14. Was the false patent marking of the products of its licensees the but-for cause of any harm to BPI?

|  | | |
|---|---|---|
| Ronald Kramer: | YES | NO |
| ThermoLife / Muscle Beach Nutrition: | YES | NO |

15. If you circled YES for any Defendant for questions 6, 8, 11, or 14 then for each

Defendant you circled YES to questions 6, 8, 11, or 14, please state the amount of

damages to which BPI is entitled from that Defendant:

Ronald Kramer:                                Damages:_____

ThermoLife / Muscle Beach Nutrition:         Damages:_____


                                         _____

SO SAY WE ALL.                               **Foreperson's Signature**


                                         _____

                                         **Date**