**3.1 Introduction**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-60505-CIV-SMITH

BPI SPORTS, LLC,

    Plaintiff,

v.

THERMOLIFE INTERNATIONAL, LLC,
MUSCLE BEACH NUTRITION, LLC, and
RONALD L. KRAMER,

    Defendants.

_____/

COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

## 3.2 The Duty to Follow Instructions – Corporate Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

### 3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**3.4 Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?


Prior to trial, the Court determined that Defendant Ronald Kramer fabricated evidence to enhance Defendants' case. Specifically, Defendant Kramer attempted to manufacture a written License Agreement at a time when the license was a disputed issue. You may consider this fact when evaluating Defendant Kramer's credibility.

### 3.5.1 Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**3.6.2 Expert Witness – When Expert Fees Represent a Significant Portion of the Witness's Income**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.

**3.7.1 Responsibility for Proof – Plaintiff's Claims – Preponderance of the Evidence**

In this case it is the responsibility of the Plaintiff, to prove every essential part of its claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claims by a preponderance of the evidence, you should find for the Defendant as to that claim.

**Nature of the Claims**

Plaintiff claims that Defendants engaged in three illegal behaviors that damaged Plaintiff: (1) false advertising, (2) unfair competition, and (3) false patent marking. I will now explain each of these claims.

**Instruction on False Advertising**

BPI claims that Defendants are liable for false advertising. To prove its claim, BPI must prove the following five facts by a preponderance of the evidence:

1. Defendants' advertisements were false or misleading;
2. Defendants' advertisements deceived, or had the capacity to deceive, consumers;
3. The deception had a material effect on consumer purchasing decisions;
4. The misrepresentation affected interstate commerce; and
5. BPI has been, or is likely to be, injured as a result of the false advertising.

There are two ways in which Defendants' advertisements may be false or misleading: an advertisement may be literally false, or it may be literally true but misleading. If an advertisement is literally false, then it is presumed to deceive, or to have the capacity to deceive, consumers, and BPI need not prove fact number 2 above.

BPI may prove the third fact, that the deception had a material effect on consumer purchasing decisions, by showing that Defendants' deception is likely to influence consumers' purchasing decisions. BPI may show materiality by showing that the false advertising is related to an inherent quality or characteristic of the product.

"Interstate commerce" means commerce between two or more states or between a state and a foreign country.

If you find that Plaintiff has proven, by the preponderance of the evidence, the five facts above, then your verdict is in favor of Plaintiff and against Defendants. If you find that Plaintiff has not proven all five of these facts by the preponderance of the evidence, then your verdict

should be in favor of Defendants and against Plaintiff. If you find in favor of Plaintiff, you should consider the amount of Plaintiff's damages, which I will explain shortly.

**Instruction on Unfair Competition**

BPI claims that Defendants are liable for unfair competition. To prove its claim, BPI must prove the following three facts by a preponderance of the evidence:

1. One or more of the Defendants are a competitor to BPI;

2. One or more of the Defendants engaged in fraudulent or deceptive conduct; and

3. The fraudulent or deceptive conduct of one or more of the Defendants was likely to cause consumer confusion.

If Plaintiff proves each of these three facts by a preponderance of the evidence, then your verdict should be in favor of Plaintiff and against Defendants. If you find that Plaintiff has not proven all three of these facts by the preponderance of the evidence, then your verdict should be in favor of Defendants and against Plaintiff. If you find in favor of Plaintiff, you should consider the amount of Plaintiff's damages, which I will explain shortly.

**FALSE PATENT MARKING**

BPI claims that Defendants are liable for false patent marking. In order to prove its claim, BPI must prove the following by a preponderance of the evidence:

1. Defendants falsely patent marked one or more products;
2. Defendants did so for the purpose of deceiving the public; and
3. BPI suffered a competitive injury as a result of Defendants' false patent marking.

A product is falsely marked with a patent when the product is not covered by at least one of the claims of each patent with which the article is marked.

Intent to deceive can be inferred from the fact of incorrect marking coupled with proof that the party marking it had knowledge of its falsity.

A "competitive injury" is defined as a wrongful economic loss caused by a commercial rival, such as the loss of sales due to unfair competition or a disadvantage in a plaintiff's ability to compete with a defendant, caused by the defendant's unfair competition.

If you find that Plaintiff has proven, by the preponderance of the evidence, the three facts above, then your verdict is in favor of Plaintiff and against Defendants. If you find that Plaintiff has not proven all three of these facts by a preponderance of the evidence, then your verdict should be in favor of Defendants and against Plaintiff. If you find in favor of Plaintiff, you should consider the amount of Plaintiff's damages, which I will explain.

**Instruction on Alter Ego**

Since ThermoLife and Muscle Beach Nutrition have admitted that they are alter egos of one another, you may treat these entities as one and the same such that any act committed by one is attributable to both.

**Instruction on No Patent Rights to Creatine Nitrate under U.S. Patent No. 7,777,074**

Prior to trial the Court ruled that Defendants have no patent rights to the composition of matter "creatine nitrate" under U.S. Patent No. 7,777,074.

**Damages**

If you find in favor of the Plaintiff on any of Plaintiff's three claims, you must consider damages. Plaintiff is seeking its lost profits as damages.

To be entitled to recover lost profits, Plaintiff must prove both of the following:

1. Defendants' actions caused Plaintiff to lose profits; and

2. Plaintiff can establish the amount of its lost profits with reasonable certainty.

For Plaintiff to establish the amount of its lost profits with reasonable certainty, it must prove that a reasonable person would be satisfied that the amount of lost profits which it may be entitled to recover is not simply the result of speculation or guessing. Instead, Plaintiff must prove that there is some standard by which the amount of lost profits may be established. Plaintiff does not have to be able to prove that the amount of lost profits can be calculated with mathematical precision as long as it has shown there is a reasonable basis for determining the amount of the loss.

**3.8 Duty to Deliberate When Only the Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**S5 -Note-taking**

You've been permitted to take notes during the trial. Most of you - perhaps all of you - have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

**3.9 Election of Foreperson Explanation of Verdict Form[s]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.