### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| BPI SPORTS, LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>THERMOLIFE INTERNATIONAL, LLC,<br>MUSCLE BEACH NUTRITION, LLC,<br>and RONALD L. KRAMER,<br><br>    *Defendants*. | CASE NO. 0:19-cv-60505-RS |

### DECLARATION OF MATTHEW J. DOWD IN SUPPORT OF
### DEFENDANTS' RENEWED MOTION FOR ATTORNEYS' FEES AND COSTS

I, Matthew J. Dowd, hereby declare, under penalty of perjury, as follows:

1. I am a founding and managing partner of Dowd Scheffel PLLC ("Dowd Scheffel"), located in Washington, DC. Along with local counsel Reed Smith LLP, Dowd Scheffel now represents Defendants ThermoLife International, LLC, Muscle Beach Nutrition, LLC and Ronald L. Kramer, (hereinafter, collectively referred to as "Defendants") in the above-referenced action. I make and submit this declaration in connection with Defendants' Motion for Attorneys' Fees and Costs pursuant to pursuant to 35 U.S.C. § 285, 15 U.S.C. § 1117(a), and Fed. R. Civ. P. 54(d)(2), and as a sanction pursuant to 28 U.S.C. § 1927.

2. Defendants seek an initial award of $1,559,597.17 in reasonable attorney's fees including non-taxable costs incurred in the course of defending Defendants against this action brought by Plaintiff in federal district court. The identified fees are associated with the successful defense of this matter. Defendants are reserving their right to seek additional fees associated with

this briefing and post-trial briefing occurring during November and December 2021. Given that the preparation of the motion and supporting declarations and evidence occurred during these months and are still on-going , Defendants' counsel are working on end-of-month and end-of-year administrative matters. If the Court grants an award of fees and/or costs, Defendants' counsel can meet and confer with Plaintiff's counsel in order to reach agreement on additional fees and/or costs that should be granted.

3.  The full amount of fees and costs should be awarded as an appropriate sanction under 35 U.S.C. § 285, 15 U.S.C. § 1117(a), and 28 U.S.C. § 1927. Plaintiff's conduct in the litigation unnecessarily prolonged the case and forced Defendants to expend significant resources leading up to and through a five-day jury trial.

4.  From the outset of Dowd Scheffel's involvement, we identified the serious legal and factual deficiencies with Plaintiff's case. Plaintiff, based on its perception of the case, refused to acknowledge these major legal and evidentiary flaws. As a result, BPI forced the parties to unnecessarily present the case to the jury. The result was very much what we (as Defendants' counsel) expected to happen and what we explained to BPI's counsel.

5.  The jury found no liability for Defendants on the claim of false patent marking, D.E. 332 and D.E. 333. Additionally, the jury did not award Plaintiff any damages on the claims of Lanham Act false advertising or common law unfair competition. D.E. 332.

6.  As a result, Defendants seek a determination that this case is exceptional, at least since the involvement of Dowd Scheffel, and Defendants therefore seek an award to compensate for the attorneys' fees and costs expended by Dowd Scheffel and local counsel (Reed Smith) from the time that Dowd Scheffel assumed the role of Defendants' lead trial counsel, as set forth in more detail below.

7.  The requested fees were all incurred in response to Plaintiff's action alleging that Defendants violated 35 U.S.C. § 292 for false patent marking, as well as acts of false advertising and unfair competition under 15 U.S.C. §1125(a) and Florida common law. None of the fees incurred and being sought by Defendants' motion were unnecessary to achieving the success for Defendants.

8.  The fees described below were all incurred by counsel for Defendants (Robert J. Scheffel, Anthony Son, our associate Elliot Gee, our law clerk Kisa Motiwala, and me). Dowd Scheffel were engaged to assist with the present case for Defendants in June 2021. Dowd Scheffel assumed primary responsibility for all aspects of the case on or about the time that Defendants' prior counsel, Gregory Collins, withdrew from this case, on August 10, 2021 (at the first calendar call). I have remained lead counsel of record for Defendants since that time, working with attorneys and law clerks at Dowd Scheffel, as well as local counsel Reed Smith.

**Billing Records and Practices**

9.  Dowd Scheffel PLLC is a law firm with its office in Washington, D.C. I formed Dowd Scheffel with Robert Scheffel, with whom I worked at a well-known law firm, Wiley Rein LLP, in Washington, D.C. for several years. Mr. Scheffel and I both clerked for different judges on the U.S. Court of Appeals for the Federal Circuit. More details can be found on our firm's website at www.dowdscheffel.com. We both have specialized in intellectual property issues and civil litigation in United States District Courts for well over a decade each. Biographies for Mr. Scheffel and me outlining our educational and professional experience are in **Exhibits 32 and 33** to the Declaration of Robert J. Scheffel.[1]  Mr. Anthony Son also worked with us at Wiley Rein LLP for many years. His biography is included as **Exhibit 34.**

---

[1] The referenced exhibits are the exhibits attached to the declaration of Robert J. Scheffel.

3

10. Each individual who performed professional services for Defendants in this action maintained detailed time records of the services rendered and the time expended on a daily basis. With respect to Dowd Scheffel's time, these records are maintained in firm-billing software by Dowd Scheffel in the ordinary course of business and later used to create bills for clients.

11. Below is a summary table of the hours billed by Dowd Scheffel timekeepers from when Dowd Scheffel was engaged for the matter.

| Timekeeper | Month | Hours Billed | Rate | Amount Billed | Total Hours |
|---|---|---|---|---|---|
| Matthew J. Dowd | June | 6.6 | $650 | $348,270 | 535.8 |
| | July | 48 | | | |
| | August | 73.1 | | | |
| | September | 139.6 | | | |
| | October | 268.5 | | | |
| Robert J. Scheffel | June | 3 | $650 | $278,785 | 428.9 |
| | July | 6.5 | | | |
| | August | 50.5 | | | |
| | September | 112.9 | | | |
| | October | 256 | | | |
| Anthony Son | June | | $580 | $298,932 | 515.4 |
| | July | | | | |
| | August | 100.5 | | | |
| | September | 162.5 | | | |
| | October | 252.4 | | | |
| Elliot Gee | June | | $300 | $120,480 | 401.6 |
| | July | 2.5 | | | |
| | August | 72.1 | | | |
| | September | 106.9 | | | |
| | October | 220.1 | | | |
| Kisa Motiwala | June | | $300 | $117,390 | 391.3 |
| | July | 17.8 | | | |
| | August | 53.8 | | | |
| | September | 98.7 | | | |
| | October | 221 | | | |
| | Totals | 2273 | | $1,163,857 | |

Dowd Scheffel reserves the right to supplement this summary and the relevant billing records to reflect additional time spent working on this matter after trial and in preparing this and other post-trial motions.

12. The records for the fees for the Reed Smith LLP professionals were provided to me by Ana Marie Barton, Esq. of Reed Smith LLP. Robert Scheffel and I worked with Ms. Barton to identify the fees specific to this matter. Those fees amount to $ 157,319.50. These fees account for 319.60 hours of billable work by Reed Smith LLP, including Ana Maria Barton, Edward Mullins, and various paralegals and associates and are attached as an exhibit. Below is a summary table of the hours and effective rates for Ms. Barton and Reed Smith throughout this case.

| Timekeeper | Title | Hours Billed | Effective Rate | Amount Billed |
|---|---|---|---|---|
| Ana Barton | Counsel/Associate | 166.6 | $ 526.53 | $ 87,720.50 |
| Ed Mullins | Partner | 70.8 | $ 620.65 | $ 43,942.00 |
| Paralegals | | 73.2 | $ 289.87 | $ 21,218.50 |
| Associates | | 9 | $ 493.17 | $ 4,438.50 |
| **Totals** | | **319.6** | | **$ 157,319.50** |

13. Prior to making this declaration, Robert Scheffel and I (along with other Dowd Scheffel team members) reviewed the time entries and invoices, including the contemporaneous, daily time entries for those professionals who performed services for Defendants in this matter.

## ATTORNEY EXPERIENCE LEVELS AND BILLABLE RATES CHARGED

14. Based upon my experience (further detailed below) and personal knowledge, the hourly rates charged by Dowd Scheffel in this case are comparable, and in some cases less than, the rates charged by other firms of comparable reputation and expertise. The rates are comparable to the standard rates of Plaintiff's counsel.

15. <u>Matthew J. Dowd (partner).</u> I am an experienced trial and appellate lawyer with extensive intellectual property experience in the United States District Courts. Exhibit 32. I have substantial experience with intellectual property litigation and appeals. *Id.* I clerked for Chief Judge Paul R. Michel (ret.) of the U.S. Court of Appeals for the Federal Circuit. *Id.* I

6

have been lead counsel handling this action subsequent to withdrawal of prior counsel Gregory Collins.  I also have an advanced experience in medicinal chemistry having spent four years in a Ph.D. program, studying pharmaceutical drug design, organic chemistry, and pharmacology.  My rate on this matter is $650.00, which is my standard rate per hour.

16.     Set forth below is a table showing my standard billable rate (pre-discount), the negotiated rated for the Defendants for this action, the Legal Service Index ("LSI") adjusted Laffey Matrix available at http://www.laffeymatrix.com/see.html, and the 2019 AIPLA Report of the Economic Survey.  A copy of the Laffey Matrix is attached as **Exhibit 101**.

| Name | Rate | 2021 |
|---|---|---|
| Matthew J. Dowd | Standard Rate for this Action | $650.00 |
|  | LSI *Laffey* Matrix | $764 (11-19 years) |
|  | 2019 AIPLA RATE – third quartile (15-24 years) | $650 |

17.     <u>Robert J. Scheffel (partner).</u> Mr. Scheffel is an experienced trial and appellate lawyer with extensive intellectual property. **Exhibit 33**.  Mr. Scheffel clerked for Judge Arthur Gajarsa (ret.) of the U.S. Court of Appeals for the Federal Circuit.  *Id.* Mr. Scheffel has also worked on this case since the engagement by Defendants.  Mr. Scheffel has a degree in chemical engineering from the University of Colorado, with a minor in biochemistry.  His rate on this matter is $650.00 per hour, which is his standard rate.

18.     Set forth below is a table setting forth Mr. Scheffel's standard billable rate (pre-discount), negotiated rated for the Defendants for this action, the Legal Service Index ("LSI") adjusted Laffey Matrix, and the 2019 AIPLA Report of the Economic Survey.

| Name | Rate | 2021 |
|---|---|---|

7

| Robert J. Scheffel | Standard Rate for this Action | $650.00 |
|---|---|---|
|  | LSI *Laffey* Matrix | $764 (11-19 years) |
|  | 2019 AIPLA RATE – third quartile (15-24 years) | $650 |

19.     Anthony Son (of counsel): Mr. Son is an experienced trial and appellate lawyer with extensive intellectual property experience in the United States District Courts. **Exhibit 34**. Mr. Son earned his J.D. from the Yeshiva University Benjamin N. Cardozo School of Law in 1997 and has been practicing in the area of intellectual property law for nearly 25 years.  His rate on this matter is a negotiated $580, less than his normal rate.

20.     Set forth below is a table setting forth Mr. Son's negotiated rate for the Defendants for this action, the Legal Service Index ("LSI") adjusted Laffey Matrix, and the 2019 AIPLA Report of the Economic Survey.  See **Exs. 31, 101**.

| Name | Rate | 2021 |
|---|---|---|
| Anthony Son | Negotiated Rate for this Action( | $580 |
|  | LSI *Laffey* Matrix | $717/742 (11-19 years) |
|  | 2019 AIPLA RATE – third quartile (15-24 years) | $650 |

21.     Kisa Motiwala was a law clerk at Dowd Scheffel.  Ms. Motiwala worked on and assisted with all aspects of the Firm's legal practices.  She provided key support for legal research, managing discovery, drafting motions, and counseling clients. Ms. Motiwala earned her Juris Doctor degree in 2020 from The George Washington University Law School, with a Concentration in Business & Finance Law.  Ms. Motiwala was the Managing Editor of the Federal Circuit Bar Journal, one of the nation's leading law journals on patent and other intellectual property issues.  Ms. Motiwala was also a Competition Chair for the Moot Court

Board, the Vice President of the Mock Trial Board, a member of the Alternative Dispute Resolution Board, and Vice President of the Anti-Corruption & Compliance Association.  Shortly after graduating from law school, Ms. Motiwala was an intern for the Office of White House Counsel, as part of The White House Internship Program.  As an intern, she conducted legal research and drafted memoranda on various issues for agencies' and principals' review, including Executive Branch Government Ethics and Gift rules, conflicts of law issues, the Presidential Records Act, religious liberty, the Establishment Clause, FOIA, and the scope of law enforcement power.  She also reviewed documents identified in response to FOIA requests for application of statutory exemptions, including attorney-client and attorney work product privilege.  She also conducted open-source background and case research to support review of clemency petitions. Additionally, Ms. Motiwala compiled summaries of daily news alerts relating to nominees and their confirmations in preparation for Senate hearings.  During law school, Ms. Motiwala was a student attorney at GW Law School's Criminal Appeals & Post-Conviction Services Clinic.  As part of that clinic, she drafted opening and reply briefs in criminal cases with issues ranging from the denial of a motion to suppress evidence obtained in violation of the Fourth Amendment to incorrect jury instructions related to flight.  She also analyzed appellate records, identified relevant facts and legal issues, and researched issues under Maryland state law.  Ms. Motiwala also argued before a three-judge panel of the Maryland Court of Special Appeals while a student attorney. Beyond that, Ms. Motiwala participated in the U.S. Securities & Exchange Commission's Student Honors Program and was a law clerk for the U.S. Department of Justice's Narcotic and Dangerous Drug Section. She also interned at the State of Florida's Office of the Attorney General.  Prior to law school, Ms. Motiwala graduated from Florida Atlantic University and received her Bachelor of

Arts, magna cum laude, in Criminal Justice, at the age of 17. Ms. Motiwala has taken and passed the New York Bar Exam and is awaiting formal admission. Ms. Motiwala's rate for this matter was $300 per hour.

22.     Mr. Elliot Gee has been a law clerk/associate with Dowd Scheffel PLLC for approximately twenty months and is now admitted to the California bar. Mr. Gee graduated with honors from The George Washington University Law School in 2020. While in law school, Mr. Gee was a Thurgood Marshall Scholar. He was also an associate editor of the American Intellectual Property Law Association Quarterly Journal, one of the nation's leading law journals on patent and other intellectual property issues. Mr. Gee was also a member and treasurer of the Corporate and Business Law Association at GW Law School. While Mr. Gee was in law school, he was a student attorney for GW Law School's Vaccine Injury Litigation Clinic. As a student attorney, Mr. Gee represented clients in cases involving vaccine injuries, interviewed clients to determine case merit, discussed case strategy with clients and prepared clients for testimony, reviewed extensive medical records to develop factual theories of the case, briefed other attorneys and immunology experts on these findings, and prepared, reviewed, and filed motions and petitions on the client's behalf. During law school, Mr. Gee was a clerk at a D.C. law firm, where he gained substantial experience in many aspects of litigation and corporate work, including assisting attorneys with the drafting of articles of incorporation and bylaws of corporations and assisting with the drafting of addenda to a large real estate company's purchase and sales agreement forms.

23.     Ms. Ana Barton is a counsel with the law firm of Reed Smith LLP in Miami, Florida. Reed Smith LLP is a well-respected international firm with a substantial practice in intellectual property issues. Ms. Barton has extensive litigation experience. A copy of her firm

biography is included as **Exhibit 37**. Ms. Barton currently bills at an hourly rate of $550. Her effective rate for this case was approximately $526 per hour.

24. Mr. Edward Mullins is a partner with the law firm of Reed Smith LLP in Miami, Florida. Mr. Mullins is an experienced litigation partner. A copy of his firm biography is included as **Exhibit 38**. Mr. Mullins currently bills at an hourly rate of $655. His effective rate for this case was approximately $620 per hour.

25. Prior to our involvement, Defendants were represented by Gregory Collins of Kercsmar Feltus & Collins PLLC. Mr. Collins's biography is attached as **Exhibit 39**. I have reviewed the invoices of Kercsmar Feltus & Collins PLLC. While Defendants incurred approximately $450,000 in legal fees from Mr. Collins's firm, Defendants do not seek fees for that work.

26. Similarly, Defendant Muscle Beach Nutrition was represented by the law firm of Turner Friedman for a period of time during discovery. I have reviewed the invoices of Turner Friedman's fees and costs, and they total approximately $57,303.

27. The fairness and appropriateness of the hourly rates in this section are reflected, in part, in the 2019 American Intellectual Property Law Association ("AIPLA") Report of the Economic Survey. **Exhibit 31.** This report is a survey of costs, fees, income and other economic information conducted bi-annually by the AIPLA which sets out hourly rates for intellectual property attorneys by type of practice and location of primary place of work. *Id.*

28. As reflected in the AIPLA Economic Survey, hourly rates of intellectual property attorneys having the experience level of Mr. Dowd, Mr. Scheffel, and Mr. Son (i.e., 15-24 years) range from $375-$650 with a median of $448 and a mean of $505. **Exhibit 31**. With specific respect to rates for intellectual property attorneys in the Southern District of

Florida, AIPLA groups Miami and Fort Lauderdale, Florida, in the Metro Southeast category. *Id.* The hourly rates for intellectual property attorneys in this region range from $292-$746 with a median of $375 and a mean of $418. *Id.*

**Expenses/Non-Taxable Costs**

29. Defendants are further requesting non-taxable costs in connection with the motion. A summary of these costs is included in the table below. Exhibits including invoices for these expenses and costs are attached as **Exs. 76-98**.

| **Hotel Expenses –** | |
|---|---|
| Dowd Scheffel | |
| Hotel deposit 10/9 | $4,000.00 |
| Conference room rental 10/19-10/23 | $4,732.56 |
| Conference room rental 10/8-10/19 | $10,563.10 |
| Team stay from 10/8-10/23 | $34,704.62 |
| | |
| ThermoLife | |
| Alexandros Nikolaidis hotel | $564.69 |
| **Airfare** | |
| MJD travel to FL | $358.00 |
| MJD travel from FL | $264.00 |
| RJS, and EG return from FL Oct. 22 | $519.80 |
| RJS trip to FL Oct. 5 | |
| AS trip to FL | $262 80 |
| AS trip from FL | $297.80 |
| KM trip to FL Oct. 5 | $289.98 |
| KM trip from FL | |
| EG trip to FL | $274.98 |
| | |
| Ron – UAL LAX to FL | $452.40 |
| Ron – Return to LAX | $377.40 |
| | |
| Alexandros – LAX to FLL First Trip | $218.40 |
| Alexandros – FLL to LAX First Trip | $35.00 |
| Alexandros – LAX to FL Second Trip | $474.40 |
| Alexandros – FLL to LAX Second Trip | $243.40 |
| Keegan travel expenses | |
| **Taxi Fees** | |
| 10/24 MJD home | $27.38 |
| 10/21 from Court | $6.50 |

| | |
|---|---|
| 10/21 to Court | $8.66 |
| 10/20 from Court | $6.00 |
| 10/20 to Court | $6.00 |
| 10/20 from Court | $7.03 |
| 10/20 to Court | $8.40 |
| 10/19 from Court | $8.40 |
| 10/19 to Court | $16.00 |
| 10/16 from Court | $9.70 |
| 10/16 to Court | $9.79 |
| 10/15 from Court | $29.23 |
| 10/14 from Court | $8.67 |
| 10/14 to Court | $8.42 |
| 10/8 | $14.52 |
| 10/7 | $8.67 |
| | |
| **Meals** | |
| Firm Card – Hyatt Centric | $165.89 |
| | $128.28 |
| 10/15 | $48.87 |
| 10/10 | $61.36 |
| | |
| **UPS Shipping Costs** | |
| 10/23 Costs to ship work product to DC by UPS Ground | $1,815.04 |
| | |
| **Trial Presentation Costs/Fees** | |
| Digital Evidence Group. Trial Presentation Services.  Inv No 21-31074. | $54,108.80 |
| | |
| **Expert Costs/Fees** | |
| Thomas Bannister | |
| Fees | $68,609.36 |
| Expenses | $322.60 |
| | |
| Mark Keegan | |
| Fees | $34,499.50 |
| Expenses | $900 |
| | |
| Ronald Kramer – Trial Prep in Washington DC | |
| Hotel – Hyatt Regency Sept. 6-9 | $467.79 |
| Hotel – AC Hotel Sept. 24-27 | $661.69 |
| | |
| **Misc. August Charges** | |
| Printing/Shipping | $429.91 |
| Food | $471.08 |
| Total | $900.99 |

|  |  |
|---|---|
| **Misc. September Charges** |  |
| Printing | $110.57 |
| Equipment (Verizon) | $423.99 |
| Food | $691.30 |
| Total | $1,225.86 |
|  |  |
| **Misc. October Charges** |  |
| Printing/ Shipping | $5,053.61 |
| Equipment | $2,195.28 |
| Hotel/Travel | $748.51 |
| Food | $2,255.60 |
| Total | $10,253.01 |
|  |  |
| **Legal Research Fees** |  |
| August | $1,171.89 |
| September | $777.56 |
| October | $777.58 |
| November | $2,970.71 |
|  |  |

30. These costs relate to hotel costs for trial in Fort Lauderdale, airfare, meals, taxi fees, shipping costs to return materials from trial, trial technology presentation fees, expert fees and costs for Defendants' experts Dr. Thomas Bannister and Mark Keegan, miscellaneous copying and printing, meals prior to trial, and legal research fees.

31. With respect to experts, Dr. Thomas Bannister was Defendants' primary expert witness in the case. He prepared an expert report and was present at trial, where he provided live testimony. Dr. Thomas Bannister is a renowned medicinal chemist at Scripps Institute. His hourly rate for consulting in this case was $550/hour. Based on my many years of litigation experience and working with experts in many other cases, Dr. Thomas Bannister's rate is reasonable given his level of experience. A summary of his expert fees and any expenses incurred by Dr. Thomas Bannister are set forth below. The invoices are attached as **Exhibits 48-50**.

| Dates | Invoice No. | Expense(s) | Cost |
|---|---|---|---|
| 4/30/2021 – 10/22/2021 | Invoice #1(2020) | Expert witness consulting, deposition and deposition preparation, drafting of expert report | $14,000 |
| 9/19/2021- 10/21/2021 | Invoice #2 (2020) | Expert witness consulting, laboratory work, reference samples, HPLC & NMR work, CRO work | $18,359.36 |
| 9/29/2021 – 10/20-2021 | Invoice #1 (2021) | Expert witness consulting: trial preparation and trial | $36,250 |
| 10/10/2021 – 10/20/2021 | Invoice #2 (2021) | Out-of-pocket travel expenses | $322.60 |
| **Total Amount** | | | **$68,931.96** |

32. Mark Keegan was Defendants' expert witness on marketing. Mr. Keegan prepared an expert report, but BPI never deposed Mr. Keegan. Mr. Keegan was present at the first day of trial until it became apparent (only after the testimony of BPI's expert witness Dr. Steve Bannister) that BPI suddenly chose not to pursue most of the causes of action under their false advertising and unfair competition claims. At that time, Mr. Keegan's testimony was no longer necessary to defend against BPI's claims and would have been outside the scope of the Court's order. Mr. Keegan's firm Keegan & Donato Consulting, LLC's hourly rate for consulting in this case was $450/hour. Based on my many years of litigation experience, working with experts, Mr. Keegan's rate is reasonable given his level of experience. A summary of his expert fees, and expenses incurred with respect to Mr. Keegan's consulting fees are set forth below. The invoices are attached as **Exhibits 53 and 54**.

| Date of Invoice | Invoice No. | Expense(s) | Cost |
|---|---|---|---|
| 5/13/2020 | 11236 | Expert witness consulting; expert witness document review; drafting of expert report | $12,499.50 |
| 9/24/2021 | N/A | Expert witness consulting; preparation for trial testimony; expected trial testimony | $22,000 |
| **Total Amount** | | | $34,499.50 |

33.    Defendants also filed a Bill of Costs and supporting documentation on December 1, 2021. D.E. 366. Pursuant to Court Order (D.E. 406), Defendants renewed this Bill of Costs on October 21, 2022. To the extent that any of the costs sought in Defendants' bill of costs filed on October 21, 2022 are disallowed, Defendants respectfully submit that those costs also be awarded as part of Defendants' motion for attorneys' fees.

34.    Per Local Rule 7.3(a)(4), Defendants engaged Dowd Scheffel and Reed Smith to represent them on a standard engagement agreement, with fees billed based on hours expended and applying the legal professional's standard hourly billable rates.

35.    Exhibit 75 (submitted in connection with the present motion) is a letter sent to Mr. Hillyer while the jury was deliberating. The substance of the letter accurately documents my interaction with Mr. Hillyer, including his raised voice at the courthouse. After returning inside the courthouse, I was later informed that one or more members of our trial team heard Mr. Hillyer yelling at me while he and I were outside.

## CONCLUSION

36.    For the foregoing reasons, as well as the reasons stated in Defendants'

accompanying memorandum of law, I respectfully submit that the Court should award Defendants, as prevailing party in this action, $1,559,597.17 in reasonable attorney's fees including non-taxable costs. To the extent the Court concludes that certain costs submitted as taxable costs are not allowable under Section 1920, then Defendants request leave to request those costs as prevailing parties, per the present motion.

37. I further submit that the Court should award fees and costs associated with briefing the present motion, and any other post-trial motions, in an amount to be determined at a later date.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 21, 2022.

> By: /s/ Matthew J. Dowd
> Matthew J. Dowd
> Dowd Scheffel PLLC
> 1717 Pennsylvania Avenue, NW,
> Suite 1025
> Washington, D.C. 20006
> rscheffel@dowdscheffel.com
> (202) 559-9175
>
> *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 21, 2022, the foregoing document was served via email to counsel or parties of record.

                                                */s/Matthew J. Dowd*
                                                Matthew J. Dowd