# EXHIBIT 1

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| 2. | 08/06/21 | Matthew Dowd | N | ○ "as you know, Defendants filed their opposition to Plaintiff's motion for leave to present remote testimony of Dr. Bannister. We ask that Plaintiff reconsider its unreasonable position. Plaintiff's calculated and belated request will unfairly prejudice Defendants and will cause havoc with the trial." | | ○ "we would ask that, during the meet and confers, you maintain a civil tone . . . During the last two, you became surprisingly aggressive and interrupted us repeatedly. During our second call, your tone changed immediately when we declined to simply agree to your eleventh-hour request for remote testimony. During our most recent call, you unnecessarily raised your voice and interrupted numerous times. We are simply asking that you discuss these matters in a civil tone and that you be considerate by not interrupting us when we are talking (as we have been doing for you)." | |
| 3. | 08/06/21 | Matthew Dowd | N | ○ "on short notice, you make demands of complying with arbitrary deadlines. That type of approach is not reasonable and is not productive. Your arbitrary demands and unsupported accusations are only slowing the process." ○ "your preliminary list of exhibits that you provided on Monday was inconsistent with the court's order, and it has required substantial | | ○ "You are entirely misrepresenting even our brief entry into this case. We have met and conferred with you in good faith, only to be continually interrupted during the calls. We add that we are taken aback even by the tone of this email, in which you accuse us of taking a "dilatory approach." Such attacks are entirely uncalled for." | |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| | | | | work to correct the confusion caused by Plaintiff's erroneous proposal." | | | |
| 4. | 08/06/21 | Matthew Dowd | N | | | ○ "In connection to the Exhibit Notebook, you write: "We told you last week what we planned to do and you did not object." This completely misrepresents the substance of our call on July 30. That call was in fact Dowd Scheffel's first meet and confer with you and Mr. Hillyer. During the call, you and Mr. Hillyer made certain proposals about the Exhibit Notebook. Even during that call, it wasn't entirely clear what you were proposing. Notwithstanding the lack of clarity, we responded that we would look forward to the proposal ,. . . We would have gladly reviewed and considered Plaintiff's proposal on Friday of last week or over the weekend, if it had been sent to us promptly. On top of that, it was only yesterday when the parties corrected the initial confusion and misunderstanding caused by your proposal, which we received on Monday. In any event, Defendants are continuing to review | |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| | | | | | | the details of the proposal, as clarified yesterday, and we expect to provide our further corrections in short order.  We again ask that you refrain from the attacks and misstatements so that Defendants can provide the requested information and documents as soon as possible." | |
| 5. | 08/07/21 | Matthew Dowd | Y | ○ "BPI has incorrectly argued that it can recover damages based on Defendants' profits. BPI's argument is legally unsupported, and BPI has incorrectly represented to the court the import of a district court case addressing § 292."<br><br>○ "BPI's proposed instruction does not include all of the requirements under 35 U.S.C. § 292 to establish a claim for false patent marking. For example, BPI's proposed jury instruction fails to even mention that BPI must prove that it "suffered a competitive injury" as a result of the alleged false marking and the amount, if any, "damages adequate to compensate for the | | ○ "BPI's argument offers no valid support that its damages may be based on "the enrichment by ThermoLife." First, 35 U.S.C. § 292(b) expressly limits the damages to the "competitive injury" sustained by BPI and does not extend to any alleged "enrichment by ThermoLife." Id."<br><br>○ "Third, in this case, BPI is not a competitor of defendants in the creatine-nitrate market. Being a competitor in the relevant marketplace is a requirement for a party to establish the elements of patent false marking under § 292. Sukumar v. Nautilus, Inc., 785 F.3d 1396, 1400 (Fed. Cir. 2015)"<br><br>○ "BPI has incorrectly argued that ThermoLife can be liable under § 292 for third party marking | ○ "We write concerning several legally flawed positions advocated by BPI on patent false marking under 35 U.S.C. § 292. It appears that BPI was able to proceed through much, if not all, of the litigation by advancing theories that are atextual, unsupported by precedent, and lack any good-faith basis for an extension of the law. In general, BPI's legal arguments on § 292 are objectively unreasonable. Defendants reserve their right to seek attorney's fees and costs pursuant to 35 U.S.C. § 285."<br><br>○ "Given the infirmities with BPI's legal arguments, ThermoLife asks that BPI immediately confirm that (1) BPI will not be seeking enrichment or ThermoLife's profits as its damages for the alleged false patent marking; (2) |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| | | | | injury." 35 U.S.C. § 292(b)". | | activity. See, e.g., D.E. 239, at 9 ("Whether Defendants falsely marked the products of ThermoLife licensees, including Cellucor, through their NO3-T.com website."). With this argument, BPI is essentially making an argument of vicarious liability for false patent marking. As you know, the court has already rejected this theory of liability in connection with a Motion To Dismiss The Amended Complaint Or In The Alternative To Transfer To The District Of Arizona." ○ "When, as in this case, there are other patents (not alleged to be falsely marked) that cover the "unpatented article," then BPI must show that the falsely marked patents deterred market entry, "but that---for [i.e. "but for"] some other reason" the other patents did not deter market entry. Id." | BPI will not argue that Defendants are liable for any alleged false patent marking by licensees, and (3) BPI agrees that it must prove that it suffered a competitive injury but for the false marking and the amount of BPI's damages, if any, as a result of the injury. To the extent that BPI do not do so, Defendants will be seeking fees and costs recoverable under 35 U.S.C. § 285." |
| 6. | 08/09/21 | Matthew Dowd | N | | ○ "It is intriguing that you have yet to respond to our earlier email (from Saturday afternoon) about our changed circumstances. Please let us know when you are available for a meet and confer this | | |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| | | | | | morning.  Since Greg states he is unavailable, Javier, please let us know when you are available." | | |
| 7. | 08/09/21 | Matthew Dowd | N | ○ "I don't know how you can know what our various situations have been.  But for you to suggest that Defendants' trial team should travel just days after being exposed to a confirmed COVID infection demonstrates an astounding reckless disregard for other people's safety.  And for what?  Simply because you are concerned that Defendants' trial team will have a so-called "magnificent gift of additional trial time"?" | | | ○ "Your response that you "have not yet had time to download and read it" is equally concerning.  And as you know, I emailed you a copy of the motion this morning at 1:50 AM.  You did not have to download anything.  For you to make the accusations and assertions below—all without taking a minute to even skim the motion—leaves us speechless and utterly disappointed. Finally, you are demonstrably incorrect with your statement that we "will know definitively by the end of the week whether [we] have contracted COVID."  I would ask that you to do further research before making any additional medical-based statements. |
| 8. | 08/09/21 | Matthew Dowd | N | ○ "As you know (or would know if you have read the motion), the events that have transpired over the past two days have caused Defendants' counsel to have to work remotely, which is not surprisingly introducing its own | | | |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| | | | | hurdles. We would have expected Plaintiff's counsel to at least understand that situation and work with us. Instead, you appear set on filing documents with the court before they need to be filed." | | | |
| 9. | 08/09/21 | Matthew Dowd | N | | o "Notwithstanding the continuing issues with our COVID-related development, and notwithstanding Plaintiff's counsel's refusal to return our calls to discuss the COVID issue as well as outstanding issues about the documents that need to be filed with the court, Defendants are continuing to prepare and revise the drafts as necessary." | o "Second, Plaintiff's proposed times for direct examination and cross-examination appear to be wildly unrealistic, given the estimate of five days for trial (which itself may be too much). Defendants request a call to discuss Plaintiff's basis for the unrealistic proposed times." | |
| 10. | 08/09/21 | Matthew Dowd | N | o "We understand that, for two straight days, given our COVID emergency, both you and Greg have declined repeated requests for a simple telephone call to discuss the outstanding issues. Your position, while disappointing, is clear. We were apparently mistaken to expect a little professional courtesy in view of | | | |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| | | | | these extraordinary circumstances." | | | |
| 11. | 8/9/21 | Robert Scheffel | N | | | o "With respect to Mr. Kramer, as we noted and discussed on an earlier call, and as you acknowledged, the ruling on summary judgment concerning the alter ego issue results in Plaintiff having no legally cognizable claim against Mr. Kramer. Thus, entry of judgment against Mr. Kramer is correct. To the extent you are now changing your agreement, please provide us with your basis that Mr. Kramer should remain a defendant in his personal capacity." | o "To the extent you are now changing your agreement, please provide us with your basis that Mr. Kramer should remain a defendant in his personal capacity. Please note that Mr. Kramer will be seeking, at a minimum, all reasonable attorney's fees and costs from this point on in the case if Plaintiff does not agree." |
| 12. | 8/9/21 | Robert Scheffel | N | | | o "With respect to your unnecessarily combative response concerning the footnote we sought to include, we would point you to DE 239 (the Joint Pretrial Stipulation). We note in that joint submission BPI insisted on including numerous footnotes setting forth its positions, despite Defendants' disagreement. Thus, your suggestion that nothing goes in a joint submission unless the parties agree is not even consistent with your own | |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| | | | | | | conduct in the present case." | |
| 13. | 08/11/21 | Matthew Dowd | Y | o "We further note that, in BPI's email yesterday to Judge Valle, BPI presented an entirely different position on COVID than what BPI argued before Judge Smith just hours earlier. In the email, BPI acknowledged "the difficulties presented by COVID." This new assertion is a complete about-face compared to BPI's opposition to Defendants' expedited motion for a continuance. BPI's about-face further demonstrates the complete unreasonableness of BPI's tactics during the past several days. | o "Rather than agree to meet and confer on Defendants' situation, BPI refused to even acknowledge Defendants' multiple requests. By refusing to meet and confer—and refusing to even acknowledge Defendants' COVID-related emergency situation— BPI unnecessarily and unreasonably increased fees and costs incurred by Defendants." | | o "Defendants will be reserving its rights to seek fees and costs attributable to such unreasonable conduct. See, e.g., Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs., Inc., 858 F.3d 1383, 1390 (Fed. Cir. 2017) ("[I]n the absence of evidence demonstrating that [Plaintiff] engaged in reasonable conduct before the District Court, the undisputed evidence regarding [Plaintiff's] vexatious litigation warrants an affirmative exceptional case finding here."); Monolithic Power Sys., Inc. v. O2 Micro Int'l, Ltd., 726 F.3d 1359, 1367 (Fed. Cir. 2013) (affirming the district court's award of attorney's fees based on "an overall vexatious litigation strategy and numerous instances of litigation misconduct")." |
| 14. | 08/12/21 | Matthew Dowd | N | | o "Putting aside your invectives and erroneous statements below, please let us know when you are available to meet and confer." | | |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| 15. | 08/12/21 | Matthew Dowd | N | | o "In any event, as you know, Dowd Scheffel is now lead counsel on this matter.  It would be helpful for lead counsel for the parties to discuss the status of settlement, the status of Ronald Kramer as a defendant, the jury instructions, and other matters. While we do not expect that Plaintiff will agree with Defendants' positions on many of these matters, a telephone conversation is an eminently reasonable request—one we have made multiple times so far. Please let me know when you are available today." | o "Thank you for the update concerning your location. Based on this new information, your email yesterday was factually inaccurate, as you had informed us that you would respond "after [you] touch down in Washington."  Since we now know that you were not traveling to Washington, D.C. yesterday, we can only presume that you had other reasons for leading us to believe that you were traveling yesterday. Further, given that you are in Florida this week and that trial in this matter has been continued, we presume that you will have time for a call today." | |
| 16. | 08/12/21 | Matthew Dowd | N | | o "I write on behalf of Defendants and in response to Plaintiff's email below. My firm Dowd Scheffel is now lead counsel for the Defendants, and we will continue to work with Defendants' local counsel Reed Smith.  As your Honor may be aware, the Court granted Defendants' expedited motion to continue the trial, over Plaintiff's objections.  Defendants' motion was based on COVID-related issues.  I | | |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| | | | | | attach a copy of the Court's paperless order from yesterday. Defendants are amenable to a settlement conference by remote videoconference. Defendants are currently awaiting a response from Plaintiff's counsel on a time to meet and confer, as instructed by the Court's order." | | |
| 17. | 08/12/21 | Matthew Dowd | N | ○ "Thank you for finally responding with a proposed time. While it is unreasonable on Plaintiff's part to unnecessarily delay a straightforward call until next week, we do appreciate your decision to reconsider Plaintiff's prior refusal to provide us a time for a call. A call over the weekend would have avoided unnecessary work on a Defendants' motion, as well as other matters." | | | |
| 18. | 08/16/21 | Matthew Dowd | N | ○ "For future meet and confers, we again ask that your refrain from interrupting us. It is not productive, and this is not the first time we have made this request."<br><br>○ "During the call, I noted that Defendants | | ○ "Thank you for the new information concerning Plaintiff's changed position on Mr. Kramer as a personal defendant. Given this new position and given your retraction of your prior agreement that there were no remaining claims against | |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| | | | | had previously emailed and requested that Plaintiff provide its basis for why Mr. Kramer should remain a defendant in this case in his individual capacity.  You interrupted while I was talking and demanded that I identify the email where Defendants had requested that information, implying that Defendants had not previously made such a request by email." | | Mr. Kramer personally in view of the summary judgment ruling, Defendants must reassess the positions on the pending motions and other outstanding items.  Defendants request that Plaintiff provide legal support for its new position against Mr. Kramer." | |
| 19. | 09/07/21 | Matthew Dowd | N | ○ "Just as importantly, since the meet and confer on July 30, the court granted Defendants' motion to continue the trial, which BPI unreasonably opposed.  In the order granting Defendants' motion to continue the trial, the parties were "ordered to meet and confer within thirty days to address and attempt to resolve any outstanding issues." D.E. 272.  "Any outstanding issues" necessarily included the outstanding issue concerning attorney's fees.  Rather than meet and confer on the | | ○ "We also note that, on August 20, you filed BPI's supplemental memorandum (D.E. 278) in connection with the requested attorney's fees.  This filing appears to be yet another unnecessary and inaccurate filing by BPI.  Whether intentional or not, the certification is, at a minimum, misleading and inaccurate. Your certification states: "Although BPI's counsel provided an overview of Local Rule 7.3 during the teleconference, defense counsel issued no objections to the Supplement."  That statement incorrectly indicates that Defendants | |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| | | | | outstanding attorney's fees issue—and in direct violation of the court's order—you filed the supplemental memorandum with an inaccurate and misleading certification. BPI's decision to file the supplemental memorandum was entirely unreasonable." <br><br> ○ "We ask that you refrain from making any further inaccurate statements. We also ask that BPI reconsider its tactics and instead work with Defendants so that the parties can comply with the Court's order." | | had no objections to the Supplement. You know, of course, that your assertion is not true." <br><br> ○ "During the meet and confer, we asked you whether there was any deadline for filing the supplemental memorandum, and you told us that there was no set deadline. With that understanding, we informed you that we would review the draft supplemental memorandum (and supporting information), which you had sent only the day before. We agreed to continue the meet and confer on the attorney's fees issue until a later date, so that we could assess whether Defendants had any objections to the requested fees. Since that meet and confer, you had not contacted us again to continue the meet and confer about the attorney's fees or to inquire about Defendants' position." | |
| 20. | 09/07/21 | Matthew Dowd | N | | | ○ "Fourth, it is plain from the court's order that "[a]ny outstanding issues" means "any outstanding issues." We know of no other way to reasonably understand that phrase. That plain meaning necessarily includes the | ○ "We have merely identified numerous instances in which BPI is proceeding based on objectively unreasonable interpretations and applications of the law. As you know, a party that presses a case based |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| | | | | | | outstanding issue concerning attorney's fees. For at least this reason, your certification was incorrect that the parties had complied with the parties' obligation to undertake a good-faith effort to resolve the fee issue by agreement. See S.D. Fla. L.R. 7.3(b). You did not follow up on the fee issue before filing the supplemental motion, notwithstanding your knowledge that Defendants were considering your draft request and notwithstanding the Court's intervening order to meet and confer on "[a]ny outstanding issues." We will be prepared to discuss the requested attorney's fees during the meet and confer tomorrow so that the parties can comply with their respective obligations to meet and confer in good faith." | on an unreasonable interpretation of the law can be liable for attorney's fees under the Lanham Act and the Patent Act. Defendants are simply putting BPI on notice of the objectively unreasonable positions and the possible consequence of being liable for Defendants' attorney's fees." |
| 21. | 09/08/21 | Matthew Dowd | N | ○ "Defendants have requested the continued meet and confer several times now. Rather than simply accept a time to discuss the remaining issues by phone in an efficient manner, BPI continues to lodge | ○ "Rather than subject ourselves to further unfounded accusations attacking our correspondence, and in the interest of discussing issues efficiently, Defendants maintain that the parties should continue the meet and | | |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| | | | | unnecessary accusations, including of "obfuscat[ion]" and committing "an endless parade of hollow accusations." In an earlier email, you accused us of "wast[ing] resources with emails and letters ginning up controversy and threatening sanctions." Your continued hyperbolic accusations are not productive and, quite frankly, troubling and concerning." | confer by phone, as originally agreed. Regarding the agenda, as you know, the court instructed the parties to meet and confer on "any outstanding issues."" | | |
| 22. | 09/08/21 | Matthew Dowd | N | ○ "Again, your response below confirms that your unnecessarily lengthy emails (including multiple mischaracterizations below) are counterproductive. We have simply asked for time to talk through the issues, as we have done with opposing counsel in every other case we have litigated. BPI has declined and instead has hurled vexatious accusations." | | ○ "To correct once again one item in your email, Defendants did not "decline[] to discuss anything relating to the Court's order during the last call." Instead, BPI had changed its position concerning Mr. Kramer as a defendant. In light of that changed position, we informed you that Defendants would have to reassess the remaining issues and that we would resume the meet and confer once BPI was able to provide some basis for its new position on Mr. Kramer. You agreed to provide that explanation for BPI's changed position and to identify case law that you believe supports | |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| | | | | | | BPI's new position regarding Mr. Kramer.  Only after the parties suspended the meet and confer did BPI provide its explanation, albeit based on flawed legal and factual analyses in two separate emails from you and Javier." | |
| 23. | 09/10/21 | Matthew Dowd | N | | ○  "This is at least the second instance during Dowd Scheffel's short tenure in this case in which BPI counsel refused to make themselves available to discuss issues and to work together in good faith.  BPI's refusal to discuss by phone is unnecessarily increasing Defendants' costs for defending an already objectively unreasonable case." | | |
| 24. | 09/11/21 | Matthew Dowd | | ○  "Not surprisingly, your email yesterday (below, at 7:51 PM) is incomplete and inaccurate. While Defendants appreciate BPI's removal of a handful of its unsupported and meritless objections, BPI appears to be simply papering the record by inserting the meaningless phrase "request | ○  "The mere pasting of that phrase does nothing but increase Defendants' expenses and fees, as we are forced to review a meaningless document.  Again, the present exchange exemplifies why meeting and conferring by phone would avoid unnecessary expenses (now imposed by BPI's refusal to discuss)." | | |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| | | | | reconsideration" numerous times." <br><br> ○ "As we wrote yesterday, it appeared that the vast majority of your added text (in red) was simply the phrase "Request reconsideration." Having reviewed the document in further detail, it appears you have inserted the phrase "requested consideration" over 85 times throughout a document that is just over 8 pages long. All those insertions lack any intelligible explanation. Despite our best efforts, we are not mind readers, and we cannot guess the reasons underlying BPI's insertion of the phrase more than 85 times." | ○ "BPI's approach is not a good-faith effort to meaningfully discuss and meaningfully narrow the disputes. We are also surprised by your dramatically changed tenor and BPI's exponentially increasing resistance to work together. During the first call between BPI's counsel and Dowd Scheffel, as our firm transitioned into the case, you noted your willingness to provide us any documents which we may not have. Now, however, your willingness to work together has long faded, and BPI's counsel refuses to continue the telephonic meet and confer that the parties started." | | |
| 25. | 09/11/21 | Matthew Dowd | N | ○ "We have reviewed in detail the transcript of Mr. Ettinger, and your repetition of the phrase "requested consideration" over 85 times without explanation remains unintelligible. Further, your assertion that we have not reviewed Mr. Ettinger's transcript is yet another assertion made in bad faith, as | ○ | ○ "Thank you for not disagreeing about our assessment that you have inserted the phrase "requested consideration" over 85 times without further explanation throughout your document that is just over 8 pages long." | ○ |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| | | | | you certainly cannot know what Defendants' counsel has or has not reviewed." | | | |
| 26. | 09/11/21 | Matthew Dowd | N | | | ○ "Thank you again for not disagreeing with our assessment below. We of course will continue to keep our correspondence focused on the litigation, as we have done throughout. We will continue to identify the legal and factual flaws in Plaintiff's case that make continued litigation objectively unreasonable." | |
| 27. | 9/12/21 | Matthew Dowd | Y | ○ ██████████ | ○ ██████████ | ○ ██████████ | ○ ██████████ ○ ██████████ |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| | | | | ███████ | | | ███████ |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| | | | | | | |  |
| 28. | 09/13/21 | Matthew Dowd | N | | o "Defendants will also understand that, unless you state otherwise, BPI is refusing to meet and confer as requested in our letter. Defendants note that your continued refusal to meet and confer on this issue lacks any reasoned basis and is further evidence of Plaintiff's vexatious litigation conduct." | | o "It is entirely frivolous you to disagree with all the factual assertions made in the letter.  Unless you state otherwise, Defendants will understand that BPI is refusing to provide the requested confirmations, as set forth in our letter." |
| 29. | 9/13/21 | Elliot Gee | Y | o "additional unreasonable positions BPI has advanced in connection to its claim of patent false marking under 35 U.S.C. § 292." <br> o "points detailed herein further confirm hat BPI is proceeding on a legally flawed and objectively unreasonable position." <br> o "it is plain that BPI's so-called "screen captures (compiled below)" graphic is an | | o "In this instance, BPI represented to the court that the above graphic was the "screen captures of Defendants' websites." *See* D.E. 247 at 3. BPI further represented to the court that the "screen captures" "serve as Exhibit 97" of BPI's trial exhibits. *See id*. Neither of these statements is a factually accurate assertion. <br> o "BPI's theory [of false patent marking] has no basis in the law, and BPI has failed to rebut | o "This clear fabrication is a total creation of BPI. As BPI no doubt is aware, courts have the inherent power to sanction parties who conduct litigation in bad faith and perpetrate a fraud on the court." <br> o "Defendants again ask BPI to immediately withdraw its false patent marking claim. If BPI does not do so, Defendants will be seeking fees and costs recoverable under 35 U.S.C. § 285." |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| | | | | intentionally misleading fabrication apparently intended to give the false impression that ThermoLife is falsely marking creatine nitrate products with the '074 patent." | | Defendants' arguments explaining why BPI's legal position is objectively unreasonably and unmoored from any precedent." <br><br> ○ "We further note that BPI is advancing yet another frivolous argument. BPI seemingly contends that even ThermoLife's current website is engaging in false marking with respect to the '074 patent. There is no basis in law or fact for such an argument, and BPI's position is therefore frivolous." | |
| 30. | 9/13/21 | Kisa Motiwala | Y | | ○ ■■■■■■■■ | ○ ■■■■■■■■ <br><br> ○ ■■■■■■■■ | |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| 31. | 9/14/21 | Elliot Gee | Y | ○ "Our review of the record indicates that BPI has improperly attempted—and may improperly attempt—to use the website revision as evidence of liability, at least for the false patent marking claim. Any such argument by BPI, if advanced at trial, would be equally improper." | ○ "While we continue to remain open to having a telephonic and/or in-person meet and confer to discuss the deposition designations and other evidentiary issues for the upcoming trial, we write separately to raise an issue concerning BPI's improper attempt to use ThermoLife's subsequent remedial measures to clarify its patent markings to prove BPI's false patent marking claim."<br><br>○ "If, however, BPI is unable to reach an agreement on the proper use of ThermoLife's subsequent remedial measures, we are available to meet and confer on this issue later today or any time this week. To the extent BPI continues to decline to participate in telephonic meet and confers, then we will proceed to seek appropriate guidance from the court." | | |
| 32. | 09/14/21 | Matthew Dowd | N | ○ "If we have set forth any facts in our multiple letters (to which BPI has not substantively responded or disputed) that you believe are incorrect, Defendants | | | |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| | | | | ask that BPI promptly identify any such facts. We have reviewed our correspondence carefully, in part because you have repeatedly accused Defendants' counsel of making misrepresentations without identifying any such misrepresentations. Rather than engage or respond in good faith, you simply tell us, "[F]ind more productive uses of your time." That type of vexatious and unreasonable response speaks for itself." | | | |
| 33. | 09/14/21 | Matthew Dowd | N | | ○ "We appreciate your desire to get this finished on your timeline. If it were so pressing, we would have expected you to send a draft long before 5 PM today. Of course, you could have called to discuss any issues, and that would have streamlined the process." | | |
| 34. | 09/14/21 | Matthew Dowd | N | | | | ○ "Your proposed edit is fine. Please proceed to file. Defendants will include the separate point, along with your correspondence, in the |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| | | | | | | | upcoming motion for sanctions." |
| 35. | 09/14/21 | Matthew Dowd | N | | ○ ███████ | ○ ███████ | |
| 36. | 09/15/21 | Matthew Dowd | N | ○ ███████ | | | ○ ███████ |
| 37. | 09/16/21 | Matthew Dowd | N | | ○ ███████ | ○ ███████ | |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  | ■■■■■ | ■■■■■ |  |
| 38. | 9/17/21 | Robert Scheffel | N |  |  | ○ ■■■■■ | ○ ■■■■■ |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| | | | | | | ███████ | |
| 39. | 9/30/21 | Kisa Motiwala | Y | | ○ "We write to request a telephonic meet and confer to discuss through the various issues yet to be resolved for the upcoming trial. As you know, the trial may begin as early as October 12, 2021. Of course, the court may grant Defendants' motion to start trial during the second week of the two-week trial period. Regardless, the parties have numerous issues to address to minimize unnecessary disruptions during the trial. You have sent numerous recent emails which raise questions about, for example, deposition designations, trial exhibits, and estimated witness testimony times."<br><br>○ "While you have previously noted, on several occasions, your refusal to participate in a telephonic meet and confer, we hope that you reconsider that position. In our experience, open communication between the parties' counsel is necessary to avoid raising unnecessary disputes with the court, | | |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| | | | | | particularly during leading up to a jury trial." | | |
| 40. | 09/30/21 | Matthew Dowd | Y | ○ "Take, for instance, BPI's purported attempt to narrow its objections to Defendants' deposition designations. As explained in our email correspondence on September 10-11, 2021, BPI did little more than simply insert the meaningless phrase "Request reconsideration" in a list of Defendants' deposition designations. BPI inserted the phrase more than 85 times throughout a document just over 8 pages long. Those insertions lack any intelligible explanation. Despite our best efforts, we remain unable to read your mind to divine your basis for requesting reconsideration. <br><br> ○ "Equally vexatious are BPI's boilerplate objections to Defendants' deposition designations." | ○ "We are disappointed and troubled that BPI continues to refuse to meaningfully meet and confer on the outstanding trial issues. In your email, you point to the alleged "work product" you have sent, but unfortunately, much of it is indecipherable—hence our request for a telephonic or in-person meet and confer." | ○ "BPI's continued assertion of patent false marking against Mr. Kramer personally is baseless and unreasonable." | |
| 41. | 09/30/21 | Matthew Dowd | Y | ○ "Your interpretation of Statement of Agreed Issues of Law, No. 13 is similarly incorrect | ○ "Defendants submit that the parties would be able to resolve or narrow the remaining objections via | ○ "First, your email addresses some remaining objections, but it fails to address all applicable | |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| | | | | and unreasonable. We explained this—almost two months ago—and you have not disputed our explanation. As we wrote on August 7, 2021: Defendants further note that Plaintiff appeared to shoehorn its incorrect legal theory into the "Agreed Issues of Law" in the Joint Pretrial Stipulation. D.E. 239, at 14 (Agreed Issue of Law 13). In this vaguely worded "issue," the only reasonably correct reading of the "agreed issue of law" is that "unjust enrichment" and "lost profits" are related to BPI's revenues. To the extent that BPI contends that Agreed Issue of Law 13 means that BPI can base its alleged damages calculation, i.e., "damages adequate to compensate for the injury," BPI is wrong as a matter of law, and Defendants request a meet and confer prior to the Calendar Call so that this issue can be raised and/or resolved at the Calendar Call. | phone. But as we have noted elsewhere, BPI has repeatedly refused to meet and confer by phone or in-person. As such, BPI's correspondence continues to be incomplete, unsupported, and unproductive.<br><br>○ "As always, Defendants remain willing to reconsider any objections if BPI is willing to meet and confer in good faith. Indeed, if we have misunderstood the intended message of your email, we would welcome a call to clarify. We look forward to hearing from you. | objections. Defendants understand that BPI's decision to not address all applicable objections to be confirmation that BPI does not meaningfully disagree with those unaddressed objections. Thus, Defendants request that BPI withdraw such deposition designations accordingly, given that BPI has not disputed the unaddressed objections." | |
| 42. | 09/30/21 | Matthew Dowd | Y | ○ "Our letters have been matter-of-fact, non- | | ○ "Your email incorrectly asserts that you have | |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| | | | | accusatory explanations of, for example, why BPI's refusal to meet and confer in good faith is counterproductive and constitutes unreasonable litigation conduct and why your emails are incomplete, conclusory, and/or incorrect. Your responses have offered little more than blanket disagreements, such as "[w]e disagree with the balance of your letter." Again, having a conversation to discuss the apparent points of disagreement would be a far more productive use of the parties' time and resources." | | informed Defendants "why the remaining objections were misplaced." As we detailed in one of our letters earlier today, BPI has failed to address the substance of many of the outstanding objections to the deposition designations. Instead, your email is filled with unexplained and unsubstantiated assertions. We will not repeat those explanations here."<br><br>o "Defendants disagree with your statement that "Defendant [sic] lost on its [sic] Daubert motion." That statement is factually wrong and misunderstands the holding of the court. We can be available for a meet and confer tomorrow afternoon if you would like to discuss further." | |
| 43. | 10/1/21 | Kisa Motiwala | Y | | o "The pre-trial record does not make it clear what Exhibit 1 is. Indeed, Exhibit 1 in our production appears to be a graphic of unknown origin. Defendants therefore request a meet and confer so that we can understand what exactly Exhibit 1 is." | o "As you know, Defendants retained our firm to assume lead-counsel role in this litigation. Since then, our firm has devoted significant hours reviewing the record, analyzing BPI's legal arguments (many of which are unreasonable and legally unsupported), making good-faith efforts to address the unresolved evidentiary disputes, and undertaking numerous | |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| | | | | | | other tasks in preparation for trial." | |
| 44. | 10/01/21 | Matthew Dowd | N | ○ "For weeks, BPI has refused to meet and confer by phone. Now, at the eleventh hour, BPI changes its position, seemingly because it suits BPI's counsel. The conduct of BPI's counsel is the epitome of vexatious, unreasonable litigation conduct." | | ○ "While we look forward to the photographs of the purported label and the purported product (and any other items associated with Exhibit 1), your email responses raise several new and troubling concerns. For instance, the email today is the first time you have revealed to us that Exhibit 1 is not an actual item that a consumer would view. No consumer would view a label removed from the actual product (assuming that even is an accurate representation of Exhibit 1)." | |
| 45. | 10/01/21 | Matthew Dowd | N | | ○ "From your email, we understand that BPI is now changing its position—yet again—and doing a complete reversal of its position stated today, all within about two hours. Defendants now understand that BPI is no longer willing to meet and confer on Monday, October 4, even though BPI agreed at 1:37 PM today to meet and confer on Monday (and only after multiple requests from Defendants to meet and confer)." | ○ "In any event, we look forward to receiving the photographs BPI has promised to provide. Please provide a date and time certain by which BPI will produce the promised photographs. BPI's delay in providing this promised information (as well as BPI's late disclosure about the purported label separated from the product) is prejudicing Defendants' ability to prepare for trial." | |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| 46. | 10/1/21 | Kisa Motiwala | Y | ○ "In response to BPI's shifting positions, Defendants explained that such conduct is relevant to an assessment of BPI's unreasonable litigation." | ○ "For instance, BPI simply has no reasonable basis to not participate in a telephonic meet and confer to address the outstanding trial preparation issues. See Email from G. Hillyer (Oct. 1, 2021) (acknowledging that "a teleconference" "would be productive"). Defendants respectfully ask that BPI focus on the merits of the case and reconsider its newly reinstated blanket refusal to meet and confer." | ○ "BPI completed a complete reversal of its position stated today, all within about two hours. Defendants now understand that BPI is no longer willing to meet and confer on Monday, October 4, even though BPI agreed at 1:37 PM today to meet and confer on Monday (only after multiple requests from Defendants to meet and confer). BPI offered no reasonable explanation for its once-again changed position." <br><br> ○ "In the same email, Defendants also identified problematic issues associated with Exhibit 1. BPI has yet to meaningfully address those issues. Nor has BPI provided the promised photographs of the item(s) that purport to be Exhibit 1." | ○ "Indeed, the unreasonableness of a party's litigation conduct is a factor that courts consider when awarding attorney's fees. BPI's conduct and unreasonable refusal to discuss outstanding issues are wholly relevant to BPI's overall unreasonable litigation tactics." |
| 47. | 10/1/21 | Robert Scheffel | N | ○ "We also request that you reconsider the laundry list of objections and provide us with more specific objections so that the parties can meaningfully meet and confer as to these designations." | | | |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| 48. | 10/02/21 | Robert Scheffel | Y | ○ "First, welcome to the litigation, and congratulations on your recent graduation from American University Washington College of Law. I hope you had the opportunity to take courses with Professor Jonas and Adjunct Professor Stroud while you were in school. As a friendly professional pointer, you may want to consider D.C. Bar Rule 49 to the extent you are not yet admitted to the D.C. Bar. We were not able confirm that you are so admitted. Defendants are pleased to correspond with you concerning the legal issues in the present case, but Defendants want to ensure that all involved are in compliance with the applicable D.C. Bar rules. | ○ "Defendants will consider BPI's newly disclosed explanations and will respond as quickly as possible. From our initial review, it again appears that a phone call would be the most efficient way to completely address the issues. Please let us know if you are amenable for a call." | ○ "Second, in response to your detailed email of October 1, 2021, Defendants note that your attached document now includes additional purported justifications for BPI's request to withdraw Defendants' objections. These new purported justifications certainly could have been disclosed long before the Friday evening just prior to the scheduled calendar call." | |
| 49. | 10/02/21 | Matthew Dowd | Y | | ○ "As Defendants noted, your attached document included additional purported justifications for BPI's request to withdraw Defendants' objections. Defendants are working their way through BPI's new justifications. Again, a | ○ "Second, regarding Transcript 67:16-68:8, BPI's response to the outstanding objections is insufficient and misplaced. Exhibit 9 is hearsay, and the cited deposition testimony does not overcome the objection. Mr. Kramer did not admit | |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| | | | | | phone call would be more efficient, but we respond in part at this time. | that the Exhibit is a true and correct copy of ThermoLife's litigations. Tr. ("I don't recall ever seeing this exhibit . . . ."). Thus, there is no foundation for Exhibit 9 to be entered into evidence." | |
| 50. | 10/02/21 | Robert Scheffel | Y | | | ○ "As Defendants noted, the document attached to your email included additional purported justifications for BPI's request to withdraw Defendants' objections. Your email itself included elaborations that Defendants have long been requesting. Defendants are working their way through BPI's new justifications and elaborations. Please consider this letter in the context of our earlier letters today."<br><br>○ "Given BPI's late disclosure of these new explanations, Defendants cannot guarantee that they will be able to provide written responses to all such outstanding issues prior to the calendar call. In the interest of avoiding the need to raise issues with the court—including BPI's refusal to meet and confer by phone or in-person—Defendants again suggest a meet and confer on Monday, October 4, 2021 (as BPI had | |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| | | | | | | suggested but later withdrew). | |
| 51. | 10/02/21 | Robert Scheffel | Y | o "Your email is non-responsive to Defendants' letter and provides no explanation for your assertion that you "disagree with the remaining factual and legal assertions" in Defendants' letter." | o "Federal courts across the country have explained that a party's meet-and-confer obligation is not satisfied by conclusory statements without explanation. Indeed, this is so plain that it needs no further explanation. Even so, Defendants provide one such example where a court has explained that meet-and-confer rules require that a party "must 'personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention.'" Franklin v. Arguello, No. 3:15–cv–00196–RCJ–WGC, 2018 WL 1124951, at *2 (D. Nev. Mar. 1, 2018) (quoting ShuffleMaster, Inc. v. Progressive Games, Inc., 170 F.R.D. 166, 171 (D. Nev. 1996))." <br><br> o "Defendants kindly ask that BPI state with specificity any factual or legal disagreements it has with Defendants' correspondence. If BPI has a reasonable disagreement, it must provide the specifics so | | |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| | | | | | that Defendants can attempt to address any disputes. Otherwise, it is fair to understand that there are no reasonable disagreements. Of course, BPI could obviate any misunderstanding on its part by withdrawing its refusal to meet and confer by phone or in-person. Defendants again propose a meet and confer on Monday, October 4, 2021 (as BPI had suggested but later withdrew). | | |
| 52. | 10/02/21 | Matthew Dowd | Y | | ○ "Given BPI's recent offer to meet and confer and then its sudden refusal to do so, Defendants will unlikely be able to address, in writing, all applicable objections to BPI's exhibits. Indeed, without the parties discussing the issues in a meet and confer, it is impossible for Defendants to fully understand BPI's positions." | | |
| 53. | 10/02/21 | Matthew Dowd | Y | | ○ "In your email, you asserted that "the only fair approach is for Defendants to provide exactly what they demanded from BPI—namely, an explanation of the admissibility of each designation on an | | |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| | | | | | objection-by-objection basis." Defendants are more than happy to provide their explanations of the admissibility. As Defendants have previously explained, Defendants are willing to meet and confer to discuss the deposition designation. Please let us know if BPI is willing to meet and confer." | | |
| 54. | 10/03/21 | Matthew Dowd | Y | | ○ "Defendants believe that they have reasonably complied with their discovery obligations. For instance, Plaintiff is requesting sales and revenue information for the period ending September 30, 2021. Plaintiff's request is not reasonable. See Fed. R. Civ. P. 26(b)(1). We remain willing to meet and confer on the issues raised in Mr. Sobrado's email, as well as the other issues Defendants have identified." | | |
| 55. | 10/3/21 | Robert Scheffel | Y | ○ "Similarly, BPI's response about Dr. Chamberlain's declaration is equally flawed. Defendants have not waived any objections to Exhibit 96. BPI has not identified any case law | ○ "First, given the timing and BPI's refusal to discuss the other issues concerning deposition designations and exhibits, Defendants do not expect to continue with the written correspondence. Specifically, BPI's | ○ "In response to your email, BPI now proposes creating new documents and exhibits by excising large portions of BPI's identified exhibits. For instance, BPI now proposes deleting sixty-two pages of the sixty- | |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| | | | | establishing that Exhibit 96 is not hearsay or otherwise admissible." | correspondence is filled with non-specific boilerplate. By way of example, BPI claims that it has the right to use a hearsay expert report for "any other applicable reasons," yet BPI identifies no such reasons. Inserting that type of boilerplate is not productive and does not satisfy BPI's obligation to meet and confer in good faith. BPI's refusal to meet and confer by telephone is unreasonably increasing time and expense for Defendants. Nonetheless, Defendants' remaining willing to talk through the various remaining issues." | four-page Exhibit 81. BPI's new proposed exhibit is objectionable because it is incomplete and for other reasons." | |
| 56. | 10/3/21 | Robert Scheffel | Y | | ○ "Although BPI declined to work with Defendants when BPI submitted its own statement, Defendants are reaching out again to work together so that the parties can comply with the court's order. To that end, please find attached a draft concise, non-argumentative statement of the case." | | |
| 57. | 10/4/21 | Kisa Motiwala | Y | ○ "Defendants believe that the prior jury verdict forms are flawed for several reasons and that the | | | |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| | | | | attached proposed jury verdict form should be used, particularly in view of the court's orders on summary judgment and other recent rulings." | | | |
| 58. | 10/04/21 | Matthew Dowd | N | | | ○ "BPI notes that discovery has been closed for some time in this case. Given that, Defendants do not understand what BPI means by "simply an update" when referring to a new document that apparently adds new evidence to the case." | |
| 59. | 10/04/21 | Matthew Dowd | | | ○ "Your email includes too many misstatements and unclear assertions for Defendants to fully understand BPI's position and the basis for its email. Defendants therefore request a telephonic meet and confer. Robert and I just called you. We left you a voicemail. Your recording said you would get back to us "as soon as [you] can."" | | |
| 60. | 10/04/21 | Robert Scheffel | Y | | | | ○ "In fact, we cannot recall a single incident in our years of litigating intellectual property cases and other civil actions in which opposing counsel has flatly refused to discuss issues by telephone or in |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| | | | | | | | person. We will leave it to the court to assess any ramifications of such conduct, but please be assured that Defendants remain available to meet and confer by phone on any outstanding issues. Given the late date vis-à-vis the trial schedule, it is not efficient or productive to try to set forth and explain all the possible nuances to potential evidentiary objections. Indeed, courts expect counsel to talk to each other and work together to ensure an orderly presentation of the evidence so that the factfinder can make the proper decision. BPI's across-the-board refusal to talk is hampering and hindering that objective. |
| 61. | 10/04/21 | Matthew Dowd | Y | | | | ○ "In fact, when calling you, we obtained your phone number by searching "hillyer legal" via Google. If Defendants wasted more time on this issue, we suspect that your firm information (including your personal cell phone) would be provided in other public listings in connection with your legal practice." |
| 62. | 10/04/21 | Matthew Dowd | N | | | | ○ "If you want to convey a different message that you |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| | | | | | | | won't call us back "as soon as possible," you may want to consider changing your voicemail message. One might say it's almost a form of false advertising." |
| 63. | 10/06/21 | Elliot Gee | Y | o "boilerplate objections"<br>o "objections to pages 4-13 of Defendants' disclosed demonstratives cite to no rule or precedent to support its "objection."" | o "If BPI wishes to meet and confer in order to discuss any such objections, Defendants remain willing to do so. Indeed, after BPI's multiple refusals to meet and confer, the court has ordered BPI to do so. If BPI declines the invitation to meet and confer on this issue, Defendants will understand that BPI is waiving and/or withdrawing any objections to Defendants' demonstratives." | | o "Defendants expect BPI counsel to be prepared to discuss all outstanding issues necessary for an orderly presentation of the case before Judge Smith and the jury. These issues include objections to deposition designations, objections to trial exhibits, witness presentation, expected evidence and testimony to be presented, and other issues as captured in the parties' correspondence." |
| 64. | 10/06/21 | Matthew Dowd | N | | | o "You filed the motion before we had an opportunity to respond. We expected to respond during the meet and confer today. In any event, Defendants of course do not oppose, and Defendants would not make their consent contingent on reciprocity." | |
| 65. | 10/6/21 | Elliot Gee | Y | o "Today, you stated that you were "not at liberty to discuss" the basis for refusing to | o "The parties agreed to continue the telephonic meet and confer tomorrow to discuss any | | o On this point, BPI represented that, as of the meet and confer, BPI could not say if Dr. Steve |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| | | | | accept service of the subpoena for Mr. Ettinger. BPI's and your positions on Mr. Ettinger's availability is entirely unreasonable. BPI's refusal to discuss the matter during today's court-ordered telephonic meet and confer is unduly multiplying costs for Defendants." | remaining issues that might be resolved before noon, in compliance with the Court's order. See D.E. 304." | | Bannister will agree to attend the trial in view of today's order from the court denying BPI's motion to permit remote testimony. Defendants ask that BPI provide an update on this issue as soon as possible, and no later than close of business on Thursday, October 7, 2021.<br>o "Defendants will pursue an alternative means of serving the subpoena on Mr. Ettinger, and Defendants intend to seek relief from the court." |
| 66. | 10/07/21 | Matthew Dowd | N | | | o "As a follow-up to our letter of last night, Defendants ask the BPI confirm that it will withdraw its threat to move to strike Defendants' revised jury verdict form.  See Email from G. Hillyer (Oct. 4, 2021, at 5:53 PM). During the meet and confer yesterday, BPI did not identify anything that was erroneous with Defendants' revised jury verdict form."<br>o "Additionally, based on the meet and confer, Defendants understand that BPI has withdrawn its threat to move to strike Defendants' Revised Joint Assessment.  As I noted | |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| | | | | | | during the meet and confer, BPI did threaten to move to strike that submission. See Email from G. Hillyer (Oct. 4, 2021, at 8:43 PM)." | |
| 67. | 10/07/21 | Elliot Gee | Y | o  "Your email attached a newly disclosed document (see attached) that has not been included on Plaintiff's exhibit list, has not been disclosed to the court as a potential exhibit, and was not previously disclosed to Defendants until after noon today."<br><br>o  "BPI's belated and untimely production of a new exhibit is entirely improper. BPI produced this new document fewer than two business days prior to trial. BPI has no reasonable basis for doing so. | o  "Had BPI not unreasonably refused to meet and confer in the weeks leading up to trial, the parties would likely have been in a much different position. Instead, BPI refused to meet and confer by telephone—until being ordered to do so by the court. See D.E. 304."<br><br>o  "Until yesterday's court-ordered meet and confer, BPI never explained its position with respect to many of BPI's proposed trial exhibits. That lack of good-faith effort to resolve disputes is very likely the cause of some of the problems associated with BPI's newly disclosed document."<br><br>o  "While the untimely disclosure is, by itself, reason enough to exclude the evidence, Defendants remain willing to meet and confer on this new document. Please let us know when BPI is available to meet and confer by telephone." | o  For instance, much of the identified evidence involves facts that can easily be solicited through testimony of witnesses. Many of the identified paragraphs of the pretrial stipulation (D.E. 239) are duplicative of testimony to be presented at trial. Other paragraphs concern certain of BPI's proposed trial exhibits to which Defendants have objected. See, e.g., ¶ 12.<br><br>o  "Paragraph 25 is unduly prejudicial because, without context, it is likely to confuse the jury on a legal issue and offers an incomplete and thus incorrect legal assertion. Paragraph 25 provides no date certain when the '074 patent ceased to protect the composition of matter of creatine nitrate. All it provides is that the '074 patent "no longer protects." This statement without legal context is likely to confuse the jury and is unduly prejudicial."<br><br>o  "Other aspects of the newly identified exhibit are objectionable. | |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| | | | | | ○ "Indeed, during the meet and confer yesterday, BPI refused to identify a date when it believed the '074 patent's protection over creatine nitrate ceased. In response to our question, you refused to explain when the '074 patent rights over creatine nitrate expired. You refused to explain why those rights did not expire only as of the issuance of the reexamination certificate. Instead, you asserted that the patent marking should have ceased as early as 2013. Your nonresponse is not reasonable and further exemplifies BPI's unreasonable approach to litigating this matter." | Specifically, BPI's inclusion of ThermoLife's response to Interrogatory No. 1 is unduly prejudicial.BPI's inclusion of ThermoLife's response to Interrogatory No. 3 is unduly prejudicial." | |
| 68. | 10/07/21 | Elliot Gee | Y | ○ "Defendants also raised the issue of Defendants' highly confidential business information. Defendants are concerned that BPI wants its key executive, Chris MacKenzie, to have access to Defendants' highly confidential information. BPI offered no justification for its position, other than asserting that Mr. MacKenzie should | | ○ "Defendants await BPI's promised case law support. Defendants will endeavor to provide such cases as soon as possible. BPI declined to state a time by which it will provide its promised caselaw support." <br> ○ "Indeed, during the meet and confer, you contended that Demonstrative Pages 25-30 are not in the record and that you had not seen them before. BPI is incorrect. The images on those pages are drawn | |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| | | | | know the amount of potential damages. That goal can be accomplished without exposing Mr. MacKenzie to the full scope of Defendants' highly confidential information. Defendants request that BPI reconsider its unreasonable position so that the parties can approach the court with a reasonable proposal. | | from information in Mr. Keegan's expert report, and there is nothing objectionable to those slides. | |
| 69. | 10/07/21 | Robert Scheffel | N | | | ○ "Second, as discussed in the meet and confer, Defendants already provided supplemental documents updating this information. As Plaintiff acknowledged during last night's meet and confer, there are no remaining issues with respect to ThermoLife's P&L statement.  With respect to Muscle Beach's CRTN-3 sales, Plaintiff acknowledged we prepared information through July 31, 2021 and that ThermoLife updated its sales numbers through the beginning of 2021.  Plaintiff demands that Defendants supplement this information through the date of trial.  Such a request Is unnecessary and unreasonable." | |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| | | | | | | ○ "We will strive to provide that information before trial. Defendants maintain their objection that the sales item by detail for Muscle Beach's sales of CRTN-3 have no relevance and compiling that additional information is an unnecessary burden. Plaintiff has not provided a reasonable basis to require that additional detail." | |
| 70. | 10/8/21 | Kisa Motiwala | Y | | | ○ "Defendants have yet to receive a response from BPI about when BPI will be available to continue the telephonic meet and confer. BPI's refusal to reasonably respond and to continue the parties' telephonic meet and confer in a timely manner appears to be another instance of BPI's litigation tactics that are impeding Defendants' preparation for trial. Please propose times that BPI can be available." | |
| 71. | 10/8/21 | Robert Scheffel | Y | | ○ "The above-proposed instruction is entirely consistent with the court's ruling on summary judgment. If you disagree, Defendants request that BPI be prepared to discuss this issue during the continued, telephonic | | ○ "Prior to the court's order, BPI refused to meaningfully meet and confer on these issues. Defendants ask again so that Defendants can avoid seeking additional relief from the court." |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| | | | | | meet and confer. Defendants again ask Plaintiff to propose available times for the continued meet and confer." | | |
| 72. | 10/8/21 | Kisa Motiwala | Y | | ○ "In your email, your response to Defendants' request to continue the meet and confer is that "BPI is busy preparing for trial" and that "counsel for BPI is traveling today." These responses are not sufficient excuses for refusing to inform Defendants when BPI is available to continue the meet and confer, as ordered by the court." | ○ "Further, Defendants have not yet had a chance to meet and confer with Plaintiff concerning the pending motion for attorney's fees. Defendants would have liked to have raised it during the meet and confer on Wednesday and Thursday (October 6 and 7) of this week, but Mr. Hillyer seemed pressed for time. On Wednesday, Mr. Hillyer wanted to end the call early, but Defendants requested to continue the discussion to work through as many issues as possible. On Thursday, Mr. Hillyer appeared to have the same concerns. When discussing the various objections on exhibits during the meet and confer, Mr. Hillyer noted several times that he still had work to do on his testimony scripts for his witnesses." | |
| 73. | 10/08/21 | Robert Scheffel | Y | ○ "We write to concerning the inaccurate information that BPI has allowed to be filed with the court | ○ "While Defendants at this time do not ascribe any intent to the incorrect information BPI has permitted to be filed with | ○ "BPI was well-aware of the dispute concerning whether BPI would make Mr. Ettinger available for trial. BPI refused to accept | |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| | | | | with respect to the address of Derek Ettinger. Defendants are troubled that BPI would allow the parties to proceed with potentially inaccurate information, especially when BPI knows well that Defendants are relying on the potentially incorrect information. BPI's actions are impeding Defendants' ability to prepare for trial."<br><br>○ "Indeed, given that Mr. Ettinger is the Chairman of BPI Sports, LLC, and the fact that you included his address in the Rule 26(a) disclosures and the recent witness list as BPI's address (D.E. 311), BPI's refusal to accept service of a trial subpoena on Mr. Ettinger's behalf is entirely unreasonable. Based on the information available thus far, it appears that BPI is taking additional steps to unnecessarily and unreasonably increase Defendants' litigation costs." | the court, Defendants intend to address this issue when the parties reconvene their telephonic meet and confer." | service of a straightforward subpoena for his testimony. Worse, BPI refused to provide any basis or explanation for its refusal to make Mr. Ettinger available for testimony or for accepting service of the subpoena. At this point, it is not entirely clear if counsel for BPI continues to represent Mr. Ettinger in his personal capacity. Defendants request that BPI confirm whether its counsel are still representing Mr. Ettinger in his personal capacity."<br><br>○ "Further, because at least Mr. Hillyer has apparently been in communication with Mr. Ettinger (based on Mr. Hillyer's comments during the meet and confer), we ask that BPI immediately provide Mr. Ettinger's current location and address so that Defendants can serve the subpoena without further unnecessary cost." | |
| 74. | 10/9/21 | Robert Scheffel | Y | ○ "During the meet and confer, Mr. Hillyer claimed that such information is | ○ "Lastly, please let us know when BPI is available to continue our meet and confer with | | |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| | | | | supposedly relevant to whether Muscle Beach Nutrition has misreported certain financial information and that it relates to the sanctions motion. BPI's position on this is misplaced, and BPI's request unnecessarily burdens Defendants as the parties prepare for trial." | respect to trial issues. Despite multiple requests, BPI has yet to provide a time when the parties can continue their meet and confer." | | |
| 75. | 10/09/21 (Threatening BPI's counsel yet again) | Matthew Dowd | N | | | | ○ "BPI continues to misrepresent the transactions between Plaintiff and Defendants, as well as relevant facts of the case. Based on the below, we understand that BPI declines to continue the telephonic meet and confer. Defendants will advise the court accordingly." |
| 76. | 10/09/21 | Matthew Dowd | N | | ○ "Based on the below, we understand that BPI declines to continue the telephonic meet and confer and that the parties are at an impasse." | | |
| 77. | 10/10/21 | Kisa Motiwala | Y | | ○ "Your accusatory response in that email—which contrasts starkly with your tone during the telephonic meet and confer—is another reason why Defendants are requesting a telephonic meet and confer, in | | |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| | | | | | accordance with the court's order. *See* D.E. 304." | | |
| 78. | 10/11/21 | Elliot Gee | Y | ○ "BPI's continued refusal to accept service on its chairman and 30(b)(6) witness is unreasonable and unnecessarily forcing Defendants to incur expenses to ensure Mr. Ettinger's attendance at trial." | ○ "Accordingly, please confirm that BPI acknowledges service of the trial subpoena. Given the uncertain status concerning the start of trial, kindly let us know your availability to meet and confer to discuss the scheduling of Mr. Ettinger's testimony." | ○ "It appears that Mr. Ettinger has been attempting to evade service and that BPI has not cooperated in confirming that Mr. Ettinger will be made available to testify at trial." | |
| 79. | 10/11/21 | Kisa Motiwala | Y | | ○ "Furthermore, on multiple meet and confers, telephonic and written, BPI has represented to Defendants that, upon both parties reaching Florida, BPI would show Defendants what it has identified as Plaintiff's Exhibit 1 on its exhibit list, D.E. 311-1. BPI's counsel also represented that they were in transit to Florida on Friday, October 8, 2021. *See* Ltr. from J. Sobrado (Oct. 11, 2021). It has thus presumably been four days since BPI's legal team has been in Florida, yet BPI has failed to make Plaintiff's Exhibit 1 available for inspection. Kindly let us know your availability to meet in person so that Defendants | | |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| | | | | | are able to inspect Plaintiff's Exhibit 1 and determine whether objections to it should be withdrawn.<br><br>○ "Kindly let us know your availability to meet and confer telephonically and in person to address these and other potential issues. | | |
| 80. | 10/13/21 | Kisa Motiwala | Y | | ○ "Defendants also request that BPI's counsel make themselves available for a telephonic meet and confer about the timing of his testimony, given the current uncertainty of the start date for trial. The subpoena was dated for October 14 based on our best estimate as to the time of when Mr. Ettinger might take the stand. Clearly, with the intervening criminal trial, the date for Mr. Ettinger's testimony is uncertain. That is precisely the reason we have sought to meet and confer with you. Because BPI is unwilling to meet and confer to discuss scheduling his trial testimony, Defendants intend to seek immediate relief from the court so that BPI is compelled to make Mr. Ettinger available for his trial | ○ "As to the motion for sanctions, BPI has repeatedly refused to continue the telephonic meet and confer that was ordered by the court. BPI's position on this is misplaced and unnecessarily burdens Defendants as the parties prepare for trial." | |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| | | | | | testimony and any other appropriate relief." | | |
| 81. | 10/13/21 | Elliot Gee | Y | | ○ "Moreover, please let us know when BPI has time today or tomorrow to meet and confer in-person to finally resolve this issue. As we discussed previously, waiting for confirmation and inspection until the first day of trial is an unacceptable proposition and only serves to impair Defendants' trial preparation." | | |
| 82. | 10/14/21 | Elliot Gee | Y | | ○ "First, BPI continues its unwarranted attacks and accusations. Defendants asked for a simple telephonic meet and confer to discuss the new issues you have raised. Rather than a simple phone call, BPI responds with baseless accusations. See, e.g., Email from G. Hillyer (Oct. 10, 2021, at 10:52 AM) ("We do not wish to participate in this gamesmanship."). There is no gamesmanship. It is the simple reality that it is more efficient and less costly for our respective clients if counsel discuss issues. Defendants have made this plain." | ○ "Second, in terms of the specific requests, Defendants understand BPI's request to display demonstratives to the jury during opening statements. Defendants object to BPI's request, for reasons that should be obvious from our earlier correspondence and from our telephonic meet and confer." <br><br> ○ "Defendants further note that BPI's stated insistence of written correspondence for every single new issue raised by BPI does not appear to be, in fact, true. In your email, you claim that you "need Defendants' position in writing so we can advise the court of same." Not so. As you are inclined to point out, there is no such | |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| | | | | | | requirement. As Defendants previously explained to the court—and as the court agreed—these are issues that are more efficiently resolved by open discussions between counsel. Defendants remain disappointed that BPI refuses to talk—something that any experienced counsel knows is necessary as trial approaches. | |
| 83. | 10/16/21 | Elliot Gee | Y | | o "As we have repeatedly stated, it is far easier to talk through these topics, as opposed to exchanging lengthy letters, and Judge Smith clearly expects the parties' counsel to do so. Please let us know when you are available for a meet and confer today or tomorrow." | o "Given the parties' months-long discussions concerning Derek Ettinger's appearance at trial, we were quite surprised when Mr. Sobrado noted, for the first time, the details concerning the alleged end of BPI's relationship with Mr. Ettinger. Withholding that information has unduly complicated Defendants' trial preparation and your team's refusal to be forthcoming on this issue has unnecessarily increased the cost of litigation to Defendants." | |
| 84. | 10/17/21 | Matthew Dowd | N | | o "As an initial point, your claim that we left the courtroom without letting you know is demonstrably false, and we will file declarations | |

| Exhibit # | Date of Email: | Sender: | Letter (Y/N) | Accusations/Allegations | Weaponize the Local Rules | Misstatements | General Threats |
|---|---|---|---|---|---|---|---|
| | | | | | stating us much if you do not withdraw that assertion. Defendants ask one more time about a meet and confer, before we file a motion with the Court today.  Please let us know when you are available to meet and confer by phone today before 7 PM." | | |
| 85. | 10/21/21 | Matthew Dowd | Y | | | o "Also during the meet and confer, you claimed that you had a basis to argue for a "presumption" with respect to the intent to deceive element. You identified the stipulation concerning the inference on intent. I explained that an instruction identifying a legal presumption is significantly different than an instruction that allows the jury to make an inference. You responded by claiming that Defendants' position was "completely frivolous." | |

# EXHIBIT 2

| From: | **Matthew Dowd** <mdowd@dowdscheffel.com> |
|---|---|
| To: | **Gregory Hillyer** <ghillyer@hillyerlegal.com>; **jsobrado@brickellip.com** <jsobrado@brickellip.com> |
| CC: | **Cary A. Lubetsky** <cal@khllaw.com>; **'Mullins, Edward M. (MIA)'** <EMullins@reedsmith.com>; **Robert Scheffel** <rscheffel@dowdscheffel.com> |
| Subject: | Re: Comments on Joint Binder |
| Date: | 06.08.2021 14:13:04 (+02:00) |

Greg,

Thank you for the email yesterday.   We're working diligently to prepare the items noted below.   As I'm sure you can imagine, coming into the case at this stage involves a lot of review to ensure the case is ready for trial.

As a first point, we would ask that, during the meet and confers, you maintain a civil tone.   In the short time Dowd Scheffel has been involved in the case, we have had three calls with you.   During the last two, you became surprisingly aggressive and interrupted us repeatedly.   During our second call, your tone changed immediately when we declined to simply agree to your eleventh-hour request for remote testimony.   During our most recent call, you unnecessarily raised your voice and interrupted numerous times.   We are simply asking that you discuss these matters in a civil tone and that you be considerate by not interrupting us when we are talking (as we have been doing for you).

Second, as you know, Defendants  filed their opposition to Plaintiff's motion for leave to present remote testimony of Dr. Bannister.   We ask that Plaintiff reconsider its unreasonable position.   Plaintiff's calculated and belated request will unfairly prejudice Defendants and will cause havoc with the trial.   On top of that, and as Plaintiff's motion points out, the COVID-19 situation is worsening by the day in the Fort Lauderdale/Broward County area. *See, e.g.* , https://floridapolitics.com/archives/446210-in-broward-county-hospitals-there-are-only-so-many-beds/ ("'We are seeing a surge like we've not seen before in terms of the patients coming,' Memorial Healthcare System's Chief Medical Officer Dr. Marc Napp said Wednesday during a news conference in Hollywood."); *id.*  ("'This is the highest number of patients Memorial has ever seen,' he said. 'It's the sheer number coming in at the same time. There are only so many beds, so many doctors, only so many nurses,' Napp said.").   There appears to be no reason why the parties cannot jointly take a brief respite in order to ensure that the numerous health, safety, and logistical concerns are adequately and fairly addressed.  Please note that Defendants reserve their right to seek fees and costs in connection with any unnecessary and/or cancelled travel plans.

Third, despite the major concerns noted above, Defendants continue to diligently work on completing the various items for trial.   On the Exhibit Notebook (per D.E. 258), we will be providing an updated list with the parties' understanding that joint exhibits (for the first division) are only those exhibits that will absolutely be entered into evidence and to which neither party has an objection.

During the call, you also stated that you would be providing an updated list of the exhibits that Plaintiff intends to include in the second division of the Exhibit Notebook.

We understand that, once the Exhibit Notebook is prepared, Plaintiff will finalize and deliver it to the court.   Your proposal of delivering separate binders is not consistent with the Order Providing Instructions for Trial.

We also will work to provide you with Defendants' Form AO187.   Please provide us your draft of AO187 so that we can add Defendants' exhibits to the form.

We will also provide to you electronic copies of the exhibits, to be included on the flash drive.

Matthew J. Dowd
Dowd Scheffel PLLC
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
Direct: (202) 573-3853
Office: (202) 559-9175
mdowd@dowdscheffel.com
http://www.dowdscheffel.com
http://www.linkedin.com/in/matthewdowd

**From:** Gregory Hillyer < ghillyer@hillyerlegal.com>
**Date:** Thursday, August 5, 2021 at 4:16 PM
**To:** Matthew Dowd < mdowd@dowdscheffel.com> , "jsobrado@brickellip.com " <
jsobrado@brickellip.com> , Robert Scheffel < rscheffel@dowdscheffel.com> , "'Mullins, Edward M. (MIA)' "
< EMullins@reedsmith.com>
**Cc:** "Cary A. Lubetsky " < cal@khllaw.com>
**Subject:** RE: Comments on Joint Binder

Matt, thank you for the meet and confer about binder 1. We agreed that you will review the list we provided and
indicate which exhibits you would like to remove on the basis that both parties do not intent to offer them (i.e., are
not joint). For the sake of clarity, this should apply to all exhibits regardless of which party designated them. We
reserve the right to remove any additional exhibits that we do not believe are joint exhibits.

All exhibits removed from binder 1 may of course be listed by any party in their respective binders 2 (BPI) and 3
(Defendants). I presume from our discussions today that once these exhibits are set, we will do a mutual exchange
of our exhibit lists for these binders.

We have agreed to be responsible for assembling and delivering to the Court binders 1 and 2 (but not 3). For your
convenience, I am attaching a link to Form AO 187 which must accompany each binder as the index (one per binder
listing the exhibits in that particular binder). D.E. 258, Order, para. 2. Accordingly, we will handle preparing Form AO
187 for binders 1 and 2 (but not 3).

https://www.uscourts.gov/sites/default/files/ao187.pdf

As I indicated on our call, it was our intention to provide a flash drive to the Court will electronic copies of the
exhibits. Order, para. 2. If you would like to provide electronic copies of your exhibits we can add them to this drive.

During the call, you also informed me that Defendants intend to seek a continuance of the trial. This will confirm
that BPI objects to any continuance and will oppose any motion requesting such relief.

Please let me know if you have any comments or changes to what is outlined above. Thanks, Greg.

---

**From:** Matthew Dowd < mdowd@dowdscheffel.com>
**Sent:** Thursday, August 5, 2021 2:56 PM
**To:** Gregory Hillyer < ghillyer@hillyerlegal.com> ; jsobrado@brickellip.com; Robert Scheffel <
rscheffel@dowdscheffel.com> ; 'Mullins, Edward M. (MIA)' < EMullins@reedsmith.com>
**Subject:** Re: Comments on Joint Binder

Thank you. I'll have to push back the call 10 minutes. Talk at 3:10.

---

**From:** Gregory Hillyer < ghillyer@hillyerlegal.com >
**Date:** Thursday, August 5, 2021 at 2:50 PM
**To:** Matthew Dowd < mdowd@dowdscheffel.com > , " jsobrado@brickellip.com " <
jsobrado@brickellip.com > , Robert Scheffel < rscheffel@dowdscheffel.com > , "'Mullins, Edward M. (MIA)'
" < EMullins@reedsmith.com >
**Subject:** RE: Comments on Joint Binder

Gents, we can use the below call-in number for 3:00:

Hillyer Legal – Conference Bridge
Call-in Number: 877-391-7681
Guest Code: 5555#

---

**From:** Matthew Dowd < mdowd@dowdscheffel.com >
**Sent:** Thursday, August 5, 2021 9:16 AM
**To:** Gregory Hillyer < ghillyer@hillyerlegal.com > ; jsobrado@brickellip.com ; Robert Scheffel <
rscheffel@dowdscheffel.com > ; 'Mullins, Edward M. (MIA)' < EMullins@reedsmith.com >
**Subject:** Re: Comments on Joint Binder

Greg,

Thanks for the email.   Let's plan to meet and confer this afternoon.  Does 3 PM work for you?

Matthew J. Dowd
Dowd Scheffel PLLC
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
Direct: (202) 573-3853
Office: (202) 559-9175
mdowd@dowdscheffel.com
http://www.dowdscheffel.com
http://www.linkedin.com/in/matthewdowd

---

**From:** Gregory Hillyer < ghillyer@hillyerlegal.com >
**Date:** Thursday, August 5, 2021 at 8:16 AM
**To:** " jsobrado@brickellip.com " < jsobrado@brickellip.com > , Matthew Dowd <
mdowd@dowdscheffel.com > , Robert Scheffel < rscheffel@dowdscheffel.com > , "'Mullins, Edward M.
(MIA)' " < EMullins@reedsmith.com >
**Subject:** Comments on Joint Binder

Counsel, when we spoke on the phone about the joint notebook (i.e., binder 1), we suggested that the parties reach
agreement by Wednesday to allow sufficient time for preparing Form AO 187, organizing, copying, etc.  Since we
agreed to be responsible for producing this binder to the court, please provide your comments on the proposal today
so we don't end up in a time crunch.  If you want to meet and confer to go through the exhibits so we can get this
done, please let us know.  Thanks, Greg.

---

**From:** jsobrado@brickellip.com <jsobrado@brickellip.com >
**Sent:** Monday, August 2, 2021 12:30 PM
**To:** 'Matthew Dowd' < mdowd@dowdscheffel.com > ; 'Robert Scheffel' < rscheffel@dowdscheffel.com > ; 'Mullins,
Edward M. (MIA)' < EMullins@reedsmith.com > ; 'Gregory Collins' < gbc@kfcfirm.com > ; 'Eric Hull' <
ebh@kfcfirm.com >
**Cc:** Gregory Hillyer < ghillyer@hillyerlegal.com >
**Subject:** RE: Sales Figures

Counsel:

Per our discussion last week, please find attached A proposal for what exhibits should go in the Joint Binder,
including all exhibits that are not objected to by the Parties.

First we list all the exhibits that we believe should go in from Plaintiff's exhibit list.  Next we provide a copy of
exhibits from Defendants' Exhibit lists to which BPI did not object.

With respect to Plaintiff's Exhibit 126, we note we have included it in this list despite Defendants' authenticity
objection because Defendants also present the same exhibit as 1024.

With respect to Plaintiff's Exhibit 166, the copy of the exhibit previously provided was incorrect.  Attached please
find a replacement exhibit.

With respect to the listing of Defendants' exhibits:

- Items that have been highlighted in Blue are true "joint exhibits" that have a corresponding entry in
  Plaintiff's exhibit list (each should be identified in a corresponding footnote). Some of these have minor
  variations such as docket entry information or exhibit stamps, but the underlying document remains the
  same.   Please advise whether Defendants object to listing these jointly on Form 187 or whether Defendants
  believe the documents warrant separate entries.

- Exhibits highlighted in yellow are not objected to by BPI, but Defendants indicated that such exhibits were only to be used "if need arises."  In view of the Court's order instructing the parties to include "only those exhibits that are considered absolutely necessary" we ask that Defendants indicate whether they are amenable to removing some or all of these exhibits from the Joint Binder.

- Exhibit 1078 appears to be in error.  The copy provided for 1078 is a duplicate of 1077.  1078 purports to be DE 132-2 (the notice of intent to issue a reexamination certificate).  However, as such it would be a duplicate of 1076.  Please advise what is intended for 1078, or whether Defendants are amenable to removing same from the joint binder.

- Exhibits 1100 and 1101 – the complete file wrappers for the reexams – are voluminous.  Please confirm that Defendants wish to include those in the joint binder.

---

**From:** Matthew Dowd < mdowd@dowdscheffel.com >
**Sent:** Monday, August 2, 2021 8:27 AM
**To:** jsobrado@brickellip.com ; Robert Scheffel < rscheffel@dowdscheffel.com > ; 'Mullins, Edward M. (MIA)' < EMullins@reedsmith.com > ; Gregory Collins < gbc@kfcfirm.com > ; 'Eric Hull' < ebh@kfcfirm.com >
**Cc:** 'Gregory Hillyer' < ghillyer@hillyerlegal.com >
**Subject:** Re: Sales Figures

Javier,

Thank you for the information.  We'll confer with our client and report back as soon as possible.

Best,

Matthew J. Dowd
Dowd Scheffel PLLC
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
Direct: (202) 573-3853
Office: (202) 559-9175
mdowd@dowdscheffel.com
http://www.dowdscheffel.com
http://www.linkedin.com/in/matthewdowd

---

**From:** " jsobrado@brickellip.com " < jsobrado@brickellip.com >
**Date:** Sunday, August 1, 2021 at 9:17 AM
**To:** Matthew Dowd < mdowd@dowdscheffel.com > , Robert Scheffel < rscheffel@dowdscheffel.com > , "'Mullins, Edward M. (MIA)' " < EMullins@reedsmith.com > , Gregory Collins < gbc@kfcfirm.com > , 'Eric Hull' < ebh@kfcfirm.com >
**Cc:** 'Gregory Hillyer' < ghillyer@hillyerlegal.com >
**Subject:** FW: Sales Figures
**Resent-From:** Proofpoint Essentials < do-not-reply@proofpointessentials.com >
**Resent-To:** < mdowd@dowdscheffel.com >
**Resent-Date:** Sunday, August 1, 2021 at 9:12 AM

Counsel,

Attached are the sales and financial information produced by Defendants that we Defendants to supplement.  We ask that you provide (1) ThermoLife's 2020 P& L, and (2) ThermoLife's creatine nitrate sales figures for Feb. 2020-Jan 2021 and Feb. 2021-July 2021, and (3) updated sales data from Muscle Beach.

ThermoLife Produced:

| TLI002239 | 2015 P& L |
| TLI002240 | 2016 P& L |
| TLI002242 | 2017 P& L |
| TLI002244 | 2018 P& L |
| TLI002246 | 2019 P& L |
| TLI002247 | Feb2015-Jan2016 CN Sales |
| TLI002248 | Feb2016-Jan2017 CN Sales |
| TLI002249 | Feb2018-Jan2019 CN Sales |
| TLI002250 | Feb2018-Jan2019 CN Sales |
| TLI002251 | Feb2017-Jan2018 CN Sales |
| TLI002252 | Feb. 2019-Jan2020 CN Sales |

Muscle Beach produced the attached "Sales Report", "Sales Report 3", and "Purchased Cost 3" documents.

Thank you,
-Javier

Javier Sobrado, Esq.
Member
The Brickell IP Group, PLLC
1101 Brickell Avenue
South Tower, Suite 800
Miami, FL 33131
Direct: 305-772-1331
e-mail:   JSobrado @BrickellP.com

www.brickellip.com



This message (including any attachments) may contain confidential, proprietary, privileged and/or private information.  The information is intended to
be for the use of the individual or entity designated above. If you are not the intended  recipient of this message, please notify the sender
immediately, and delete the message and any attachments. Any  disclosure, reproduction, distribution or other use of this message or any
attachments by an individual or en ity other  than the intended recipient is prohibited.

# EXHIBIT 3

| From: | **Matthew Dowd** <mdowd@dowdscheffel.com> |
|---|---|
| To: | **jsobrado@brickellip.com** <jsobrado@brickellip.com>; **Gregory Hillyer** <ghillyer@hillyerlegal.com> |
| CC: | **'Cary A. Lubetsky'** <cal@khllaw.com>; **'Mullins, Edward M. (MIA)'** <EMullins@reedsmith.com>; **Robert Scheffel** <rscheffel@dowdscheffel.com> |
| Subject: | Re: Comments on Joint Binder |
| Date: | 06.08.2021 20:59:49 (+02:00) |

Javier:

Thank you for the reply.

You are entirely misrepresenting even our brief entry into this case. We have met and conferred with you in good faith, only to be continually interrupted during the calls. We add that we are taken aback even by the tone of this email, in which you accuse us of taking a "dilatory approach." Such attacks are entirely uncalled for.

Moreover, on short notice, you make demands of complying with arbitrary deadlines. That type of approach is not reasonable and is not productive. Your arbitrary demands and unsupported accusations are only slowing the process.

In terms of the draft documents, your preliminary list of exhibits that you provided on Monday was inconsistent with the court's order, and it has required substantial work to correct the confusion caused by Plaintiff's erroneous proposal. The court's order makes it clear that the parties are "shall include in the Notebook only those exhibits that are considered absolutely necessary." The order further states that not including an exhibit in the Notebook does not preclude the use of an exhibit at trial that was properly identified on the parties' respective exhibit list. Your proposed list appears to contain many more documents than what the court's order contemplates.

Moreover, as you agreed during the meet and confer just yesterday, your proposed list is not consistent with what the parties understand to be "joint exhibits." Simply identifying exhibits without objections as "Joint" exhibits—as BPI originally proposed—does not comply with the court's order. The exhibits are not "Joint," especially as BPI was taking the position that those exhibits are already and automatically admitted into evidence for all purposes in the trial, regardless of whether a witness uses the exhibit.

Furthermore, you keep referring to Binder 1, Binder 2, and Binder 3. The order (D.E. 258) does not mention or contemplate multiple binders. If you would like to discuss that issue later today, we can be available. Please let us know so we can rectify the apparent confusion.

In the meantime, Defendants will be working diligently as always to respond to the court's requests.

Matthew J. Dowd
Dowd Scheffel PLLC
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
Direct: (202) 573-3853
Office: (202) 559-9175
mdowd@dowdscheffel.com
http://www.dowdscheffel.com
http://www.linkedin.com/in/matthewdowd

**From:** "jsobrado@brickellip.com " < jsobrado@brickellip.com>
**Date:** Friday, August 6, 2021 at 4:27 PM
**To:** Matthew Dowd < mdowd@dowdscheffel.com> , 'Gregory Hillyer' < ghillyer@hillyerlegal.com>
**Cc:** "'Cary A. Lubetsky' " < cal@khllaw.com> , "'Mullins, Edward M. (MIA)' " < EMullins@reedsmith.com> ,
Robert Scheffel < rscheffel@dowdscheffel.com>
**Subject:** RE: Comments on Joint Binder

Matthew:

As a preliminary matter we note that we disagree with your characterization of our demeanor and of the call.

Plaintiff's request to present the testimony of Dr. Steven Bannister via video conference technology is neither calculated nor belated.   We presented the request to defendants immediately after Dr. Bannister informed us that he was unable to appear live in view of his health concerns, and filed our motion with the Court shortly after meeting and conferring.  We are ready for trial and our witnesses are ready for trial and have made travel arrangements.  It is Defendants who are making belated and eleventh-hour requests to continue the trial date less than two weeks before trial is scheduled.  Moreover, Defendants have no motion pending to continue the trial despite the fact that you filed your motion to appear pro hac vice on July 19 [th].  We don't understand what you plan to seek fees for.  The Court, not BPI, is in charge of the schedule and when and how trial will take place.

With respect to the Exhibit Notebook, Defendants appear to be taking a dilatory approach creating a fire drill where none was necessary.  We informed you of our plan to include all exhibits that were not objected to in the joint binder last week and Defendants did not object.  We provided you with the list of exhibits for inclusion in the joint notebook on Monday in accordance with our proposal, and asked that Defendants provide any requested edits by Wednesday.  Defendants provided no response on Wednesday.  Yesterday, when we followed up with Defendants and met and conferred on the issue, (1) Defendants for the first time objected to our approach for preparing the joint binder, (2) went as far as to ask BPI to go remake its proposal for the joint binder, and (3) ultimately agreed to provide its edits to the list of exhibits to be included in the joint binder later Thursday evening.  It's 4:30 pm on Friday and we **_STILL_** do not have a response from you regarding the contents of the joint binder.  If Defendants continue to refuse to participate in the process of preparing the Exhibit Notebook, then BPI will be forced to make a good faith effort to comply with the Court's order without input from Defendants.

With respect to Binder 2 (BPI's exhibits) of the Exhibit Notebook, as we informed you on the call we cannot complete Binder 2 until Defendants provide us with their revision of Binder 1.  The reasons for this are obvious – Plaintiff has to add to Binder 2 any of Plaintiff's exhibits that Defendants remove from Binder 1.  Because Defendants refuse to share their revisions to Binder 1 Plaintiffs cannot prepare Binder 2.

With respect to delivery of the Exhibit Notebook, we have proposed to divide it as the Court has instructed: Binder 1 – Joint exhibits; Binder 2 – BPI's exhibits; and Binder 3 – Defendants' Exhibits.  The Court's order is silent with respect to the manner in which the binders are to be delivered, and does not preclude each party from delivering their respective binders to the Court separately.  We cannot "finalize and deliver" Binder 3 to the Court because Defendants have refused to provide us the information as to what is going into Binder 3.  Indeed, as it stands we cannot right now finalize and deliver Binders 1 and 2 to the Court because Defendants have refused to provide us with their revisions to BPI's proposal for Binder 1 from Monday.  Nevertheless, we will attempt to accommodate you -- if you wish for BPI to deliver Binder 3 together with Binders 1 & 2 to the Court, please deliver a physical copy of Binder 3 to the Miami offices of Krinzman Huss Lubetsky & Hotte by noon on Monday, August 9.  If you do so we will deliver it to the Court as a complete Exhibit Notebook.   If you cannot deliver it by this time, we cannot guarantee that the courier will not have left to make the delivery and we ask that Defendants make their own arrangements to deliver Binder 3 to the Court.

Krinzman Huss's Miami address is:

Alfred I. duPont Building
169 E. Flagler Street, Suite 500
Miami, Florida 33131
Phone: 305-854-9700
Fax: 305-854-0508

We cannot prepare a draft of FORM 187 until we receive Defendants' revisions to what exhibits go into the Binder 1.   Once Binder 1 is finalized we will prepare the index to Binder 1 and 2 and provide them to you.  We expect Defendants to prepare the index to Binder 3.  A copy of Form AO187 is attached for your convenience.  We anticipate listing lead counsel – Mr. Dowd and Mr. Hillyer as attorneys for the Parties on the form.

Kind regards,
-Javier

---

**From:** Matthew Dowd < mdowd@dowdscheffel.com>
**Sent:** Friday, August 6, 2021 10:13 AM

**To:** Gregory Hillyer < ghillyer@hillyerlegal.com> ; jsobrado@brickellip.com
**Cc:** Cary A. Lubetsky < cal@khllaw.com> ; 'Mullins, Edward M. (MIA)' < EMullins@reedsmith.com> ; Robert Scheffel < rscheffel@dowdscheffel.com>
**Subject:** Re: Comments on Joint Binder

Greg,

Thank you for the email yesterday.   We're working diligently to prepare the items noted below.   As I'm sure you can imagine, coming into the case at this stage involves a lot of review to ensure the case is ready for trial.

As a first point, we would ask that, during the meet and confers, you maintain a civil tone.   In the short time Dowd Scheffel has been involved in the case, we have had three calls with you.   During the last two, you became surprisingly aggressive and interrupted us repeatedly.   During our second call, your tone changed immediately when we declined to simply agree to your eleventh-hour request for remote testimony.   During our most recent call, you unnecessarily raised your voice and interrupted numerous times.   We are simply asking that you discuss these matters in a civil tone and that you be considerate by not interrupting us when we are talking (as we have been doing for you).

Second, as you know, Defendants  filed their opposition to Plaintiff's motion for leave to present remote testimony of Dr. Bannister.   We ask that Plaintiff reconsider its unreasonable position.   Plaintiff's calculated and belated request will unfairly prejudice Defendants and will cause havoc with the trial.   On top of that, and as Plaintiff's motion points out, the COVID-19 situation is worsening by the day in the Fort Lauderdale/Broward County area. *See, e.g.* , https://floridapolitics.com/archives/446210-in-broward-county-hospitals-there-are-only-so-many-beds/ ("'We are seeing a surge like we've not seen before in terms of the patients coming,' Memorial Healthcare System's Chief Medical Officer Dr. Marc Napp said Wednesday during a news conference in Hollywood."); *id.*  ("'This is the highest number of patients Memorial have ever seen,' he said. 'It's the sheer number coming in at the same time. There are only so many beds, so many doctors, only so many nurses,' Napp said.").   There appears to be no reason why the parties cannot jointly take a brief respite in order to ensure that the numerous health, safety, and logistical concerns are adequately and fairly addressed.  Please note that Defendants reserve their right to seek fees and costs in connection with any unnecessary and/or cancelled travel plans.

Third, despite the major concerns noted above, Defendants continue to diligently work on completing the various items for trial.   On the Exhibit Notebook (per D.E. 258), we will be providing an updated list with the parties' understanding that joint exhibits (for the first division) are only those exhibits that will absolutely be entered into evidence and to which neither party has an objection.

During the call, you also stated that you would be providing an updated list of the exhibits that Plaintiff intends to include in the second division of the Exhibit Notebook.

We understand that, once the Exhibit Notebook is prepared, Plaintiff will finalize and deliver it to the court.   Your proposal of delivering separate binders is not consistent with the Order Providing Instructions for Trial.

We also will work to provide you with Defendants' Form AO187.   Please provide us your draft of AO187 so that we can add Defendants' exhibits to the form.

We will also provide to you electronic copies of the exhibits, to be included on the flash drive.

Matthew J. Dowd
Dowd Scheffel PLLC
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
Direct: (202) 573-3853
Office: (202) 559-9175
mdowd@dowdscheffel.com
http://www.dowdscheffel.com
http://www.linkedin.com/in/matthewdowd

---

**From:** Gregory Hillyer < ghillyer@hillyerlegal.com >
**Date:** Thursday, August 5, 2021 at 4:16 PM

**To:** Matthew Dowd < mdowd@dowdscheffel.com > , " jsobrado@brickellip.com " < jsobrado@brickellip.com > , Robert Scheffel < rscheffel@dowdscheffel.com > , "'Mullins, Edward M. (MIA)' " < EMullins@reedsmith.com >
**Cc:** "Cary A. Lubetsky " < cal@khllaw.com >
**Subject:** RE: Comments on Joint Binder

Matt, thank you for the meet and confer about binder 1. We agreed that you will review the list we provided and indicate which exhibits you would like to remove on the basis that both parties do not intent to offer them (i.e., are not joint). For the sake of clarity, this should apply to all exhibits regardless of which party designated them. We reserve the right to remove any additional exhibits that we do not believe are joint exhibits.

All exhibits removed from binder 1 may of course be listed by any party in their respective binders 2 (BPI) and 3 (Defendants). I presume from our discussions today that once these exhibits are set, we will do a mutual exchange of our exhibit lists for these binders.

We have agreed to be responsible for assembling and delivering to the Court binders 1 and 2 (but not 3). For your convenience, I am attaching a link to Form AO 187 which must accompany each binder as the index (one per binder listing the exhibits in that particular binder). D.E. 258, Order, para. 2. Accordingly, we will handle preparing Form AO 187 for binders 1 and 2 (but not 3).

https://www.uscourts.gov/sites/default/files/ao187.pdf

As I indicated on our call, it was our intention to provide a flash drive to the Court will electronic copies of the exhibits. Order, para. 2. If you would like to provide electronic copies of your exhibits we can add them to this drive.

During the call, you also informed me that Defendants intend to seek a continuance of the trial. This will confirm that BPI objects to any continuance and will oppose any motion requesting such relief.

Please let me know if you have any comments or changes to what is outlined above. Thanks, Greg.

---

**From:** Matthew Dowd < mdowd@dowdscheffel.com >
**Sent:** Thursday, August 5, 2021 2:56 PM
**To:** Gregory Hillyer < ghillyer@hillyerlegal.com > ; jsobrado@brickellip.com ; Robert Scheffel < rscheffel@dowdscheffel.com > ; 'Mullins, Edward M. (MIA)' < EMullins@reedsmith.com >
**Subject:** Re: Comments on Joint Binder

Thank you. I'll have to push back the call 10 minutes. Talk at 3:10.

---

**From:** Gregory Hillyer < ghillyer@hillyerlegal.com >
**Date:** Thursday, August 5, 2021 at 2:50 PM
**To:** Matthew Dowd < mdowd@dowdscheffel.com > , " jsobrado@brickellip.com " < jsobrado@brickellip.com > , Robert Scheffel < rscheffel@dowdscheffel.com > , "'Mullins, Edward M. (MIA)' " < EMullins@reedsmith.com >
**Subject:** RE: Comments on Joint Binder

Gents, we can use the below call-in number for 3:00:

Hillyer Legal – Conference Bridge
Call-in Number: 877-391-7681
Guest Code: 5555#

---

**From:** Matthew Dowd < mdowd@dowdscheffel.com >
**Sent:** Thursday, August 5, 2021 9:16 AM
**To:** Gregory Hillyer < ghillyer@hillyerlegal.com > ; jsobrado@brickellip.com ; Robert Scheffel < rscheffel@dowdscheffel.com > ; 'Mullins, Edward M. (MIA)' < EMullins@reedsmith.com >
**Subject:** Re: Comments on Joint Binder

Greg,

Thanks for the email.   Let's plan to meet and confer this afternoon.  Does 3 PM work for you?

Matthew J. Dowd
Dowd Scheffel PLLC
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
Direct: (202) 573-3853
Office: (202) 559-9175
mdowd@dowdscheffel.com
http://www.dowdscheffel.com
http://www.linkedin.com/in/matthewdowd

---

**From:** Gregory Hillyer < ghillyer@hillyerlegal.com >
**Date:** Thursday, August 5, 2021 at 8:16 AM
**To:** " jsobrado@brickellip.com " < jsobrado@brickellip.com > , Matthew Dowd <
mdowd@dowdscheffel.com > , Robert Scheffel < rscheffel@dowdscheffel.com > , "'Mullins, Edward M.
(MIA)' " < EMullins@reedsmith.com >
**Subject:** Comments on Joint Binder

Counsel, when we spoke on the phone about the joint notebook (i.e., binder 1), we suggested that the parties reach
agreement by Wednesday to allow sufficient time for preparing Form AO 187, organizing, copying, etc.  Since we
agreed to be responsible for producing this binder to the court, please provide your comments on the proposal today
so we don't end up in a time crunch.  If you want to meet and confer to go through the exhibits so we can get this
done, please let us know.   Thanks, Greg.

---

**From:** jsobrado@brickellip.com <jsobrado@brickellip.com >
**Sent:** Monday, August 2, 2021 12:30 PM
**To:** 'Matthew Dowd' < mdowd@dowdscheffel.com > ; 'Robert Scheffel' < rscheffel@dowdscheffel.com > ; 'Mullins,
Edward M. (MIA)' < EMullins@reedsmith.com > ; 'Gregory Collins' < gbc@kfcfirm.com > ; 'Eric Hull' <
ebh@kfcfirm.com >
**Cc:** Gregory Hillyer < ghillyer@hillyerlegal.com >
**Subject:** RE: Sales Figures

Counsel:

Per our discussion last week, please find attached A proposal for what exhibits should go in the Joint Binder,
including all exhibits that are not objected to by the Parties.

First we list all the exhibits that we believe should go in from Plaintiff's exhibit list.  Next we provide a copy of
exhibits from Defendants' Exhibit lists to which BPI did not object.

With respect to Plaintiff's Exhibit 126, we note we have included it in this list despite Defendants' authenticity
objection because Defendants also present the same exhibit as 1024.

With respect to Plaintiff's Exhibit 166, the copy of the exhibit previously provided was incorrect.  Attached please
find a replacement exhibit.

With respect to the listing of Defendants' exhibits:

- Items that have been highlighted in Blue are true "joint exhibits" that have a corresponding entry in
Plaintiff's exhibit list (each should be identified in a corresponding footnote). Some of these have minor
variations such as docket entry information or exhibit stamps, but the underlying document remains the
same.   Please advise whether Defendants object to listing these jointly on Form 187 or whether Defendants
believe the documents warrant separate entries.

- Exhibits highlighted in yellow are not objected to by BPI, but Defendants indicated that such exhibits were
only to be used "if need arises."   In view of the Court's order instructing the parties to include "only those
exhibits that are considered absolutely necessary" we ask that Defendants indicate whether they are
amenable to removing some or all of these exhibits from the Joint Binder.

- Exhibit 1078 appears to be in error.  The copy provided for 1078 is a duplicate of 1077.  1078 purports to be DE 132-2 (the notice of intent to issue a reexamination certificate).  However, as such it would be a duplicate of 1076.  Please advise what is intended for 1078, or whether Defendants are amenable to removing same from the joint binder.

- Exhibits 1100 and 1101 – the complete file wrappers for the reexams – are voluminous.  Please confirm that Defendants wish to include those in the joint binder.

**From:** Matthew Dowd < mdowd@dowdscheffel.com >
**Sent:** Monday, August 2, 2021 8:27 AM
**To:** jsobrado@brickellip.com ; Robert Scheffel < rscheffel@dowdscheffel.com > ; 'Mullins, Edward M. (MIA)' < EMullins@reedsmith.com > ; Gregory Collins < gbc@kfcfirm.com > ; 'Eric Hull' < ebh@kfcfirm.com >
**Cc:** 'Gregory Hillyer' < ghillyer@hillyerlegal.com >
**Subject:** Re: Sales Figures

Javier,

Thank you for the information.  We'll confer with our client and report back as soon as possible.

Best,

Matthew J. Dowd
Dowd Scheffel PLLC
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
Direct: (202) 573-3853
Office: (202) 559-9175
mdowd@dowdscheffel.com
http://www.dowdscheffel.com
http://www.linkedin.com/in/matthewdowd

**From:** " jsobrado@brickellip.com " < jsobrado@brickellip.com >
**Date:** Sunday, August 1, 2021 at 9:17 AM
**To:** Matthew Dowd < mdowd@dowdscheffel.com > , Robert Scheffel < rscheffel@dowdscheffel.com > , "'Mullins, Edward M. (MIA)' " < EMullins@reedsmith.com > , Gregory Collins < gbc@kfcfirm.com > , 'Eric Hull' < ebh@kfcfirm.com >
**Cc:** 'Gregory Hillyer' < ghillyer@hillyerlegal.com >
**Subject:** FW: Sales Figures
**Resent-From:** Proofpoint Essentials < do-not-reply@proofpointessentials.com >
**Resent-To:** < mdowd@dowdscheffel.com >
**Resent-Date:** Sunday, August 1, 2021 at 9:12 AM

Counsel,

Attached are the sales and financial information produced by Defendants that we Defendants to supplement.  We ask that you provide (1) ThermoLife's 2020 P& L, and (2) ThermoLife's creatine nitrate sales figures for Feb. 2020-Jan 2021 and Feb. 2021-July 2021, and (3) updated sales data from Muscle Beach.

ThermoLife Produced:

| TLI002239 | 2015 P& L |
|-----------|-----------|
| TLI002240 | 2016 P& L |
| TLI002242 | 2017 P& L |
| TLI002244 | 2018 P& L |

| TLI002246 | 2019 P& L |
| TLI002247 | Feb2015-Jan2016 CN Sales |
| TLI002248 | Feb2016-Jan2017 CN Sales |
| TLI002249 | Feb2018-Jan2019 CN Sales |
| TLI002250 | Feb2018-Jan2019 CN Sales |
| TLI002251 | Feb2017-Jan2018 CN Sales |
| TLI002252 | Feb. 2019-Jan2020 CN Sales |

Muscle Beach produced the attached "Sales Report", "Sales Report 3", and "Purchased Cost 3" documents.

Thank you,
-Javier

Javier Sobrado, Esq.
Member
The Brickell IP Group, PLLC
1101 Brickell Avenue
South Tower, Suite 800
Miami, FL 33131
Direct: 305-772-1331
e-mail:   JSobrado @BrickellP.com



www.brickellip.com

This message (including any attachments) may contain confidential, proprietary, privileged and/or private information.  The information is intended to be for the use of the individual or entity designated above. If you are not the intended  recipient of this message, please notify the sender immediately, and delete the message and any attachments. Any  disclosure, reproduction, distribution or other use of this message or any attachments by an individual or en ity other  than the intended recipient is prohibited.

EXHIBIT 4

| From: | **Matthew Dowd** <mdowd@dowdscheffel.com> |
|---|---|
| To: | **jsobrado@brickellip.com** <jsobrado@brickellip.com>; **Gregory Hillyer** <ghillyer@hillyerlegal.com> |
| CC: | **'Cary A. Lubetsky'** <cal@khllaw.com>; **'Mullins, Edward M. (MIA)'** <EMullins@reedsmith.com>; **Robert Scheffel** <rscheffel@dowdscheffel.com> |
| Subject: | Re: Comments on Joint Binder |
| Date: | 06.08.2021 23:27:45 (+02:00) |

Javier:

We will address your full email in short order, but one statement is particularly egregious.

In connection to the Exhibit Notebook, you write: "We told you last week what we planned to do and you did not object." This completely misrepresents the substance of our call on July 30.

That call was in fact Dowd Scheffel's first meet and confer with you and Mr. Hillyer. During the call, you and Mr. Hillyer made certain proposals about the Exhibit Notebook. Even during that call, it wasn't entirely clear what you were proposing. Notwithstanding the lack of clarity, we responded that we would look forward to the proposal, which you said you would send promptly by email.

We did not receive your email about the Exhibit Notebook until Monday the following week. *See infra* , email beginning "Per our discussion last week . . . ." We would have gladly reviewed and considered Plaintiff's proposal on Friday of last week or over the weekend, if it had been sent to us promptly.

On top of that, it was only yesterday when the parties corrected the initial confusion and misunderstanding caused by your proposal, which we received on Monday.

In any event, Defendants are continuing to review the details of the proposal, as clarified yesterday, and we expect to provide our further corrections in short order. We again ask that you refrain from the attacks and misstatements so that Defendants can provide the requested information and documents as soon as possible.


Matthew J. Dowd
Dowd Scheffel PLLC
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
Direct: (202) 573-3853
Office: (202) 559-9175
mdowd@dowdscheffel.com
http://www.dowdscheffel.com
http://www.linkedin.com/in/matthewdowd

---

**From:** "jsobrado@brickellip.com " < jsobrado@brickellip.com>
**Date:** Friday, August 6, 2021 at 6:24 PM
**To:** Matthew Dowd < mdowd@dowdscheffel.com> , 'Gregory Hillyer' < ghillyer@hillyerlegal.com>
**Cc:** "'Cary A. Lubetsky' " < cal@khllaw.com> , "'Mullins, Edward M. (MIA)' " < EMullins@reedsmith.com> , Robert Scheffel < rscheffel@dowdscheffel.com>
**Subject:** RE: Comments on Joint Binder

Matthew:

If you prefer to use the Order's vernacular and call them Division I, II and III,  instead of Binder I, II and III, we can. Just substitute "Division" for "Binder" and the substance of my email remains unchanged.

We are not making demands under arbitrary deadlines.  The Court's has ordered that the parties must provide a hard copy and an electronic copy of the Exhibit Notebook at Calendar call.  The Court subsequently entered an order making Calendar call telephonic, meaning that the Parties will not be present physically at calendar call, and to ensure that the Court has the Exhibit Notebook at Calendar Call, we must have them delivered to the Court by close of business on Monday.  Due to Defendants' refusal to provide input on to what exhibits go into DIVISION I, you have left us with less than 1 business day to prepare the Exhibit Notebook and deliver it to the Court.

We disagree that we have misrepresented your participation in the preparation of the Exhibit Notebook.  It is you who are misrepresenting BPI's approach claiming that we making arbitrary demands and inappropriate proposals.  Our approach was (1) to tell you last week what we were going to send you, (2) to send you our proposal for DIVISION I on Monday, so that (3) we could get your revisions on Wednesday.  This would have left us with two full business days this week to get everything printed and prepared for delivery on Monday August 9.  Due to Defendants' refusal to provide any input this week as to the contents of DIVISION I, it's now Friday and we do not yet have any movement from the list we sent you on Monday.

We disagree that our proposal did not comport with the Court's order or that it was somehow erroneous.  The exhibits provided in our list was a good faith effort to include exhibits that were "absolutely necessary" including all unobjected to exhibits that either party had identified as intended for use at trial.  We even went out of our way to highlight in yellow exhibits on Defendants' exhibit list that were candidates for removal from the joint list because they had been previously identified as only for use "if necessary."

We told you last week what we planned to do and you did not object.  You changed your position this week – which is fine – and we did acknowledge that an alternative approach would have been to only include exhibits on both lists that bore no objection from either party.  However, on the call yesterday you even took issue with exhibits we had included from **Defendants'** exhibit list as a result of Defendants having identified them as "intended to be presented at trial" where the corresponding entry on Plaintiff's list had been marked as for use "if necessary."  In short we cannot guess what exhibits Defendants object to including in DIVISION I, and Defendants are refusing to provide that information.

We further disagree that responding to our proposal required "substantial work."  We provided you with a list of only 58 exhibits from Plaintiff's exhibit list for which there was either (1) no objections from Defendants; or (2)the exhibit simultaneously appeared in Defendants'  "intend to use at trial" list.  We further highlighted in blue on Defendants' exhibit list which exhibits appeared in both Defendants' and Plaintiff's lists and provided cross reference information.  All Defendants have to do is identify which of the 58 exhibits on Plaintiff's.

Again, at this point given Defendants' position on DIVISION I that only exhibits to be used by both sides should be included, we consider any exhibit from Defendant's exhibit list that is on the proposal and not highlighted in blue (i.e. not on Plaintiff's list) to be outside of the scope of DIVISION I of the Exhibit Notebook.  Accordingly, repeating for emphasis, all that Defendants have to do is identify which of the 58 exhibits Plaintiff has identified for the joint binder Defendants would like us to remove.  Reviewing 58 exhibits and identifying which ones should be removed from a joint list should not have taken four days.

BPI did not take the position that all exhibits in DIVISION I are automatically in evidence.  That would require Court action.  The intent was to gather in Division I all exhibits that did not have an objection for the Court's convenience.  Defendants disagree, and again BPI has no issues with Defendants disagreeing.  BPI's issue is that we're after the close of business on Friday, leaving only one business day to prepare and deliver the Exhibit Notebook to the Court, and Defendants continue to engage in posturing and rhetoric rather than providing substantive input for the contents of Division I.

We are out of time for preparing the Exhibit Notebook.  Please give me a date and time certain by which you will provide us with your revisions to Division I.

Kind regards,
-Javier Sobrado

---

**From:** Matthew Dowd < mdowd@dowdscheffel.com>
**Sent:** Friday, August 6, 2021 5:00 PM

**To:** jsobrado@brickellip.com; 'Gregory Hillyer' < ghillyer@hillyerlegal.com>
**Cc:** 'Cary A. Lubetsky' < cal@khllaw.com> ; 'Mullins, Edward M. (MIA)' <EMullins@reedsmith.com> ; Robert Scheffel
< rscheffel@dowdscheffel.com>
**Subject:** Re: Comments on Joint Binder

Javier:

Thank you for the reply.

You are entirely misrepresenting even our brief entry into this case.  We have met and conferred with you in good
faith, only to be continually interrupted during the calls.  We add that we are taken aback even by the tone of this
email, in which you accuse us of taking a "dilatory approach."   Such attacks are entirely uncalled for.

Moreover, on short notice, you make demands of complying with arbitrary deadlines.  That type of approach is not
reasonable and is not productive.  Your arbitrary demands and unsupported accusations are only slowing the
process.

In terms of the draft documents, your preliminary list of exhibits that you provided on Monday was inconsistent with
the court's order, and it has required substantial work to correct the confusion caused by Plaintiff's erroneous
proposal.  The court's order makes it clear that the parties are "shall include in the Notebook only those exhibits that
are considered absolutely necessary."  The order further states that not including an exhibit in the Notebook does
not preclude the use of an exhibit at trial that was properly identified on the parties' respective exhibit list.  Your
proposed list appears to contain many more documents than what the court's order contemplates.

Moreover, as you agreed during the meet and confer just yesterday, your proposed list is not consistent with what
the parties understand to be "joint exhibits."  Simply identifying exhibits without objections as "Joint" exhibits—as
BPI originally proposed—does not comply with the court's order.  The exhibits are not "Joint," especially as BPI was
taking the position that those exhibits are already and automatically admitted into evidence for all purposes in the
trial, regardless of whether a witness uses the exhibit.

Furthermore, you keep referring to Binder 1, Binder 2, and Binder 3.  The order (D.E. 258) does not mention or
contemplate multiple binders.  If you would like to discuss that issue later today, we can be available.  Please let us
know so we can rectify the apparent confusion.

In the meantime, Defendants will be working diligently as always to respond to the court's requests.

Matthew J. Dowd
Dowd Scheffel PLLC
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
Direct: (202) 573-3853
Office: (202) 559-9175
mdowd@dowdscheffel.com
http://www.dowdscheffel.com
http://www.linkedin.com/in/matthewdowd

---

**From:** " jsobrado@brickellip.com " < jsobrado@brickellip.com >
**Date:** Friday, August 6, 2021 at 4:27 PM
**To:** Matthew Dowd < mdowd@dowdscheffel.com > , 'Gregory Hillyer' < ghillyer@hillyerlegal.com >
**Cc:** "'Cary A. Lubetsky' " < cal@khllaw.com > , "'Mullins, Edward M. (MIA)' " < EMullins@reedsmith.com > ,
Robert Scheffel < rscheffel@dowdscheffel.com >
**Subject:** RE: Comments on Joint Binder

Matthew:

As a preliminary matter we note that we disagree with your characterization of our demeanor and of the call.

Plaintiff's request to present the testimony of Dr. Steven Bannister via video conference technology is neither calculated nor belated. We presented the request to defendants immediately after Dr. Bannister informed us that he was unable to appear live in view of his health concerns, and filed our motion with the Court shortly after meeting and conferring. We are ready for trial and our witnesses are ready for trial and have made travel arrangements. It is Defendants who are making belated and eleventh-hour requests to continue the trial date less than two weeks before trial is scheduled. Moreover, Defendants have no motion pending to continue the trial despite the fact that you filed your motion to appear pro hac vice on July 19 $^{th}$. We don't understand what you plan to seek fees for. The Court, not BPI, is in charge of the schedule and when and how trial will take place.

With respect to the Exhibit Notebook, Defendants appear to be taking a dilatory approach creating a fire drill where none was necessary. We informed you of our plan to include all exhibits that were not objected to in the joint binder last week and Defendants did not object. We provided you with the list of exhibits for inclusion in the joint notebook on Monday in accordance with our proposal, and asked that Defendants provide any requested edits by Wednesday. Defendants provided no response on Wednesday. Yesterday, when we followed up with Defendants and met and conferred on the issue, (1) Defendants for the first time objected to our approach for preparing the joint binder, (2) went as far as to ask BPI to go remake its proposal for the joint binder, and (3) ultimately agreed to provide its edits to the list of exhibits to be included in the joint binder later Thursday evening. It's 4:30 pm on Friday and we **_STILL_** do not have a response from you regarding the contents of the joint binder. If Defendants continue to refuse to participate in the process of preparing the Exhibit Notebook, then BPI will be forced to make a good faith effort to comply with the Court's order without input from Defendants.

With respect to Binder 2 (BPI's exhibits) of the Exhibit Notebook, as we informed you on the call we cannot complete Binder 2 until Defendants provide us with their revision of Binder 1. The reasons for this are obvious – Plaintiff has to add to Binder 2 any of Plaintiff's exhibits that Defendants remove from Binder 1. Because Defendants refuse to share their revisions to Binder 1 Plaintiffs cannot prepare Binder 2.

With respect to delivery of the Exhibit Notebook, we have proposed to divide it as the Court has instructed: Binder 1 – Joint exhibits; Binder 2 – BPI's exhibits; and Binder 3 – Defendants' Exhibits. The Court's order is silent with respect to the manner in which the binders are to be delivered, and does not preclude each party from delivering their respective binders to the Court separately. We cannot "finalize and deliver" Binder 3 to the Court because Defendants have refused to provide us the information as to what is going into Binder 3. Indeed, as it stands we cannot right now finalize and deliver Binders 1 and 2 to the Court because Defendants have refused to provide us with their revisions to BPI's proposal for Binder 1 from Monday. Nevertheless, we will attempt to accommodate you -- if you wish for BPI to deliver Binder 3 together with Binders 1 & 2 to the Court, please deliver a physical copy of Binder 3 to the Miami offices of Krinzman Huss Lubetsky & Hotte by noon on Monday, August 9. If you do so we will deliver it to the Court as a complete Exhibit Notebook. If you cannot deliver it by this time, we cannot guarantee that the courier will not have left to make the delivery and we ask that Defendants make their own arrangements to deliver Binder 3 to the Court.

Krinzman Huss's Miami address is:

Alfred I. duPont Building
169 E. Flagler Street, Suite 500
Miami, Florida 33131
Phone: 305-854-9700
Fax: 305-854-0508

We cannot prepare a draft of FORM 187 until we receive Defendants' revisions to what exhibits go into the Binder 1. Once Binder 1 is finalized we will prepare the index to Binder 1 and 2 and provide them to you. We expect Defendants to prepare the index to Binder 3. A copy of Form AO187 is attached for your convenience. We anticipate listing lead counsel – Mr. Dowd and Mr. Hillyer as attorneys for the Parties on the form.

Kind regards,
-Javier

---

**From:** Matthew Dowd < mdowd@dowdscheffel.com >
**Sent:** Friday, August 6, 2021 10:13 AM
**To:** Gregory Hillyer < ghillyer@hillyerlegal.com > ; jsobrado@brickellip.com
**Cc:** Cary A. Lubetsky < cal@khllaw.com > ; 'Mullins, Edward M. (MIA)' < EMullins@reedsmith.com > ; Robert Scheffel

< rscheffel@dowdscheffel.com >
**Subject:** Re: Comments on Joint Binder

Greg,

Thank you for the email yesterday.   We're working diligently to prepare the items noted below.   As I'm sure you can imagine, coming into the case at this stage involves a lot of review to ensure the case is ready for trial.

As a first point, we would ask that, during the meet and confers, you maintain a civil tone.   In the short time Dowd Scheffel has been involved in the case, we have had three calls with you.   During the last two, you became surprisingly aggressive and interrupted us repeatedly.   During our second call, your tone changed immediately when we declined to simply agree to your eleventh-hour request for remote testimony.   During our most recent call, you unnecessarily raised your voice and interrupted numerous times.   We are simply asking that you discuss these matters in a civil tone and that you be considerate by not interrupting us when we are talking (as we have been doing for you).

Second, as you know, Defendants  filed their opposition to Plaintiff's motion for leave to present remote testimony of Dr. Bannister.   We ask that Plaintiff reconsider its unreasonable position.   Plaintiff's calculated and belated request will unfairly prejudice Defendants and will cause havoc with the trial.   On top of that, and as Plaintiff's motion points out, the COVID-19 situation is worsening by the day in the Fort Lauderdale/Broward County area. *See, e.g.* , https://floridapolitics.com/archives/446210-in-broward-county-hospitals-there-are-only-so-many-beds/ ("'We are seeing a surge like we've not seen before in terms of the patients coming,' Memorial Healthcare System's Chief Medical Officer Dr. Marc Napp said Wednesday during a news conference in Hollywood."); *id.*  ("'This is the highest number of patients Memorial has ever seen,' he said. 'It's the sheer number coming in at the same time. There are only so many beds, so many doctors, only so many nurses,' Napp said.").   There appears to be no reason why the parties cannot jointly take a brief respite in order to ensure that the numerous health, safety, and logistical concerns are adequately and fairly addressed.   Please note that Defendants reserve their right to seek fees and costs in connection with any unnecessary and/or cancelled travel plans.

Third, despite the major concerns noted above, Defendants continue to diligently work on completing the various items for trial.   On the Exhibit Notebook (per D.E. 258), we will be providing an updated list with the parties' understanding that joint exhibits (for the first division) are only those exhibits that will absolutely be entered into evidence and to which neither party has an objection.

During the call, you also stated that you would be providing an updated list of the exhibits that Plaintiff intends to include in the second division of the Exhibit Notebook.

We understand that, once the Exhibit Notebook is prepared, Plaintiff will finalize and deliver it to the court.   Your proposal of delivering separate binders is not consistent with the Order Providing Instructions for Trial.

We also will work to provide you with Defendants' Form AO187.   Please provide us your draft of AO187 so that we can add Defendants' exhibits to the form.

We will also provide to you electronic copies of the exhibits, to be included on the flash drive.

Matthew J. Dowd
Dowd Scheffel PLLC
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
Direct: (202) 573-3853
Office: (202) 559-9175
mdowd@dowdscheffel.com
http://www.dowdscheffel.com
http://www.linkedin.com/in/matthewdowd

---

**From:** Gregory Hillyer < ghillyer@hillyerlegal.com >
**Date:** Thursday, August 5, 2021 at 4:16 PM
**To:** Matthew Dowd < mdowd@dowdscheffel.com > , " jsobrado@brickellip.com " < jsobrado@brickellip.com > , Robert Scheffel < rscheffel@dowdscheffel.com > , "'Mullins, Edward M. (MIA)'

" < EMullins@reedsmith.com >
**Cc:** "Cary A. Lubetsky " < cal@khllaw.com >
**Subject:** RE: Comments on Joint Binder

Matt, thank you for the meet and confer about binder 1. We agreed that you will review the list we provided and indicate which exhibits you would like to remove on the basis that both parties do not intent to offer them (i.e., are not joint). For the sake of clarity, this should apply to all exhibits regardless of which party designated them. We reserve the right to remove any additional exhibits that we do not believe are joint exhibits.

All exhibits removed from binder 1 may of course be listed by any party in their respective binders 2 (BPI) and 3 (Defendants). I presume from our discussions today that once these exhibits are set, we will do a mutual exchange of our exhibit lists for these binders.

We have agreed to be responsible for assembling and delivering to the Court binders 1 and 2 (but not 3). For your convenience, I am attaching a link to Form AO 187 which must accompany each binder as the index (one per binder listing the exhibits in that particular binder). D.E. 258, Order, para. 2. Accordingly, we will handle preparing Form AO 187 for binders 1 and 2 (but not 3).

https://www.uscourts.gov/sites/default/files/ao187.pdf

As I indicated on our call, it was our intention to provide a flash drive to the Court will electronic copies of the exhibits. Order, para. 2. If you would like to provide electronic copies of your exhibits we can add them to this drive.

During the call, you also informed me that Defendants intend to seek a continuance of the trial. This will confirm that BPI objects to any continuance and will oppose any motion requesting such relief.

Please let me know if you have any comments or changes to what is outlined above. Thanks, Greg.

---

**From:** Matthew Dowd < mdowd@dowdscheffel.com >
**Sent:** Thursday, August 5, 2021 2:56 PM
**To:** Gregory Hillyer < ghillyer@hillyerlegal.com > ; jsobrado@brickellip.com ; Robert Scheffel < rscheffel@dowdscheffel.com > ; 'Mullins, Edward M. (MIA)' < EMullins@reedsmith.com >
**Subject:** Re: Comments on Joint Binder

Thank you. I'll have to push back the call 10 minutes. Talk at 3:10.

---

**From:** Gregory Hillyer < ghillyer@hillyerlegal.com >
**Date:** Thursday, August 5, 2021 at 2:50 PM
**To:** Matthew Dowd < mdowd@dowdscheffel.com > , " jsobrado@brickellip.com " < jsobrado@brickellip.com > , Robert Scheffel < rscheffel@dowdscheffel.com > , "'Mullins, Edward M. (MIA)' " < EMullins@reedsmith.com >
**Subject:** RE: Comments on Joint Binder

Gents, we can use the below call-in number for 3:00:

Hillyer Legal – Conference Bridge
Call-in Number: 877-391-7681
Guest Code: 5555#

---

**From:** Matthew Dowd < mdowd@dowdscheffel.com >
**Sent:** Thursday, August 5, 2021 9:16 AM
**To:** Gregory Hillyer < ghillyer@hillyerlegal.com > ; jsobrado@brickellip.com ; Robert Scheffel < rscheffel@dowdscheffel.com > ; 'Mullins, Edward M. (MIA)' < EMullins@reedsmith.com >
**Subject:** Re: Comments on Joint Binder

Greg,

Thanks for the email. Let's plan to meet and confer this afternoon. Does 3 PM work for you?

Matthew J. Dowd
Dowd Scheffel PLLC
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
Direct: (202) 573-3853
Office: (202) 559-9175
mdowd@dowdscheffel.com
http://www.dowdscheffel.com
http://www.linkedin.com/in/matthewdowd

---

**From:** Gregory Hillyer < ghillyer@hillyerlegal.com >
**Date:** Thursday, August 5, 2021 at 8:16 AM
**To:** " jsobrado@brickellip.com " < jsobrado@brickellip.com > , Matthew Dowd < mdowd@dowdscheffel.com > , Robert Scheffel < rscheffel@dowdscheffel.com > , "'Mullins, Edward M. (MIA)' " < EMullins@reedsmith.com >
**Subject:** Comments on Joint Binder

Counsel, when we spoke on the phone about the joint notebook (i.e., binder 1), we suggested that the parties reach agreement by Wednesday to allow sufficient time for preparing Form AO 187, organizing, copying, etc.  Since we agreed to be responsible for producing this binder to the court, please provide your comments on the proposal today so we don't end up in a time crunch.  If you want to meet and confer to go through the exhibits so we can get this done, please let us know.   Thanks, Greg.

---

**From:** jsobrado@brickellip.com <jsobrado@brickellip.com >
**Sent:** Monday, August 2, 2021 12:30 PM
**To:** 'Matthew Dowd' < mdowd@dowdscheffel.com > ; 'Robert Scheffel' < rscheffel@dowdscheffel.com > ; 'Mullins, Edward M. (MIA)' < EMullins@reedsmith.com > ; 'Gregory Collins' < gbc@kfcfirm.com > ; 'Eric Hull' < ebh@kfcfirm.com >
**Cc:** Gregory Hillyer < ghillyer@hillyerlegal.com >
**Subject:** RE: Sales Figures

Counsel:

Per our discussion last week, please find attached A proposal for what exhibits should go in the Joint Binder, including all exhibits that are not objected to by the Parties.

First we list all the exhibits that we believe should go in from Plaintiff's exhibit list.  Next we provide a copy of exhibits from Defendants' Exhibit lists to which BPI did not object.

With respect to Plaintiff's Exhibit 126, we note we have included it in this list despite Defendants' authenticity objection because Defendants also present the same exhibit as 1024.

With respect to Plaintiff's Exhibit 166, the copy of the exhibit previously provided was incorrect.  Attached please find a replacement exhibit.

With respect to the listing of Defendants' exhibits:

- Items that have been highlighted in Blue are true "joint exhibits" that have a corresponding entry in Plaintiff's exhibit list (each should be identified in a corresponding footnote). Some of these have minor variations such as docket entry information or exhibit stamps, but the underlying document remains the same.   Please advise whether Defendants object to listing these jointly on Form 187 or whether Defendants believe the documents warrant separate entries.

- Exhibits highlighted in yellow are not objected to by BPI, but Defendants indicated that such exhibits were only to be used "if need arises."  In view of the Court's order instructing the parties to include "only those exhibits that are considered absolutely necessary" we ask that Defendants indicate whether they are amenable to removing some or all of these exhibits from the Joint Binder.

- Exhibit 1078 appears to be in error.  The copy provided for 1078 is a duplicate of 1077.  1078 purports to be DE 132-2 (the notice of intent to issue a reexamination certificate).  However, as such it would be a duplicate of 1076.  Please advise what is intended for 1078, or whether Defendants are amenable to removing same from the joint binder.

- Exhibits 1100 and 1101 – the complete file wrappers for the reexams – are voluminous.  Please confirm that Defendants wish to include those in the joint binder.

---

**From:** Matthew Dowd < mdowd@dowdscheffel.com >
**Sent:** Monday, August 2, 2021 8:27 AM
**To:** jsobrado@brickellip.com ; Robert Scheffel < rscheffel@dowdscheffel.com > ; 'Mullins, Edward M. (MIA)' < EMullins@reedsmith.com > ; Gregory Collins < gbc@kfcfirm.com > ; 'Eric Hull' < ebh@kfcfirm.com >
**Cc:** 'Gregory Hillyer' < ghillyer@hillyerlegal.com >
**Subject:** Re: Sales Figures

Javier,

Thank you for the information.  We'll confer with our client and report back as soon as possible.

Best,

Matthew J. Dowd
Dowd Scheffel PLLC
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
Direct: (202) 573-3853
Office: (202) 559-9175
mdowd@dowdscheffel.com
http://www.dowdscheffel.com
http://www.linkedin.com/in/matthewdowd

---

**From:** " jsobrado@brickellip.com " < jsobrado@brickellip.com >
**Date:** Sunday, August 1, 2021 at 9:17 AM
**To:** Matthew Dowd < mdowd@dowdscheffel.com > , Robert Scheffel < rscheffel@dowdscheffel.com > , "'Mullins, Edward M. (MIA)' " < EMullins@reedsmith.com > , Gregory Collins < gbc@kfcfirm.com > , 'Eric Hull' < ebh@kfcfirm.com >
**Cc:** 'Gregory Hillyer' < ghillyer@hillyerlegal.com >
**Subject:** FW: Sales Figures
**Resent-From:** Proofpoint Essentials < do-not-reply@proofpointessentials.com >
**Resent-To:** < mdowd@dowdscheffel.com >
**Resent-Date:** Sunday, August 1, 2021 at 9:12 AM

Counsel,

Attached are the sales and financial information produced by Defendants that we Defendants to supplement.  We ask that you provide (1) ThermoLife's 2020 P& L, and (2) ThermoLife's creatine nitrate sales figures for Feb. 2020-Jan 2021 and Feb. 2021-July 2021, and (3) updated sales data from Muscle Beach.

ThermoLife Produced:

| TLI002239 | 2015 P& L |
| TLI002240 | 2016 P& L |
| TLI002242 | 2017 P& L |
| TLI002244 | 2018 P& L |
| TLI002246 | 2019 P& L |

| TLI002247 | Feb2015-Jan2016 CN Sales |
| TLI002248 | Feb2016-Jan2017 CN Sales |
| TLI002249 | Feb2018-Jan2019 CN Sales |
| TLI002250 | Feb2018-Jan2019 CN Sales |
| TLI002251 | Feb2017-Jan2018 CN Sales |
| TLI002252 | Feb. 2019-Jan2020 CN Sales |

Muscle Beach produced the attached "Sales Report", "Sales Report 3", and "Purchased Cost 3" documents.

Thank you,
-Javier

Javier Sobrado, Esq.
Member
The Brickell IP Group, PLLC
1101 Brickell Avenue
South Tower, Suite 800
Miami, FL 33131
Direct: 305-772-1331
e-mail:   JSobrado @BrickellIP.com

www.brickellip.com



THE BRICKELL IP GROUP
INTELLECTUAL PROPERTY LAW

This message (including any attachments) may contain confidential, proprietary, privileged and/or private information.  The information is intended to be for the use of the individual or entity designated above. If you are not the intended  recipient of this message, please notify the sender immediately, and delete the message and any attachments. Any  disclosure, reproduction, distribution or other use of this message or any attachments by an individual or en ity other  than the intended recipient is prohibited.

# EXHIBIT 5

| | |
|---|---|
| From: | **Matthew Dowd** <mdowd@dowdscheffel.com> |
| To: | **Gregory Hillyer** <ghillyer@hillyerlegal.com>; **jsobrado@brickellip.com** <jsobrado@brickellip.com> |
| CC: | **Cary A. Lubetsky** <cal@khllaw.com>; **'Mullins, Edward M. (MIA)'** <EMullins@reedsmith.com>; **Robert Scheffel** <rscheffel@dowdscheffel.com>; **Barton, Ana M.** <ABarton@reedsmith.com> |
| Subject: | BPI v. ThermoLife |
| Date: | 08.08.2021 01:30:21 (+02:00) |
| Attachments: | Ltr to BPI Counsel 2021-08-07.pdf (5 pages) |

Dear Counsel,

Please see the attached letter.

Best,

Matthew J. Dowd
Dowd Scheffel PLLC
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
Direct: (202) 573-3853
Office: (202) 559-9175
mdowd@dowdscheffel.com
http://www.dowdscheffel.com
http://www.linkedin.com/in/matthewdowd



1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
(202) 559-9175
https://www.dowdscheffel.com

*Via Electronic Mail*

**August 7, 2021**

Gregory L. Hillyer
Director of Litigation
Hillyer Legal, PLLC
5335 Wisconsin Avenue, NW
Washington, D.C. 20015
ghillyer@hillyerlegal.com

      Re:    *BPI Sports, LLC v. ThermoLife International, LLC,*
                No. 0:19-cv-60505-RS (S.D. Fla.)

Dear Greg:

    We write concerning several legally flawed positions advocated by BPI on patent false marking under 35 U.S.C. § 292. It appears that BPI was able to proceed through much, if not all, of the litigation by advancing theories that are atextual, unsupported by precedent, and lack any good-faith basis for an extension of the law. In general, BPI's legal arguments on § 292 are objectively unreasonable. Defendants reserve their right to seek attorney's fees and costs pursuant to 35 U.S.C. § 285.

**A. BPI Is Not Entitled To Defendants' Profits**

    BPI has incorrectly argued that it can recover damages based on Defendants' profits. BPI's argument is legally unsupported, and BPI has incorrectly represented to the court the import of a district court case addressing § 292. For example, during the June 19, 2020 Discovery Hearing before Magistrate Judge Alicia O. Valle, BPI argued:

August 7, 2021
Gregory L. Hillyer

> The patent marking statute refers to a competitive injury. We provided a case, *US Rubber*,[1] which speaks directly to this issue. That was a false marking case where a party attempted to keep the profit numbers out of evidence. They had already been produced, and the court said that profits of a defendant are relevant to competitive injury under the patent marking statute. The patent statute itself does not say otherwise. It stands to reason that a Plaintiff such as BPI should be allowed to show damages, either by actual damages to itself or the enrichment by ThermoLife as a result. And so we believe we're entitled to those numbers. We've asked for them. They go to the heart of our damages case.

D.E. 122 at 10:8-19 (BPI's counsel arguing at the discovery motions hearing).

BPI's argument offers no valid support that its damages may be based on "the enrichment by ThermoLife." *First,* 35 U.S.C. § 292(b) expressly limits the damages to the "competitive injury" sustained by BPI and does not extend to any alleged "enrichment by ThermoLife." *Id.* ("A person who has suffered a competitive injury as a result of a violation for this section may file a civil action in a district court of the United States for recovery of damages adequate to *compensate for the injury.*" (emphasis added)). Compensatory damages for an alleged competitive injury to BPI must focus on the harm to BPI, not an "enrichment by ThermoLife."

*Second*, BPI's reliance on *U.S. Rubber* is inapposite. Nowhere in *U.S. Rubber* did the district court hold that enrichment was an appropriate measure of damages. The portion of *U.S. Rubber* BPI relied upon is simply a motion in limine ruling permitting the use of the defendant's income and profits as evidence towards showing the competitive injury. The court held that such information was relevant because the plaintiff "argue[d] it could have served a portion of [d]efendant's customers were it not [*i.e.*, "but for"] the false marking." 2011 WL 1312734, at *6. In that context, the defendant's income and profits were considered possibly relevant to identify what portion of the defendant's customers the plaintiff could have served. Nothing in *U.S. Rubber* states or even suggests that the measure of a plaintiff's damages is the amount of profit made by the alleged false marker or the amount of the level of economic enrichment by the alleged false marker.

Defendants further note that Plaintiff appeared to shoehorn its incorrect legal theory into the "Agreed Issues of Law" in the Joint Pretrial Stipulation. D.E. 239, at 14 (Agreed Issue of Law 13). In this vaguely worded "issue," the only reasonably correct reading of the "agreed issue of law" is that "unjust enrichment" and "lost profits" are related to BPI's revenues. To the extent that BPI contends that Agreed

---

[1] *U.S. Rubber Recycling, Inc. v. Ecore Int'l, Inc.*, CV 09-09516-SJO (OPx), 2011 WL 1312734 (C.D. Cal. Oct. 5, 2011).

**Dowd Scheffel PLLC**          2

August 7, 2021
Gregory L. Hillyer

Issue of Law 13 means that BPI can base its alleged damages calculation, i.e., "damages adequate to compensate for the injury," BPI is wrong as a matter of law, and Defendants request a meet and confer prior to the Calendar Call so that this issue can be raised and/or resolved at the Calendar Call.

*Third,* in this case, BPI is not a competitor of defendants in the creatine-nitrate market. Being a competitor in the relevant marketplace is a requirement for a party to establish the elements of patent false marking under § 292. *Sukumar v. Nautilus, Inc.*, 785 F.3d 1396, 1400 (Fed. Cir. 2015) ("A potential competitor can only suffer a competitive injury if it engages in competition. Dreaming of an idea but never attempting to put it into practice is insufficient. Otherwise, market entry is too speculative and, thus, competition cannot be harmed by the false marking."); *RB Rubber Prods. v. ECORE Int'l, Inc.*, No. 3:11-cv-319, 2012 WL 4068557, at *9 (D. Ore. Sep. 14, 2012) ("[C]ompetitive injury exists where the parties are in competition in the relevant market and the alleged false marking harms the plaintiff's ability to compete.").

BPI has not and does not market a dietary supplement product with creatine-nitrate. Moreover, BPI's founder, chairman, and sole 30(b)(6) witness testified that BPI did not try to obtain creatine nitrate. Ettinger Dep. Tr. 92:16-18. Simply put, BPI and Defendants have not and do not compete in the creatine-nitrate market. BPI has not reasonable basis to argue that it has suffered a competitive injury. *Sukumar*, 785 F.3d at 1403 ("Sukumar did not attempt to compete with Nautilus, so Sukumar did not suffer a competitive injury."). Accordingly, even if BPI could prove the other elements of § 292 at trial, it cannot prove all elements of its false patent marking claim, and it therefore has not objectively reasonable basis for proceeding with the claim.

## B. Defendants Cannot Be Liable Under § 292 For A Third-Party Marking Activity

BPI has incorrectly argued that ThermoLife can be liable under § 292 for third-party marking activity. *See, e.g.*, D.E. 239, at 9 ("Whether Defendants falsely marked the products of ThermoLife licensees, including Cellucor, through their NO3-T.com website."). With this argument, BPI is essentially making an argument of vicarious liability for false patent marking. As you know, the court has already rejected this theory of liability in connection with a Motion To Dismiss The Amended Complaint Or In The Alternative To Transfer To The District Of Arizona. In its Order, the Court stated:

> BPI has cited no case law extending liability to a patent holder for markings by a licensee, when the marking statute on its face attaches liability to the person who marks the unpatented product. *See* 35 U.S.C. § 292(a) ("*Whoever marks* upon, or *affixes to, or uses in advertising* . . . .").

**Dowd Scheffel PLLC**          3

August 7, 2021
Gregory L. Hillyer

Dkt. 37 at 16.

To date, BPI has not identified any case law extending liability to a patent holder for markings by a licensee. Indeed, the Joint Pretrial Stipulation (Dkt. 239) is completely silent on this point. Accordingly, any attempts to argue that Cellucor has falsely marked its products is not actionable against Defendants. Please confirm that BPI does not intend to make such an argument during trial and that it does not intend to solicit evidence that is related solely to such an argument.

### C. BPI's Proposed Jury Instruction on False Patent Marking Is Flawed

BPI's proposed instruction does not include all of the requirements under 35 U.S.C. § 292 to establish a claim for false patent marking. For example, BPI's proposed jury instruction fails to even mention that BPI must prove that it "suffered a competitive injury" as a result of the alleged false marking and the amount, if any, "damages adequate to compensate for the injury." 35 U.S.C. § 292(b).

The Federal Circuit has made clear that BPI must prove that it "suffered a competitive injury as a result of a violation of section 292(a)." *Sukumar,* 785 F.3d at 1402. Such competitive injury can only occur if the plaintiff engages in competition, either directly selling a product competing in the relevant market or attempting to enter the market. *Id.* When, as in this case, there are other patents (not alleged to be falsely marked) that cover the "unpatented article," then BPI must show that the falsely marked patents deterred market entry, "*but that---for* [i.e. "but for"] some other reason" the other patents did not deter market entry. *Id.* (emphasis added); *see also John Bean Techs. Corp. v. Morris & Assocs., Inc.*, 828 Fed. App'x 707, 716 (Fed. Cir. Sept. 24, 2020) (non-precedential) ("When a product is properly marked with other patents, as here, the competitor must show that the falsely marked patent caused its injury and that—for some reason—the properly marked patent did not.").

In view of this clear case law, to prevail on its false marking claim, BPI must present evidence that it would have made or sold competing creatine-nitrate products *but for* the false marking, despite ThermoLife's other valid patent claims covering the various nitrate compositions and products. *John Bean,* 828 Fed. App'x at 716. BPI's proposed jury instruction is clearly wrong under the law, and it would be entirely unreasonable and objectively baseless to proceed to trial with BPI's proposed jury instruction.

* * *

Given the infirmities with BPI's legal arguments, ThermoLife asks that BPI immediately confirm that (1) BPI will not be seeking enrichment or ThermoLife's profits as its damages for the alleged false patent marking; (2) BPI will not argue that Defendants are liable for any alleged false patent marking by licensees, and (3) BPI

**Dowd Scheffel PLLC**          4

August 7, 2021
Gregory L. Hillyer

agrees that it must prove that it suffered a competitive injury but for the false marking and the amount of BPI's damages, if any, as a result of the injury.  To the extent that BPI do not do so, Defendants will be seeking fees and costs recoverable under 35 U.S.C. § 285.

If you would like meet and confer on this issue, we can be available on Sunday, August 8, or Monday August 9.

Sincerely,

Matthew J. Dowd

**Dowd Scheffel PLLC**                    **5**

# EXHIBIT 6

| From: | **Matthew Dowd** <mdowd@dowdscheffel.com> |
|---|---|
| To: | **Gregory Hillyer** <ghillyer@hillyerlegal.com> |
| CC: | Jsobrado@brickellip.com <Jsobrado@brickellip.com>; **Cary A. Lubetsky** <cal@khllaw.com>; **Mullins, Edward M. (MIA)** <EMullins@reedsmith.com>; **Robert Scheffel** <rscheffel@dowdscheffel.com>; **Barton, Ana M.** <ABarton@reedsmith.com> |
| Subject: | Re: BPI v. ThermoLife |
| Date: | 09.08.2021 13:05:53 (+02:00) |

Greg and Javier,

It is intriguing that you have yet to respond to our earlier email (from Saturday afternoon) about our changed circumstances. Please let us know when you are available for a meet and confer this morning. Since Greg states he is unavailable, Javier, please let us know when you are available.

Matt

---

**From:** Gregory Hillyer <ghillyer@hillyerlegal.com>
**Date:** Monday, August 9, 2021 at 8:33 AM
**To:** Matthew Dowd <mdowd@dowdscheffel.com>
**Cc:** "Jsobrado@brickellip.com" <Jsobrado@brickellip.com>, "Cary A. Lubetsky" <cal@khllaw.com>, "Mullins, Edward M. (MIA)" <EMullins@reedsmith.com>, Robert Scheffel <rscheffel@dowdscheffel.com>, "Barton, Ana M." <ABarton@reedsmith.com>
**Subject:** Re: BPI v. ThermoLife

Matt, we are in receipt of your letter, but disagree with all of the contentions. The issues you raised have already been resolved in BPI's favor, are untimely, are waived, are moot, have been admitted in the pre-trial statement or some combination of the foregoing. I am on a flight to Fort Lauderdale and will be unavailable for the rest of the morning.

From the iPhone of Gregory Hillyer

> On Aug 7, 2021, at 9:30 PM, Matthew Dowd <mdowd@dowdscheffel.com> wrote:
>
> Dear Counsel,
>
> Please see the attached letter.
>
> Best,
>
> Matthew J. Dowd
> Dowd Scheffel PLLC
> 1717 Pennsylvania Avenue, NW
> Suite 1025
> Washington, D.C. 20006
> Direct: (202) 573-3853
> Office: (202) 559-9175
> mdowd@dowdscheffel.com
> http://www.dowdscheffel.com
> http://www.linkedin.com/in/matthewdowd

<Ltr to BPI Counsel 2021-08-07.pdf>

# Exhibit 7

| | |
|---|---|
| From: | **Matthew Dowd** <mdowd@dowdscheffel.com> |
| To: | **jsobrado@brickellip.com** <jsobrado@brickellip.com>; **Gregory Hillyer** <ghillyer@hillyerlegal.com> |
| CC: | **'Cary A. Lubetsky'** <cal@khllaw.com>; **'Mullins, Edward M. (MIA)'** <EMullins@reedsmith.com>; **Robert Scheffel** <rscheffel@dowdscheffel.com>; **'Barton, Ana M.'** <ABarton@reedsmith.com> |
| Subject: | Re: BPI v. ThermoLife |
| Date: | 09.08.2021 16:41:36 (+02:00) |

Javier,

We are quite shocked at the cavalier response and your refusal to even give us the courtesy of a return call. It is stunning, quite frankly.

You mention below that we have all had "close calls." I don't know how you can know what our various situations have been. But for you to suggest that Defendants' trial team should travel just days after being exposed to a confirmed COVID infection demonstrates an astounding reckless disregard for other people's safety. And for what? Simply because you are concerned that Defendants' trial team will have a so-called "magnificent gift of additional trial time"?

If we had the power on our end, we would gladly do whatever we could—including going to trial tomorrow against you—to avoid having our employee subject to a COVID infection and to avoid being closely exposed to it.

Your response that you "have not yet had time to download and read it" is equally concerning. And as you know, I emailed you a copy of the motion this morning at 1:50 AM. You did not have to download anything. For you to make the accusations and assertions below—all without taking a minute to even skim the motion—leaves us speechless and utterly disappointed.

Finally, you are demonstrably incorrect with your statement that we "will know definitively by the end of the week whether [we] have contracted COVID." I would ask that you to do further research before making any additional medical-based statements.
At this point, we can only expect that you have no intention of providing us with the courtesy of a call.

Matthew J. Dowd
Dowd Scheffel PLLC
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
Direct: (202) 573-3853
Office: (202) 559-9175
mdowd@dowdscheffel.com
http://www.dowdscheffel.com
http://www.linkedin.com/in/matthewdowd

---

**From:** Matthew Dowd <mdowd@dowdscheffel.com>
**Date:** Monday, August 9, 2021 at 12:07 PM
**To:** "jsobrado@brickellip.com" <jsobrado@brickellip.com>, 'Gregory Hillyer' <ghillyer@hillyerlegal.com>
**Cc:** "'Cary A. Lubetsky'" <cal@khllaw.com>, "'Mullins, Edward M. (MIA)'" <EMullins@reedsmith.com>, Robert Scheffel <rscheffel@dowdscheffel.com>, "'Barton, Ana M.'" <ABarton@reedsmith.com>
**Subject:** Re: BPI v. ThermoLife

Javier,

We just called you again, and you did not answer. Please confirm that you are available for a call between now and 12:30 PM.

Matthew J. Dowd
Dowd Scheffel PLLC
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
Direct: (202) 573-3853
Office: (202) 559-9175
mdowd@dowdscheffel.com
http://www.dowdscheffel.com
http://www.linkedin.com/in/matthewdowd

---

**From:** "jsobrado@brickellip.com" <jsobrado@brickellip.com>
**Date:** Monday, August 9, 2021 at 12:02 PM
**To:** Matthew Dowd <mdowd@dowdscheffel.com>, 'Gregory Hillyer' <ghillyer@hillyerlegal.com>
**Cc:** "'Cary A. Lubetsky'" <cal@khllaw.com>, "'Mullins, Edward M. (MIA)'" <EMullins@reedsmith.com>, Robert Scheffel <rscheffel@dowdscheffel.com>, "'Barton, Ana M.'" <ABarton@reedsmith.com>
**Subject:** RE: BPI v. ThermoLife

Matt,

I am sorry I was unable to take your call this morning. I've spent the morning dealing with printing and preparing exhibits and other information in compliance with Court orders under an unnecessary time crunch created by Defendants' refusal to provide information about what should go into the Exhibit Notebook until Saturday evening. I will be spending the balance of the day preparing same. We still don't have any responses from Defendants with respect to trial times, witness times, and the voir dire summary of the case. All of these need to be filed and delivered today.

Please provide us with your input to those documents so that we can comply with the Court's Order [D.E. 258].

With respect to your employee that has tested positive for COVID, our thoughts and prayers go out to them and we wish them a speedy recovery. However, we do not see how this is an emergency. Over the last year and a half of dealing with COVID, we have all had close calls and possible exposures. In January my sister's in-laws all came down with COVID three days after a family gathering we attended. Last year I also had one of my law partners test positive for COVID a few days after I had lunch with them. I understand your concerns, but luckily I never contracted COVID and neither of these events prevented my ability to meet deadlines and other obligations.

If you were potentially exposed on Friday, you should be able to have early testing tomorrow and you will know definitively by the end of the week whether you have contracted COVID. We do not see how an unspecified employee of your firm having no apparent role on your trial team contracting COVID affects Defendants' ability to prepare for trial. Moreover we note that Defendants currently have 3 law firms capable of representing them in this matter.

We had already told you that BPI will oppose any motion for continuance last week, and you have already filed your motion (although I have not yet had time to download and read it) over the weekend before waiting for our response to your meet and confer email. If and when Defendants' trial counsel tests positive for COVID we can revisit this issue. In view of the foregoing we do not believe that further meet

and confer efforts are necessary, but if you think they will be productive we can schedule a time to talk this afternoon.


Regards,
-Javier


**From:** Matthew Dowd <mdowd@dowdscheffel.com>
**Sent:** Monday, August 9, 2021 10:01 AM
**To:** Gregory Hillyer <ghillyer@hillyerlegal.com>
**Cc:** Jsobrado@brickellip.com; Cary A. Lubetsky <cal@khllaw.com>; Mullins, Edward M. (MIA)
<EMullins@reedsmith.com>; Robert Scheffel <rscheffel@dowdscheffel.com>; Barton, Ana M.
<ABarton@reedsmith.com>
**Subject:** Re: BPI v. ThermoLife


Javier,

Robert and I just left a message on your direct line.  Please let us know when you are available to discuss this morning.

Matthew J. Dowd
Dowd Scheffel PLLC
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
Direct: (202) 573-3853
Office: (202) 559-9175
mdowd@dowdscheffel.com
http://www.dowdscheffel.com
http://www.linkedin.com/in/matthewdowd


**From:** Matthew Dowd <mdowd@dowdscheffel.com>
**Date:** Monday, August 9, 2021 at 9:05 AM
**To:** Gregory Hillyer <ghillyer@hillyerlegal.com>
**Cc:** "Jsobrado@brickellip.com" <Jsobrado@brickellip.com>, "Cary A. Lubetsky" <cal@khllaw.com>,
"Mullins, Edward M. (MIA)" <EMullins@reedsmith.com>, Robert Scheffel
<rscheffel@dowdscheffel.com>, "Barton, Ana M." <ABarton@reedsmith.com>
**Subject:** Re: BPI v. ThermoLife


Greg and Javier,

It is intriguing that you have yet to respond to our earlier email (from Saturday afternoon) about our changed circumstances.  Please let us know when you are available for a meet and confer this morning. Since Greg states he is unavailable, Javier, please let us know when you are available.

Matt


**From:** Gregory Hillyer <ghillyer@hillyerlegal.com>
**Date:** Monday, August 9, 2021 at 8:33 AM
**To:** Matthew Dowd <mdowd@dowdscheffel.com>
**Cc:** "Jsobrado@brickellip.com" <Jsobrado@brickellip.com>, "Cary A. Lubetsky" <cal@khllaw.com>,
"Mullins, Edward M. (MIA)" <EMullins@reedsmith.com>, Robert Scheffel

<rscheffel@dowdscheffel.com>, "Barton, Ana M." <ABarton@reedsmith.com>
**Subject:** Re: BPI v. ThermoLife

Matt, we are in receipt of your letter, but disagree with all of the contentions.  The issues you raised have already been resolved in BPI's favor, are untimely, are waived, are moot, have been admitted in the pre-trial statement or some combination of the foregoing.   I am on a flight to Fort Lauderdale and will be unavailable for the rest of the morning.

From the iPhone of Gregory Hillyer

On Aug 7, 2021, at 9:30 PM, Matthew Dowd <mdowd@dowdscheffel.com> wrote:

Dear Counsel,

Please see the attached letter.

Best,

Matthew J. Dowd
Dowd Scheffel PLLC
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
Direct: (202) 573-3853
Office: (202) 559-9175
mdowd@dowdscheffel.com
http://www.dowdscheffel.com
http://www.linkedin.com/in/matthewdowd

<Ltr to BPI Counsel 2021-08-07.pdf>

EXHIBIT 8

| From: | **Matthew Dowd** <mdowd@dowdscheffel.com> |
| To: | **jsobrado@brickellip.com** <jsobrado@brickellip.com>; **Gregory Hillyer** <ghillyer@hillyerlegal.com> |
| CC: | 'Cary A. Lubetsky' <cal@khllaw.com>; 'Mullins, Edward M. (MIA)' <EMullins@reedsmith.com>; **Robert Scheffel** <rscheffel@dowdscheffel.com>; 'Barton, Ana M.' <ABarton@reedsmith.com> |
| Subject: | Re: BPI v. ThermoLife |
| Date: | 09.08.2021 18:56:26 (+02:00) |

Javier,

We have asked repeatedly for a call, but you have declined. Please let us know when you are available.

In terms of preparing the requested joint documents, we will be making our revisions available to you shortly. As you know (or would know if you have read the motion), the events that have transpired over the past two days have caused Defendants' counsel to have to work remotely, which is not surprisingly introducing its own hurdles. We would have expected Plaintiff's counsel to at least understand that situation and work with us. Instead, you appear set on filing documents with the court before they need to be filed.

Matthew J. Dowd
Dowd Scheffel PLLC
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
Direct: (202) 573-3853
Office: (202) 559-9175
mdowd@dowdscheffel.com
http://www.dowdscheffel.com
http://www.linkedin.com/in/matthewdowd

---

**From:** "jsobrado@brickellip.com" <jsobrado@brickellip.com>
**Date:** Monday, August 9, 2021 at 1:22 PM
**To:** Matthew Dowd <mdowd@dowdscheffel.com>, 'Gregory Hillyer' <ghillyer@hillyerlegal.com>
**Cc:** "'Cary A. Lubetsky'" <cal@khllaw.com>, "'Mullins, Edward M. (MIA)'" <EMullins@reedsmith.com>, Robert Scheffel <rscheffel@dowdscheffel.com>, "'Barton, Ana M.'" <ABarton@reedsmith.com>
**Subject:** RE: BPI v. ThermoLife

Matt,

I just got your emails, and phone message. If it wasn't clear, I am busy complying with the Court Order. Once the Exhibit Notebook is out the door and on the way to the Court, we are happy to discuss your concerns.

Regards,

---

**From:** Matthew Dowd <mdowd@dowdscheffel.com>
**Sent:** Monday, August 9, 2021 12:42 PM
**To:** jsobrado@brickellip.com; 'Gregory Hillyer' <ghillyer@hillyerlegal.com>
**Cc:** 'Cary A. Lubetsky' <cal@khllaw.com>; 'Mullins, Edward M. (MIA)' <EMullins@reedsmith.com>; Robert

Scheffel <rscheffel@dowdscheffel.com>; 'Barton, Ana M.' <ABarton@reedsmith.com>
**Subject:** Re: BPI v. ThermoLife

Javier,

We are quite shocked at the cavalier response and your refusal to even give us the courtesy of a return call.  It is stunning, quite frankly.

You mention below that we have all had "close calls."  I don't know how you can know what our various situations have been.  But for you to suggest that Defendants' trial team should travel just days after being exposed to a confirmed COVID infection demonstrates an astounding reckless disregard for other people's safety.  And for what?  Simply because you are concerned that Defendants' trial team will have a so-called "magnificent gift of additional trial time"?

If we had the power on our end, we would gladly do whatever we could—including going to trial tomorrow against you—to avoid having our employee subject to a COVID infection and to avoid being closely exposed to it.

Your response that you "have not yet had time to download and read it" is equally concerning.  And as you know, I emailed you a copy of the motion this morning at 1:50 AM.  You did not have to download anything.  For you to make the accusations and assertions below—all without taking a minute to even skim the motion—leaves us speechless and utterly disappointed.

Finally, you are demonstrably incorrect with your statement that we "will know definitively by the end of the week whether [we] have contracted COVID."  I would ask that you to do further research before making any additional medical-based statements.

At this point, we can only expect that you have no intention of providing us with the courtesy of a call.

Matthew J. Dowd
Dowd Scheffel PLLC
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
Direct: (202) 573-3853
Office: (202) 559-9175
mdowd@dowdscheffel.com
http://www.dowdscheffel.com
http://www.linkedin.com/in/matthewdowd

**From:** Matthew Dowd <mdowd@dowdscheffel.com>
**Date:** Monday, August 9, 2021 at 12:07 PM
**To:** "jsobrado@brickellip.com" <jsobrado@brickellip.com>, 'Gregory Hillyer' <ghillyer@hillyerlegal.com>
**Cc:** "'Cary A. Lubetsky'" <cal@khllaw.com>, "'Mullins, Edward M. (MIA)'" <EMullins@reedsmith.com>, Robert Scheffel <rscheffel@dowdscheffel.com>, "'Barton, Ana M.'" <ABarton@reedsmith.com>
**Subject:** Re: BPI v. ThermoLife

Javier,

We just called you again, and you did not answer.  Please confirm that you are available for a call between now and 12:30 PM.

Matthew J. Dowd
Dowd Scheffel PLLC
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
Direct: (202) 573-3853
Office: (202) 559-9175
mdowd@dowdscheffel.com
http://www.dowdscheffel.com
http://www.linkedin.com/in/matthewdowd

---

**From:** "jsobrado@brickellip.com" <jsobrado@brickellip.com>
**Date:** Monday, August 9, 2021 at 12:02 PM
**To:** Matthew Dowd <mdowd@dowdscheffel.com>, 'Gregory Hillyer' <ghillyer@hillyerlegal.com>
**Cc:** "'Cary A. Lubetsky'" <cal@khllaw.com>, "'Mullins, Edward M. (MIA)'"
<EMullins@reedsmith.com>, Robert Scheffel <rscheffel@dowdscheffel.com>, "'Barton, Ana M.'"
<ABarton@reedsmith.com>
**Subject:** RE: BPI v. ThermoLife

Matt,

I am sorry I was unable to take your call this morning. I've spent the morning dealing with printing and preparing exhibits and other information in compliance with Court orders under an unnecessary time crunch created by Defendants' refusal to provide information about what should go into the Exhibit Notebook until Saturday evening. I will be spending the balance of the day preparing same. We still don't have any responses from Defendants with respect to trial times, witness times, and the voir dire summary of the case. All of these need to be filed and delivered today.

Please provide us with your input to those documents so that we can comply with the Court's Order [D.E. 258].

With respect to your employee that has tested positive for COVID, our thoughts and prayers go out to them and we wish them a speedy recovery. However, we do not see how this is an emergency. Over the last year and a half of dealing with COVID, we have all had close calls and possible exposures. In January my sister's in-laws all came down with COVID three days after a family gathering we attended. Last year I also had one of my law partners test positive for COVID a few days after I had lunch with them. I understand your concerns, but luckily I never contracted COVID and neither of these events prevented my ability to meet deadlines and other obligations.

If you were potentially exposed on Friday, you should be able to have early testing tomorrow and you will know definitively by the end of the week whether you have contracted COVID. We do not see how an unspecified employee of your firm having no apparent role on your trial team contracting COVID affects Defendants' ability to prepare for trial. Moreover we note that Defendants currently have 3 law firms capable of representing them in this matter.

We had already told you that BPI will oppose any motion for continuance last week, and you have already filed your motion (although I have not yet had time to download and read it) over the weekend before waiting for our response to your meet and confer email. If and when Defendants' trial counsel tests positive for COVID we can revisit this issue. In view of the foregoing we do not believe that further meet and confer efforts are necessary, but if you think they will be productive we can schedule a time to talk this afternoon.

Regards,

-Javier

---

**From:** Matthew Dowd <mdowd@dowdscheffel.com>
**Sent:** Monday, August 9, 2021 10:01 AM
**To:** Gregory Hillyer <ghillyer@hillyerlegal.com>
**Cc:** Jsobrado@brickellip.com; Cary A. Lubetsky <cal@khllaw.com>; Mullins, Edward M. (MIA) <EMullins@reedsmith.com>; Robert Scheffel <rscheffel@dowdscheffel.com>; Barton, Ana M. <ABarton@reedsmith.com>
**Subject:** Re: BPI v. ThermoLife

Javier,

Robert and I just left a message on your direct line. Please let us know when you are available to discuss this morning.

Matthew J. Dowd
Dowd Scheffel PLLC
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
Direct: (202) 573-3853
Office: (202) 559-9175
mdowd@dowdscheffel.com
http://www.dowdscheffel.com
http://www.linkedin.com/in/matthewdowd

---

**From:** Matthew Dowd <mdowd@dowdscheffel.com>
**Date:** Monday, August 9, 2021 at 9:05 AM
**To:** Gregory Hillyer <ghillyer@hillyerlegal.com>
**Cc:** "Jsobrado@brickellip.com" <Jsobrado@brickellip.com>, "Cary A. Lubetsky" <cal@khllaw.com>, "Mullins, Edward M. (MIA)" <EMullins@reedsmith.com>, Robert Scheffel <rscheffel@dowdscheffel.com>, "Barton, Ana M." <ABarton@reedsmith.com>
**Subject:** Re: BPI v. ThermoLife

Greg and Javier,

It is intriguing that you have yet to respond to our earlier email (from Saturday afternoon) about our changed circumstances. Please let us know when you are available for a meet and confer this morning. Since Greg states he is unavailable, Javier, please let us know when you are available.

Matt

---

**From:** Gregory Hillyer <ghillyer@hillyerlegal.com>
**Date:** Monday, August 9, 2021 at 8:33 AM
**To:** Matthew Dowd <mdowd@dowdscheffel.com>
**Cc:** "Jsobrado@brickellip.com" <Jsobrado@brickellip.com>, "Cary A. Lubetsky" <cal@khllaw.com>, "Mullins, Edward M. (MIA)" <EMullins@reedsmith.com>, Robert Scheffel <rscheffel@dowdscheffel.com>, "Barton, Ana M." <ABarton@reedsmith.com>
**Subject:** Re: BPI v. ThermoLife

Matt, we are in receipt of your letter, but disagree with all of the contentions. The issues you raised have already been resolved in BPI's favor, are untimely, are waived, are moot, have been admitted in the pre-

trial statement or some combination of the foregoing.   I am on a flight to Fort Lauderdale and will be unavailable for the rest of the morning.

From the iPhone of Gregory Hillyer

On Aug 7, 2021, at 9:30 PM, Matthew Dowd <mdowd@dowdscheffel.com> wrote:

Dear Counsel,

Please see the attached letter.

Best,

Matthew J. Dowd
Dowd Scheffel PLLC
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
Direct: (202) 573-3853
Office: (202) 559-9175
mdowd@dowdscheffel.com
http://www.dowdscheffel.com
http://www.linkedin.com/in/matthewdowd

<Ltr to BPI Counsel 2021-08-07.pdf>

Exhibit 9

| From: | **Matthew Dowd** <mdowd@dowdscheffel.com> |
|---|---|
| To: | **jsobrado@brickellip.com** <jsobrado@brickellip.com>; **Gregory Hillyer** <ghillyer@hillyerlegal.com> |
| CC: | **'Cary A. Lubetsky'** <cal@khllaw.com>; **'Mullins, Edward M. (MIA)'** <EMullins@reedsmith.com>; **Robert Scheffel** <rscheffel@dowdscheffel.com>; **'Barton, Ana M.'** <ABarton@reedsmith.com> |
| Subject: | Re: BPI v. ThermoLife |
| Date: | 09.08.2021 19:57:11 (+02:00) |
| Attachments: | Estimate Trial Time and Witnesses DS 2021-08-09.docx (5 pages) |

Javier,

Notwithstanding the continuing issues with our COVID-related development, and notwithstanding Plaintiff's counsel's refusal to return our calls to discuss the COVID issue as well as outstanding issues about the documents that need to be filed with the court, Defendants are continuing to prepare and revise the drafts as necessary.

Please find attached Defendants' proposed revisions to the Estimate Trial Time and Witnesses.  On a first point, you have not responded to our request to confirm that Plaintiff will make Mr. Ettinger available for trial.  Given the current extraordinary circumstances, we expect that this issue will ultimately be pushed back, but we would nevertheless appreciate a response to our request.

Second, Plaintiff's proposed times for direct examination and cross-examination appear to be wildly unrealistic, given the estimate of five days for trial (which itself may be too much).  Defendants request a call to discuss Plaintiff's basis for the unrealistic proposed times.

Best,

Matthew J. Dowd
Dowd Scheffel PLLC
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
Direct: (202) 573-3853
Office: (202) 559-9175
mdowd@dowdscheffel.com
http://www.dowdscheffel.com
http://www.linkedin.com/in/matthewdowd

---

**From:** Matthew Dowd <mdowd@dowdscheffel.com>
**Date:** Monday, August 9, 2021 at 2:56 PM
**To:** "jsobrado@brickellip.com" <jsobrado@brickellip.com>, 'Gregory Hillyer' <ghillyer@hillyerlegal.com>
**Cc:** "'Cary A. Lubetsky'" <cal@khllaw.com>, "'Mullins, Edward M. (MIA)'" <EMullins@reedsmith.com>, Robert Scheffel <rscheffel@dowdscheffel.com>, "'Barton, Ana M.'" <ABarton@reedsmith.com>
**Subject:** Re: BPI v. ThermoLife

Javier,

We have asked repeatedly for a call, but you have declined.  Please let us know when you are available.

In terms of preparing the requested joint documents, we will be making our revisions available to you shortly.  As you know (or would know if you have read the motion), the events that have transpired over

the past two days have caused Defendants' counsel to have to work remotely, which is not surprisingly introducing its own hurdles. We would have expected Plaintiff's counsel to at least understand that situation and work with us. Instead, you appear set on filing documents with the court before they need to be filed.

Matthew J. Dowd
Dowd Scheffel PLLC
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
Direct: (202) 573-3853
Office: (202) 559-9175
mdowd@dowdscheffel.com
http://www.dowdscheffel.com
http://www.linkedin.com/in/matthewdowd

---

**From:** "jsobrado@brickellip.com" <jsobrado@brickellip.com>
**Date:** Monday, August 9, 2021 at 1:22 PM
**To:** Matthew Dowd <mdowd@dowdscheffel.com>, 'Gregory Hillyer' <ghillyer@hillyerlegal.com>
**Cc:** "'Cary A. Lubetsky'" <cal@khllaw.com>, "'Mullins, Edward M. (MIA)'" <EMullins@reedsmith.com>, Robert Scheffel <rscheffel@dowdscheffel.com>, "'Barton, Ana M.'" <ABarton@reedsmith.com>
**Subject:** RE: BPI v. ThermoLife

Matt,

I just got your emails, and phone message. If it wasn't clear, I am busy complying with the Court Order. Once the Exhibit Notebook is out the door and on the way to the Court, we are happy to discuss your concerns.

Regards,

---

**From:** Matthew Dowd <mdowd@dowdscheffel.com>
**Sent:** Monday, August 9, 2021 12:42 PM
**To:** jsobrado@brickellip.com; 'Gregory Hillyer' <ghillyer@hillyerlegal.com>
**Cc:** 'Cary A. Lubetsky' <cal@khllaw.com>; 'Mullins, Edward M. (MIA)' <EMullins@reedsmith.com>; Robert Scheffel <rscheffel@dowdscheffel.com>; 'Barton, Ana M.' <ABarton@reedsmith.com>
**Subject:** Re: BPI v. ThermoLife

Javier,

We are quite shocked at the cavalier response and your refusal to even give us the courtesy of a return call. It is stunning, quite frankly.

You mention below that we have all had "close calls." I don't know how you can know what our various situations have been. But for you to suggest that Defendants' trial team should travel just days after being exposed to a confirmed COVID infection demonstrates an astounding reckless disregard for other people's safety. And for what? Simply because you are concerned that Defendants' trial team will have a so-called "magnificent gift of additional trial time"?

If we had the power on our end, we would gladly do whatever we could—including going to trial tomorrow against you—to avoid having our employee subject to a COVID infection and to avoid being closely exposed to it.

Your response that you "have not yet had time to download and read it" is equally concerning. And as you know, I emailed you a copy of the motion this morning at 1:50 AM. You did not have to download anything. For you to make the accusations and assertions below—all without taking a minute to even skim the motion—leaves us speechless and utterly disappointed.

Finally, you are demonstrably incorrect with your statement that we "will know definitively by the end of the week whether [we] have contracted COVID." I would ask that you to do further research before making any additional medical-based statements.

At this point, we can only expect that you have no intention of providing us with the courtesy of a call.

Matthew J. Dowd
Dowd Scheffel PLLC
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
Direct: (202) 573-3853
Office: (202) 559-9175
mdowd@dowdscheffel.com
http://www.dowdscheffel.com
http://www.linkedin.com/in/matthewdowd

**From:** Matthew Dowd <mdowd@dowdscheffel.com>
**Date:** Monday, August 9, 2021 at 12:07 PM
**To:** "jsobrado@brickellip.com" <jsobrado@brickellip.com>, 'Gregory Hillyer' <ghillyer@hillyerlegal.com>
**Cc:** "'Cary A. Lubetsky'" <cal@khllaw.com>, "'Mullins, Edward M. (MIA)'" <EMullins@reedsmith.com>, Robert Scheffel <rscheffel@dowdscheffel.com>, "'Barton, Ana M.'" <ABarton@reedsmith.com>
**Subject:** Re: BPI v. ThermoLife

Javier,

We just called you again, and you did not answer. Please confirm that you are available for a call between now and 12:30 PM.

Matthew J. Dowd
Dowd Scheffel PLLC
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
Direct: (202) 573-3853
Office: (202) 559-9175
mdowd@dowdscheffel.com
http://www.dowdscheffel.com
http://www.linkedin.com/in/matthewdowd

**From:** "jsobrado@brickellip.com" <jsobrado@brickellip.com>
**Date:** Monday, August 9, 2021 at 12:02 PM
**To:** Matthew Dowd <mdowd@dowdscheffel.com>, 'Gregory Hillyer' <ghillyer@hillyerlegal.com>
**Cc:** "'Cary A. Lubetsky'" <cal@khllaw.com>, "'Mullins, Edward M. (MIA)'"
<EMullins@reedsmith.com>, Robert Scheffel <rscheffel@dowdscheffel.com>, "'Barton, Ana M.'"
<ABarton@reedsmith.com>
**Subject:** RE: BPI v. ThermoLife

Matt,

I am sorry I was unable to take your call this morning. I've spent the morning dealing with printing and
preparing exhibits and other information in compliance with Court orders under an unnecessary time
crunch created by Defendants' refusal to provide information about what should go into the Exhibit
Notebook until Saturday evening. I will be spending the balance of the day preparing same. We still don't
have any responses from Defendants with respect to trial times, witness times, and the voir dire summary
of the case. All of these need to be filed and delivered today.

Please provide us with your input to those documents so that we can comply with the Court's Order [D.E.
258].

With respect to your employee that has tested positive for COVID, our thoughts and prayers go out to them
and we wish them a speedy recovery. However, we do not see how this is an emergency. Over the last
year and a half of dealing with COVID, we have all had close calls and possible exposures. In January my
sister's in-laws all came down with COVID three days after a family gathering we attended. Last year I also
had one of my law partners test positive for COVID a few days after I had lunch with them. I understand
your concerns, but luckily I never contracted COVID and neither of these events prevented my ability to
meet deadlines and other obligations.

If you were potentially exposed on Friday, you should be able to have early testing tomorrow and you will
know definitively by the end of the week whether you have contracted COVID. We do not see how an
unspecified employee of your firm having no apparent role on your trial team contracting COVID affects
Defendants' ability to prepare for trial. Moreover we note that Defendants currently have 3 law firms
capable of representing them in this matter.

We had already told you that BPI will oppose any motion for continuance last week, and you have already
filed your motion (although I have not yet had time to download and read it) over the weekend before
waiting for our response to your meet and confer email. If and when Defendants' trial counsel tests
positive for COVID we can revisit this issue. In view of the foregoing we do not believe that further meet
and confer efforts are necessary, but if you think they will be productive we can schedule a time to talk this
afternoon.


Regards,
-Javier


**From:** Matthew Dowd <mdowd@dowdscheffel.com>
**Sent:** Monday, August 9, 2021 10:01 AM
**To:** Gregory Hillyer <ghillyer@hillyerlegal.com>
**Cc:** Jsobrado@brickellip.com; Cary A. Lubetsky <cal@khllaw.com>; Mullins, Edward M. (MIA)
<EMullins@reedsmith.com>; Robert Scheffel <rscheffel@dowdscheffel.com>; Barton, Ana M.
<ABarton@reedsmith.com>
**Subject:** Re: BPI v. ThermoLife

Javier,

Robert and I just left a message on your direct line.  Please let us know when you are available to discuss this morning.

Matthew J. Dowd
Dowd Scheffel PLLC
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
Direct: (202) 573-3853
Office: (202) 559-9175
mdowd@dowdscheffel.com
http://www.dowdscheffel.com
http://www.linkedin.com/in/matthewdowd

---

**From:** Matthew Dowd <mdowd@dowdscheffel.com>
**Date:** Monday, August 9, 2021 at 9:05 AM
**To:** Gregory Hillyer <ghillyer@hillyerlegal.com>
**Cc:** "Jsobrado@brickellip.com" <Jsobrado@brickellip.com>, "Cary A. Lubetsky" <cal@khllaw.com>, "Mullins, Edward M. (MIA)" <EMullins@reedsmith.com>, Robert Scheffel <rscheffel@dowdscheffel.com>, "Barton, Ana M." <ABarton@reedsmith.com>
**Subject:** Re: BPI v. ThermoLife

Greg and Javier,

It is intriguing that you have yet to respond to our earlier email (from Saturday afternoon) about our changed circumstances.  Please let us know when you are available for a meet and confer this morning. Since Greg states he is unavailable, Javier, please let us know when you are available.

Matt

---

**From:** Gregory Hillyer <ghillyer@hillyerlegal.com>
**Date:** Monday, August 9, 2021 at 8:33 AM
**To:** Matthew Dowd <mdowd@dowdscheffel.com>
**Cc:** "Jsobrado@brickellip.com" <Jsobrado@brickellip.com>, "Cary A. Lubetsky" <cal@khllaw.com>, "Mullins, Edward M. (MIA)" <EMullins@reedsmith.com>, Robert Scheffel <rscheffel@dowdscheffel.com>, "Barton, Ana M." <ABarton@reedsmith.com>
**Subject:** Re: BPI v. ThermoLife

Matt, we are in receipt of your letter, but disagree with all of the contentions.  The issues you raised have already been resolved in BPI's favor, are untimely, are waived, are moot, have been admitted in the pre-trial statement or some combination of the foregoing.  I am on a flight to Fort Lauderdale and will be unavailable for the rest of the morning.

From the iPhone of Gregory Hillyer

On Aug 7, 2021, at 9:30 PM, Matthew Dowd <mdowd@dowdscheffel.com> wrote:

Dear Counsel,

Please see the attached letter.

Best,

Matthew J. Dowd
Dowd Scheffel PLLC
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
Direct: (202) 573-3853
Office: (202) 559-9175
mdowd@dowdscheffel.com
http://www.dowdscheffel.com
http://www.linkedin.com/in/matthewdowd


<Ltr to BPI Counsel 2021-08-07.pdf>

# EXHIBIT 10

| From: | **Matthew Dowd** <mdowd@dowdscheffel.com> |
|---|---|
| To: | **jsobrado@brickellip.com** <jsobrado@brickellip.com>; **Gregory Hillyer** <ghillyer@hillyerlegal.com> |
| CC: | **Robert Scheffel** <rscheffel@dowdscheffel.com>; **'Cary A. Lubetsky'** <cal@khllaw.com>; **'Mullins, Edward M. (MIA)'** <EMullins@reedsmith.com>; **'Barton, Ana M.'** <ABarton@reedsmith.com> |
| Subject: | Re: BPI v. ThermoLife |
| Date: | 09.08.2021 20:06:59 (+02:00) |

Javier,

Thank you for the email. We understand that, for two straight days, given our COVID emergency, both you and Greg have declined repeated requests for a simple telephone call to discuss the outstanding issues. Your position, while disappointing, is clear. We were apparently mistaken to expect a little professional courtesy in view of these extraordinary circumstances.


Matthew J. Dowd
Dowd Scheffel PLLC
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
Direct: (202) 573-3853
Office: (202) 559-9175
mdowd@dowdscheffel.com
http://www.dowdscheffel.com
http://www.linkedin.com/in/matthewdowd

---

**From:** "jsobrado@brickellip.com" <jsobrado@brickellip.com>
**Date:** Monday, August 9, 2021 at 3:59 PM
**To:** Matthew Dowd <mdowd@dowdscheffel.com>, 'Gregory Hillyer' <ghillyer@hillyerlegal.com>
**Cc:** Robert Scheffel <rscheffel@dowdscheffel.com>, "'Cary A. Lubetsky'" <cal@khllaw.com>, "'Mullins, Edward M. (MIA)'" <EMullins@reedsmith.com>, "'Barton, Ana M.'" <ABarton@reedsmith.com>
**Subject:** RE: BPI v. ThermoLife

Matt,

The courier just left, and we are hopeful that he will make it to the Court before 4:30. If he does not, he has instructions to be at the Court at 8:30 to deliver the Exhibit Notebook before the hearing.

I returned to my computer to find multiple increasingly hostile emails from you accusing me, personally, of bad behavior. They are not appreciated.

Your accusation that Plaintiffs are requiring Defendants to file information early is disingenuous and contrary to the Court's orders.

The voir dire paragraph is due at Calendar call, but since we cannot hand it to the Court during the hearing due to it being held telephonically, we would prefer to file it beforehand. D.E. 258, p. 6. It is supposed to be a short, non-controversial statement of the case, we do not understand why it has taken four days to get a response from Defendants.

With respect to the witnesses and trial time, this must be filed before Calendar Call. We have to submit an updated assessment of estimated trial time and a list indicating witnesses, witness synopses, and time expected for direct and cross examination. D.E. 258, p. 4.

With respect to the Exhibit Notebook we tried working with you last week to get it prepared in a timely manner, Defendants refused to cooperate.  Instead you sent us your revisions to the exhibits to be included in Division I at 8 p.m. on Saturday.  Notwithstanding the egregious delays by Defendants, we provided you with a proposed final index before noon on Sunday morning, which Defendants have not deigned to confirm as final.  Now you are complaining that I have been unresponsive this morning because I've had to do 2 days of work in half of a business day.

We don't understand the basis for your claim that we are not working with you.  To the contrary, we have gone out of our way to provide drafts and reminders to Defendants of the pending deadlines so that nothing gets missed.  I even sent you a copy of the cover sheets we were using for the binders so that Defendants could incorporate them into what they are preparing for Division III.

Finally with respect to your request for a teleconference, I am unclear as to what you wish to discuss: (1) we've told you that we still oppose your motion to continue, notwithstanding the potential exposure to COVID; (2) you've already filed your motion for a continuance mooting the need for further meet and confer efforts; and (3) we are not aware of any other issue on the table.  Moreover in view of the increasing hostility, personal attacks and baseless accusations from Defendants, we do not believe it will be productive to have a call without an agenda.  Please provide an agenda for your proposed call to discuss and an explanation as to why these cannot be addressed tomorrow at Calendar Call.

Kind regards,
-Javier

---

**From:** Matthew Dowd <mdowd@dowdscheffel.com>
**Sent:** Monday, August 9, 2021 2:56 PM
**To:** jsobrado@brickellip.com; 'Gregory Hillyer' <ghillyer@hillyerlegal.com>
**Cc:** 'Cary A. Lubetsky' <cal@khllaw.com>; 'Mullins, Edward M. (MIA)' <EMullins@reedsmith.com>; Robert Scheffel <rscheffel@dowdscheffel.com>; 'Barton, Ana M.' <ABarton@reedsmith.com>
**Subject:** Re: BPI v. ThermoLife

Javier,

We have asked repeatedly for a call, but you have declined.  Please let us know when you are available.

In terms of preparing the requested joint documents, we will be making our revisions available to you shortly.  As you know (or would know if you have read the motion), the events that have transpired over the past two days have caused Defendants' counsel to have to work remotely, which is not surprisingly introducing its own hurdles.  We would have expected Plaintiff's counsel to at least understand that situation and work with us.  Instead, you appear set on filing documents with the court before they need to be filed.

Matthew J. Dowd
Dowd Scheffel PLLC
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
Direct: (202) 573-3853
Office: (202) 559-9175
mdowd@dowdscheffel.com
http://www.dowdscheffel.com
http://www.linkedin.com/in/matthewdowd

**From:** "jsobrado@brickellip.com" <jsobrado@brickellip.com>
**Date:** Monday, August 9, 2021 at 1:22 PM
**To:** Matthew Dowd <mdowd@dowdscheffel.com>, 'Gregory Hillyer' <ghillyer@hillyerlegal.com>
**Cc:** "'Cary A. Lubetsky'" <cal@khllaw.com>, "'Mullins, Edward M. (MIA)'"
<EMullins@reedsmith.com>, Robert Scheffel <rscheffel@dowdscheffel.com>, "'Barton, Ana M.'"
<ABarton@reedsmith.com>
**Subject:** RE: BPI v. ThermoLife

Matt,

I just got your emails, and phone message. If it wasn't clear, I am busy complying with the Court Order.
Once the Exhibit Notebook is out the door and on the way to the Court, we are happy to discuss your
concerns.

Regards,

---

**From:** Matthew Dowd <mdowd@dowdscheffel.com>
**Sent:** Monday, August 9, 2021 12:42 PM
**To:** jsobrado@brickellip.com; 'Gregory Hillyer' <ghillyer@hillyerlegal.com>
**Cc:** 'Cary A. Lubetsky' <cal@khllaw.com>; 'Mullins, Edward M. (MIA) <EMullins@reedsmith.com>; Robert
Scheffel <rscheffel@dowdscheffel.com>; 'Barton, Ana M.' <ABarton@reedsmith.com>
**Subject:** Re: BPI v. ThermoLife

Javier,

We are quite shocked at the cavalier response and your refusal to even give us the courtesy of a return
call. It is stunning, quite frankly.

You mention below that we have all had "close calls." I don't know how you can know what our various
situations have been. But for you to suggest that Defendants' trial team should travel just days after being
exposed to a confirmed COVID infection demonstrates an astounding reckless disregard for other people's
safety. And for what? Simply because you are concerned that Defendants' trial team will have a so-called
"magnificent gift of additional trial time"?

If we had the power on our end, we would gladly do whatever we could—including going to trial tomorrow
against you—to avoid having our employee subject to a COVID infection and to avoid being closely exposed
to it.

Your response that you "have not yet had time to download and read it" is equally concerning. And as you
know, I emailed you a copy of the motion this morning at 1:50 AM. You did not have to download
anything. For you to make the accusations and assertions below—all without taking a minute to even skim
the motion—leaves us speechless and utterly disappointed.

Finally, you are demonstrably incorrect with your statement that we "will know definitively by the end of
the week whether [we] have contracted COVID." I would ask that you to do further research before making
any additional medical-based statements.

At this point, we can only expect that you have no intention of providing us with the courtesy of a call.

Matthew J. Dowd
Dowd Scheffel PLLC
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006

Direct: (202) 573-3853
Office: (202) 559-9175
mdowd@dowdscheffel.com
http://www.dowdscheffel.com
http://www.linkedin.com/in/matthewdowd

---

**From:** Matthew Dowd <mdowd@dowdscheffel.com>
**Date:** Monday, August 9, 2021 at 12:07 PM
**To:** "jsobrado@brickellip.com" <jsobrado@brickellip.com>, 'Gregory Hillyer'
<ghillyer@hillyerlegal.com>
**Cc:** "'Cary A. Lubetsky'" <cal@khllaw.com>, "'Mullins, Edward M. (MIA)'"
<EMullins@reedsmith.com>, Robert Scheffel <rscheffel@dowdscheffel.com>, "'Barton, Ana M.'"
<ABarton@reedsmith.com>
**Subject:** Re: BPI v. ThermoLife

Javier,

We just called you again, and you did not answer. Please confirm that you are available for a call between
now and 12:30 PM.

Matthew J. Dowd
Dowd Scheffel PLLC
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
Direct: (202) 573-3853
Office: (202) 559-9175
mdowd@dowdscheffel.com
http://www.dowdscheffel.com
http://www.linkedin.com/in/matthewdowd

---

**From:** "jsobrado@brickellip.com" <jsobrado@brickellip.com>
**Date:** Monday, August 9, 2021 at 12:02 PM
**To:** Matthew Dowd <mdowd@dowdscheffel.com>, 'Gregory Hillyer' <ghillyer@hillyerlegal.com>
**Cc:** "'Cary A. Lubetsky'" <cal@khllaw.com>, "'Mullins, Edward M. (MIA)'"
<EMullins@reedsmith.com>, Robert Scheffel <rscheffel@dowdscheffel.com>, "'Barton, Ana M.'"
<ABarton@reedsmith.com>
**Subject:** RE: BPI v. ThermoLife

Matt,

I am sorry I was unable to take your call this morning. I've spent the morning dealing with printing and
preparing exhibits and other information in compliance with Court orders under an unnecessary time
crunch created by Defendants' refusal to provide information about what should go into the Exhibit
Notebook until Saturday evening. I will be spending the balance of the day preparing same. We still don't
have any responses from Defendants with respect to trial times, witness times, and the voir dire summary
of the case. All of these need to be filed and delivered today.

Please provide us with your input to those documents so that we can comply with the Court's Order [D.E.
258].

With respect to your employee that has tested positive for COVID, our thoughts and prayers go out to them and we wish them a speedy recovery. However, we do not see how this is an emergency. Over the last year and a half of dealing with COVID, we have all had close calls and possible exposures. In January my sister's in-laws all came down with COVID three days after a family gathering we attended. Last year I also had one of my law partners test positive for COVID a few days after I had lunch with them. I understand your concerns, but luckily I never contracted COVID and neither of these events prevented my ability to meet deadlines and other obligations.

If you were potentially exposed on Friday, you should be able to have early testing tomorrow and you will know definitively by the end of the week whether you have contracted COVID. We do not see how an unspecified employee of your firm having no apparent role on your trial team contracting COVID affects Defendants' ability to prepare for trial. Moreover we note that Defendants currently have 3 law firms capable of representing them in this matter.

We had already told you that BPI will oppose any motion for continuance last week, and you have already filed your motion (although I have not yet had time to download and read it) over the weekend before waiting for our response to your meet and confer email. If and when Defendants' trial counsel tests positive for COVID we can revisit this issue. In view of the foregoing we do not believe that further meet and confer efforts are necessary, but if you think they will be productive we can schedule a time to talk this afternoon.


Regards,
-Javier


**From:** Matthew Dowd <mdowd@dowdscheffel.com>
**Sent:** Monday, August 9, 2021 10:01 AM
**To:** Gregory Hillyer <ghillyer@hillyerlegal.com>
**Cc:** Jsobrado@brickellip.com; Cary A. Lubetsky <cal@khllaw.com>; Mullins, Edward M. (MIA) <EMullins@reedsmith.com>; Robert Scheffel <rscheffel@dowdscheffel.com>; Barton, Ana M. <ABarton@reedsmith.com>
**Subject:** Re: BPI v. ThermoLife

Javier,

Robert and I just left a message on your direct line. Please let us know when you are available to discuss this morning.

Matthew J. Dowd
Dowd Scheffel PLLC
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
Direct: (202) 573-3853
Office: (202) 559-9175
mdowd@dowdscheffel.com
http://www.dowdscheffel.com
http://www.linkedin.com/in/matthewdowd


**From:** Matthew Dowd <mdowd@dowdscheffel.com>
**Date:** Monday, August 9, 2021 at 9:05 AM
**To:** Gregory Hillyer <ghillyer@hillyerlegal.com>
**Cc:** "Jsobrado@brickellip.com" <Jsobrado@brickellip.com>, "Cary A. Lubetsky" <cal@khllaw.com>,

"Mullins, Edward M. (MIA)" <EMullins@reedsmith.com>, Robert Scheffel
<rscheffel@dowdscheffel.com>, "Barton, Ana M." <ABarton@reedsmith.com>
**Subject: Re: BPI v. ThermoLife**

Greg and Javier,

It is intriguing that you have yet to respond to our earlier email (from Saturday afternoon) about our
changed circumstances. Please let us know when you are available for a meet and confer this morning.
Since Greg states he is unavailable, Javier, please let us know when you are available.

Matt

---

**From:** Gregory Hillyer <ghillyer@hillyerlegal.com>
**Date:** Monday, August 9, 2021 at 8:33 AM
**To:** Matthew Dowd <mdowd@dowdscheffel.com>
**Cc:** "Jsobrado@brickellip.com" <Jsobrado@brickellip.com>, "Cary A. Lubetsky" <cal@khllaw.com>,
"Mullins, Edward M. (MIA)" <EMullins@reedsmith.com>, Robert Scheffel
<rscheffel@dowdscheffel.com>, "Barton, Ana M." <ABarton@reedsmith.com>
**Subject: Re: BPI v. ThermoLife**

Matt, we are in receipt of your letter, but disagree with all of the contentions. The issues you raised have
already been resolved in BPI's favor, are untimely, are waived, are moot, have been admitted in the pre-
trial statement or some combination of the foregoing.  I am on a flight to Fort Lauderdale and will be
unavailable for the rest of the morning.

From the iPhone of Gregory Hillyer

On Aug 7, 2021, at 9:30 PM, Matthew Dowd <mdowd@dowdscheffel.com> wrote:

Dear Counsel,

Please see the attached letter.

Best,

Matthew J. Dowd
Dowd Scheffel PLLC
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
Direct: (202) 573-3853
Office: (202) 559-9175
mdowd@dowdscheffel.com
http://www.dowdscheffel.com
http://www.linkedin.com/in/matthewdowd

<Ltr to BPI Counsel 2021-08-07.pdf>