**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

BPI SPORTS, LLC,

*Plaintiff*,

v.

THERMOLIFE INTERNATIONAL, LLC,
MUSCLE BEACH NUTRITION, LLC,
and
RONALD L. KRAMER,

*Defendants*.

**CASE NO. 0:19-cv-60505-SMITH**

**DEFENDANTS THERMOLIFE INTERNATIONAL, LLC'S, MUSCLE BEACH NUTRITION, LLC'S AND RONALD L. KRAMER'S OBJECTIONS TO THE REPORT AND RECOMMENDATION ON DEFENDANTS' SECOND RENEWED MOTION TO TAX COSTS**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii
INTRODUCTION ........ 1
RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ........ 2
ARGUMENT ........ 4
I. Standard of Review ........ 4
II. The Report and Recommendation Leaves Open the Question of Liability of BPI's Counsel For All Costs (and Fees) ........ 4
III. The Report and Recommendation Does Not Foreclose a Future Request for Post-Confirmation District-Court Costs ........ 5
IV. The Report And Recommendation Incorrectly Treats BPI's Bankruptcy As A Categorical Bar To Recovery Of Pre-Confirmation Costs ........ 6
V. CONCLUSION ........ 8

## TABLE OF AUTHORITIES

**Cases**

*BPI Sports, LLC v. ThermoLife International LLC*,
Nos. 2023-1068, -1625, -1112, 2025 WL 1683234 (Fed. Cir. June 16, 2025)................ 1, 2, 3, 5

*Burnes v. Pemco Aeroplex, Inc.*,
291 F.3d 1282 (11th Cir. 2002) .......................................................................................... 7

*Davis v. Legal Services Alabama, Inc.*,
19 F.4th 1261 (11th Cir. 2021) ........................................................................................... 6

*Ibezim v. GEO Group, Inc.*,
786 F. App'x 975 (11th Cir. 2019) ................................................................................. 5, 6

*In re BPI Sports, LLC*,
No. 23-17463-SMG (Bankr. S.D. Fla. filed Sept. 18, 2023) ............................................ 3

*In re Sure-Snap Corp.*,
983 F.2d 1015 (11th Cir. 1993) .......................................................................................... 5

*In re Ybarra*,
424 F.3d 1018 (9th Cir. 2005) ............................................................................................ 5

*Keathley v. Buddy Ayers Construction, Inc.*,
146 S. Ct. 1532 (2026)......................................................................................................... 7

*Nukote International, Inc. v. Office Depot, Inc.*,
No. 09-82363-CIV, 2011 WL 2784565 (S.D. Fla. July 14, 2011) .................................. 5

*Rothenberg v. Securities Management Co.*,
677 F.2d 64 (11th Cir. 1982) ............................................................................................... 6

*Slater v. U.S. Steel Corp.*,
871 F.3d 1174 (11th Cir. 2017) (en banc) .......................................................................... 7

*Weakley v. Eagle Logistics*,
894 F.3d 1244 (11th Cir. 2018) .......................................................................................... 7

**Statutes**

28 U.S.C. § 636(b)(1)(C) ............................................................................................... 1, 4

28 U.S.C. § 1927............................................................................................................ 1, 4, 5, 8

**Rules**

Federal Rule of Appellate Procedure 39 ........ 2, 5

Federal Rule of Civil Procedure 50 ........ 1

Federal Rule of Civil Procedure 59 ........ 2

Federal Rule of Civil Procedure 60 ........ 4, 5

Federal Rule of Civil Procedure 72(b)(2) ........ 1

## INTRODUCTION

Defendants have maintained since trial that BPI's false-advertising and unfair-competition claims lacked a legally sufficient evidentiary basis, D.E. 361, and the Federal Circuit has now vindicated that position in full. On June 16, 2025, the Federal Circuit reversed the denial of Defendants' renewed JMOL motion, holding that "no reasonable jury could have concluded that CRTN-3's statement of 'increase vasodilation' was literally false." *BPI Sports, LLC v. ThermoLife Int'l LLC*, Nos. 2023-1068, -1625, -1112, 2025 WL 1683234, at *4–5 (Fed. Cir. June 16, 2025). The Federal Circuit's unanimous decision recognized that BPI's case was fundamentally flawed based on BPI's "own evidence" disproving literal falsity, BPI's own expert admitting that the challenged statement was not literally false, and BPI presenting no evidence of consumer deception. *Id.* at *4–5 & n.4.

Those defects were dispositive all along, including when Defendants filed their renewed Rule 50 motion in November 2021. They should have ended BPI's claims at that stage. Instead, BPI fought tooth and nail to defend its meritless positions, and Defendants had to continue defending against those meritless claims through post-trial proceedings and on appeal before prevailing. Years later, Defendants have now prevailed on every claim BPI pursued at trial.

Pursuant to Federal Rule of Civil Procedure 72(b)(2) and 28 U.S.C. § 636(b)(1)(C), Defendants submit these limited objections to the Report and Recommendation of August 10, 2026 ("R&R"), D.E. 464, concerning Defendants' Second Renewed Motion to Tax Costs, D.E. 447. The objections seek to ensure that the R&R does not foreclose matters expressly left unresolved and to correct the rejection of Defendants' judicial-estoppel argument for the pre-confirmation costs, *i.e.*, costs on or before October 20, 2023.

First, the R&R recognizes that Defendants may be able to obtain costs (and fees) from BPI's counsel under 28 U.S.C. § 1927 and the Court's inherent powers. Defendants' fees motion was denied without prejudice, D.E. 465, in view of the pending *Munsingwear* motion, D.E. 462. The Court need not take any further action on this point, as this issue will be decided when Defendants file their renewed fees motion in due course.

Second, the R&R expressly recognizes that Defendants "may not be barred from recovering costs they incurred following confirmation" of BPI's bankruptcy plan, *i.e.*, costs after October 20, 2023. R&R at 6. The R&R explained that BPI's continuation of the litigation may make itself subject to liability for costs, separate and apart from any ruling on pre-confirmation costs.

The R&R also concluded that FRAP 39 and the Federal Circuit's decision bar recovery of any costs from the appeal. Defendants do not object to the R&R's application of FRAP 39. Nonetheless, proceedings in this Court remain ongoing and may generate future recoverable costs and fees. At this time, however, Defendants are not seeking recovery of any non-appellate post-confirmation costs. Thus, the issue of whether Defendants can recover any post-confirmation costs, *e.g.*, costs associated with a subsequent ruling in this Court, is not yet ripe. The Court need not decide the recoverability of costs that have not yet been incurred.

Third, the R&R erred in rejecting Defendants' judicial-estoppel argument concerning pre-confirmation costs. BPI explicitly omitted ThermoLife, Muscle Beach Nutrition ("MBN"), and Mr. Kramer from its creditor schedules, while simultaneously listing this litigation and the pending appeals. BPI now takes the inconsistent position that those same parties held contingent claims that were discharged through a bankruptcy proceeding in which BPI never identified them as creditors. The totality of the circumstances demonstrates that BPI is attempting to obtain an unfair advantage from its selective disclosures, and BPI should be judicially estopped from invoking its bankruptcy to bar Defendants' claim for taxable costs.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

BPI commenced this action in February 2019 and ultimately proceeded to trial on claims for false advertising under the Lanham Act, unfair competition under Florida law, and false patent marking under the Patent Act. D.E. 1; D.E. 464 at 1–2. Following the October 2021 trial, the jury found for Defendants on BPI's false-patent-marking claim. D.E. 332 at 4. Although the jury found for BPI on its false-advertising and unfair-competition claims, it awarded BPI no damages. D.E. 332 at 1–4; D.E. 447 at 1.

At trial, BPI argued that MBN's CRTN-3 product did not contain sufficient creatine nitrate to increase vasodilation, while simultaneously presenting evidence that it would certainly increase vasodilation for any adult weighing 113 pounds or less. *BPI Sports*, 2025 WL 1683234, at *4–5. Accordingly, this statement could not be literally false based on BPI's own evidence, and BPI's false-advertising and unfair-competition claims were entirely meritless.

After trial, BPI moved for a new trial under Rule 59, and Defendants renewed their JMOL motion on the false-advertising and unfair-competition claims. D.E. 360; D.E. 361. Both motions were denied, and both parties appealed. D.E. 416; D.E. 417; D.E. 420; D.E. 432.

On December 1, 2021, Defendants also filed their first motion to tax costs. D.E. 366. This

motion was largely identical to the motion for costs at issue here and sought identical costs. *Id.* at 8 (seeking $36,690.44 in costs); D.E. 447 at 8 (seeking $36,690.44 in costs).[1]

On June 16, 2025, the Federal Circuit reversed the denial of Defendants' motion and directed entry of judgment for Defendants because "no reasonable jury could have concluded that CRTN-3's statement of 'increase vasodilation' was literally false." *BPI Sports*, 2025 WL 1683234, at *4–5. The Federal Circuit emphasized that BPI's "own evidence" established that the product could cause the advertised effect in at least some consumers and further noted that even "BPI's own expert admits that it is not literally false that CRTN-3 'increase[s] vasodilation.'" *Id.* Defendants accordingly prevailed on every claim asserted by BPI. D.E. 464 at 2.

On September 18, 2023, while the consolidated appeals were pending, BPI filed a voluntary petition under Subchapter V of Chapter 11. *In re BPI Sports, LLC*, No. 23-17463-SMG (Bankr. S.D. Fla. filed Sept. 18, 2023); D.E. 452-10, Ex. 88; D.E. 453 at 2. BPI disclosed this litigation and the consolidated appeals in its Statement of Financial Affairs but did not schedule ThermoLife, MBN, or Mr. Kramer as creditors despite the cost and fee motions. D.E. 453 at 2–3; D.E. 464 at 5, 8 n.3. Defendants learned of the bankruptcy proceeding by September 23, 2023, and the deadline for filing proofs of claim was November 27, 2023. D.E. 453 at 2–3. Defendants did not file a proof of claim in the bankruptcy proceeding.

On October 20, 2023, the Bankruptcy Court entered an order confirming BPI's plan of reorganization. D.E. 452-10, Ex. 89; D.E. 453 at 3–4. The Confirmation Order enjoined the continuation of claims falling within its definition of an "Enjoined Claim" against BPI, the reorganized debtor, or its assets. D.E. 452-10, Ex. 89 at 15–16 ¶ 7; D.E. 464 at 4. The R&R treated the confirmation date as the dividing line between pre-confirmation and post-confirmation costs.

On September 23, 2025, Defendants timely filed their Second Renewed Motion to Tax Costs following issuance of the appellate mandate. The Motion identified costs incurred during three periods and stated that Defendants would supplement the costs for the later periods "to the extent necessary." D.E. 447 at 3. The Motion also expressly requested leave to provide supplemental documentation if the Court determined that the existing documentation was insufficient.

[1] Defendants also filed a motion for attorney's fees and sanctions. D.E. 387. The Court denied those motions without prejudice. D.E. 406. Defendants then filed a renewed motion to tax costs and a renewed motion for attorney's fees and sanctions. D.E. 426; D.E. 428. The Court also denied those motions without prejudice pending the appeal to the Federal Circuit. D.E. 431. After the appeal, Defendants again renewed their motions for costs and for fees. D.E. 447; D.E. 448.

*Id.*

The R&R recommended denying Defendants' Motion in its entirety. It concluded that the Confirmation Order barred recovery of costs incurred before October 20, 2023, rejected Defendants' judicial-estoppel argument, and determined that the Federal Circuit's direction of "No costs" precluded recovery of the post-confirmation appellate costs identified in the Motion. R&R at 4–8. The R&R therefore found no category of costs expressly identified and documented in the Motion that it recommended be awarded. *Id.*

The R&R concluded that Defendants "may not be barred from recovering costs they incurred following confirmation." R&R at 6. It nevertheless recommended denial of the entire Motion because it understood the post-confirmation costs to relate exclusively to the appellate proceedings. R&R at 8. The R&R did not separately consider post-confirmation costs attributable to proceedings in this Court.

On September 23, 2025, Defendants filed their second renewed motion for attorney's fees concurrently with their second renewed motion to tax costs. D.E. 448. On August 10, 2026, the Court denied without prejudice the second renewed motion for attorney's fees, D.E. 465, pending the resolution of Defendants' Rule 60 *Munsingwear* motion filed on July 31, 2026, D.E. 462. Defendants intend to file a renewed motion for attorney's fees and sanctions following resolution of the Rule 60 motion.

## ARGUMENT

### I. Standard of Review

The District Court must conduct a "de novo determination" of the portions of an R&R to which a party makes specific objections. 28 U.S.C. § 636(b)(1)(C). The Court may "accept, reject, or modify" the recommended disposition, and it may "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

### II. The Report and Recommendation Leaves Open the Question of Liability of BPI's Counsel For All Costs (and Fees)

First, the R&R notes that Defendants are seeking an award of costs against BPI's counsel, along with attorney's fees, "as a sanction under 28 U.S.C. § 1927 and the Court's inherent powers." R&R at 5 n.2. The R&R states that the Court will "address the issue when it considers the merits of [Defendants' motion for attorney's fees and sanctions]." *Id.*

Accordingly, Defendants do not object to the R&R on this point. Defendants simply seek to confirm that the recommended denial of the Motion to Tax Costs will not extinguish or

otherwise prejudice Defendants' renewed request (when filed upon resolution of the pending Rule 60 *Munsingwear* motion, D.E. 462) for costs against BPI counsel under 28 U.S.C. § 1927 and the Court's inherent powers.

### III. The Report and Recommendation Does Not Foreclose a Future Request for Post-Confirmation District-Court Costs

The R&R recommended denial of the present Motion because it understood the post-confirmation costs identified in the Motion to be costs of the appeal, not because BPI's bankruptcy categorically barred all post-confirmation costs (such as later costs incurred moving forward). *Id.* at 6, 8. With that understanding, the R&R held that FRAP 39 and the Federal Circuit's decision bar recovery of any taxable costs associated with the appeal. Defendants submit two points on this aspect of the R&R.

First, the R&R did not decide whether BPI's bankruptcy bars recovery of costs incurred after confirmation of BPI's reorganization plan on October 20, 2023. Instead, the R&R stated that, "[a]ssuming without deciding that the cases Defendants rely upon apply here, Defendants may not be barred from recovering costs they incurred following confirmation." R&R at 6.

The R&R leaves open whether Defendants may recover costs or fees generated by separate post-confirmation proceedings in this Court. The R&R recognizes the authorities cited by Defendants establishing that a debtor's voluntary continuation of litigation after confirmation may subject it to costs or fees generated by that continued litigation. D.E. 455 at 3 (citing *In re Sure-Snap Corp.*, 983 F.2d 1015, 1019 (11th Cir. 1993); *Nukote Int'l, Inc. v. Off. Depot, Inc.*, No. 09-82363-CIV, 2011 WL 2784565, at *3 (S.D. Fla. July 14, 2011); and *In re Ybarra*, 424 F.3d 1018, 1024 (9th Cir. 2005)). The R&R cited those authorities and, without rejecting their applicability, assumed that Defendants "may not be barred" from recovering post-confirmation costs. R&R at 6. Under that assumption, BPI's bankruptcy does not provide prospective immunity from obligations generated by its decision to "return to the fray voluntarily." *Nukote*, 2011 WL 2784565, at *3.

But the Court need not answer that question about future costs now. Defendants presently seek no award of non-appellate post-confirmation costs, but additional costs may become taxable, *e.g.*, in connection with the Rule 60 motion. The future-costs issue is thus not ripe for decision.

Second, Defendants do not object to the R&R's denial of the identified appellate costs under Federal Rule of Appellate Procedure 39. The Federal Circuit expressly directed "No costs," and Rule 39 governs the allocation of costs incurred in the appeal. *BPI Sports*, 2025 WL 1683234, at *6. Even so, "costs may be taxed after a notice of appeal has been filed." *Ibezim v. GEO Grp.,*

*Inc.*, 786 F. App'x 975, 977 (11th Cir. 2019) (quoting *Rothenberg v. Sec. Mgmt. Co.*, 677 F.2d 64, 64 (11th Cir. 1982)). Likewise, *Davis v. Legal Services Alabama, Inc.* recognizes that the determination of district-court costs may remain pending separately from the merits appeal. 19 F.4th 1261, 1270–71 (11th Cir. 2021). Accordingly, any future request to tax costs, if filed, will be limited to post-confirmation costs (*i.e.*, costs after October 20, 2023) incurred in the district court.

## IV. The Report And Recommendation Incorrectly Treats BPI's Bankruptcy As A Categorical Bar To Recovery Of Pre-Confirmation Costs

Defendants object to the R&R's conclusion that judicial estoppel does not apply to BPI's treatment of Defendants' taxable-costs claim as a discharged pre-confirmation claim (*i.e.*, prior to October 20, 2023), even though BPI did not identify Defendants as creditors in its bankruptcy filing. Defendants explained in their Reply that BPI admittedly did not schedule ThermoLife, MBN, or Mr. Kramer as creditors, but now contends that those same parties held a contingent pre-confirmation claim that was purportedly discharged in bankruptcy. D.E. 455 at 3–4; *see* D.E. 453 at 2. If Defendants held such a claim, BPI's decision not to identify them as creditors undermines the position BPI now advances.

The R&R rejects Defendants' explanation because it finds no basis to conclude that BPI's omission was calculated to "make a mockery of the judicial system or otherwise manipulate the judicial system to its advantage." D.E. 464 at 7–8. But the record contains circumstances supporting precisely that conclusion: BPI knew about this litigation, affirmatively disclosed this litigation and the pending appeals in its Statement of Financial Affairs, D.E. 454-1, Ex. 111 at 9–10, and nevertheless omitted Defendants from its creditor schedules, D.E. 453-2. BPI now seeks to obtain the benefit of that omission by asserting that Defendants were holders of a contingent claim that was eliminated through the bankruptcy proceeding in which BPI did not identify them as creditors. This is a classic example of judicial manipulation to avoid cost and fee liability now that BPI is confirmed as the losing party in the meritless litigation it brought against Defendants.

The R&R's observation that BPI disclosed the existence of this litigation, D.E. 464 at 8 n.3, does not resolve BPI's manipulation. Simply listing the litigation did not identify Defendants as creditors or disclose that BPI allegedly faced a contingent liability for their taxable costs. To the contrary, BPI's disclosure of the litigation confirms that BPI knew about the action and the parties while omitting Defendants from its creditor schedules, which is further evidence of BPI's effort to "make a mockery of the judicial system." In fact, BPI certainly was aware of Defendants' claim for costs as the almost-identical initial motion for costs was filed on December 1, 2021,

almost two years before BPI filed its bankruptcy petition. D.E. 366.

The R&R's reliance on BPI's disclosure of the lawsuit considers only one part of the required totality-of-the-circumstances inquiry. The Supreme Court recently confirmed that judicial estoppel requires a case-specific consideration of all relevant facts and circumstances bearing on whether the omission was intentional. *See Keathley v. Buddy Ayers Constr., Inc.*, 146 S. Ct. 1532, 1538–39 (2026). Consistent with that requirement, the Eleventh Circuit considers such circumstances as the debtor's sophistication, the selective nature of its disclosures, whether the omission was corrected, and whether the debtor later sought an advantage from the inconsistent positions. *Slater v. U.S. Steel Corp.*, 871 F.3d 1174, 1185–86 (11th Cir. 2017) (en banc). BPI is a represented corporate debtor that knew of this litigation, specifically disclosed the litigation and appeals, omitted the opposing parties from its creditor schedules, and now contends that those same parties held claims that were discharged. The record cited by BPI does not identify any amendment adding Defendants as creditors or any explanation for the selective omission before the bankruptcy case closed.

The Eleventh Circuit has treated comparable selective disclosure as evidence supporting judicial estoppel. In *Weakley v. Eagle Logistics*, the court of appeals affirmed the application of judicial estoppel where the debtor disclosed other lawsuits but omitted the actions he later pursued. 894 F.3d 1244, 1246–47 (11th Cir. 2018). With BPI, the omission is even more egregious: BPI disclosed this precise litigation but, at the same time, chose not to identify Defendants, whom BPI now says held contingent claims even though BPI never disclosed those contingent claims in the bankruptcy proceeding. That selective disclosure, combined with BPI's present attempt to obtain the benefit of the omission, shows that BPI's selective disclosure was a blatant manipulation of the judicial process—telling the bankruptcy court one thing but telling this Court something different—all calculated to obtain an unfair advantage.

The R&R's discussion of *Burnes* likewise does not negate the applicability of the Eleventh Circuit's reasoning in *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282 (11th Cir. 2002). The pertinent point of *Burnes* is that judicial estoppel may apply when a debtor pursues a monetary position that is inconsistent with its bankruptcy disclosures. *Id.* at 1285–88. Further, *Slater* maintained the requirement that courts examine all relevant "facts and circumstances," including whether the debtor "identified other lawsuits" while omitting the matter on which estoppel is sought. 871 F.3d at 1185–86.

The relevant circumstances here, including BPI's omission of Defendants as creditors—notwithstanding its knowledge of the litigation, its affirmative disclosure of the litigation, and its present effort to characterize Defendants as holders of a discharged claim—establish the intentional gamesmanship of BPI and its counsel. *See* D.E. 455 at 3–4. Accordingly, the Court should reject the R&R's recommendation on this point and hold that BPI is judicially estopped from invoking the bankruptcy proceeding to bar Defendants' request for pre-confirmation taxable costs, *i.e.*, costs before October 20, 2023.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court sustain these objections and modify the R&R in one respect. Specifically, the Court should hold that BPI is judicially estopped from invoking its bankruptcy proceeding to bar Defendants' claim for pre-confirmation taxable costs. Beyond that specific objection, Defendants agree with the R&R's decision that (1) Defendants may be able to recover costs against BPI's counsel under 28 U.S.C. § 1927 and the Court's inherent powers, which will be resolved in Defendants' anticipated renewed motion for attorney's fees and sanctions, and (2) whether post-confirmation district-court costs are recoverable is not yet ripe and need not be decided until and unless Defendants file a motion seeking such costs.

*/s/ Edward M. Mullins*
Edward M. Mullins (FBN 863920)
Reed Smith LLP
200 S. Biscayne Blvd., Suite 2600
Miami, FL 33131
Telephone: 786-747-0200
Facsimile: 786-747-0299
Email: emullins@reedsmith.com

and

Matthew J. Dowd (*pro hac vice*)
Robert J. Scheffel (*pro hac vice*)
Dowd Scheffel PLLC
1717 Pennsylvania Avenue NW
Suite 1025
Washington, D.C. 20006
Tel: (202) 559-9175
mdowd@dowdscheffel.com
rscheffel@dowdscheffel.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 24, 2026, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record.

*/s/ Edward M. Mullins*
Edward M. Mullins