**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

BPI SPORTS, LLC,

Plaintiff,

vs.

THERMOLIFE INTERNATIONAL, LLC, MUSCLE BEACH NUTITION LLC and RONALD L. KRAMER,

Defendants.

**CASE NO.: 0:19-cv-60505-SMITH-STRAUSS**

**PLAINTIFF BPI SPORTS, LLC'S RESPONSE TO DEFENDANTS' OBJECTIONS TO THE REPORT AND RECOMMENDATION ON DEFENDANTS' SECOND RENEWED MOTION TO TAX COSTS [D.E. 447]**

Plaintiff, BPI Sports, LLC ("BPI"), by and through its undersigned counsel, hereby responds to Defendants ThermoLife International, LLC ("ThermoLife"), Muscle Beach Nutrition, LLC ("Muscle Beach Nutrition") and Ronald Kramer's ("Kramer") (collectively, "Defendants") Objections to the Report and Recommendation on Defendants' Second Renewed Motion to Tax Costs ("Objections") [D.E. 447], and respectfully states as follows.

## I. INTRODUCTION

The Report and Recommendation [D.E. 464] ("R&R") denying the Second Renewed Motion to Tax Costs ("Motion") should be adopted in full and Defendants' Objections should not be sustained. The Court should decline to award any costs based on (1) the Federal Circuit decision declining to tax costs; (2) the fact that relief is barred by the injunction entered in BPI's bankruptcy; (3) Defendants' failure to comply with the meet and confer requirements of the Local Rules; and (4) equitable grounds because during the course of the litigation, Defendants committed a fraud on the Court. D.E. 252.

## II. APPLICABLE LAW

Federal Rule of Civil Procedure 54(d)(1) provides that a prevailing party ***may*** recover some costs assessed against the non-prevailing party. Fed.R.Civ.P. 54 (emphasis added). The decision whether to impose costs at all is entirely within this Court's discretion. *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227 (1964); *see also Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166

(11th Cir. 2017) (holding that the "trial judge possesses discretion with respect to awarding costs"). Taxable costs are those enumerated in 28 U.S.C. § 1920.

## III. ARGUMENT

### A. Defendants' "Objections" Do Not Require Consideration

The portions of the Objections regarding counsel liability and post-confirmation costs do not require further consideration. For example, Defendants request an advisory opinion from the Court that the recommended denial of the Motion will not extinguish or prejudice a renewed request for costs against BPI and/or its counsel. Objections, pp. 5-6. However, Defendants have not identified (i) any entitlement to recover other costs; (ii) any actual costs that were incurred, or (iii) any reason why they are entitled to a renewed motion at all. Unless and until a legitimate right to costs is manifested, this aspect of the Objections require no judicial attention. R&R, p. 5 fn.2.

### B. BPI's Bankruptcy Is A Bar To Recovery Of Pre-Confirmation Costs

The only Objection truly advanced concerns the R&R's finding that judicial estoppel does not apply to BPI's treatment of the taxable-costs claim as a discharged pre-confirmation claim. Objections, p. 6. Here, Defendants allege that BPI took an inconsistent position in a separate proceeding by not including Defendants in its creditor schedule and that such positions were "calculated to make a mockery of the judicial system." Objections, pp. 6-8 (citing *Slater v. United States Steel Corp.*, 871 F.3d 1174, 1181 (11th Cir. 2017) (citation omitted)). However, Defendants' argument is riddled with subjective positions designed to correct its own failure to act when it had actual knowledge of BPI's bankruptcy case. Objections, p. 6-8. As the R&R correctly found, there is no basis to find that any failure to list Defendants as creditors intended to "make a mockery of the judicial system" or otherwise "manipulate the judicial system to its advantage." R&R, pp. 7-8.

Defendants allege that the R&R does not consider the totality of the circumstances, yet fails to acknowledge the circumstances of its own case at the time the bankruptcy case was filed. Objections, pp. 6-8. The R&R's findings are supported by a cursory glance of these proceedings. On September 18, 2023, BPI filed a Voluntary Petition in the Bankruptcy Court for the Southern District of Florida ("Bankruptcy Court") including its schedules and statement of financial affairs, initiating *In re BPI Sports, LLC*, Case No. 23-17463-SMG (S.D. Fla.) ("Bankruptcy Case"). As of this filing, Defendant's Motion to Tax Costs [D.E. 336] had been denied [D.E. 406]; Defendants' Renewed Motions to Tax Costs [D.E. 426, 427] had been denied [D.E. 431]; and BPI was the prevailing party. If Defendants believed they had a taxable costs claim in that timeframe, it was

incumbent on them to preserve it. The R&R rightfully rejected the judicial estoppel argument.

## IV. CONCLUSION

Based upon the foregoing, the R&R should be adopted and Defendants' requests for costs should be denied in all respects.

Respectfully submitted,

Dated this 8th day of September, 2026.

HILLYER LEGAL, PLLC

*s/ Gregory L. Hillyer*

Gregory L. Hillyer
Fla. Bar No. 682489
Email: ghillyer@hillyerlegal.com
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015-2052
Telephone: 202-686-2884
Facsimile: 202-686-2877

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this Response was filed via CM/ECF on September 8, 2026 and served on counsel of record.

*s/ Gregory L. Hillyer*