# Exhibit 18

**Subject:** Re: BPI Sports, LLC v. ThermoLife International, LLC, No. 0:19-cv-60505-RS (S.D. Fla.)
**Date:** Wednesday, June 24, 2026 at 3:53:02 PM Eastern Daylight Time
**From:** Gregory Hillyer
**To:** Matthew Dowd
**CC:** Nick Sullivan, Elliot Gee, Robert Scheffel

Matt, BPI will oppose the motion.

From the iPhone of Gregory Hillyer

On Jun 16, 2026, at 10:25 AM, Matthew Dowd <mdowd@dowdscheffel.com> wrote:

Dear Greg,

I trust all is well. We are writing to inform you that ThermoLife International, LLC, et al. (collectively, "ThermoLife") intend to file a motion to vacate portions of the sanctions order, DE 252, pursuant to the Supreme Court's decision in *United States v. Munsingwear*, 340 U.S. 36 (1950). The motion will not ask the district court to set aside the imposed monetary sanction (although that is subject to being offset by any award of attorney's fees). Please let us know by Friday, June 19, 2026, whether your client will or will not oppose the motion.

As you know, the Federal Circuit reversed the district court's denial of ThermoLife's motion for judgment as a matter of law. Thus, ThermoLife is the prevailing party in the litigation. The appeals court also affirmed the district court's imposition of sanctions, but it did so in a manner that rendered certain underlying factual findings moot as a matter of law. When affirming, the Federal Circuit "assum[ed] [Defendants] did not fabricate the License Agreement." Thus, any conclusions and findings connected to the purported "fabrication" are now rendered moot and should be vacated under *Munsingwear*.

Specifically, at least the following statements in the district court's decision are moot and should be vacated:

(1) "Defendant Kramer fabricated a written agreement that did not exist prior to the lawsuit, and initially tried to pass it [] off as legitimate." DE 252 at 5 (alteration in original).

(2) "Defendants had committed a fraud upon the Court when Defendant Kramer knowingly fabricated evidence to advance his case." DE 252 at 5.

(3) "Defendant Kramer knowingly fabricated a written document for use in litigation, initially tried to pass it off as legitimate to advance his case." DE 252 at 6.

We also note that the requested limited vacatur will have no impact on BPI or any of its rights. Accordingly, we are cautiously optimistic that BPI would not oppose the motion. Nevertheless, we would appreciate your client's position by no later than Friday, June 19, 2026. If we do not receive a response by then, we will understand that BPI will oppose the motion.

Best,
Matt

Matthew J. Dowd
Dowd Scheffel PLLC
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
Direct: (202) 573-3853
Office: (202) 559-9175
mdowd@dowdscheffel.com
http://www.dowdscheffel.com
http://www.linkedin.com/in/matthewdowd